IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES H. ROANE, JR., et al. : | |
| Plaintiffs, : | |
| : | |
| v. : | Case Number: 1:05-cv-2337 |
| : | |
| ALBERTO GONZALES, et al. : | |
| Individually and in their : | |
| official capacities, : | |
| Defendants. : | |

**PLAINTIFFS' MOTION FOR A STAY, AND FOR A
PRELIMINARY INJUNCTION BARRING THEIR EXECUTION**

Plaintiffs James Roane, Richard Tipton, and Corey Johnson respectfully request that the Court enter an order staying this litigation, and enjoining the Defendants from executing them until the United States Supreme Court has decided Hill v. Crosby, No. 05-8794, 2006 WL 171583 (U.S. Jan. 25, 2006). The grounds for this Motion are fully set forth in the accompanying Memorandum in Support.

February 2, 2006                           Respectfully submitted,

                                           _____
                                           PAUL F. ENZINNA (D.C. Bar No. 421819)
                                           TIMOTHY LOPER
                                           Baker Botts LLP
                                           1299 Pennsylvania Avenue, NW
                                           Washington, DC 20004-2400

DC01:435981.2                              1

DENISE LEBOEUF
700 Camp Street
New Orleans LA 70130

*Counsel for Plaintiff James H. Roane, Jr.*

_____
CHARLES A. ZDEBSKI
(D.C. Bar No. 451075)
401 9th Street, N.W.
Suite 1000
Washington, D.C. 20004-2134

STEPHEN A. NORTHUP (D.C. Bar. No. 54587)
Troutman Sanders LLP
1001 Haxall Point
P.O. Box 1122
Richmond, Virginia 23218-1122

FREDERICK R. GERSON
Robinson, Carl & Gerson
7102 Three Chopt Road
Richmond, Virginia 23226

*Counsel for Plaintiff Richard Tipton*

_____
CHARLES A. ZDEBSKI
(D.C. Bar No. 451075)
401 9th Street, N.W.
Suite 1000
Washington, D.C. 20004-2134

BARBARA HARTUNG
700 E. Main Street
Suite 1600
Richmond, Virginia 23219

EDWARD E. SCHER
Thorsen & Scher, L.L.P.
3810 Augusta Avenue
Richmond, VA 23230

*Counsel for Plaintiff Cory Johnson*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES H. ROANE, JR., et al. | : |
| Plaintiffs, | : |
| v. | :     Case Number: 1:05-cv-2337 |
| ALBERTO GONZALES, et al. | : |
| Individually and in their official capacities, | : |
| Defendants. | : |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR A STAY, AND FOR A PRELIMINARY INJUNCTION BARRING THEIR EXECUTION**

Plaintiffs James Roane, Richard Tipton, and Corey Johnson respectfully request that the Court enter an order staying this litigation, and enjoining the Defendants from executing them until the United States Supreme Court has decided Hill v. Crosby, No. 05-8794, 2006 WL 171583 (U.S. Jan. 25, 2006). In Hill, the Supreme Court stayed the execution of Clarence Hill, and granted his petition for certiorari, in order to determine whether a civil action challenging the particular means a State plans to use to execute a condemned inmate constitutes a cognizable claim under 42 U.S.C. § 1983, or is properly recharacterized as a habeas corpus petition.[1] Because Mr. Hill's claim – that the protocol under which the State of Florida intends to execute him violates the Eighth

---

[1] Since granting the petition for certiorari in Hill, the Supreme Court has stayed the executions of two additional inmates raising challenges to lethal injection under 42 U.S.C. § 1983. Rutherford v. Crosby, No. 05A692 (January 31, 2006); Crawford v. Taylor, No. 05A705 (February 1, 2006).

Amendment – is of a piece with that raised by the Plaintiffs here,[2] the Supreme Court's decision in Hill is likely to control the question of this Court's jurisdiction over this case. The Supreme Court, however, is unlikely to issue a decision in Hill until after the May 2006 dates on which the Defendants have scheduled the Plaintiffs' executions. Plaintiffs respectfully submit that, in these circumstances, a stay of this litigation, and a preliminary injunction barring their execution, should be ordered.

## I.

## INTRODUCTION

On December 1, 2005, well before the Supreme Court granted certiorari in Hill, the Plaintiffs filed suit in this Court, pursuant to Bivens v. Six Unknown Agents, 403 U.S. 388, 390-97 (1971), alleging, *inter alia*, that in violation of the Eighth Amendment, the Defendants, acting under color of federal law, intend to execute the Plaintiffs in a manner that is arbitrary, cruel, and/or unreliable, and which will inflict, or has a foreseeable and significant, but completely avoidable and therefore unnecessary, risk of causing the Plaintiffs excruciating pain.[3] Specifically, the Complaint alleges that the chemical "cocktail" the Defendants intend to use to execute the Plaintiffs causes death by suffocation and heart attack, which are extraordinarily and excruciatingly painful. The Complaint further alleges that, while this "cocktail" supposedly will render the Plaintiffs insensible to the pain of their deaths, it in fact can and will merely cast a

---

[2] Because Mr. Hill's death sentence was imposed by the Florida state courts, his claim was made pursuant to 42 U.S.C. § 1983. The Plaintiffs here, by contrast, are under federal death sentences, and are therefore proceeding under Bivens v. Six Unknown Agents, 403 U.S. 388, 390-97 (1971).

[3] Each of the Defendants was served by January 5, 2006. No Defendant has yet responded to the Complaint.

"chemical veil" over this excruciating pain, leaving Plaintiffs conscious but trapped in a paralyzed body wracked with the pain of suffocation and a heart attack. At the same time, this "cocktail" will make it impossible for those observing the execution – including witnesses to it, as well as John Does I-V, who are charged with actually carrying out the execution – to recognize and prevent the gratuitous pain and suffering being inflicted upon the Plaintiffs.

On January 20, 2006, Clarence Hill, who had been sentenced to death by a Florida state court, brought an action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Northern District of Florida, asserting that the defendants in that case, acting under color of Florida law, plan to execute him using a combination of chemicals that will cause unnecessary pain in the execution of his death sentence, in violation of the Eighth and Fourteenth Amendments. The district court dismissed his complaint on the ground that, because it was "the 'functional equivalent' of a successive habeas petition," the court lacked jurisdiction to entertain it in the absence of an order from the court of Appeals granting leave to file a successive petition. On January 23, 2006, the Eleventh Circuit denied Mr. Hill's Application for a Stay of Execution and affirmed the district court. In re Hill, No. 4:06-CV-032-SPM, 2006 WL 163605 (11th Cir. Jan. 24, 2006). On January 25th, 2006, the Supreme Court granted certiorari on two issues:

> 1. Whether a complaint brought under 42 U.S.C. § 1983 by a death-sentenced state prisoner, who seeks to stay his execution in order to pursue a challenge to the chemicals utilized for carrying out the execution, is properly recharacterized as a habeas corpus petition under 28 U.S.C. § 2254?
>
> 2. Whether a challenge to a particular protocol the State plans to use during the execution process constitutes a

cognizable claim under 42 U.S.C. § 1983?

Hill v. Crosby, No. 05-8794 (Jan. 25, 2006). The Supreme Court will hear argument in Hill during the final week of April, 2006; *i.e.*, two weeks before the Plaintiffs' scheduled execution dates.

## II.

## ARGUMENT

The Supreme Court's decision in Hill is likely to determine whether or not this Court has jurisdiction to entertain the instant case, and because that decision will almost certainly be rendered after the dates on which the defendants propose to execute the plaintiffs, the pendency of Hill requires the Court to stay this action, and to enjoin the Defendants from executing the Plaintiffs in the interim. Because the Supreme Court could render a decision in Hill that would preclude this Court from exercising jurisdiction in this matter, it would be a waste of judicial resources, and disrespectful of the Supreme Court, for the Court to proceed with this action before Hill is decided. But were the Court to stay this litigation without enjoining the executions, the Plaintiffs would be executed without having had the opportunity to vindicate their rights that a favorable decision in Hill would afford them. Therefore, the court should enjoin the Defendants from executing the Plaintiffs, while staying this litigation.

A.    **The Court Should Stay This Action.**

The decision whether to stay an action, in part or in whole, is within the sound discretion of the trial court. See Landis v. North Am. Co., 299 U.S. 248, 254 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). In exercising that discretion, the district courts are

accorded wide latitude. Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180, 183-84 (1952). Courts decide a request for stay using a common sense approach. See Ingersoll Milling Mach. Co. v. Granger, 833 F.2d 680, 686 (7th Cir. 1987).

A stay is particularly appropriate when a ruling in another proceeding will likely "'narrow the issues in the pending case.'" Landis, 299 U.S. at 253. This practical consideration is most compelling when, as here, the other proceeding is before a court whose decision will bind the staying court. See, e.g., Florida Farmworkers Council, Inc. v. Donovan, 672 F.2d 893 (D.C. Cir. 1981) (ordering District Court for the District of Columbia to stay action on appellant's claims pending decision by the Eleventh Circuit "[b]ecause action by the Eleventh Circuit may be dispositive of (appellant's claims)") ; Marshel v. AFW Fabric Corp., 552 F.2d 471 (2d Cir. 1977) (per curiam) (staying district court proceedings pending decision on determinative question of law by U.S. Supreme Court); Marbury v. Colonial Mortgage Co., No. Civ. A. 98-D-355-N, 2001 WL 135719, at *9 (M.D. Ala. Jan. 12, 2001) (staying district court action pending decision by Eleventh Circuit in another case presenting similar issue of law); KK Motors, Inc. v. Brunswick Corp., No. Civ. 98-2307, 1999 WL 246808, at *2 (D. Minn. Feb. 23, 1999) (noting that if Eighth Circuit were to vacate, or reverse, decision of another district court within that circuit involving same legal issues, then Eighth Circuit's "formulation of the law to be applied in this Circuit, which will inevitably apply to this case, will set the agenda for discovery, Motion practice, and the Trial itself. Such a potentiality properly cautions restraint.").[4] This is exactly the situation in this case. It would be prudent to stay

---

[4] See also, e.g., In re: Literary Works in Elec. Databases Copyright Litig., No. M-21-90, MDL 1379, 00 Civ 6049, 00 Civ 7376, 00 Civ 9411, 2001 WL 204212, at * 2-3 (S.D.N.Y. March 1, 2001) (staying district court action pending U.S. Supreme Court

further litigation on the claims because a binding ruling in Hill is likely to "narrow the issues in the pending case." Landis, 299 U.S. at 253.

A stay is also warranted here by considerations of "wise judicial administration" and "comprehensive disposition of litigation." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). It would make no sense for the parties to embark on extensive litigation of claims that may ultimately be dismissed as a result of the Supreme Court's ruling. At this point, neither side has propounded discovery requests related to the claims. A stay would allow the parties and the Court to avoid wasting resources inherent in conducting extensive pre-trial and trial preparation activities that may ultimately prove unnecessary after the Supreme Court issues its decision in Hill. If this litigation is not stayed, Defendants and Plaintiffs will be required to expend money and time to litigate claims that, in the end, may be non-justiciable. As such, it is in the interest of the parties, and judicial economy, to defer proceedings on the claims until after the Supreme Court rules in Hill, to see whether these claims are viable. See Stadler v. McCulloch, 882 F. Supp. 1524, 1527-28 (E.D. Pa. 1995) ("[w]e think it more sensible to await the Third Circuit's decision and proceed accordingly,

---

decision "likely to have a significant, if not dispositive, impact on the cases here"); accord Texas Indep. Producers and Royalty Owners Assoc. v. EPA, 410 F.3d 964, 980 (7th Cir. 2005) (staying consideration of petitions that would be impacted by a decision by the Fifth Circuit); Florida Farmworkers Council, Inc. v. Marshall, 710 F.2d 721, 726 (11th Cir. 1983) (observing that the D.C. Circuit ordered the D.C. district court to stay action on appellant's claims pending decision by the Eleventh Circuit "'[b]ecause action by the Eleventh Circuit may be dispositive of (appellant's claims).'") (quoting Florida Farmworkers Council, 672 F.2d at 893); Wing Shing Prods. (BVI) Ltd. v. Simatelex Mfg. Co., No. 01 Civ. 1044, 2005 WL 912184, at *2-3 (S.D.N.Y. April 19, 2005) (staying action to wait "potentially outcome determinative" decision by the Federal Circuit in a related appeal)

rather than charging forward, possibly to trial, knowing that we may be compelled to return to this point and begin anew").

Finally, a stay of the Plaintiffs' claims pending a decision in <u>Hill</u> would not prejudice the Defendants. Even if the Supreme Court's decision in <u>Hill</u> were to render the Plaintiffs' claims entirely non-justiciable, the only negative consequence the Defendants would suffer would be a minor delay in executing inmates who have been on death row for more than twelve years.[5] Any such prejudice does not even register when compared to the prejudice that would be suffered by the Plaintiffs were they executed without the opportunity to litigate their claims that would be required if the Supreme Court reverses the 11th Circuit's decision in <u>Hill</u>.

**B.     The Defendants Should Be Enjoined From Executing The Plaintiffs.**

As discussed above, the pendency of <u>Hill</u> requires that this action be stayed until the Supreme Court renders a decision in that case. Because that will almost certainly not occur before the dates the Defendants have set for the Plaintiffs' executions, this Court should enjoin the Defendants from carrying out those executions on those dates.

In deciding whether to grant an injunction, the Court must balance:

> (1) the likelihood of the plaintiff's success on the merits, (2) the threat of irreparable injury to the plaintiff in the absence of an injunction, (3) the possibility of substantial harm to other interested parties from a grant of injunctive relief, and (4) the interests of the public.

---

[5] It is worth noting that the government waited more than two months after the Supreme Court denied the Plaintiffs' petitions for certiorari on their claims under 28 U.S.C. § 2255 before setting execution dates. Moreover, the Plaintiffs filed their complaint long before the Supreme Court granted certiorari in <u>Hill</u>, and are not belatedly attempting to take advantage of the success of the <u>Hill</u> litigants.

Wagner v. Taylor, 836 F.2d 566, 575 (D.C. Cir. 1987). While irreparable injury is the *sine qua non* of injunctive relief, e.g., USA Recycling, Inc. v. Town of Babylon, 66 F.3d 1272 (2d Cir. 1995), the Court must *weigh* these factors, and may grant an injunction even where the movant's showing with regard to one or more of these factors is "weak[]," provided there is a "particularly strong showing in one of the other factors." Role Models America, Inc. v. White, 193 F. Supp. 2d 76, 80 (D.D.C. 2002). For example, a court "may accept a showing that the movant has a 'substantial case on the merits' instead of the probability of success on the merits that is ordinarily required, but only when all of 'the other three factors strongly favor [the requested] interim relief." Id. (quoting WMATC v. Holiday Tours, Inc., 559 F.2d 841, 843 (D.C. Cir. 1977)).

The threat of irreparable injury to the Plaintiffs in this case, absent an injunction, is as high as it possibly can be. Absent an injunction, the Plaintiffs will be executed, and without an opportunity to protect their right not to suffer cruel and unusual punishment in the process. No injury can be greater, or more irreparable, than the loss of life.

There is little, if any, threat of "substantial harm" to the Defendants is they are enjoined from carrying out the execution. As discussed above, the most significant negative consequence to them would be a brief delay in executing three inmates who have been on death row for well over a decade. And the public interest weighs in favor of the requested injunction. The legitimacy and moral authority of our criminal justice system – and particularly the capital punishment system – depends upon adherence to processes that guarantee each person a full and fair opportunity to vindicate his rights under the Constitution. Absent an injunction, the Plaintiffs could be denied those processes, and the legitimacy of the federal capital punishment system called into serious question.

Thus, these three factors place an extraordinary weight on the scale in favor of the requested injunction. Therefore, the Plaintiffs need only show a "substantial case on the merits" – rather than the probability of success on the merits – to support the injunction. Role Models America, Inc., 193 F. Supp. 2d at 80. They clearly have done that. It is a violation of the Eighth Amendment to use an arbitrary, cruel, and/or unreliable method of execution, which inflicts unnecessary pain, particularly when such unnecessary pain is foreseeable, Louisiana ex rel. Francis v. Resweber, 329 U.S. 459, 463 (1947) (opinion of Reed, J.); Furman v. Georgia, 408 U.S. 238, 273 (1973) (citing Resweber)), and the complaint in this case demonstrates that the execution protocol the Defendants intend to use to execute the Plaintiffs is precisely that. The Plaintiffs are likely to succeed on the merits, but have, at a minimum, established a "substantial" claim. The requested injunction should therefore be granted.

### III.

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that further litigation on Plaintiffs' claims be stayed, and that the Defendants be enjoined from executing the Plaintiffs, until the Supreme Court renders its decision in Hill v. Crosby, No. 05-8794, 2006 WL 171583 (U.S. Jan. 25, 2006).

February 2, 2006                           Respectfully submitted,

                                           _____
                                           PAUL F. ENZINNA (D.C. Bar No. 421819)
                                           TIMOTHY LOPER
                                           Baker Botts LLP
                                           1299 Pennsylvania Avenue, NW
                                           Washington, DC 20004-2400

DENISE LEBOEUF
700 Camp Street
New Orleans LA 70130

*Counsel for Plaintiff James H. Roane, Jr.*

_____
CHARLES A. ZDEBSKI
(D.C. Bar No. 451075)
401 9th Street, N.W.
Suite 1000
Washington, D.C. 20004-2134

STEPHEN A. NORTHUP (D.C. Bar. No. 54587)
Troutman Sanders LLP
1001 Haxall Point
P.O. Box 1122
Richmond, Virginia 23218-1122

FREDERICK R. GERSON
Robinson, Carl & Gerson
7102 Three Chopt Road
Richmond, Virginia 23226

*Counsel for Plaintiff Richard Tipton*

_____
CHARLES A. ZDEBSKI
(D.C. Bar No. 451075)
401 9th Street, N.W.
Suite 1000
Washington, D.C. 20004-2134

BARBARA HARTUNG
700 E. Main Street
Suite 1600
Richmond, Virginia 23219

EDWARD E. SCHER
Thorsen & Scher, L.L.P.
3810 Augusta Avenue
Richmond, VA 23230

*Counsel for Plaintiff Cory Johnson*

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2006, copies of the foregoing Plaintiffs' Motion For A Stay, And For A Preliminary Injunction Barring their Execution, and the Memorandum in Support Thereof, were served by overnight courier on the following:

Robert J. Erickson, Esq.
Deputy Chief, Criminal Division
Appellate Section
U.S. Department of Justice
Room 6102, Patrick Henry Building
601 D Street, N.W.
Washington, D.C. 20530
*Counsel for the Defendants*

G. Wingate Grant, Esq.
Assistant United States Attorney
Office of the United States Attorney
600 East Main Street, Suite 800
Richmond, Virginia 23219
*Counsel for the Defendants*

_____
Paul F. Enzinna

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES H. ROANE, JR., et al. | : |
| Plaintiffs, | : |
| v. | : Case Number: 1:05-cv-2337 |
| ALBERTO GONZALES, et al. | : |
| Individually and in their official capacities, | : |
| Defendants. | : |

## ORDER

The Court having considered the Motion of Plaintiffs James Roane, Richard Tipton, and Corey Johnson for an order staying this litigation, and enjoining the Defendants from executing them until the United States Supreme Court has decided Hill v. Crosby, No. 05-8794, 2006 WL 171583 (U.S. Jan. 25, 2006), it is hereby

**ORDERED**

1. That this action is stayed pending the decision of the United States Supreme Court in Hill v. Crosby, No. 05-8794, 2006 WL 171583 (U.S. Jan. 25, 2006); and

2. That the Defendants herein are enjoined from executing the Plaintiffs herein pending further order of this Court.

Richard W. Roberts
United States District Judge

DC01:435981.3