UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES ROANE, JR., et al., | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 05-2337 (RWR) |
| ALBERTO GONZALES, et al., | ) |
| Defendants. | ) |

**ANSWER TO AMENDED COMPLAINT BY DEFENDANTS ALBERTO GONZALEZ,
NEWTON KENDIG, HARLEY LAPPIN AND RICHARD VEACH**

Defendants Alberto Gonzalez, Newton Kendig, Harley Lappin and Richard Veach,[1] in their official capacities, hereby answer plaintiffs' Amended Complaint as follows:

**FIRST DEFENSE**

Referring to each numbered paragraph in the Complaint, defendants respond as follows:

**I.  Nature of Action**

1.  This paragraph constitutes plaintiffs' characterization of the Amended Complaint, to which no response is required.  To the extent that an answer is deemed required, admit that the Complaint makes claims under Bivens v. Six Unknown Agents and the Administrative Procedure Act, and deny that the procedures used by defendants to carry out federal judicial executions violate the Fifth Amendment, the Eighth Amendment or the Administrative Procedure Act.  Defendants further respond by stating that because no monetary damages are sought, this matter cannot be maintained as a Bivens action.

---

[1] Richard Veach has succeeded Mark Bezy as the warden at USP Terre Haute, and should be substituted as defendant for official capacity claims.  See Fed. R. Civ. P. 25(d)(1).

2. With respect to the first sentence, admit that plaintiffs are subject to lawfully imposed sentences of death imposed by a United States District Court for violations of federal law; deny that the procedures used by defendants in implementing federal judicial executions violates the Fifth Amendment, the Eighth Amendment or the APA. With respect to the second sentence, this is plaintiffs' characterization of the relief sought in this matter, and defendants deny that plaintiffs are entitled to the relief sought or any relief whatsoever.

3. With respect to the first sentence, this is a statement of law, not an averment of fact; to the extent that an answer is deemed required, deny that the Fifth Amendment always requires pre-deprivation process. With respect to the second sentence, deny that defendants have refused to disclose the procedures for carrying out federal judicial executions. Defendants further respond by stating that they are without sufficient information to admit or deny what knowledge plaintiffs have about federal judicial executions.

4. With respect to the first sentence, this is a statement of law, not an averment of fact, to which no response is required, and further respond by stating that the cited cases are the best evidence of their exact holdings. Deny the second sentence.

5. With respect to the first sentence, deny, and further respond by stating that the death penalty was imposed pursuant to 21 U.S.C. § 848(e)(1)(a). With respect to the second sentence, admit that the United States Department of Justice has promulgated regulations to implement sentences of death imposed pursuant to 21 U.S.C. § 848, found at 28 C.F.R. part 26.1, et seq. With respect to the third sentence, admit that the regulations were not promulgated through notice and comment rulemaking, and deny the remainder of the sentence; further state that validity of these regulations had been upheld in a prior proceeding in which plaintiffs were parties.

6. With respect to the first three sentences, these are plaintiffs' characterizations of the CSA and statements of law, to which no response is required. To the extent that a response is deemed required, defendants respond by stating that the cited statutes and regulations are the best evidence of their contents, and to deny that the use of a controlled substance to implement a judicially ordered executions violates any statute or regulation. With respect to sentence four, admit that the federal execution procedure includes administration of a controlled substance, sodium pentothal (also known as sodium thiopental), but deny that this use violates any statute or regulation. With respect to the fifth sentence, deny.

7. With respect to the first sentence, admit that plaintiffs may challenge the constitutionality of the actual method of execution directly under the Constitution; deny that the claims may be brought as a <u>Bivens</u> action or that any of the claims brought by plaintiffs are legally sustainable. Admit the second and third sentences. With respect to the fourth sentence, this is plaintiffs' characterization of their claims; defendants deny that the federal judicial execution procedure violates the Constitution or any federal statute or regulation.

## II.  Parties

8. With respect to the first sentence, admit that plaintiff James Roane is a citizen of the United States; deny that he retains his pre-conviction residency. Admit the second and third sentences. With respect to the fourth sentence, admit that if the execution is not otherwise precluded, it will be carried out at the USP Terre Haute; deny that USP Terre Haute is "operated and controlled" by defendants Tandy, Bezy, Kendig or Webster.

9. With respect to the first sentence, admit that plaintiff Richard Tipton is a citizen of the United States; deny that he retains his pre-conviction residency. Admit the second and third

sentences. With respect to the fourth sentence, admit that if the execution is not otherwise precluded, it will be carried out at the USP Terre Haute; deny that USP Terre Haute is "operated and controlled" by defendants Tandy, Bezy, Kendig or Webster.

10. With respect to the first sentence, admit that plaintiff Cory Johnson is a citizen of the United States; deny that he retains his pre-conviction residency. Admit the second and third sentences. With respect to the fourth sentence, admit that if the execution is not otherwise precluded, it will be carried out at the USP Terre Haute; deny that USP Terre Haute is "operated and controlled" by defendants Tandy, Bezy, Kendig or Webster.

11. Admit the first sentence. With respect to the second sentence, deny insofar as defendant Gonzalez was not Attorney General at the time of plaintiffs' sentencing, and further respond by stating that the President of the United States is the final executive authority responsible for carrying out federal death sentences. With respect to the third sentence, this is plaintiffs' characterization of the nature of their claims; deny that Complaint states any claim against defendant Gonzalez in his personal capacity.

12. Admit the first sentence. With respect to the second sentence, answering defendants do not have sufficient knowledge or information to respond to this claim, and therefore deny. With respect to the third sentence, this is plaintiffs' characterization of the nature of their claims; deny that Complaint states any claim against defendant Tandy in either her official or personal capacity.

13. Admit the first two sentences. With respect to the third sentence, this is plaintiffs' characterization of the nature of their claims; deny that Complaint states any claim against defendant Lappin in his personal capacity.

14. Admit the first two sentences. With respect to the third sentence, this is plaintiffs'

characterization of the nature of their claims; deny that Complaint states any claim against defendant Kendig in either his official or personal capacity and further respond by stating that Dr. Kendig is a commissioned member of the U.S. Public Health Service and has been granted immunity for conduct related to his official duties. See 42 U.S.C. § 233.

15. With respect to the first sentence, deny that Mark Bezy is the current Warden at USP Terre Haute; admit that recent federal executions are ordinarily carried out at that facility and that recent federal executions have been carried out there. With respect to the second sentence, deny that Mark Bezy or the present Warden at USP Terre Haute has responsibility for the oversight and conduct of federal judicial executions. With respect to the third sentence, this is plaintiffs' characterization of the nature of their claims; deny that the Complaint states any claim against Mark Bezy in either his official or personal capacity.

16. Admit that Thomas Webster, MD is the clinical director at USP Terre Haute. Admit the second sentence, and further respond by stating that Dr. Webster has exercised his rights under 18 U.S.C. § 3597(b) and 28 C.F.R. 26.5 not to participate in federal judicial executions. With respect to the third sentence, this is plaintiffs' characterization of the nature of their claims; deny that the Complaint states any claim against Thomas Webster in either his official or personal capacity.

17. Defendants have insufficient knowledge to admit or deny the allegations against John Doe defendants, and therefore deny. Defendants further respond by stating that the identity of persons who conduct executions is privileged and may not be disclosed.

18. Admit that all of the conduct alleged in the Complaint is official capacity conduct. Deny the second sentence, insofar as it is alleged that the manner of carrying out federal judicial executions violates plaintiffs' statutory and constitutional rights. In further response, defendants deny that all

of the defendants are involved in federal judicial executions.

### III. Jurisdiction and Venue

19. This paragraph is plaintiffs' statement of jurisdiction; insofar as a response is deemed required, admit that the court has subject matter jurisdiction to hear plaintiffs' constitutional claims; deny that plaintiffs may obtain relief under Bivens.

20. This paragraph is plaintiffs' statement as to venue; insofar as a response is deemed required, admit that venue is proper in the District of Columbia.

### IV. Facts

21. Defendants incorporate their responses to paragraphs 1-20 as if fully set forth herein.

22. Admit, except to state that execution dates were set by the Federal Bureau of Prisons but have been stayed by Court Order.

23. Admit the first sentence. With respect to the second sentence, admit that the current federal execution procedure involves the administration of sodium pentothal, pancuronium bromide and potassium chloride. Deny the third sentence. With respect to the fourth sentence, admit that sodium pentothal will render the individuals insensible to pain; deny the balance of the sentence. Deny the fifth sentence.

**A. The Lethal Injection Regulations**

24. With respect to the first sentence, deny, and further respond by stating that the death penalty was imposed pursuant to 21 U.S.C. § 848(e)(1)(a). With respect to the second sentence, admit that the Controlled Substances Act (CSA) does not specify the manner of execution or authorize defendants to determine the method of execution. The Attorney General has constitutional and statutory authority to prescribe the means for implementing federal judicial death sentences;

further state that validity of the regulations promulgated by the Attorney General has been upheld in a prior proceeding in which plaintiffs were parties.

25. Admit, except that plaintiffs have not identified the correct statute, and further state that plaintiffs have not provided a comprehensive list of all of the commentors.

26. Admit, and further state the comment received and the agency response are the best evidence of their contents.

27. Admit, and further state the comment received and the agency response are the best evidence of their contents.

28. Admit, and further state the comments received and the agency response are the best evidence of their contents.

29. Defendant cannot admit or deny the first part of the sentence because it is unclear to what the phrase "these comments" refer; admit that a final rule was issued and that plaintiffs have accurately stated the effective date of the final rule. With respect to the second sentence, admit that plaintiffs have accurately quoted the rule and that the complete rule is the best evidence of its contents. Admit that the rule does not specify the substances used, the amount of such substances, or the order of administration; further respond by stating that the discretion for making these decisions and to determine the qualifications of the persons administering such substances is delegated in the rule to the Director, Federal Bureau of Prisons.

30. Deny that defendants have adopted further regulations specifying in detail the means and method by which executions by lethal injection are to be carried out.

31. Admit that by letter dated November 7, 2005, plaintiffs' counsel submitted a request for information concerning the federal execution procedure to various BOP officials. This request is

being processed under the Freedom of Information Act. Deny that the Lethal Injection Protocol has not been disclosed to the public.

32. Admit that BOP's judicial execution procedure was developed after reviewing the procedures used by several different jurisdictions. Admit that the guidance and interpretive procedure was developed without notice and comment; deny that notice and comment is required. Deny that the federal judicial execution procedure was developed without meaningful and independent efforts designed to ensure that the manner of carrying out federal judicial executions conforms with constitutional standards.

**B. Lethal Injection**

**1. The Chemicals Used in the Lethal Injection Protocol**

33. With respect to sentence 1, deny that defendants have refused to divulge the specifics of the federal judicial execution procedure. Deny the second sentence. With respect to the third sentence, admit that the sodium pentothal used in the federal judicial execution procedure will render the condemned individuals insensible to pain; deny the balance of the sentence.

34 (Listed by plaintiffs as Paragraph 35). Admit the first sentence. Admit the second sentence; except to state that the degree of training required depends upon the use of the drug. With respect to the third sentence, admit that this is one use of sodium pentothal. With respect to the fourth sentence, admit for that particular use of sodium pentothal. With respect to the fifth sentence, defendants cannot admit or deny because the truth of the statement depends upon the dose of sodium pentothal administered.

35. Deny.

[No paragraphs 36 or 37]

38. With respect to the first four sentences, admit as to general surgical application, deny as to use in a federal judicial execution. Deny the fifth sentence, and specifically deny that the federal judicial execution procedure "does not call for sodium pentothal to be administered by a person qualified to administer it."

39. With respect to the allegations in this paragraph, defendants cannot admit or deny because plaintiffs do not specify the "sedating chemicals" referenced in this paragraph. Defendants further respond by stating that the dose of sodium pentothal administered in the current federal execution process does not create a substantial risk that the condemned individual will regain consciousness during the duration of the judicial execution procedure.

40. Admit.

41. Admit.

42. Admit the first sentence. Deny the second sentence. Deny the third sentence. With respect to the fourth sentence, admit that pancuronium bromide prevents muscle movement, but deny that the purpose for administering the drug is to make the individual appear serene. Deny the fifth sentence.

43. Deny the first sentence, and further respond by stating that a person subject to a federal judicial execution would not regain consciousness after being administered sodium pentothal due to the dose administered. Deny the second sentence due to the dose administered. Deny the third sentence. Deny the fourth sentence.

44. Deny the existence of a "Lethal Injection Protocol," but admit that the federal judicial execution procedure utilizes potassium chloride as the third chemical administered. Admit the second sentence. With respect to the third sentence, admit, except defendants can not quantify the

subjective term "inhumanly"; deny persons executed using federal judicial execution procedure are conscious and able to feel pain. With respect to the fourth sentence defendant does not have knowledge and information with respect to the position of the American Veterinary Medical Association, and would refer the Court to the cited article for a full and accurate statement of its contents, further note that the article states "[a]lthough unacceptable and condemned when used in unanesthetized animals the use of a supersaturated solution of potassium chloride injected intravenously or intracardially in an animal under general anesthetic is an acceptable method to produce cardiac arrest and death." Deny the fifth sentence, and further state that plaintiffs have not identified the "other chemicals" referenced in this sentences.

45. Defendants lack sufficient information to admit or deny the allegations in this paragraph. On information and belief, the information in this paragraph, and subparagraphs a-k therein, come from various publications including a document produced by Michael C. Radelet on the Death Penalty Information website.

46. Defendants lack sufficient information to admit or deny the allegations in this paragraph; on information and belief, the information in this paragraph, and subparagraphs a-o therein, come from various publications including a document produced by Michael C. Radelet on the Death Penalty Information website.

**2. Lethal Injection Protocol, Personnel and Processes**

47. Admit as to general medical application, deny as to use in a federal judicial execution.

48. With respect to the first sentence, admit as to general medical application, deny as to use in a federal judicial execution. With respect to the second sentence, admit that many nurses are not trained in the use of ultra-short acting barbiturates, but that almost all nurses have sufficient

professional skills to mix and administer doses prescribed by physicians or pursuant to medical/pharmaceutical protocols. Deny that the use of sodium pentothal as utilized in the federal judicial execution procedure requires training for nurses at the same professional level as ICU nurses or nurse anesthetists. With respect to the third sentence admit that many paramedics are not trained in the use of ultra-short acting barbiturates, but that almost all paramedics have sufficient professional skills to mix and administer doses prescribed by physicians or pursuant to medical/pharmaceutical protocols. Deny that the use of sodium pentothal as utilized in the federal judicial execution procedure require training for paramedics at the same professional level as physicians, ICU nurses or nurse anesthetists.

49. Deny.

50. With respect to the first sentence, admit that the federal judicial execution protocol does not include the use of medical equipment to monitor the condemned individual's level of consciousness, but assert that such equipment is not necessary in light of the dose of sodium pentothal and other safeguards in the procedure. With respect to the second sentence, deny.

51. Deny, and deny subparagraphs a-h

52. Deny that these aspects of the Controlled Substances Act apply to federal judicial executions.

53. With respect to the first sentence, admit that plaintiff Roane exhausted available administrative remedies prior to the commencement of the instant law suit with respect to his Eighth Amendment claims, deny as to Fifth Amendment Claim. Admit the second sentence. With respect to the third sentence, defendants respond that the denial of the appeal is the best evidence of its contents.

54. With respect to the first sentence, admit that plaintiff Tipton exhausted available administrative remedies prior to the commencement of the instant law suit with respect to his Eighth Amendment claims, deny as to Fifth Amendment Claim. Admit the second sentence. With respect to the third sentence, defendants respond that the denial of the appeal is the best evidence of its contents.

55. With respect to the first sentence, admit that plaintiff Johsnon exhausted available administrative remedies prior to the commencement of the instant law suit with respect to his Eighth Amendment claims, deny as to Fifth Amendment Claim. Admit the second sentence. With respect to the third sentence, defendants respond that the denial of the appeal is the best evidence of its contents.

### V. First Claim: Fifth Amendment Violation – Denial of Due Process

56. Defendants incorporate their responses to paragraphs 1 through 55 as if fully set forth herein.

57. This is a statement of law, not an averment of fact, to the extent that a response is deemed required, defendants state that in some instances due process concerns may be addressed through post-deprivation process.

58. Defendants deny refusing to disclose the requested information related to the federal judicial execution procedure. Defendants are without sufficient information about the knowledge of plaintiffs and their counsel concerning the federal judicial execution procedure. Defendants deny any violation of the Due Process Clause of the Constitution.

### VI. Second Claim: Eighth Amendment Violation – Cruel and Unusual Punishment

59. Defendants incorporate their responses to paragraphs 1-58 as if fully set forth herein.

60. This paragraph consists of a statement of law and a quotation from a Supreme Court case; defendants admit that plaintiffs have accurately quoted from the cited case and aver that the full decision is the best evidence of its contents.

61. Deny.

### VII. Third Claim: Eighth Amendment Violation – Deliberate Indifference

62. Defendants incorporate their responses to Paragraphs 1-61 as if fully set forth herein.

63. This paragraph consists of statements of law and quotations from Supreme Court cases; defendants admit that plaintiffs have accurately quoted from the cited cases and aver that the full decisions are the best evidence of their contents.

64. Deny, and further respond by stating that the cited program statement has been superceded.

65. This paragraph consists of statements of law and a quotation from a case from the Seventh Circuit Court of Appeals. Defendants admit that plaintiffs have accurately quoted from the cited case; aver that the full decision is the best evidence of its contents; and deny that this quite accurately reflects the current status of Eighth Amendment law.

66. The first sentence is a conclusion of law, not a statement of fact; further aver that at the time of a federal judicial execution, the condemned individual is in the custody of the United States Marshal. With respect to the second sentence, this is a statement of law, not an averment of fact; to the extent that an answer is deemed required, defendant state that the manner in which federal judicial executions are conducted does not violate the Eighth Amendment. Deny the third and forth sentences.

### VIII. Fourth Claim: Violation of the Administrative Procedure Act – Agency Action That Is Arbitrary, Capricious, and Abuse of Discretion and Otherwise Not in Accordance With Law in Promulgating the Lethal Injection Regulations

67. Defendants incorporate their responses to paragraphs 1-66 as if fully set forth herein.

68. The first three sentences of this paragraph are statements of law, not an averments of fact; to the extent that an answer is deemed required, deny that APA procedures are required for all federal actions. Admit that the three drug protocol for conducting lethal injections pursuant to federal death sentences was not subject to notice and comment rulemaking; deny that this constitutes a violation of the APA**.**

[No paragraph 69]

70. The first sentence is a statement of law, not an averment of fact; to the extent that an answer is deemed required, admit that comments are to be considered and responded to; deny the balance of the statement. Deny the second and third sentences.

71. With respect to the first sentences, deny that APA procedures are applicable to all federal actions. With respect to the second sentence, deny that the development of the protocol for administering lethal injections required public notice and comment..

72. Deny.

### IX: Fifth Claim: Violation of the Administrative Procedure Act – Arbitrary and Capricious Failure to Exercise Enforcement Authority Under the CSA

73. Defendants incorporate their responses to paragraphs 1-72 as if fully set forth herein.

74. This paragraph is a statement of law, not an averment of fact. Defendants would refer to the cited statutes as the best evidence of their contents.

75. Admit.

76. This paragraph contains statements of law, not averments of fact. Defendants would refer to the cited regulations as the best evidence of their contents.

77. Deny.

### XI. Prayer for Relief

78. This paragraph contains plaintiffs' prayer for relief. Defendants deny that plaintiffs are entitled to the relief requested or any relief whatsoever.

79. This paragraph contains plaintiffs' prayer for relief. Defendants deny that plaintiffs are entitled to the relief requested or any relief whatsoever.

80. This is plaintiffs' characterization of their action and what they claim to seek through this litigation, to which not response is required.

81. This paragraph contains plaintiffs' prayer for relief. Defendants deny that plaintiffs are entitled to the relief requested or any relief whatsoever.

82. This paragraph contains plaintiffs' prayer for relief. Defendants deny that plaintiffs are entitled to the relief requested or any relief whatsoever.

83. This paragraph contains plaintiffs' prayer for relief. Defendants deny that plaintiffs are entitled to the relief requested or any relief whatsoever.

### SECOND DEFENSE

Plaintiffs' claims are barred, in part, by statute of limitations.

### THIRD DEFENSE

Plaintiffs' claims are barred, in part under the doctrines of <u>res judicata</u>/claim preclusion and collateral estoppel/issue preclusion.

**FOURTH DEFENSE**

Plaintiffs' individual capacity claims are barred by absolute and qualified immunity.

**FIFTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by a failure to exhaust administrative remedies.

Defendants deny each and every allegation in the Amended Complaint not expressly admitted in this Answer. Defendants respectfully request and reserve the right to amend, alter and supplement the defenses contained in this answer as the facts and circumstances giving rise to the complaint become known to them through the course of the litigation.

Defendants, having fully answered, respectfully request that this action be dismissed with prejudice and that the Court grant such other and further relief as may be deemed appropriate, including payment of defendants' attorney fees and costs.

                        Respectfully submitted,

                        /s/
                        JEFFREY A. TAYLOR, D.C. Bar #498610
                        United States Attorney

                        /s/
                        RUDOLPH CONTRERAS, D.C. Bar #434122
                        Assistant United States Attorney

                        /s/
                        PETER D. BLUMBERG, D.C. Bar # 463247
                        Assistant United States Attorney
                        United States Attorneys Office
                        Judiciary Center Building
                        555 4th Street, N.W., 10th Floor
                        Washington, D.C. 20530
                        (202) 514-7157

                          _____/s/_____
                          ROBERT J. ERICKSON, D.C. Bar No. 220731
                          Principal Deputy Chief
                          Criminal Appellate Section
                          U. S. DEPARTMENT OF JUSTICE
                          950 Pennsylvania Avenue, NW
                          Room 1515
                          Washington, DC 20530
                          (202) 514-2841

Dated: November 9, 2006