IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JAMES H. ROANE, JR., et al.,** | : | |
| **Plaintiffs,** | : | |
| v. | : | Case Number: 1:05-cv-2337 |
| **ALBERTO GONZALES, et al.,** | : | |
| **Defendants.** | : | |

## JOINT RULE 16.3 STATEMENT AND PROPOSED DISCOVERY PLAN

Pursuant to Federal Rules of Civil Procedure 16 and 26, Local Rule 16.3, and the Court's June 30, 2006, Order, plaintiffs James H. Roane, Jr., Richard Tipton and Corey Johnson, and Defendants Alberto Gonzales, Harley G. Lappin, Newton E. Kendig, II., M.D., and Rick Veach,[1] by their respective counsel, submit the following Rule 16.3 Statement and proposed Discovery Plan.

1.   **Statement of the Case**

The Plaintiffs in this case have been sentenced to death under federal law.  In this action, which is brought under <u>Bivens v. Six Unknown Agents</u>, 403 U.S. 388, 390-97 (1971), the Fifth and Eighth Amendments and the Administrative Procedure Act ("APA"), the plaintiffs allege that the execution procedure the defendants propose to use

---

[1] Defendants Karen Tandy, Thomas Webster, M.D. and John Does I-X have not yet answered the complaint, and have filed a Motion to Dismiss in lieu of an answer. Defendant Veach has replaced Mark Bezy as Warden of USP Terre Haute since the filing of this action, and is substituted as defendant pursuant to Fed. R. Civ. P. 25(d)(1).

in executing them violates (a) the Fifth and Eighth Amendments; and (b) the APA. Specifically, they allege:

- The defendants' refusal to disclose the procedures that will be utilized in carrying out plaintiffs' executions prevents the plaintiffs from determining whether any aspect of those procedures may constitute cruel and unusual punishment, and to consult medical experts concerning that possibility, in violation of the requirement, under the Fifth Amendment's Due Process clause, of notice and the opportunity to be heard before the deprivation of life, liberty, or property;

- the defendants' use of an arbitrary, cruel, and/or unreliable method of execution, which imposes a foreseeable risk of inflicting unnecessary pain, violates the Eighth Amendment's ban on cruel and unusual punishment;

- The regulations pursuant to which the defendants propose to execute the plaintiffs were promulgated without public notice and comment, and in violation of the APA's procedural requirements, and are arbitrary, capricious, an abuse of discretion and otherwise not in accordance with law;

- The defendants have arbitrarily and capriciously failed to exercise their authority to enforce the Controlled Substances Act, by refusing to prevent the unlawful "dispens[ing] of a controlled substance in the execution procedure, see 21 U.S.C. §§ 822, 829 (2000), 21 C.F.R. § 1306.04(a) (2005):

The plaintiffs seek (a) an Order declaring that the defendants' proposed execution procedure violates the Fifth and Eighth Amendments, as well as the APA; (b) a preliminary and permanent injunction preventing the defendants from executing the plaintiffs pursuant to that proposed procedure; and (c) such other equitable relief as the Court deems just and proper.

Defendants have filed both an answer and a partial motion to dismiss. Defendants assert that the procedures utilized in carrying out federal judicial executions do not create an unreasonable risk of inflicting unnecessary pain and suffering, and therefore do not violate the Eighth Amendment's proscription against cruel and unusual

-3-

punishment. Defendants further submit that the development of the procedures for carrying out executions by lethal injection do not require notice and comment rulemaking under the Administrative Procedures Act.

With respect to plaintiffs' claim that defendants have "refused to disclose" the procedures that will be utilized in carrying out their executions, defendants deny this claim, and further state that to the extent that this allegation states a claim upon which relief may be granted, the claim will be mooted through the course of discovery in this action. Finally, as set forth in defendants' partial motion to dismiss, Heckler v. Chaney bars plaintiffs' claim challenging defendants' alleged failure to exercise enforcement authority under the Controlled Substances Act.

2. **Rule 16.3(c) Discussions**

The parties have conferred telephonically and discussed the matters listed in Local Rule 16.3(c), and have the following comments:

(1) As noted, the defendants have filed a partial motion to dismiss. The parties do not recommend that discovery or other matters await a decision on the motion.

(2) The defendants treat the identities of participants in the execution process as confidential. Therefore, the plaintiffs have named as defendants John Does I-IX, and anticipate adding additional defendants as their identities become known. Any such parties will be added within 30 days of the disclosure of their identity. A protective order will be necessary in this case, and the parties expect to be able to reach agreement on a stipulated protective order to be submitted to the Court. That protective order will address, *inter alia*, the identities of such additional parties.

(3) The parties do not agree to assignment of the case to a magistrate judge for all purposes.

(4,5) The parties do not believe settlement is a realistic possibility. Pursuant to Appendix II of the Court's June 30, 2006, Order, the parties have discussed alternative dispute resolution. The parties do not believe the case would benefit from the Court's alternative dispute resolution procedures.

(6) The case will not be resolved in full on a pre-discovery motion to dismiss. At this juncture, the parties see no reason why this case cannot be resolved on cross-motions for summary judgment. The parties have proposed a briefing schedule in § 5, infra.

(7) The parties will not stipulate to dispense with the initial disclosure requirements of Federal Rule of Civil Procedure 26(a)(1). The parties propose that those disclosures be made by January 8, 2007.

(8) The parties view this case as more complex than a "Standard Case," and therefore propose to adopt the presumptive Discovery Schedule for "Complex Cases" contained in Appendix I to the Court's June 30, 2006, Order, with certain modifications. See § 4, *infra.*

(9) The parties propose that proponent's expert reports be due on April 2, 2007, and opponent's reports on May 2, 2007.

(10) N/A

(11) The parties see no benefit to bifurcation at this point.

(12) Because it appears likely that this case may be resolved on cross-motions for summary judgment, the parties believe that a pretrial conference may not be necessary. The parties have agreed upon a proposed briefing schedule for summary judgment, see § 5, *infra*, and respectfully suggest that the Court set a motion hearing on or about 30 days following the conclusion of briefing, or on or about September 23, 2007.

3. **Preliminary Motion(s)**

On November 9, 2006, defendants filed a Partial Motion to Dismiss. Plaintiffs' response to that Motion is due December 20, 2006. Because the Motion seeks dismissal of only some of plaintiffs' claims, resolution of the Motion is unlikely to have a substantial impact on the scope of discovery, except that defendants do not believe that any discovery may be had on plaintiffs' Controlled Substances Act claim.

4. **Discovery Schedule**

The parties propose to adopt the schedule for Complex Cases contained in Appendix I to the Court's June 30, 2006, Order, with certain modifications Specifically, the parties propose the following schedule:

| | |
|---|---|
| Initial Disclosures | January 8, 2007 |
| Deadline for Post-Rule 26(a) Discovery Requests | February 1, 2007 |
| Proponent's R. 26(a)(2) Statements | April 2, 2007 |
| Opponent's R. 26(a)(2) Statements | May 2, 2007 |
| All discovery closed | June 8, 2007 |
| Limit on number of interrogatories per side | 25 |
| Limit on number of depositions | 10 |

A proposed Order reflecting this schedule is attached. The parties propose to reserve the right to stipulate or move to obtain leave of court to serve additional interrogatories or to notice and take in excess of 10 factual depositions.

5. **Motion Practice**

The parties tentatively propose that pre-trial dispositive motions be filed and served on or before July 9, 2007, with oppositions thereto served on or before August 8, 2007, and reply briefs served on or before August 23, 2007.

Dated: November 30, 2006

Respectfully submitted,

_____/s/_____
PAUL F. ENZINNA (D.C. Bar No. 421819)
TIMOTHY LOPER
RACHEL McKENZIE
Baker Botts LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004-2400
(202) 639-7752
Fax: (202) 639-7980

DENISE LEBOEUF
700 Camp Street
New Orleans LA 70130

*Counsel for Plaintiff James H. Roane, Jr.*


_____/s/_____
CHARLES A. ZDEBSKI
(D.C. Bar No. 451075)
Troutman Sanders LLP
401 9th Street, N.W.
Suite 1000
Washington, D.C. 20004-2134
(202) 274-2909

STEPHEN A. NORTHUP (D.C. Bar. No. 54587)
Troutman Sanders LLP
1001 Haxall Point
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1240

FREDERICK R. GERSON
Robinson & Gerson, P.C.
7102 Three Chopt Road
Richmond, Virginia 23226

*Counsel for Plaintiff Richard Tipton*

        /s/
CHARLES A. ZDEBSKI
(D.C. Bar No. 451075)
Troutman Sanders LLP
401 9th Street, N.W.
Suite 1000
Washington, D.C. 20004-2134
(202) 274-2909

BARBARA HARTUNG
700 E. Main Street
Suite 1600
Richmond, Virginia 23219
(804) 353-4999

EDWARD E. SCHER
Thorsen & Scher, L.L.P.
3810 Augusta Avenue
Richmond, VA 23230
(804) 359-3000

*Counsel for Plaintiff Corey Johnson*

        /s/
JEFFREY A. TAYLOR (D.C. Bar #498610)
United States Attorney
RUDOLPH CONTRERAS (D.C. Bar #434122)
Assistant United States Attorney
PETER D. BLUMBERG (D.C. Bar. #463247)
Assistant United States Attorney
United States Attorneys Office
Judiciary Center Building
555 4th Street, N.W., 10th Floor
Washington, DC 20530
(202) 514-7157

-8-

        /s/
Robert J. Erickson (D.C. Bar #220731)
Principal Deputy Chief
Criminal Appellate Section
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Room 1515
Washington, DC 20530
(20) 514-2841

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JAMES H. ROANE, JR., et al.,** : | |
| : | |
| **Plaintiffs,** : | |
| : | |
| v. : | Case Number: 1:05-cv-2337 |
| : | |
| **ALBERTO GONZALES, et al.,** : | |
| : | |
| **Defendants.** : | |

### INITIAL SCHEDULING ORDER

The Court hereby sets the following schedule for discovery in this action:

| | |
|---|---|
| Initial Disclosures Under Rule 26(a)(1) | January 8, 2007 |
| Deadline for Post-Rule 26(a) Discovery Requests Under Rules 33 and 34 | February 1, 2007 |
| Proponent's R. 26(a)(2) Statements | April 2, 2007 |
| Opponent's R. 26(a)(2) Statements | May 2, 2007 |
| All discovery closed | June 8, 2007 |
| Dispositive Motions | July 9, 2007 |
| Oppositions to Dispositive Motions | August 8, 2007 |
| Replies on Dispositive Motions | August 23, 2007 |
| Limit on number of interrogatories per side | 25 |
| Limit on number of depositions | 10 |

The parties may stipulate or move to obtain leave of court to serve additional interrogatories or to notice and take in excess of 10 factual depositions. Any other changes to this schedule shall be by Order of the Court only.

      DONE and ORDERED this ___ day of _____, 2006.

 

_____
Richard W. Roberts
United States District Judge