IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES H. ROANE, JR., et al., | : |
| Plaintiffs, | : |
| v. | : Case Number: 1:05-cv-2337 |
| ALBERTO GONZALES, et al., | : |
| Defendants. | : |

**PLAINTIFFS' OPPOSITION TO
DEFENDANTS' PARTIAL MOTION TO DISMISS**

Defendants have moved, pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5) and 12(b)(6), to dismiss:

- all individual capacity claims;
- the official capacity claims against defendants Karen Tandy and Thomas Webster; and
- Counts IV (in part) and V.

Defendants' motion should be denied as to the official capacity claims against defendants Tandy and Webster and Counts IV and V.[1]

*First*, neither plaintiffs' claims against defendant Tandy, nor Count V, are barred by Heckler v. Chaney. *Second*, defendant Webster's choice not to participate in federal executions does not render him immune from this suit. *Finally*, plaintiffs' Count IV claims concerning the lethal injection protocol are not barred by *res judicata* or the statute of limitations.

---

[1] Plaintiffs do not oppose the motion to dismiss the individual capacity claims against defendants.

## ARGUMENT

I.  **Plaintiffs' Claims Against Defendant Tandy, And Count V, Are Not Barred By <u>Heckler v. Chaney</u>.**

The defendants contend that "plaintiffs' cause of action predicated on an alleged 'arbitrary and capricious' failure to exercise enforcement authority under the [Controlled Substances Act ('CSA')] should be dismissed on the basis articulated by the Supreme Court" in <u>Heckler v. Chaney</u>, 470 U.S. 821 (1985). Defendants' Memorandum In Support of Partial Motion to Dismiss ("Def. Mem.") at 15. In <u>Heckler</u>, the Court addressed a suit by death row inmates requesting that the Food and Drug Administration ("FDA") be required to initiate enforcement actions against state officials in Texas and Oklahoma for the unapproved use of drugs during executions by lethal injection. <u>Id</u>. at 823-25. Rejecting the inmates' request, the Court held that "an agency's decision not to take enforcement action should be presumed immune from judicial review under § 701(a)(2) [of the Administrative Procedure Act ('APA')]." <u>Id</u>. at 832.

As defendants themselves acknowledge, however, the presumption established by <u>Heckler</u> is rebuttable. <u>See</u> Def. Mem. at 15 n.4. Indeed, in determining whether a given decision by an agency has been "committed to agency discretion by law" and is thus unreviewable under § 701(a)(2), the crucial consideration is whether the operative statute is "'drawn in such broad terms that in a given case there is no law to apply.'" <u>Citizens to Preserve Overton Park v. Volpe</u>, 401 U.S. 402, 410 (1971) (citation omitted). Accordingly, <u>Heckler</u> states that the presumption against reviewability of an agency's failure to initiate an enforcement action "may be rebutted where the substantive statute has provided guidelines for the agency to follow in exercising its enforcement powers."

470 U.S. at 832-33.  Furthermore, the Heckler Court expressly declined to hold unreviewable a general policy of nonenforcement adopted by an agency, where that policy amounts to an abdication of the agency's statutory duties.  Id. at 833 n.4 (citing Adams v. Richardson, 480 F.2d 1159 (D.C. Cir. 1973) (en banc)).  As Justice Brennan explained in his concurrence,

> [i]t may be presumed that Congress does not intend administrative agencies, agents of Congress' own creation, to ignore clear jurisdictional, regulatory, statutory, or constitutional commands, and in some circumstances . . . the statutes or regulations at issue may well provide "law to apply" under . . . § 701(a)(2).

Id. at 839 (Brennan, J., concurring).

In Adams, cited by the Supreme Court as illustrative of a situation in which an agency's nonenforcement decisions may be reviewable, a group of students, citizens, and taxpayers sought declaratory and injunctive relief against the Secretary of Health, Education, and Welfare ("HEW") and the Director of HEW's Office of Civil Rights on the ground that the HEW officials had been "derelict in their duty to enforce Title VI of the Civil Rights Act of 1964 because they have not taken appropriate action to end segregation in public educational institutions receiving federal funds." 480 F.2d at 1161. The D.C. Circuit, sitting en banc, agreed with the plaintiffs and affirmed, with some modifications, the district court's order requiring the HEW officials to institute compliance procedures and take enforcement actions against certain elementary, secondary, and vocational schools and state-operated systems of higher education.  Id. at 1166.

Finding that HEW's failure to take enforcement action against the relevant institutions was not immune from judicial review under § 701(a)(2), the court stated "this suit is not brought to challenge HEW's decisions with regard to a few school

districts in the course of a generally effective enforcement program. To the contrary, appellants allege that HEW has consciously and expressly adopted a general policy which is in effect an abdication of its statutory duty." Id. at 1162. The court held that because Title VI outlines the means to enforce its substantive provisions, "[a] consistent failure to do so is a dereliction of duty reviewable in the courts." Id. at 1163.

Likewise, plaintiffs in this case complain not of "individual, isolated nonenforcement decisions," Heckler, 470 U.S. at 839 (Brennan, J., concurring), but of a consistent failure by the Drug Enforcement Administration ("DEA") to enforce the CSA against an entire class of individuals: those responsible for carrying out executions by lethal injection under color of law. And unlike Heckler, where the plaintiffs could rely only on the Food, Drug, and Cosmetic Act's *authorization*, as opposed to mandate, of enforcement action by the FDA, here the DEA's general policy of nonenforcement violates a *specific requirement* of the CSA.

Under the CSA, it is unlawful to "dispense" any "controlled substance" except pursuant to a prescription "issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice" who has obtained the requisite registration under the statute. 21 U.S.C. §§ 822, 829, 841(a)(1) (2000); see also 21 C.F.R. § 1301.11 (2005). The statute provides that "[t]he Attorney General may, *by regulation*, waive the requirement for registration of certain manufacturers, distributors, or dispensers if he finds it consistent with the public health and safety." 21 U.S.C. § 822(d) (2000) (emphasis added). Adhering to this particular condition on the exercise of his authority under § 822(d), the Attorney General has in fact waived, by regulation, the registration requirement for various classes of individuals, including "[a]ny officer or employee of the [Drug Enforcement] Administration, any officer of the

U.S. Customs Service, any officer or employee of the United States Food and Drug Administration, any other Federal officer who is lawfully engaged in the enforcement of any Federal law relating to listed chemicals, controlled substances, drugs or customs, and is duly authorized to *possess* and *distribute* List I chemicals in the course of official duties." 21 C.F.R. § 1309.26(a)(1) (2005) (emphasis added); see also 21 C.F.R. § 1309.24 (2005).[2]

By contrast, the DEA's consistent refusal to enforce the CSA against individuals responsible for carrying out executions by lethal injection grants those individuals a *de facto* exemption from the CSA's requirement that qualified practitioners complete registration before dispensing controlled substances. The sole relevant and properly-promulgated waiver applicable to federal officers and employees does not allow covered personnel to dispense controlled substances without first obtaining the requisite registration, and the DEA's general policy of nonenforcement is tantamount to an end-run around the CSA's specific command that such waivers be obtained only "by regulation."

Accordingly, there is "law to apply" in reviewing the DEA's nonenforcement decisions in this context. Contrary to defendants' assertion, Heckler therefore does not

---

[2] The purpose of this regulation, based on the plain meaning of its terms, is to shield from liability under the CSA federal officials who must possess and/or distribute controlled substances in the course of investigating or prosecuting drug-related crimes (e.g., as a custodian of evidence) or determining whether, and under what conditions, certain controlled substances will be approved for use. This is made clear by the regulation's provision that "[a]ny official exempted by this section may, when acting in the course of official duties, *possess* any List I chemical and *distribute* any such chemical *to any other official* who is also exempted by this section and acting in the course of official duties." 21 C.F.R. § 1309.26(b) (2005) (emphasis added). The regulation does not authorize anyone to *dispense* controlled substances, and may not be read to apply to individuals who carry out executions by lethal injection.

"squarely" control and foreclose plaintiffs' claims against defendant Tandy and Count V. These claims should not be dismissed.

## II. Defendant Webster's Choice Not To Participate In Federal Executions Does Not Render Him Immune From Suit.

Dr. Webster moves to dismiss the claims against him on the ground that he has "exercised his right to be excused from participation in federal judicial executions" and "has no involvement or control over any facet of the federal judicial execution process." Def. Mem. at 15-16. However, even if Dr. Webster himself is not involved in the execution process itself, it remains his responsibility, as Clinical Director, to ensure that inmates at USP Terre Haute receive appropriate medical care. This includes ensuring that appropriate steps are taken to minimize pain suffered by inmates, and as Clinical Director, Dr. Webster bears responsibility for any "deliberate indifference" to such pain. The relevant question, therefore, is not whether Dr. Webster participates in the actual killing of federal inmates, but whether he has taken appropriate steps to ensure that, while they are alive, they do not suffer unnecessary pain.

Furthermore, Dr. Webster's choice to opt out of the execution procedure does not mean that his duties, as Clinical Director, will not be exercised in the execution process. At a minimum, if Dr. Webster is dismissed, the plaintiffs should be permitted to amend their complaint to include as a plaintiff the individual who carries out Dr. Webster's duties in the execution context.

## III. Plaintiffs' Count IV Claims Concerning The Lethal Injection Protocol Are Not Barred By *Res Judicata* Or The Statute Of Limitations.

Defendants' motion to dismiss Count IV is, by its terms, limited to that claim "to the extent [it] mount[s] an APA challenge to the promulgation of 28 C.F.R. § 26.3." Def. Mem. at 16. Defendants expressly do not seek to dismiss Count IV to the extent it

challenges the promulgation of the lethal injection protocol pursuant to which the defendants intend to execute the plaintiffs here. Id.

Plaintiffs do not challenge the promulgation of 28 C.F.R. § 26.3. Instead, as stated in the complaint, Count IV addresses the promulgation of the lethal injection protocol the defendants intend to use in executing the plaintiffs.[3] Defendants' motion to dismiss Count IV should therefore be denied.

The grounds for dismissal of Count IV advanced by the government—*res judicata* and the statute of limitations—are clearly inapplicable to a challenge to the lethal injection protocol. The validity of the protocol has never been litigated, and the government does not suggest that any cause of action with respect to the protocol accrued more than six years ago.

Dated: December 20, 2006    Respectfully submitted,

/s/ Paul F. Enzinna
PAUL F. ENZINNA (D.C. Bar No. 421819)
TIMOTHY LOPER
RACHEL McKENZIE
Baker Botts LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004-2400
(202) 639-7752
Fax: (202) 639-7980

---

[3] It should be noted that the district court for the Northern District of California recently ruled that California's lethal injection protocol is unconstitutional on grounds similar to those raised by plaintiffs here, finding that the state's protocol "lacks both reliability and transparency." Morales v. Tilton, ___ F.Supp. ___, 2006 WL 3699493, at *8 (N.D.Cal. Dec. 15, 2006).

DENISE LEBOEUF
700 Camp Street
New Orleans LA 70130

*Counsel for Plaintiff James H. Roane, Jr.*


/s/ Charles A. Zdebski
CHARLES A. ZDEBSKI
(D.C. Bar No. 451075)
Troutman Sanders LLP
401 9th Street, N.W.
Suite 1000
Washington, D.C. 20004-2134
(202) 274-2909

STEPHEN A. NORTHUP (D.C. Bar. No. 54587)
Troutman Sanders LLP
1001 Haxall Point
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1240

FREDERICK R. GERSON
Robinson & Gerson, P.C.
7102 Three Chopt Road
Richmond, Virginia 23226

*Counsel for Plaintiff Richard Tipton*


/s/ Charles A. Zdebski
CHARLES A. ZDEBSKI
(D.C. Bar No. 451075)
Troutman Sanders LLP
401 9th Street, N.W.
Suite 1000
Washington, D.C. 20004-2134
(202) 274-2909

BARBARA HARTUNG
700 E. Main Street
Suite 1600
Richmond, Virginia 23219

-9-

EDWARD E. SCHER
Thorsen & Scher, L.L.P.
3810 Augusta Avenue
Richmond, VA 23230

*Counsel for Plaintiff Cory Johnson*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES H. ROANE, JR., et al., : | |
| Plaintiffs, : | |
| v. : | Case Number: 1:05-cv-2337 |
| ALBERTO GONZALES, et al., : | |
| Defendants. : | |

## ORDER

The Court having considered defendants' Partial Motion to Dismiss, plaintiffs' opposition thereto, and the relevant law, it is hereby

**ORDERED**

1. That the Motion is GRANTED in part and DENIED in part;

2. That the Motion is GRANTED with respect to the individual capacity claims against all defendants;

3. That the individual capacity claims against all defendants are dismissed;

4. That the Motion is DENIED with respect to the official capacity claims against defendants Karen Tandy and Thomas Webster;

5. That the Motion is DENIED with respect to Count IV; and

6. That the Motion is DENIED with respect to Count V.

Richard W. Roberts
United States District Judge