**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
JAMES H. ROANE, JR.,  et al.,         )
                                        )
             **Plaintiffs,**         )
        **v.**                       )     **Case No. 1:05-CV-2337 (RWR)**
                                          )
ALBERTO GONZALES, et al.,     )
           **Defendants.**     )
_____)

## UNOPPOSED MOTION TO INTERVENE AS PLAINTIFF

Pursuant to Fed.R.Civ.P. 24(a)(2), Bruce Webster, by and through undersigned counsel, respectfully moves this court for leave to intervene in the above-captioned action as of right.  In the alternative, movant Webster seeks permissive intervention pursuant to Fed.R.Civ.P. 24(b)(2). Counsel for Webster have conferred with counsel for plaintiffs and defendants, and though the defendants counsel have represented that they plan to file a responsive pleading, all parties, including the defendants, indicate that they do not oppose this motion to intervene.  In addition, upon grant of intervention by this court, Webster also moves for an Order of this court enjoining his execution by lethal injection, currently set for April 16, 2007.  See Unopposed Motion for Preliminary Injunction, Memorandum of Points and Authorities in Support of Unopposed Motion for Preliminary Injunction, and Proposed Order, attached as Attachment #1.  Counsel for the defendants have also represented that they do not oppose the motion for a stay of execution.

As set forth in the accompanying memorandum, Bruce Webster, like the existing plaintiffs in this action, is a federal inmate under sentence of death. As such, he has a significant interest in the subject matter of the case, he is so situated that disposition of the case will impair or impede his ability to protect that interest, and his interests may not be adequately represented

by the existing parties to the case.  In the alternative, permissive intervention is proper because Bruce Webster's claims have questions of law in common with those presented by the existing plaintiffs to the action.  Moreover, this motion is timely and the present status of the case is such that intervention will not unduly delay the case or prejudice the rights of the existing parties. Pursuant to Local Civil Rule 7(j), movant Webster submits a complaint setting forth the claims for which intervention as plaintiff is sought, attached as Attachment #2.

Therefore, for the reasons set forth more fully in the accompanying memorandum in support, Bruce Webster respectfully moves the court for an order granting leave to intervene in this case as a plaintiff.

January 29, 2007

Respectfully submitted,


  /s/ William E. Lawler III
William E. Lawler  III.
D.C. Bar No. 398951
VINSON & ELKINS LLP
1455 Pennsylvania Avenue, NW
Suite 600
Washington, D.C.  20004-1008
(202) 639-6791

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

| | |
|---|---|
| **JAMES H. ROANE, JR., et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| **v.** ) | **Case No. 1:05-CV-2337 (RWR)** |
| ) | |
| **ALBERTO GONZALES, et al.,** ) | |
| **Defendants.** ) | |
| _____ ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED**
**MOTION TO INTERVENE**

Plaintiffs Roane, Tipton and Johnson ("the Roane plaintiffs"), all federal death row inmates sentenced to be executed by lethal injection, filed this action to challenge the legality and constitutionality of lethal injection processes as violative of the United States Constitution and other statutory provisions including but not limited to the Fifth and Eighth Amendments of the United States Constitution, and the Administrative Procedures Act, 5 U.S.C. §§ 551 *et seq*. ("APA"). See Complaint, Dec. 6. 2005; Amended Complaint, July 18, 2006; see also Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff-intervenor Bruce Webster ("Webster"), also a federal death row inmate currently sentenced to be executed on April 16, 2007, now seeks to intervene in this action by right under Federal Rule of Civil Procedure 24(a)(2). Alternatively, Webster requests that the court in its discretion grant permissive intervention pursuant to Federal Rule of Civil Procedure 24(b)(2). Counsel for Webster have conferred with counsel for plaintiffs and defendants, and though the defendants counsel have represented that they plan to file a responsive pleading, all parties, including the defendants, indicate that they do not oppose the motion to intervene or the attached motion for preliminary injunction.

## I.    Introduction

Webster was convicted of kidnapping resulting in death on June 11, 1996, in the United States District Court for the Northern District of Texas.  See United States v. Webster, Case No. 4-94-CR-00121 (DE #726).  Webster appealed his conviction but was denied by the Fifth Circuit Court of Appeals on December 3, 1998, United States v. Webster, 162 F.3d 308 (5th Cir. 1998). His petition for writ of certiorari was then denied by the United States Supreme Court on October 4, 1999, Webster v. United States, 528 U.S. 829 (1999), thereby concluding his direct appeals.  Webster subsequently initiated a habeas challenge to his conviction pursuant to 28 U.S.C. § 2255 on September 29, 2000.  See United States v. Webster, Case No. 4-94-CR-00121 (N.D.Tex.) (DE# 998).  After considerable delay, the court denied Webster's habeas challenge on September 30, 2003.  See id. (DE #1110).  The court granted a Certificate of Appealability on the issue of whether Webster's suffered from mental retardation, but denied a certificate on any further issues.  The Fifth Circuit affirmed the denial of a further Certificate of Appealability, United States v. Webster, 392 F.3d 787 (5th Cir. 2004) and then denied the appeal on the issue of mental retardation.  U.S. v. Webster, 421 F.3d 308 (5th Cir. 2005).  Webster's petition for writ of certiorari to the Supreme Court on this issue was denied October 2, 2006.

Following denial of his appeals with regards to his habeas challenge, Webster promptly initiated his administrative remedies through the Bureau of Prisons, as set forth more completely below.  After completing the first two stages of the administrative remedies process, Webster received a letter from the warden of Terre Haute USP, dated December 5, 2006, informing Webster that a date of April 16, 2007 had been set for his execution, and informing him that he had 30 days from receipt of the letter to file a petition for clemency with the President of the United States.

While Webster was pursuing his habeas challenge, the Roane plaintiffs initiated the present action in federal court to challenge the legality and Constitutionality of the federal lethal injection protocol and execution procedure. Shortly after initiating the case in December 2005, the Roane plaintiffs requested a stay of the proceedings, as well as a stay of their execution dates, pending the outcome of Hill v. McDonough, a case that was pending before the Supreme Court on the issue of challenges to the lethal injection protocol. See Hill v. McDonough, 126 S.Ct. 2096, 2102 (June 12, 2006). The defendants did not oppose the motion to stay the proceedings or the executions. After the Supreme Court issued its opinion in Hill, this court reinitiated proceedings in this case but continued the stay of the plaintiffs' executions.

Webster now seeks to timely intervene in this action. As Webster meets all requirements for both intervention as of right under Federal Rule of Civil Procedure 24(a)(2) and permissive intervention under Rule 24(b)(2), this court should grant the motion to intervene.

## II.    Argument

### A.    Intervention as of right

The Federal Rules of Civil Procedure acknowledge that a motion for intervention must be granted when a statute of the United States grants an unconditional right to intervene. See Fed. R. Civ. P. 24(a)(1). However, beyond these comparatively rare situations, the Federal Rules also grant intervention as of right:

> Upon timely application. . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and [he] is so situated that the disposition of the action may as a practical matter impair or impede [his] ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a)(2).  The D.C. Circuit Court of Appeals, in <u>Mova Pharmaceutical Corp. v.</u>

<u>Shalala</u>, 140 F.3d 1060, 1074 (D.C. Cir. 1998), uses a four-factor test to determine intervention

as of right: (1) timeliness of the motion to intervene; (2) a common interest in the subject matter

of the action; (3) the intervenor is so situated that he would be impaired by disposition of the

underlying action; and (4) the intervenor's interest is not adequately represented by the existing

parties to the action.  <u>Id</u>.  Webster meets all four of the <u>Mova</u> factors for intervention as a right

under Rule 24(a)(2).

>        1.      Webster's Motion for Intervention is Timely

The timeliness of a motion to intervene is a threshold matter, and courts will reach the

other elements of Rule 24(a) only after the question of timeliness is resolved.  <u>U.S. v. British</u>

<u>Am. Tobacco Australia Servs, Ltd.</u>, 437 F.3d 1235, 1239 (D.C. Cir. 2006); <u>see also</u> <u>Hodgson v.</u>

<u>United Mine Workers of Am.</u>, 473 F.2d 118, 129 (D.C. Cir.1972).  The court held in <u>Hodgson</u>:

> It is settled - particularly where intervention is sought as of right -
> that the amount of time which has elapsed since the litigation
> began is not in itself the determinative test of timeliness.  Rather,
> the court should also look to the related circumstances, including
> the purpose for which intervention is sought, the necessity for
> intervention as a means of preserving the applicant's rights, and
> the improbability of prejudice to those already parties in the case.

<u>Hodgson</u>, 473 F.2d at 129; <u>see also</u> <u>NAACP v. New York</u>, 413 U.S. 345, 366 (1973) (noting that

"Timeliness is to be determined from all the circumstances" of the case).

Here, taking all the circumstances of the case into account, Webster's motion is timely.

Although the complaint in the underlying case was originally filed December 6, 2005, the Roane

plaintiffs soon filed a motion to stay the action pending the outcome of <u>Hill v. McDonough</u>, a

case then before the Supreme Court on the issue of challenges to the lethal injection protocol.

See Motion to Stay, Motion for Preliminary Injunction, February 2, 2006.  The defendants did not oppose the motion to stay, and this court granted the motion by Order entered February 27, 2006.  Following the Supreme Court's decision in Hill, the Roane plaintiffs filed an amended complaint on July 10, 2006.  Subsequently, defendants filed three consent motions for extension of time to file an answer to the amended complaint.  See Consent Motion for Extension of Time to File Answer, Aug. 30, 2006; Consent Motion for Extension of Time to File Answer, Oct. 11, 2006; Consent Motion for Extension of Time to File Answer, Nov. 1, 2006.  Defendants then filed an answer to the amended complaint, as well as a partial motion to dismiss, on November 9, 2006.  Motion to Dismiss (Partial), Nov. 9, 2006; Answer to Amended Complaint, Nov. 9, 2006. After subsequent consent motions for extension of time by both the Roane plaintiffs and defendants, briefing on the partial motion to dismiss was completed on January 19, 2007. According to this court's scheduling order of December 6, 2006, discovery was not scheduled to begin until January 8, 2007.  Consequently, though this case was initiated over a year ago, it is still in the very early stages of litigation.

Meanwhile, Webster has been attempting to conclude his administrative remedies as quickly as possibly, so as to join this case.  Webster filed an initial informal resolution form on October 17, 2006.  (See Administrative Records of Bruce Webster, attached as Exhibit A).  Upon denial of the informal resolution, Webster filed a formal Administrative Remedy Request (form BP-9) on October 19, 2006.  See id.  Prison records show the receipt of the form on October 26, 2006.    The response by the Warden of Terre Haute is dated November 9. See id. Webster received the Warden's response on November 13, 2007 and his appeal (BP-10) to the Regional Director of the Federal Bureau of Prisons ("BOP") is dated November 17, 2006.  Despite the fact that Webster's request for administrative relief was similar to the earlier requests of plaintiff

James Roane, BOP requested an extension of time to respond.  <u>See</u> Administrative Filings of James Roane, attached as Exhibit B.  The Regional Director's response to Webster's BP-10 is dated December 26, 2006, but was not received by Webster until January 8, 2007.  On January 11, 2007, Webster submitted his appeal (BP-11), which is the final administrative remedy available to him, to the BOP Central Office.  <u>See</u> Exhibit A.

Taking these circumstances into account, the instant motion for intervention is timely, and places Webster's case before the court in a manner that minimizes delay and maximizes the efficient use of the court's resources.  Because an execution date of April 16, 2006 has been set for Webster, the necessity of intervention to minimize delay in addressing his case is absolutely crucial.  Moreover, the circumstances and scheduling of the current litigation minimize the probability of any prejudice to the existing parties.  In fact, counsel for the Roane plaintiffs and the defendants have represented that they do not oppose Webster's intervention. Furthermore, Webster raises no new legal claims beyond those made in the Roane plaintiffs' amended complaint.  Discovery has not progressed beyond the exchange on initial disclosures, if that far, and adding Webster as a plaintiff will not create any undue burden of discovery on the defendants.  For all of these reasons, Webster's motion to intervene is timely and he meets the first element for intervention as of right. <u>See</u> <u>Mova</u>, 140 F.3d at 1074.

2.    Webster has a Strong Interest in the Subject of the Action

Rule 24(a)(2) does not define what is necessary to constitute an "interest" in the subject matter of the action in which intervention is sought.  In an opinion set forth soon after the current version of Rule 24(a)(2) was enacted, the D.C. Circuit Court of Appeals held that "the 'interest' test is primarily a practical guide to disposing of lawsuits by involving as many apparently

concerned persons as is compatible with efficiency and due process." Neusse v. Camp., 385 F.2d 694, 700 (D.C. Cir. 1967). The D.C. Circuit has subsequently held that "[t]he rule impliedly refers not to any interest the applicant can put forward, but only to a legally protectable one." Cleveland v. NRC, 17 F.3d 1515, 1517 (D.C. Cir. 1994); see also Donaldson v. United States, 400 U.S. 517, 531 (1971) (holding that the interest must be a "significantly protectable interest").

Here, the "interest" Webster has in the subject matter of the case is the same as the Roane plaintiffs. It is the right not to be executed under a flawed lethal injection process that violates the United States Constitution and the Administrative Procedures Act. As set forth in the complaint, execution accounts are replete with instances where lethal injections were botched, unnecessarily causing and prolonging defendants' suffering. Most recently, following the execution of Angel Diaz by lethal injection in Florida, an autopsy revealed that the chemicals were improperly injected into Diaz' soft tissue, rather than directly into his veins, thereby greatly prolonging Diaz' death. Adam Liptak & Terry Aguayo, After Problem Execution, Governor Bush Suspends the Death Penalty in Florida, NEW YORK TIMES, Dec. 16, 2006. Eyewitness accounts state that Diaz appeared to be conscious and in pain during the procedure. Id. That plaintiff's interest in avoiding execution under such a flawed and unconstitutional procedure is "significant" is beyond doubt; that it is legally protectable was recently upheld by the United States Supreme Court in Hill v. McDonough, in which the Court held that plaintiff could bring a separate action to challenge the legality of the lethal injection protocol. See 126 S. Ct. 2096, 2102 (2006).

Webster also clearly meets the practical test of "involving as many apparently concerned persons as is compatible with efficiency and due process." See Nuesse, 385 F.2d at 700. As a

practical matter, allowing another plaintiff into the <u>Roane</u> litigation is a far more efficient use of the court's resources than having to schedule and manage an entirely separate litigation, especially since Webster is bringing the exact same claims as the Roane plaintiffs. <u>See</u> Webster Complaint, attachment #2 to the Unopposed Motion to Intervene. Intervention is also efficient because under the Case Management Schedule set forth by this Court in its Order of December 6, 2006, discovery has only just begun in this case, and since Webster is bringing the same claims as the Roane plaintiffs he will require the same discovery. Consequently, permitting intervention now would be the most efficient way of bringing all interested parties before the court at the same time. Because Webster has a strong interest in the subject matter of the case he meets the second element for intervention as of right. <u>See</u> <u>Mova</u>, 140 F.3d at 1074.

       3.       Disposition of the action would impede Webster's ability to protect himself

The test of whether disposition of the action will impede or impair the applicant's ability to protect his interest is a practical one, rather than a formalistic legal one. <u>See</u> Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, <u>Federal Practice and Procedure</u> § 1908 (2d ed. 1986). In fact, Rule 24(a) was amended in 1966 to "repudiate the view. . . that intervention must be limited to those who would be legally bound as a matter of res judicata." *Id.* In <u>Neusse</u> the D.C. Circuit Court expressed a similar view:

> Prior to the 1966 amendment of Rule 24, the Commissioner would probably not have been entitled to intervene in this action, for the pre-amendment Rule required that the applicant might be 'bound' by the judgment in the pending action and the prevailing weight of authority interpreted this test to mean bound in the res judicata sense. . . . The Rule now specifies only that the 'disposition of the action may as a practical matter impair or impede his ability to protect' the applicant's interest. This alteration is obviously designed to liberalize the right to intervene in federal actions.

<u>Neusse</u>, 385 F.2d at 701. The court determined that in some cases, *stare decisis* principles are sufficient to provide the impairment required for intervention as of right and that while a party seeking intervention might not be legally bound by the resolution of the case, he might nevertheless be negatively impacted by the precedential value afforded the case by other courts. <u>Id.</u> at 702.

If Webster's motion for intervention is denied, and Webster is forced to bring his own parallel <u>Bivens</u> action, he could be negatively impacted by the resolution of the present case. Moreover, because an execution date of April 16, 2007, has already been set for Webster, the delay caused by a denial of intervention would impair and impede Webster's efforts to challenge the lethal injection protocol.  Consequently, Webster meets the third element for intervention as of right. <u>See</u> <u>Mova</u>, 140 F.3d at 1074.

      4.      Webster Will Not be Adequately Represented by the Existing Parties

The burden of showing that the Roane plaintiffs do not adequately represent Webster is not "onerous" because Webster "need only show that representation of his interest 'may be' inadequate, not that representation will in fact be inadequate." <u>Dimond v. District of Columbia</u>, 792 F.2d 179, 192 (D.C. Cir. 1986).  The Supreme Court has similarly held that Rule 24(a) "is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." <u>Trbovich v. United Mine Workers of America</u>, 404 U.S. 528, 538 n.10 (1972).  Therefore, "unless it is clear that [the existing plaintiffs] will provide adequate representation for the absentee," intervention of right should be permitted.  Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, <u>Federal Practice and Procedure</u> § 1909 (2d ed. 1986).  Although Webster seeks to assert the same legal

claims as the Roane plaintiffs, Webster is in a different position because of the individual facts of his case and the fact that a date has been set for his execution and the Roane plaintiff's executions have been stayed. Because Webster's interests can not be adequately represented by the Roane plaintiffs he meets the fourth and final element for intervention as of right. See Mova, 140 F.3d at 1074.

For all of these reasons, Webster meets all four prongs of the Mova test and should be granted intervention as a matter of right under Rule 24(a) of the Federal Rules of Civil Procedure. See id.

B.    Permissive Intervention

In the alternative, Webster asks that the court grant permissive intervention pursuant to Federal Rule of Civil Procedure 24(b). Rule 24(b)(2) sets forth that "[u]pon timely application anyone may be permitted to intervene in an action. . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common." Such permissive intervention is, by definition, in the discretion of the court. See Hodgson, 473 F.2d at 126 n.36. "In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b)(2).

The D.C. Circuit Court of Appeals has held that "[i]n order to litigate a claim on the merits under Rule 24(b)(2), the putative intervenor must ordinarily present: (1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action." E.E.O.C. v. Nat'l Children's Center, 146 F.3d 1042, 1046 (D.C. Cir. 1998). With regards to the instant motion, Webster is asserting identical causes of action as the existing plaintiffs. Therefore, Webster not only meets the third

element set forth by the court in <u>Nat'l Children's Center</u>, but also obviates the first element, the need for an independent ground for subject matter jurisdiction.   As is made clear in <u>Nat'l Children's Center</u>, the requirement for an independent jurisdictional ground addresses the situation of a plaintiff asking the court to address an additional claim on the merits from those asserted in the underlying action.   <u>See</u> <u>id</u>.  As with intervention of right, the Rule requires that the motion for intervention be timely.   For the reasons discussed in detail above, this court should find that Bruce's motion is a timely one.

Moreover, allowing permissive intervention will not "unduly delay or prejudice" the rights of the existing parties.   As noted above, discovery has not progressed beyond the very initial stages.   Although there is a pending partial motion to dismiss in the underlying case, Webster does not seek to bring any new legal claims to those brought in the existing plaintiffs' amended complaint, and therefore any resolution of the partial motion to dismiss can readily be extended to cover Webster as well as the Roane plaintiffs.   Furthermore, counsel for the Roane plaintiffs and counsel for the defendants have represented that they do not oppose Webster's intervention.

**III.    Conclusion**

For the above-stated reasons, plaintiff-intervenor Bruce Webster moves this court for intervention in this litigation as of right pursuant to Federal Rule of Civil Procedure 24(a)(2). In the alternative, Bruce Webster respectfully moves that this court in its discretion grant him permissive intervention under Federal Rule of Civil Procedure 24(b)(2).

January 29, 2007

Respectfully submitted,


 /s/ William E. Lawler III
William E. Lawler III
D.C. Bar No. 398951
VINSON & ELKINS LLP
1455 Pennsylvania Avenue, NW
Suite 600
Washington, D.C. 20004-1008
Telephone: 202.639.6500
Facsimile: 202.639.6604

Attorney for Plaintiff