# Exhibit A

RECEIPT - ADMINISTRATIVE REMEDY

DATE: OCTOBER 27, 2006

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      TERRE HAUTE USP

TO  : BRUCE CARNEIL WEBSTER, 26177-077
      TERRE HAUTE USP    UNT: SCU    QTR: X02-303L

THIS ACKNOWLEDGES THE RECEIPT OF THE ADMINISTRATIVE REMEDY REQUEST
IDENTIFIED BELOW:

```
REMEDY ID      : 431612-F1
DATE RECEIVED  : OCTOBER 26, 2006
RESPONSE DUE   : NOVEMBER 15, 2006
SUBJECT 1      : OTHER LEGAL
SUBJECT 2      :
INCIDENT RPT NO:
```

RECEIPT - ADMINISTRATIVE REMEDY

DATE: NOVEMBER 27, 2006

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTH CENTRAL REGIONAL OFFICE

TO  : BRUCE CARNEIL WEBSTER, 26177-077
      TERRE HAUTE USP    UNT: SCU    QTR: X02-317L

THIS ACKNOWLEDGES THE RECEIPT OF THE REGIONAL APPEAL
IDENTIFIED BELOW:

REMEDY ID       : 431612-R1
DATE RECEIVED   : NOVEMBER 20, 2006
RESPONSE DUE    : DECEMBER 20, 2006
SUBJECT 1       : OTHER LEGAL
SUBJECT 2       :
INCIDENT RPT NO :

EXTENSION OF TIME FOR RESPONSE - ADMINISTRATIVE REMEDY

DATE: JANUARY 7, 2007

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTH CENTRAL REGIONAL OFFICE

TO  : BRUCE CARNEIL WEBSTER, 26177-077
      TERRE HAUTE USP    UNT: SCU    QTR: X01-307L

ADDITIONAL TIME IS NEEDED TO RESPOND TO THE REGIONAL APPEAL
IDENTIFIED BELOW. WE ARE EXTENDING THE TIME FOR RESPONSE AS PROVIDED
FOR IN THE ADMINISTRATIVE REMEDY PROGRAM STATEMENT.

REMEDY ID       : 431612-R1
DATE RECEIVED   : NOVEMBER 20, 2006
RESPONSE DUE    : JANUARY 19, 2007
SUBJECT 1       : OTHER LEGAL
SUBJECT 2       :
INCIDENT RPT NO :

Attachment 1
Page 2 (front)
THA-1330.13B

# U. S. PENITENTIARY/FEDERAL PRISON CAMP

Terre Haute, Indiana

## INFORMAL RESOLUTION FORM

Bureau of Prisons Program Statement 1330.13, Administrative Remedy Procedure for Inmates, states "Inmates shall informally present their complaints to staff, and staff attempt to informally resolve any issue before an inmate files a request for Administrative Remedy."

In keeping with the spirit and intent of Bureau of Prisons Program Statement 1330.13, the following form shall be utilized by staff in attempting to informally resolve an inmate's complaint.

### ONLY ONE (1) COMPLAINT SHALL BE PLACED ON EACH FORM

INMATE'S NAME: Bruce Webster  REG. NO. 26177-277  UNIT: S.C.U.

DATE/TIME COMPLAINT RECEIVED FROM INMATE: 10-17-06  7:30Am

NATURE OF COMPLAINT: The method of execution which the B.O.P intends to use in my case is unreliable and causes unnecessary pain and suffering making it cruel and unusual punishment.

ACTION TAKEN TO INFORMALLY RESOLVE COMPLAINT: The method & means of federal executions are established by law & have been upheld in the federal court system. These procedures & methods are outlined in 28 CFR. Part 26.

THE APPLICABLE PROGRAM STATEMENT USED IN THIS INFORMAL RESOLUTION ATTEMPT: _____

INFORMAL RESOLUTION WAS ACCOMPLISHED: _____
                                                DATE

INMATE'S SIGNATURE: _____
           SIGNATURE INDICATES INMATE'S ACCEPTANCE OF
                         RESOLUTION

U.S. DEPARTMENT OF JUSTICE  
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: **Webster Bruce C**   **26177-077**   **SCU**   **Terre Haute**
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

**Part A- INMATE REQUEST**

This response from the BP 8 totally misses the mark of the issue here. My complaint is not only is the method of execution the BOP intends to use in my case is unreliable and causes unnecessary pain and suffering making it cruel and unusual punishment.

10-19-06  
DATE

*Bruce Webster*  
SIGNATURE OF REQUESTER

**Part B- RESPONSE**

RECEIVED OCT 26 2006 USP TERRE HAUTE

See Attachment

DATE _____   WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE   CASE NUMBER: 431012-F1

**Part C- RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT: _____

DATE _____   RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN   BP-229(13) APRIL 1982

REMEDY #431612-F1

## PART B - RESPONSE

This is in response to your administrative remedy receipted on October 26, 2006 wherein you state you will be subjected to cruel and unusual punishment during your execution because the method is unreliable and causes unnecessary pain and suffering.

The method of execution utilized by the Bureau of Prisons is set forth in 28 CFR 26.1, *et seq.*, and is implemented by appropriately trained and qualified personnel in a manner that minimizes the risk of unnecessary pain and suffering. The federal government's procedures were developed after consultation with other jurisdictions. The Bureau of Prisons follows Department of Justice regulations guidelines and takes reasonable steps to ensure the condemned individual does not suffer any unnecessary pain. The federal government's method is comparable to the method utilized by other governmental entities which have been found by federal courts not to violate the constitutional rights of the convicted person.

The Bureau of Prisons takes reasonable steps to ensure the method of execution is reliable and that no unnecessary pain and suffering is experienced. The federal procedures have been used three times previously and were effective in accomplishing the end result quickly and without apparent unnecessary pain and suffering by the condemned individual.

Accordingly, this response to your Request for Administrative Remedy is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Regional Director, Federal Bureau of Prisons, Gateway Complex, Tower II, 8th Floor, 4th & State Avenue, Kansas City, Kansas 66101. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.

_____11-9-06_____          _____[signature]_____
Date                              R. V. Veach, Warden

Case 1:05-cv-02337-RWR-DAR   Document 23-4   Filed 01/29/2007   Page 8 of 13
Received 01/25/2007 02:41PM in 00:54 on line [1] for 102333 * Pg 2/3
1-25-07; 2:15PM;SCU/CUBAN UNIT                                    ;812 238 3315                    # 2/ 3

```
BRUCE CARNEIL WEBSTER, 26177-077
TERRE HAUTE USP    UNT: SCU    QTR: X02-317L
4700 BUREAU ROAD SOUTH
TERRE HAUTE, IN 47802
```

DELIVERED NOV 1 3 2006

*[signature]*
Counselor

Case 1:05-cv-02337-RWR-DAR   Document 23-4   Filed 01/29/2007   Page 9 of 13
Received 01/25/2007 02:41PM in 00:54 on line [1] for 102333 * Pg 3/3
1-25-07; 2:15PM;SCU/CUBAN UNIT                    ;812 238 3315           # 3/ 3

# UNITED STATES GOVERNMENT
# MEMORANDUM
### FCC TERRE HAUTE, IN.

DATE: October 26, 2006

<u>431612-F1</u>
REMEDY NUMBER

ATTN OF: Administrative Remedy Coordinator

SUBJECT: REQUEST FOR ADMINISTRATIVE REMEDY

TO: Mary Ellen Doucette-Lunstrum, Attorney

Bruce Webster, # 26177-077, has submitted the attached Request For Administrative Remedy.

You are designated to conduct whatever investigation is deemed necessary and prepare a reply to the inmate. The reply must be sent to the AW's office no later than:<u> November 2, 2006.</u>

Attachments

U.S. Department of Justice
Federal Bureau of Prisons

# Regional Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: __Webster   Bruce   Carnell__  __#26177-077__   __SCU__   __USP/Terre Haute__
   LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

**Part A - REASON FOR APPEAL** On October 17, 2006 I sought redress through a BP-8 for the proscribed method/protocol of execution which I will stand subject to. Case Worker Ryherd in response claims in conclusionary fashion that the method of execution(s) are established by law and have been upheld in the federal courts' system. He claims those procedures/prolocol are promulgated under 28 C.F.R. § 26. That leg of the administrative remedies is attached hereto and incorporated herein. On October 19, 2006 I timely appealed Mr. Ryherd's token response again challenging the overall protocol/method and procedures used in such executions. The warden's response provides a basic overview of the execution protocol without identifying any of the protocol itself and/or addressing any of the claims made to its' constitutional proscriptions. The warden, held, inter alia, that, "all is well with the government's machine o death" and goes on to support these bland contentions with suggesting that the previous three inmates executed have not protested so thereby nothing is constitutional proscribed about the method and or protocol being used. These contentions are fatally flawed for the most intuitive reasons and those are:

1. Contrary to the warden's unsupported response that the Bureau of Prisons takes reasonable steps to ensure the method of execution is reliable and that no unnecessary pain and suffering is experienced, these plastic reassurance(s) are definitely suspect.

2. First of the previous inmates' subject to these unidentified methods/protocols are not hear to verify the warden's assurances which immediately run afoul when seen that the first step of the federal unwritten protocol is implementing a "Cut Down Procedure" to gain immediate access to the saphenous vein in the thigh. This procedure is

__November 17th, 2006__   Continued Next Page   __Bruce Webster__
DATE   SIGNATURE OF REQUESTER

**Part B - RESPONSE**

NOV 20 2006

_____   _____
DATE   REGIONAL DIRECTOR
If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.
ORIGINAL: RETURN TO INMATE
                                        CASE NUMBER: __431612-R1__
_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
**Part C - RECEIPT**
                                        CASE NUMBER: _____
Return to: _____
   LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION
SUBJECT: _____

_____   _____
DATE   SIGNATURE, RECIPIENT OF REGIONAL APPEAL
USP LVN   [recycled paper logo]   BP-230(13)
JUNE 2002

Bruce Carnell Webster #26177-077
November 17th, 2006

BP-10 Continued
Const.Proscribed/Execution/Protocol

has been utilized in all three of the past execution is performed by non/medical personnel general aneshesia administered. This procedure is extremely painful and dangerous which is well documented in the medical field.

3. Contrary to Case Worker Ryherd's contention who never provides any authority to support his conclusionary claims the federal court(s) (as no federal death penalty case would be in any other than federal courts') have actually up held the series of drugs administered by the administration at USP Terre Haute. Perhaps Mr. Ryherd could provide exactly what drugs are used and exactly how they are administered and what the calculus is for determining the amounts of each drug is being administered.

4. Those drugs are, first, sodium penththol (or thiopental) to render the victim unconscious; the second drug is, Pancuronim bromede (or some similar drug) literally paralyzing the victim and leaving them totally aware of what is happening without being able to acknowledge it; and the third drug, potassium chloride, induces cardiac arrest. The combination of these drugs have been found to cause extreme pain when being administered and contrary to the rose picture Ryherd and the Warden paints of the humane killing is nothing more than a facade to conceal the actual toture that occur's.

5. The warden's concedes through his response that the lethal injection as administered by the administration at USP Terre Haute is not being administered according to proper vetted protocols by trained medical personnel, this is well taken by the glaring fact that he identified those who carried out these killings without clarifying that they were trained "medical personnel". Contrary to the warden's unproffered contentions that the Bureau of Prisons takes reasonable steps to ensure the method of execution is reliable and that no unnecessary pain and sufering is experienced, perhaps the warden would like to step forward and explain with some reasoning exactly how those determinations are made beyond being merely another BOP spurious claim which they continue to present because no true scrutiny takes place anent those general claims. The double talk to justify the constitutionality of these killings the warden contends is found in the fact that the executions are carried out three times before and were effective in accomplishing the end result "quickly" and without unnecessary pain and suffering by the condemned individuals. What a statement that is to hide behind - how is someone going to protest pain and suffering when they are literally paralyzed, totally vulnerable to whatever is being done to them and then placed at the total meercy of the next round of drugs burning through their system to invoke a heart attack. So the warden's arguments of merciful killing is left without any substance what-so-ever, that is beyond the government can continue killing using it's secret and clandestine procedures, because it can... Forgive me if I am not very blithe in readily accepting the warden's unsupported contention that the execution will be reliable and quick, as he states, just ask the last three who were subject to it. "No Complaints There"!

Resolution:

To be provided the drugs to be administered and the method/protocol of the same; what the calculus for determining the amount of each drug to be used; who are the medical personnel to perform these medical procedures; any and all written documents anent the concortion of the drugs being used in previous executions and to be provided with any and all methods for the Cut Down procedures to be utilized and who, if any medical personnel will be used to in the same. Further' I contend the methods stated in the foregoing constitute cruel and unusual punishment as proscribed under the Eighth Amendment.

Thank You for your attention to these matters.

End Of Extra Page BP - 10

**U.S. Department of Justice**
**Federal Bureau of Prisons**
**North Central Regional Office**

**Regional Administrative Remedy Appeal**
**Part B - Response**

**Admin Remedy Number:** 431612-R1

This is in response to your Regional Administrative Remedy Appeal received on November 20, 2006, in which you state the Federal method of execution constitutes cruel and unusual punishment because is it unreliable and causes unnecessary pain and suffering.

Your appeal has been reviewed and the institution responded appropriately. The method of execution utilized by the Bureau of Prisons (BOP) is set forth in 28 C.F.R. § 26.1, *et seq*, and is implemented by appropriately trained and qualified personnel, in a manner that minimizes the risk of unnecessary pain and suffering.

In addition, you have raised a number of issues in your Regional Administrative Remedy Appeal (BP-10), that were not presented at the institution level in your Request for Administrative Remedy (BP-9). Accordingly, these issues will not be addressed in this response.

Based on the above, this response is provided for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

12/26/06
Date

Michael K. Nalley, Regional Director

**U.S. Department of Justice**　　　　　　　　　　**Central Office Administrative Remedy Appeal**
Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: __Webster, Bruce Carneil__     __#26177-077__     __SCU__     __USP/Terre Haute__
　　　　LAST NAME, FIRST, MIDDLE INITIAL　　REG. NO.　　UNIT　　INSTITUTION

**Part A - REASON FOR APPEAL** On 10/17-06 I filed a BP-8 in redress of the constitutionally proscribed method of execution which the BOP would utilize when they subject me to lethal injection. After receiving response 10/19/06 by Case Wrker Ryherd I timely filed a BP-9 in appeal of that response. The Warden responded 11/9/06 stating, inter alia, that, the method of execution as utilized by the federal government has been found by federal courts not to violate constitutional rights of the convicted person. Thereafter I timely filed an appeal to the Regional Office who's response was received by me when returning from Recreation on January 8th, 2007 and I found it lying on my cell table. All of the above administrative remedies and responses are attached hereto and incorporated herein, and the last leg of the BOP Administrative Remedies timely follows stating that the method and chemcials to be used during my execution are constitutionally proscribed and is support of the same I state the following:

　Contrary to the Warden's contentions and adopted by the Regional Office that the method and chemcials as administered by the BOP have been scrutinized and approved as constitutional by the federal courts. No case was provided by either the warden of the Regional Office in support of this spurious claim. In fact to the contrary federal courts have found that the method, chemcial make-up and administering of the chemcials by non/medical personnel is constitutionally proscribed. See **Morale v. Tilton**, Case No. C 06 219 JF RS (N.D.Cal. December 15, 2006)(holding that lethal-injection protocol as administered by nonmedical personnel violates the Eighth Amendment). This is the exact same protocol utilized by the BOP in all previous executions, and thereby the contentions of the warden and regional director fails.

Resolution: To Stay My Execution and all others until full investigtion of this matter is taken and resolved.
__January 10th, 2007__　　　　　　　　　　　X _Bruce Webster_
　　　DATE　　　　　　　　　　　　　　　　　　SIGNATURE OF REQUESTER

**Part B - RESPONSE**




　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　DATE　　　　　　　　　　　　　　　　　　　　　　　　　　　GENERAL COUNSEL
ORIGINAL: RETURN TO INMATE
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　CASE NUMBER: _____
**Part C - RECEIPT**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　CASE NUMBER: _____
Return to: _____
　　　LAST NAME, FIRST, MIDDLE INITIAL　　REG. NO.　　UNIT　　INSTITUTION
SUBJECT: _____

　　　DATE　　　　　　　　　　　　　　　SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)
JUNE 2002