UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES ROANE, JR., et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ALBERTO GONZALES, et al., ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 05-2337 (RWR/DAR) |

**PRIVACY ACT PROTECTIVE ORDER**

This is an action in which plaintiffs James H. Roane, Jr., Richard Tipton and Cory Johnson, and intervenor-plaintiff Bruce Webster, federal inmates facing execution, inter alia, challenge the Constitutionality of the federal government's procedure for performing executions. Compl. at ¶¶ 2-4. It appears that certain documents, information and tangible objects that may be produced during the course of discovery in this lawsuit contain confidential information relating to security procedures of defendants or to the identity of persons performing sensitive tasks in connection with the execution of condemned prisoners protected by, inter alia, the Privacy Act of 1974, 5 U.S.C. § 552a and the discovery limitations of the Federal Rules of Civil Procedure. The public disclosure of this information would be contrary to law and the public interest. In fact, through their Requests for Production of Documents, plaintiffs already have sought certain information and records protected by the Privacy Act of 1974, 5 U.S.C. § 552a, or otherwise subject to confidential treatment. The Federal Rules of Civil Procedure empower the Court to enter, for "good cause shown" and when "justice [so] requires," protective orders designed to

prevent "a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

In order to permit plaintiffs to discover information relevant to this case without undermining these legitimate confidentiality concerns, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties stipulate, and it is hereby ORDERED:

1. This Order shall govern any interrogatory responses, documents or other materials produced during discovery as well as all testimony at any deposition or pre-trial hearing or proceeding in this action, whether in response to any discovery request or subpoena made pursuant to the Federal Rules of Civil Procedure or otherwise, and any copies, abstracts, excerpts, analyses, summaries, or other materials (whether in written, electronic, or other form) which contain, reflect or disclose information from such documents, testimony or other materials. The testimony, documents and materials referenced in this paragraph collectively shall constitute "Discovery Materials." Counsel for defendant is hereby authorized, pursuant to 5 U.S.C. § 552a(b)(11) and consistent with 28 C.F.R. § 16.23, to release to counsel for plaintiff information covered by the Privacy Act, 5 U.S.C. § 552a, whether such release is pursuant to discovery or otherwise in this case.

2. Counsel for either party to this litigation may initially designate as "Confidential" hereunder any material exchanged in this case if counsel deems, in good faith, that release of such material would otherwise constitute an unreasonable invasion of privacy or present any of the legal and public policy concerns expressed above. Thus, for example, Defendants have the right, before disclosure to plaintiffs' counsel, to designate as "Confidential" any Discovery Material they produce or provide, if counsel deems, in good faith, that release of such material

would otherwise constitute an unreasonable invasion of privacy or present any of the legal and public policy concerns expressed above, including but not limited to disclosing defendants' security procedures. Either party designating material as "confidential" hereunder represents thereby that it has done so in good faith and pursuant to a bona fide belief that such materials are in fact confidential and deserving of protection. Counsel and parties are referred to Local Civil Rule 5.4(f) and this Court's "Notice Regarding Privacy and Public Access to Electronic Case Files," dated September 2004 [available at www.dcd.uscourts.gov/civil-privacy.pdf], for typical examples of material deserving "protected" or "confidential" designation.

      3.      In designating material as "Confidential," the party so designating it shall identify the protected material with specificity in writing or on the record during a deposition or other legal proceeding. Either party's counsel may, at any time, object to the designation of material as protected. In the event of any such objection, the designating party's counsel agrees to confer with counsel for the objecting party as promptly as practicable to attempt to resolve the objection informally. Should the designating and objecting parties be unable to resolve the objection informally, the objecting party may submit such dispute to the Court for resolution. Until the Court resolves the dispute, the material shall be treated as protected and subject to the conditions set forth in this Order.

      4.      Confidential material provided formally or informally during the course of this litigation shall be handled and disclosed by the parties only as follows:

      (a)      Confidential material may be used only for the purposes of this litigation and shall not be given, shown, made available, discussed, or otherwise communicated in any form to plaintiffs James H. Roane, Jr., Richard Tipton, Cory Johnson, or Bruce Webster, nor to

- 3 -

anyone other than: (i) counsel for plaintiffs, including counsel's employees only insofar as is necessary for purposes of this litigation, outside consultants and experts retained by plaintiffs to assist such counsel specifically for purposes of this litigation, to the extent necessary for such expert to prepare a written opinion, prepare to testify, or to assist counsel for plaintiffs in the prosecution of this action, provided that such use is solely in connection with this action and not for any other purpose; (ii) any person agreed upon in writing by all counsel in this lawsuit; (iii) court reporters and persons preparing transcripts of depositions; (iv) witnesses in the course of deposition where counsel has a reasonable and good faith belief that examination with respect to the document is necessary for legitimate discovery purposes, and any person who is being prepared to testify where counsel has a reasonable and good faith belief that preparation with respect to the document is necessary in connection with that person's expected testimony and (v) counsel for the defendant and other employees of the United States government who have a need to review the protected material for the defense or prosecution of this case, or outside consultants or experts retained by the defendant, specifically for purposes of this litigation.

      (b)    It shall be the responsibility of counsel to bring this order to the attention of all persons within their respective firms and all outside consultants and experts to whom they disclose protected material, and to insure that all such persons comply with the terms of this order. Except for counsel of record in this action and those persons described in paragraph 4(a)(iii), prior to disclosing any "Confidential" material, counsel shall obtain from such person and retain in their files a signed written acknowledgment that such person has reviewed and understands that they are bound by the terms of this Order.

(c) The filing of materials designated under this order shall conform with Local Civil Rule 5.4(f) and the Court's "Notice Regarding Privacy and Public Access to Electronic Case Files."

(d) All copies made of any material that is subject to this order shall be clearly labeled on each page as containing "Confidential" material and shall be returned to the party who originally produced them or destroyed at the conclusion of this litigation (including any and all appeals). All materials designated "Confidential" shall be so marked prior to the exchange of those materials between the parties. Where it is not possible to affix a stamp or mark indicating that the material is "Confidential," counsel for defendants shall take reasonable steps to give counsel for plaintiffs notice of the materials' status as "Confidential." Legal memoranda and briefs containing protected material and any work product materials containing protected material may be retained if such documents shall be kept in the possession of a private litigant's counsel or in the possession of a governmental entity, and shall not in the future be disclosed contrary to the provisions of this Order.

(e) Deposition testimony may be designated as "Confidential" before the testimony is transcribed by so stating on the record at the deposition or by providing written notice to all counsel, the court reporter, and all attendees at the deposition prior to the taking of the testimony. If deposition testimony is so designated prior to transcription, the transcript of the designated testimony shall be bound in a separate volume from any testimony that has not been so designated and marked "Confidential" by the reporter and shall not be made part of the public record. Regardless of designation made prior to transcription, each deposition transcript in its entirety shall be treated as "Confidential" until ten days after the receipt of the transcript by

counsel for defendants. Until ten days after defendants' counsels' receipt of the transcript, defendants may designate testimony as "Confidential" by giving written notice to plaintiffs' counsel.

      (f)    Counsel shall endeavor to avoid revealing protected material in any oral proceedings before the Court, including oral argument. If any counsel finds it necessary to refer to protected material in any such oral proceeding, counsel shall notify the Court and all other counsel of record as soon as such necessity becomes apparent and shall propose whatever mechanism(s) may be available and appropriate to prevent disclosure of confidential material as a consequence of such oral proceedings to persons other than those authorized by this order.

5.    Counsel shall promptly report any breach of the provisions of this order to the Court and counsel for the party whose protected material was divulged or compromised. Upon discovery of any breach, counsel shall immediately take appropriate action to cure the violation and retrieve any confidential material that may have been disclosed to persons not covered by this order. Counsel shall also cooperate fully in any investigation of such breach conducted by the Court.

6.    By providing any document or other information in its possession, no party waives any privileges, objections, or protection otherwise afforded to it by law or equity.

7.    Pursuant to 5 U.S.C. § 552a(b)(11), the parties are hereby authorized to seek the admission into evidence at the trial of this case any materials, or the contents thereof, that are subject to this Stipulation, and nothing contained herein shall be construed as precluding plaintiffs or defendant from introducing any such materials, or the contents thereof, into

evidence, subject to such measures as the Court may deem appropriate or necessary at that time in order to protect the privacy of the individual(s) involved.

       8.     Nothing contained herein shall restrict the government's use of its records for official business or for other purposes consistent with other applicable laws and regulations.

       9.     Any specific part or parts of the restrictions imposed by this protective order may be terminated at any time by a letter from counsel for the designating party or by an Order of the Court.

      10.     This Order is without prejudice to the rights of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any statute or other authority, or to the rights of any party to make evidentiary objections at trial.

      11.     Nothing in this Order may be taken or construed as a ruling or statement concerning the admissibility of any documents or information.

      12.     This Order is without prejudice to the rights of any party to seek from the Court the modification of this Order.

      13.     Notwithstanding any of the previous provisions of this Order to the contrary, and excepting any expert consultant retained by defendants and subject to Fed. R. Civ. P. 26(a)(2), the names and personally-identifying information of any officers, employees, agents and contractors involved in past executions or expected to be involved in the executions of plaintiffs or in the development of the protocol(s) for the same shall not be revealed in connection with the litigation of this lawsuit to anyone other than counsel for defendants. Counsel for defendants will provide counsel of record for plaintiffs with a generic identifier for the aforementioned individuals that would include only the person's credential or title, for example "Nurse" or

"Emergency Medical Technician." Counsel for plaintiffs may not conduct independent investigations or background investigations of those persons counsel for plaintiffs believe to be involved in past executions, nor of those expected to be involved in the executions of plaintiffs, nor of those involved in the development of the protocol(s) for the executions of plaintiffs, nor of those involved in the development of the federal execution protocols applicable to past executions. For example, neither counsel, nor anyone acting on their behalf, may contact schools, former employers or credentialing agencies in an effort to determine the identity of, or gain background information on, the aforementioned persons because to do so would pose an unacceptable risk that their participation and identities would be made public. During the course of this litigation, those involved in past executions, those expected to be involved in the executions of plaintiffs and those involved in the development of the protocol(s) for federal executions shall be referenced by generic identifiers only such as "Witness No. 1," "Employee No. 1," or "Technician No. 1" as may suit the convenience and needs of the parties.

14. This order is of limited duration and will expire upon the Court's resolution of Defendants' motion for a protective order and the Court's entry of this or another order permanently governing the exchange of information and materials during discovery in this case.

It is so ORDERED by the Court this 23rd day of February, 2007.

_____
~~United States District Judge~~
**Deborah A. Robinson**
**United States Magistrate Judge**