UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                     )
JAMES ROANE, JR., et al.,                 )
                                                     )
          Plaintiffs,                            )
                                                     )
BRUCE WEBSTER,                            )
                                                     )
          Intervenor-Plaintiff,              )
                                                     )
          v.                                            )   Civil Action No. 05-2337 (RWR/DAR)
                                                     )
ALBERTO GONZALEZ, et al.,            )
                                                     )
          Defendants.                          )
_____)

**DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF**

     Defendants Alberto Gonzales, in his official capacity as Attorney General of the United States, et al., respectfully submit this Motion and Memorandum in connection with the schedule established in Magistrate Judge Robinson's February 21, 2007 Order for the briefing of a motion for a protective order governing the exchange of confidential information between the parties in this case. Document No. 28 (February 21, 2007 Order).[1] At bottom, this is an action in which

---

[1] Defendants would like to bring to the Court's attention two inadvertent misstatements made by the undersigned counsel of record for Defendants during the colloquy with the Court at the February 21, 2007 hearing in this case. The undersigned counsel of record takes responsibility for the inadvertent misstatements and seeks to correct them. First, the Court correctly pointed out that the discovery period in this case began during December, 2006. While the undersigned counsel of record believed at the time of the February 21, 2007 hearing that Plaintiffs' discovery requests had been served on government counsel during January, 2007, those requests were in fact served in December, 2006. Second, the undersigned counsel of record stated at the February 21, 2007 hearing that the execution dates for all Plaintiffs had been stayed prior to the hearing. The undersigned counsel of record had forgotten about Intervenor-Plaintiff Webster, whose motion to stay his execution was granted by Judge Roberts on February 21, 2007 during the status hearing in this case.

Plaintiffs James H. Roane, Jr., Richard Tipton and Cory Johnson, and Plaintiff-Intervenor Bruce Webster, federal inmates facing execution challenge the Constitutionality of the federal government's procedure for performing executions by lethal injection (hereinafter "Execution Protocol"). Compl. at ¶¶ 2-4. It appears that certain documents, information and tangible objects that have been or may be sought during the course of discovery in this lawsuit contain confidential information relating to security procedures instituted by Defendants or to the identity of persons performing sensitive tasks in connection with the execution of condemned prisoners, or creating the Execution Protocol, protected by, inter alia, the Privacy Act of 1974, 5 U.S.C. § 552a and the discovery limitations of the Federal Rules of Civil Procedure. The public disclosure of this information would be contrary to law and the public interest. In fact, through their Requests for Production of Documents, Plaintiffs already have sought certain information and records protected by the Privacy Act of 1974, 5 U.S.C. § 552a, or otherwise subject to confidential treatment.[2] The Federal Rules of Civil Procedure empower the Court to enter, for "good cause shown" and when "justice [so] requires," protective orders designed to prevent "a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

In connection with LCvR 7(m), counsel for the parties have had numerous conversations about the entry of a protective order in this case, including an e-mail discussion on February 22, 2007 confirming Plaintiffs' opposition to Defendants' proposed protective order insofar as Defendants' proposed order protects from disclosure the identities of those involved in carrying

---

[2] Plaintiffs' discovery requests seek, inter alia, the identities of all persons who have participated or will participate in Federal executions and who have been involved in the drafting of the Execution protocol.

out federal executions or creating the Execution Protocol and prohibits Plaintiffs' counsel from conducting background investigations of those persons. As instructed by the Court, the parties met after the status hearing and, inter alia, could not resolve these limited issues. The undersigned appreciates the cooperative and cordial way that counsel for Plaintiffs have handled the parties' disagreement and expects that the parties will continue to work together on other issues in the same manner.

A.     The Government's Legal and Policy Interests in Non-Disclosure of Identifying Information for Those Individuals Involved in the Execution Protocol.

In entering protective orders in cases where plaintiffs have brought constitutional challenges to various States' lethal injection protocols, a number of district courts have recognized the sensitivity of the issues and the important security and privacy concerns of the governmental defendants in those cases. See, e.g., Evans v. Saar, Civil No. 06-0149 (D. Md.) at 1, attached hereto as Ex. 1. See also infra at 10-11 (listing similar cases). Many of those who have participated in or will be participating in executions are Federal Bureau of Prisons correctional officers or employees who could be exposed to danger if their roles in the conduct of Federal executions were revealed. Disclosure of personally-identifying information of those involved in executions, or in creating the Execution Protocol, could lead to harassment, embarrassment or retaliation against them by Plaintiffs and their families and friends, by other inmates, or by members of the public opposed to the death penalty. The government also has legitimate concerns regarding retaliation against health care practitioners involved in executions or creating the Execution Protocol by the relevant licensing authorities, professional associations or the medical community. Disclosure of these persons' identities could result in unwillingness

on the part of BOP staff and contractors to volunteer as participants in Federal executions.

We note that several States have statutes keeping the identity of those involved in executions confidential.  See, e.g., Ind. St. Ann. 35-38-6-6(e); and Kansas KSA 22-4001.  The statutes are legislative enactments expressing the need to protect the identities of persons involved in executions.  Moreover, Defendants have very real concerns about the physical safety of their personnel and the security of their facilities.  Tragically, inmate assaults on Federal correctional officials are not uncommon, and, in two relatively recent incidents, correctional officers have been killed by inmates at the Atlanta and Lompoc USPs.  See, e.g., United States v. Battle, 173 F.3d 1343 (11th Cir. 1999).[3]  Finally, participation in federal lethal injections is voluntary for Federal personnel and, of course, for Federal contractors.  In connection with volunteering to participate, Federal correctional staff and contractors participating in executions or creating the Execution Protocol were assured that their identities will not be disclosed.  Disclosure of their identities could result in the unwillingness of these persons to participate, or impact on others' willingness to participate, in future executions, thus hampering the government's important duty to carry out the condemned inmates' judicial sentences.

B.      The Parties' Proposed Protective Orders Governing The Exchange of Confidential Information in This Case.

Attached as the proposed order is Defendants' suggested protective order.  Its most notable difference from Plaintiffs' proposed version, attached as Ex. 2, is Defendants' paragraph 13, which specifies that personally-identifying information for certain persons will not be shared between the parties during discovery.  Ex. 1 at ¶ 13.  That paragraph of Defendants' proposed

---

[3] See also http://www.odmp.org/agency.php?agencyid=1252 (listing corrections officers killed in the line of duty).

order provides as follows:

> 13. Notwithstanding any of the previous provisions of this Order to the contrary, and excepting any expert consultant retained by defendants and subject to Fed. R. Civ. P. 26(a)(2), the names and personally-identifying information of any officers, employees, agents and contractors involved in past executions or expected to be involved in the executions of plaintiffs or in the development of the protocol(s) for the same shall not be revealed in connection with the litigation of this lawsuit to anyone other than counsel for defendants. Counsel for defendants will provide counsel of record for plaintiffs with a generic identifier for the aforementioned individuals that would include only the person's credential or title, for example "Nurse" or "Emergency Medical Technician." Counsel for plaintiffs may not conduct independent investigations or background investigations of those persons counsel for plaintiffs believe to be involved in past executions, nor of those expected to be involved in the executions of plaintiffs, nor of those involved in the development of the protocol(s) for the executions of plaintiffs, nor of those involved in the development of the federal execution protocols applicable to past executions. For example, neither counsel, nor anyone acting on their behalf, may contact schools, former employers or credentialing agencies in an effort to determine the identity of, or gain background information on, the aforementioned persons because to do so would pose an unacceptable risk that their participation and identities would be made public. During the course of this litigation, those involved in past executions, those expected to be involved in the executions of plaintiffs and those involved in the development of the protocol(s) for federal executions shall be referenced by generic identifiers only such as "Witness No. 1," "Employee No. 1," or "Technician No. 1" as may suit the convenience and needs of the parties.

Ex. 1 at ¶ 13. As explained below, Plaintiffs' proposed protective order, attached as Ex. 2, differs in allowing Plaintiffs' counsel access to this information and the ability to conduct background investigations of those involved in Federal executions.

Plaintiffs' proposed order also departs from Defendants' version in that it places the burden on Defendants to move the Court to protect any confidential information should a dispute arise between the parties as to that designation. Pl. Order, attached as Ex. 2, at ¶ 3.[4] Given the

---

[4] We note that Paragraph 5 of Plaintiffs' proposed order is inconsistent with the Local Civil Rule 5(f) and the Court's ECF guidelines by <u>requiring</u> the filing of confidential material under seal even when that information could be redacted from a public filing without the need for

importance and sensitivity of the information expected to be designated as "confidential" in this case, Defendants would place the burden on Plaintiffs to object to material previously designated as "confidential" by the Defendants. Per an e-mail discussion on February 22, 2007, we understand that Plaintiffs are willing to accept Defendants' proposed order on this issue and thus that the Court will not need to reach it. Defendants note that any protective order entered in this case should reflect the parties' agreement on this issue and track the language of Defendants' proposed order. Ex. 1 at ¶ 3.

The only dispute between the parties concerns the withholding of the identities of those involved in the execution process or creating the Execution Protocol, either for past or future executions, and the prohibition on the ability of Plaintiffs' counsel to conduct background investigations on those persons, which is set forth in Defendants' proposed order at ¶ 13. Plaintiffs recognize, and their proposed order reflects, that some material would be so sensitive or confidential that it could only be shared with Plaintiffs' counsel, staff of Plaintiffs' counsel, investigators employed by Plaintiffs' counsel and Plaintiffs' experts, and not with the Plaintiffs themselves, who are condemned inmates. However, Plaintiffs want their counsel to have access to the identities of those involved in executions and in developing the Execution Protocol and

---

any filing under seal. Local Civil Rule 5.4(f) and this Court's "Notice Regarding Privacy and Public Access to Electronic Case Files," require parties to redact personal identifiers from anything filed on the public record. However, those rules do not require the filing of unredacted versions under seal if the redacted information is not relevant to the issue before the court. We understand that there is no dispute on this between the parties and thus that any protective order entered in this case should reflect the Court's ECF rules with respect to filings containing protected information, as does Defendants' proposed order. The Local Civil Rules and the Clerk's Office's directives and guidance concerning electronic filings set out to reduce the need for, and the number of, filings under seal, which create additional work for the parties and for the Clerk's Office.

also want to be able to conduct background investigations of those persons.

A literal reading of Plaintiffs' proposed order would seem to foreclose such background checks, insofar as "Highly Confidential" material could not be shared with schools or licensing authorities and presumably could not be disclosed in a subpoena to such institutions. Defendants are concerned that any background check of personnel involved in executions would necessarily require, through service of a subpoena or otherwise, that confidential information would be divulged to third parties such as schools, businesses or medical licensing authorities, which are not subject to the protective order. Plaintiffs' proposed order, at ¶ 9, states that:

> (b)    Highly Confidential Information may be disclosed, subject to paragraph 9(a) above, only to the following persons and entities:
> (i)    The attorneys representing Parties in this action (and the attorneys' employees working under the attorneys' direct supervision) ;
> (ii)    Any copy service, court reporter, or vendor retained by a Party or an attorney described in paragraph 9(b)(i) to assist in discovery or preparation for trial of this action;
> (iii)    Any consultant or expert assisting an attorney described in paragraph 9(b)(i) in connection with that attorney's representation of the Party in this action;
> (iv)    The Court, including any persons who, under the direct supervision of the Trial Judge, assist the Trial Judge in preparing for or conducting this action;
> (v)    Any other person to whom the producing Party agrees, in writing in advance of the disclosure, the Highly Confidential Information may be disclosed.

However, our discussions, and the statements of Plaintiffs' counsel at the February 21, 2007 hearing in this matter, have led us to understand that Plaintiffs seek to conduct background investigations and we assume that Plaintiffs read their proposed order such that their "consultants" include investigators or others conducting background checks of those involved in executions. The mere act of conducting such an investigation raises the serious security and

privacy concerns addressed earlier in this Motion. This is consistent with, for example, the protective order entered in Evans v. Saar, Civil No. 06-0149 (D. Md.). See Ex. 1 at ¶ 14 (protective order governing information relating to security procedures of defendants or of persons performing sensitive tasks relating to the execution of condemned prisoners and prohibiting background checks). Moreover, Plaintiffs' proposed protective order allows even "Highly Confidential" information to be disseminated to "[a]ny copy service, court reporter, or vendor retained by a Party or an attorney," which could include couriers, process servers, etc., who are not employees of Plaintiffs' counsel and over whom Plaintiffs' counsel presumably has little direct control.

We are not suggesting that Plaintiffs' counsel and their employees would not comply with an order of this Court. Rather, we are suggesting that the mere fact of investigating those involved in the Federal Execution Protocol is likely to cause the dissemination of that highly sensitive information in a way that would be uncontrolled by the protective order and contrary to the concerns expressed above.

C. Exchanging Personally-Identifying Information for Personnel involved in Executions and in the Federal Government's Execution Protocol is Unnecessary in this Litigation.

The government will provide sufficient information about the participants in executions and the development of the Execution Protocol to permit the Court and the parties to evaluate the training, qualifications, experience and competency of those persons; however, revealing their identities and other personally-identifying information is both unnecessary for this purpose and highly detrimental to important governmental interests that counsel strongly against disclosure of such highly-sensitive information. As reflected in Paragraph 13 of Defendants' proposed order,

Defendants are willing to provide to Plaintiffs information about the training, credentials, qualifications, and experience of persons involved in federal executions and in creating the protocol, subject to provisions of Defendants' proposed protective order. Plaintiffs can evaluate the Execution Protocol whether they have the names of those involved in the process or not. Likewise, Plaintiffs can make arguments about qualifications and training whether they have the persons' names or not, so long as the government provides Plaintiffs' counsel with generic identifiers and some background information about the personnel involved in executions.

      Here, the governmental and individual security and privacy concerns are so great that the Court should follow the United States District Court for the District of Maryland in Evans and enter an order along the lines of the one Defendants propose in this case prohibiting Plaintiffs from conducting background checks and allowing Defendants to withhold the names and identifying information of those involved in Federal executions. Plaintiffs argue in their Amended Complaint, at Paragraphs 47-52, that the Federal government's Execution Protocol "fails to address . . . the minimum qualifications, expertise, and training required for the different personnel performing the tasks involved [and] the methods for obtaining, storing, mixing, and appropriately labeling the drugs . . . ." Am. Compl. at ¶ 51(a) and (b). Plaintiffs then cite a series of alleged hypothetical or potential problems with lethal injection in State practice. See, e.g., Am. Compl. at ¶ 51. Plaintiffs do not allege that any of these purported problems have occurred in the three Federal executions using lethal injection. Nor do Plaintiffs allege that the Federal government has a history of problems in this regard. But more importantly, even assuming that some information about the personnel conducting executions or formulating

protocol procedures would be relevant and discoverable under Fed. R. Civ. P. 26(b),[5] the names, addresses and other personally-identifying information Plaintiffs seek are unnecessary, as the generic information to be provided will be sufficient to assure that those who will participate in Plaintiffs' executions are qualified and trained for the task.

Plaintiffs' only asserted need for the names and other identifying information they seek is to conduct background checks. This question was addressed by the United States District Court for the District of Maryland in Evans, which expressly prohibited background checks and held that "Plaintiff's counsel may discover the names of the members of the Execution team, but the names shall be revealed only to Plaintiff's counsel in this case, namely [listing names] . . . and these attorneys may not divulge these names to anyone else, including without limitation Plaintiff Evans, investigators, and experts. These attorneys may not conduct background investigations of these Execution Team members."). Ex. 1 attached at ¶ 18. See also Taylor v. Crawford, No. 05-4173 (W.D. Mo.) (providing that the "names of persons involved in executions will not be ordered produced by defendants in response to plaintiffs' discovery requests" and limiting to plaintiffs' counsel and experts retained by counsel "confidential information" "regarding the training, credentials, and qualifications of corrections personnel involved in executions" and defining "corrections personnel" as including employees, contractors or agents of the State's Department of Corrections). Ex. 3 attached at 2. See also Anderson v. Jones, Case No. 05-0825 (W.D. Okla.) (limiting "confidential" information to attorneys, employees of the attorneys, expert

---

[5] Fed. R. Civ. P. 26(b)(1) provides that parties "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." That rule goes on to state that upon a showing of "good cause" the court may order discovery on any matter relevant to the subject matter involved. Id.

witnesses and the court). Ex. 4 attached at ¶ 1.

As they explained through counsel at the February 21, 2007 status hearing in this case, Plaintiffs rely on the protective order entered by the court in Morales v. Woodford, Case Nos. 06-0219 and 06-0926 (N.D. Cal.) to support their position. Ex. 5 attached. However, in that order, the district court recognized "legitimate concerns about the safety of prison personnel," allowed Plaintiffs' counsel and specified staff to have information, but also stated that "Plaintiff's attorneys, expert, and investigator shall not disclose protected information to anyone without first obtaining express authorization to do so from the Court." Plaintiffs' proposed order does not go even that far to protect the personnel involved in the execution process and the government's legitimate security and privacy concerns.

Respectfully submitted,

   s/Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
Interim United States Attorney

   s/Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

   s/Peter S. Smith
PETER S. SMITH, D.C. BAR # 465131
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372

   s/ Robert J. Erickson
ROBERT J. ERICKSON, D.C. Bar # 220731
Principal Deputy Chief
Criminal Appellate Section

U. S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue, NW
Room 1515
Washington, DC 20530
(202) 514-2841

Counsel for Defendants