Case 1:05-cv-02337-RWR-DAR    Document 31-2    Filed 02/23/2007    Page 1 of 10
Case 1:06-cv-00149-BEL    Document 85    Filed 05/05/2006    Page 1 of 10
Case 1:06-cv-00149-BEL    Document 84    Filed 05/05/2006    Page 1 of 10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VERNON EVANS, JR., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. L-06-149 |
| MARY ANN SAAR, Secretary, Department of Public Safety and Correctional Services | * * | |
| FRANK C. SIZER, JR., Commissioner, Maryland Division of Correction | * * | |
| LEHRMAN DOTSON, Warden, Maryland Correctional Adjustment Center | * * | |
| and, JOHN DOES, | * | |
| Defendants. | | |

## PROTECTIVE ORDER

WHEREAS, it appears that certain documents, information, and tangible objects, which may be produced in discovery in this proceeding, may contain confidential information relating to security procedures of Defendants, or relate to the identity of persons performing sensitive tasks related to the execution of condemned prisoners, the public disclosure of which could be contrary to the public interest;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order shall govern any testimony given at any deposition or pre-trial hearing or proceeding in this action, as well as all documents or other material produced,[1] whether in

---

[1] The term "document" as used herein shall include any "writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be



GOVERNMENT EXHIBIT
1

Case 1:05-cv-02337-RWR-DAR   Document 31-2   Filed 02/23/2007   Page 2 of 10
Case 1:06-cv-00149-BEL   Document 85   Filed 05/05/2006   Page 2 of 10
Case 1:06-cv-00149-BEL   Document 84   Filed 05/05/2006   Page 2 of 10

response to any discovery request or subpoena made pursuant to the Federal Rules of Civil Procedure or otherwise, and any copies, abstracts, excerpts, analyses, summaries, or other materials (whether in written, electronic, or other form) which contain, reflect, or disclose information contained in such testimony or other materials. The testimony, documents, and materials referred to in this paragraph collectively shall constitute "Discovery Materials."

2.   Defendants shall have the right, before disclosure to Plaintiff's counsel, to designate as "CONFIDENTIAL" any Discovery Material they produce or provide, which is believed in good faith by an attorney or legal assistant on behalf of Defendants to constitute, reflect, or disclose confidential security procedures or the identity of persons performing sensitive tasks related to the execution of condemned prisoners ("Designated Materials"). Any copies, abstracts, excerpts, analyses, summaries, or other materials that quote or discuss in detail "CONFIDENTIAL" information shall themselves be Designated Materials with the same designation. Any information that is designated "CONFIDENTIAL" shall be immediately and at all times hereafter maintained and kept confidential by Plaintiff's counsel, as required by the terms of this Protective Order.

3.   "CONFIDENTIAL" materials shall mean those Designated Materials, including any document or transcribed testimony (and any extract, abstract, chart, summary, note, or copy quoting or discussing in detail "CONFIDENTIAL" information contained in such materials), which include confidential security procedures or the identity of persons performing sensitive tasks related to the execution of condemned prisoners.

4.   All Designated Materials shall bear a legend affixed to each page (in a manner not obscuring any part of the text) stating that the material is "CONFIDENTIAL." All Designated Materials shall be marked before being sent to Plaintiffs counsel. Where not possible to affix a

obtained." *See* Federal Rules of Civil Procedure 34(a).

Case 1:05-cv-02337-RWR-DAR   Document 31-2   Filed 02/23/2007   Page 3 of 10
Case 1:06-cv-00149-BEL   Document 85   Filed 05/05/2006   Page 3 of 10
Case 1:06-cv-00149-BEL   Document 84   Filed 05/05/2006   Page 3 of 10

legend to particular Designated Material. Defendants shall take reasonable steps to give Plaintiffs counsel notice of its status as Designated Material.

5.  Deposition testimony may be designated "CONFIDENTIAL" before the testimony is transcribed by so stating on the record at the deposition or by providing written notice to Plaintiffs counsel, the court reporter, and all attendees at the deposition prior to the transcription of the testimony. If deposition testimony is so designated prior to transcription, the transcript of the designated testimony shall be bound in a separate volume and marked "CONFIDENTIAL" by the reporter on each applicable page and shall not be made part of the public record. Regardless of designations made prior to transcription, each deposition transcript in its entirety shall be treated as "CONFIDENTIAL" until ten days after the receipt of the transcript by Defendants' counsel. Until ten days after Defendants' counsel's receipt of the transcript, Defendants may designate deposition testimony as "CONFIDENTIAL" by giving written notice to Plaintiff's counsel and all attendees at the deposition with respect to any testimony (by page and line numbers) to be designated "CONFIDENTIAL."

6.  Plaintiff's counsel may make use of Designated Materials only as the preparation of this case and trial herein may reasonably require, and in so doing shall disclose such Designated Materials only to those persons specified in paragraph 7 of this Protective Order.

7.  Discovery Materials designated or stamped "CONFIDENTIAL" shall *not* be given, shown, disclosed, or made available in any way to Plaintiff Vernon Evans, Jr., or to any person other than:

(a)  Any employee or former employee of Defendants to whom it is deemed necessary that the documents be shown for purposes of the litigation;

(b)  Outside counsel of record for the respective parties, and employees of and

Case 1:05-cv-02337-RWR-DAR   Document 31-2   Filed 02/23/2007   Page 4 of 10
Case 1:06-cv-00149-BEL   Document 85   Filed 05/05/2006   Page 4 of 10
Case 1:06-cv-00149-BEL   Document 84   Filed 05/05/2006   Page 4 of 10

independent contractors engaged in clerical work for such counsel as necessary to assist in this action;

    (c)    Outside experts or consultants who are retained by counsel for the purposes of this action, to the extent necessary for such expert to (i) prepare a written opinion; (ii) prepare to testify; or (iii) assist outside counsel in the prosecution of this action, *provided that* such expert or consultant agrees to use any Designated Materials solely in connection with this action and not for any other purpose;

    (d)    Witnesses in the course of deposition or trial testimony where counsel has a reasonable and good faith belief that examination with respect to the document is necessary for legitimate discovery or trial purposes, and any person who is being prepared to testify where counsel has a reasonable and good faith belief that such person will be a witness in this action and that his or her examination with respect to the document is necessary in connection with such testimony;

    (e)    Court reporters and videographers and persons preparing transcripts of depositions;

    (f)    This Court, or any other Court of competent jurisdiction (and their staff or other essential court personnel) solely for purposes of litigating this action, and subject to paragraph 15 of this Order; and

    (g)    Any other person whom the parties first agree in writing or on the record to be authorized to view "CONFIDENTIAL" material.

    8.    Except for persons described in paragraph 7(a), 7(d), 7(e), and 7(f), all persons to whom Designated Materials are disclosed or by whom Designated Materials are used, shall be informed of and agree to be bound by the terms of this Order and shall take all necessary

Case 1:05-cv-02337-RWR-DAR   Document 31-2   Filed 02/23/2007   Page 5 of 10
Case 1:06-cv-00149-BEL   Document 85   Filed 05/05/2006   Page 5 of 10
Case 1:06-cv-00149-BEL   Document 84   Filed 05/05/2006   Page 5 of 10

precautions to prevent any disclosure or use of Designated Materials other than as authorized by this Order; *provided, however,* that nothing in this Order shall preclude any party from disclosing Designated Materials to any witness for the sole purpose of examining that witness at a deposition or at trial.

(a) Prior to disclosing Designated Materials to any person described in paragraphs 7(b), 7(c), and 7(g), counsel shall obtain from such person a signed written acknowledgment, substantially in the form of Exhibit 1 annexed hereto, that such person has reviewed a copy of this Protective Order, will comply with its terms in all respects, and will submit to the jurisdiction of this Court for adjudication of any dispute about whether such person has complied with the terms of this Protective Order. Such acknowledgments shall be provided to opposing counsel promptly upon signature, and in any event, within ten days of their being signed.

(b) Individuals who are authorized to review Designated Materials pursuant to this Protective Order shall hold "CONFIDENTIAL" information in confidence and shall not divulge such information, either orally or in writing, to any person not otherwise authorized to receive such information under this Protective Order, or any government agency, unless authorized to do so by a further court order or required to do so by law.

9. In the event Plaintiff's counsel deems it necessary to disclose any Designated Material to any person pursuant to paragraph 7(g), Plaintiff's counsel shall notify Defendants' counsel in writing or on the record of (i) the Designated Materials it wishes to disclose; and (ii) the person(s) to whom such disclosure is to be made. The Proposed Disclosure shall not be made absent permission of the Defendants' counsel in writing or on the record, unless Plaintiff's counsel obtains an order from the Court permitting the Proposed Disclosure.

10. All counsel shall at all times keep secure all notes, abstracts, or other work

Case 1:05-cv-02337-RWR-DAR   Document 31-2   Filed 02/23/2007   Page 6 of 10
Case 1:06-cv-00149-BEL   Document 85   Filed 05/05/2006   Page 6 of 10
Case 1:06-cv-00149-BEL   Document 84   Filed 05/05/2006   Page 6 of 10

product quoting or referring in detail to "CONFIDENTIAL" information from Designated Materials, shall be obligated to maintain the confidentiality of such work product, and shall not disclose or reveal the "CONFIDENTIAL" contents of said notes, abstracts, or other work product after the Designated Materials are returned or destroyed.

11. Neither Plaintiff's counsel nor any person who, at the request of Plaintiff's counsel, examines any Designated Materials protected by this Protective Order shall disseminate orally, or by any other means, any "CONFIDENTIAL" information other than as permitted by this Protective Order.

12. In the event that Plaintiff's counsel is directed, by court order, subpoena, or otherwise, to produce "CONFIDENTIAL" information, Plaintiff's counsel shall provide written notice to Defendants' counsel, and a copy of the court order, subpoena, or other directive, at least ten business days before any such production is made, to provide Defendants' counsel an opportunity to object to such disclosure.

13. All documents and materials filed with the Court that comprise, contain, quote, discuss in detail, or refer to Designated Material, or information taken therefrom, shall be filed in sealed envelopes, or other appropriately sealed containers, which shall bear the title of this action, an indication of the nature of the contents, the identity of the party filing the materials, the word "CONFIDENTIAL," and a statement substantially in the following form: "This envelope contains materials subject to a Protective Order entered in this action. Its contents shall not be revealed or made public except pursuant to order of this Court." Any pleadings, briefs, or other papers filed with the Court by any party that quote or discuss in detail "CONFIDENTIAL" information also shall be filed under seal.

In the event that "CONFIDENTIAL" information or material is to be offered into

Case 1:05-cv-02337-RWR-DAR   Document 31-2   Filed 02/23/2007   Page 7 of 10
Case 1:06-cv-00149-BEL   Document 85   Filed 05/05/2006   Page 7 of 10
Case 1:06-cv-00149-BEL   Document 84   Filed 05/05/2006   Page 7 of 10

evidence in a hearing, trial, or other proceeding before this Court, the offering party shall so notify all parties and the Court and the Court shall then consider what steps, if any, should be taken to protect the information or material.

14. Plaintiffs counsel may at any time notify Defendants' counsel, in writing, of its objection to the designation of any Designated Material as "CONFIDENTIAL." Such notification shall include a description of the objected-to Designated Materials. In the event that there is a disagreement as to whether the material has been properly designated as "CONFIDENTIAL," there shall first be an attempt in good faith to resolve such dispute via informal negotiation and stipulation between Plaintiffs and Defendants' counsel. If such negotiation fails to resolve the dispute, **Plaintiff's counsel shall thereupon have the burden of moving the Court for a determination of the appropriate designation of the materials.** Information designated as Designated Material shall retain its Designated Material status (and shall be subject to the relevant restrictions in this Order) until such time as either (1) the parties expressly agree otherwise in writing, or (2) this Court orders otherwise, unless such order is under appellate review.

15. Production of any document or materials without a designation of confidentiality or an incorrect designation will not be deemed to waive a later claim as to its proper designation nor will it prevent Defendants from designating said document or material "CONFIDENTIAL" at a later date.

16. All Designated Material subject to this Protective Order shall be returned to the Defendants upon termination of this action (or, upon written permission by the Defendants, destroyed). Termination of this action shall be taken and construed as the date 45 days following: (a) the filing of a stipulated dismissal or the entry of a voluntary dismissal; (b) a final

Case 1:05-cv-02337-RWR-DAR   Document 31-2   Filed 02/23/2007   Page 8 of 10
Case 1:06-cv-00149-BEL   Document 85   Filed 05/05/2006   Page 8 of 10
Case 1:06-cv-00149-BEL   Document 84   Filed 05/05/2006   Page 8 of 10

non-appealable order disposing of this case; or, (c) the expiration of the time for any appeal. Upon such termination, Plaintiff's counsel shall notify Defendants' counsel of compliance. Nothing in this paragraph shall preclude outside counsel from retaining after termination of this action one copy of: (a) pleadings, motions, memoranda, and other documents filed with the Court; and (b) deposition, hearing, and trial transcripts and exhibits; *provided, however,* that such counsel may not disclose "CONFIDENTIAL" portions of retained materials to any other person and shall keep such materials in a manner reflecting their confidential nature.

17. References to "persons" in the Protective Order shall be taken and construed to refer to natural persons and to corporations and other entities.

18. Notwithstanding any of the previous provisions of this Protective Order to the contrary, Plaintiff's counsel may discover the names of the members of the Execution Team, but the names shall be revealed only to Plaintiff's counsel in this case, namely, A. Stephen Hut, Jr., Todd C. Zubler, Kalea Seitz Clark, Anne Harden Tindall, Anne H. Geraghty, and Stephanie K. Wood. The names of the members of the Execution Team, therefore, are for these attorneys' eyes only, and these attorneys may not divulge these names to anyone else, including without limitation Plaintiff Evans, investigators, and experts. These attorneys may not conduct background investigations of these Execution Team members. They may not, for example, contact the schools that these individuals attended, or former employers, or credentialing agencies, because to do so would pose an unacceptable risk that their participation on the Execution Team would be made public. Beyond these six named attorneys, members of the Execution Team shall use such generic identifiers (*e.g.*, "Witness #1" or "Emergency Medical Technician #1") as may suit the convenience and needs of the parties. On or before the date that dispositive motions are due, Plaintiff's counsel shall provide to the Court for *in camera* review a

Case 1:05-cv-02337-RWR-DAR   Document 31-2   Filed 02/23/2007   Page 9 of 10
Case 1:06-cv-00149-BEL   Document 85   Filed 05/05/2006   Page 9 of 10
Case 1:06-cv-00149-BEL   Document 84   Filed 05/05/2006   Page 9 of 10

list of such generic identifiers as may be used, together with the names of the persons to whom these identifiers refer.

19. The terms and conditions of this Protective Order are subject to modification upon the application of any party and further Order of the Court.

SO ORDERED: _____ this 5TH day of May, 2006.

_____
Honorable Benson Everett Legg, Chief Judge

Case 1:05-cv-02337-RWR-DAR   Document 31-2   Filed 02/23/2007   Page 10 of 10
Case 1:06-cv-00149-BEL   Document 85   Filed 05/05/2006   Page 10 of 10
Case 1:06-cv-00149-BEL   Document 84   Filed 05/05/2006   Page 10 of 10

Exhibit 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VERNON EVANS, JR., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. L-06-149 |
| MARY ANN SAAR, Secretary, Department of Public Safety and Correctional Services | * * | |
| FRANK C. SIZER, JR., Commissioner, Maryland Division of Correction | * * | |
| LEHRMAN DOTSON, Warden, Maryland Correctional Adjustment Center | * * | |
| and, JOHN DOES, | * | |
| Defendants. | | |

The undersigned, _____, hereby acknowledges that he or she has received a copy of the Protective Order entered in *Evans v. Saar*, has read the same in its entirety, understands the Protective order, and agrees to be bound by all the provisions thereof. The undersigned further agrees to submit to the jurisdiction of the United States District Court for the District of Maryland for all disputes arising under the Protective Order and understands that failure to comply with the terms of the Protective Order may constitute contempt of court.

_____