IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MICHAEL ANTHONY TAYLOR, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 05-4173-CV-C-SOW |
| ) | |
| LARRY CRAWFORD, Director, ) | |
| Missouri Department of Corrections, et al., ) | |
| ) | |
| Defendants. ) | |

### PROTECTIVE ORDER

On August 30, 2005, defendants filed a motion for protective order. Plaintiffs' filed suggestion in opposition, and defendants have filed a reply.

Plaintiffs Michael Anthony Taylor and Richard D. Clay are Missouri prison inmates with death sentences. They raise constitutional challenges to the method and implementation of execution by means of lethal injection in Missouri. Plaintiffs have made discovery requests of defendants. This discovery includes requests to identify by name certain persons involved in executions in Missouri and requests to state the training, credentials, qualifications, and experience of these persons and others involved in executions in Missouri. Defendants object to providing the identities of persons involved in the executions on relevance grounds as well as due to concern over the security and privacy interests of these persons and the security interests of the Department of Corrections. Defendants have similar objections to providing the requested information regarding training, credentials, qualifications, and experience of persons involved in executions in Missouri because such information could be used to identify the persons involved in the executions.

In order to protect the security and privacy interests at issue, while also accommodating plaintiffs' need for discovery, this Court orders that defendants provide to plaintiffs, in response to plaintiffs' discovery requests, information as to the general training, credentials, and qualifications of persons (i.e.: Registered Nurses in the State of Missouri or



GOVERNMENT EXHIBIT 3

Licensed Medical Doctors identifying any certified or specialized training) involved in executions in the State of Missouri. The information provided shall be subject to the protections and restrictions set out below. Further, this Court orders that the names of persons involved in executions will not be ordered produced by defendants in response to plaintiffs' discovery requests.

Defendants' responses to plaintiffs' discovery requests regarding the training, credentials, and qualifications of corrections personnel involved in executions are deemed to be confidential information. As used herein, the term "corrections personnel" shall mean employees, independent contractors, or agents of the Missouri Department of Corrections.

Said confidential information shall not be made available to plaintiffs but only to this Court for *in camera* review, to the party producing the responses, and to counsel of record for all parties and their staff who are bound by the terms of this Protective Order. With the exception of those persons mentioned in paragraph 3, no other person shall have access to confidential information without the written approval of the party producing such confidential information or without an order from the Court. As used herein, the phrase "staff" shall mean clerks, paralegals, and secretaries in the regular employ of the parties' counsel.

The party producing the confidential information contained in the interrogatory responses and the counsel of record for all parties and their staff will not, directly or indirectly, disclose or permit the disclosure of the confidential information contained in defendants' interrogatory responses, or any portion thereof, to anyone else other than any expert or experts the parties retain in connection with this case. In the case of disclosure to an expert or experts, counsel of record for such parties shall first furnish a copy of this Protective Order to such persons and obtain their agreement, in writing, that they will abide by this Order and that such information will not be disclosed, directly or indirectly, to any person other than those qualified under this Protective Order.

The confidential information produced pursuant to this Protective Order shall be used by plaintiffs' counsel of record, including their respective staffs, for the sole purpose of representing the interest of plaintiffs Michael Anthony Taylor and Richard D. Clay in this litigation and for no other purposes. Confidential information shall not be given, shown,

made available, discussed or otherwise communicated for any purpose other than the litigation of this action, and then only in accordance with the terms and conditions of this Protective Order.

All confidential information and copies or extracts thereof shall be maintained in the custody of counsel of record for the parties in a manner that limits access to qualified persons.

If any portion of a submission to the Court contains confidential information, the portion containing the confidential information shall be filed under seal in a sealed envelope on which shall be affixed the caption of this case, a general description of the nature of the contents that does not disclose any confidential information, the word 'CONFIDENTIAL," and a statement substantially in the following form:

> THIS ENVELOPE CONTAINS MATERIALS SUBJECT TO
> A PROTECTIVE ORDER ENTERED IN THIS CASE. IT IS
> NOT TO BE OPENED, NOR ARE ITS CONTENTS TO BE
> DISPLAYED, REVEALED OR MADE PUBLIC, EXCEPT
> BY ORDER OF THE COURT.

A copy of this Protective Order shall be submitted to the Clerk of the Court with the materials filed under seal. Unless otherwise ordered by the Court, appropriate steps shall be taken to preserve the confidentiality of confidential information during this action and at any hearing or other proceedings at which confidential information may be referred to or disclosed.

Any person in possession of confidential information who receives a request or a subpoena or other process for confidential information from any nonparty to this action shall promptly give notice by telephone and written notice by overnight delivery and/or telecopier to counsel for the parties in this case, enclosing a copy of the request, subpoena or other process. In no event shall production or other disclosure pursuant to the request, subpoena or other process be made except upon order of this Court after notice and hearing.

Nothing in this order shall preclude any party from seeking and obtaining a modification of the Protective order, or additional or different protection with respect to information which it believes is confidential.

3

This Protective Order is intended to provide a mechanism for the handling of confidential information. It shall not be deemed to be a waiver by any of the parties of any objections as to admissibility, relevancy, materiality, or discoverability, or a waiver of any right or protection otherwise afforded by the Federal Rules of Civil Procedure relating to discovery, or of the Federal Rules of Evidence.

This Court shall retain jurisdiction for the purpose of resolving any dispute that may arise in relation to this Protective Order.

Within ten (10) days of the final termination of this case, whether by settlement or at the end of trial or hearing and/or any appeals, all confidential information and copies or extracts thereof which are in the custody of plaintiffs' counsel and counsels' staff shall be returned to the counsel for the producing party.

This Protective Order shall survive termination of this case [32].

Dated this 31st day of October, 2005, at Jefferson City, Missouri.


/s/ _____

WILLIAM A. KNOX
United States Magistrate Judge