IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JAMES H. ROANE, JR., et al.,** : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Case Number: 1:05-cv-2337 |
| : | |
| **ALBERTO GONZALES, et al.,** : | |
| : | |
| Defendants. : | |

## STIPULATED PROTECTIVE ORDER

WHEREAS Plaintiffs in this action have asserted various claims against Defendants;

WHEREAS the parties are engaged in discovery in connection with this action;

WHEREAS (a) the Privacy Act of 1974, 5 U.S.C. § 552a; or (b) 28 C.F.R. § 16.23 may restrict the disclosure of certain information sought in discovery in this action;

WHEREAS the defendants believe that the disclosure of certain information likely to be the subject of discovery in this action may be harmful to their security interests; and

WHEREAS the defendants believe that the disclosure of certain information likely to be the subject of discovery in this action may be contrary to law and the public interest;

NOW THEREFORE, good cause appearing, IT IS HEREBY ORDERED:

1.  This Order shall govern any interrogatory responses, documents or other materials produced during discovery as well as all testimony at any deposition or pre-trial hearing or proceeding in this action, whether in response to any discovery request or subpoena made pursuant to the Federal Rules of Civil Procedure or otherwise, and any copies, abstracts, excerpts, analyses, summaries, or other materials (whether in written, electronic, or other form)

DC01:464357.1

which contain, reflect or disclose information from such documents, testimony or other materials. The testimony, documents and materials referenced in this paragraph collectively shall constitute "Discovery Materials." Counsel for defendant is hereby authorized, pursuant to 5 U.S.C. § 552a(b)(11) and consistent with 28 C.F.R. § 16.23, to release to counsel for plaintiff information covered by the Privacy Act, 5 U.S.C. § 552a, whether such release is pursuant to discovery or otherwise in this case.

2.   Any Party producing information during the course of this litigation may mark such information as "Confidential Information" in accord with the procedures described below, if counsel believes, in good faith, that public disclosure of such material would otherwise constitute an unreasonable invasion of privacy, impair a Party's reasonable security interests, or be contrary to law. Any Party designating material as "Confidential Information" or "Highly Confidential Information" hereunder represents thereby that it has done so in good faith and pursuant to a *bona fide* belief that such materials are in fact confidential and deserving of protection. Counsel and Parties are referred to Local Civil Rule 5.4(f) and this Court's "Notice Regarding Privacy and Public Access to Electronic Case Files," dated September 2004 [available at www.dcd.uscourts.gov/civil-privacy.pdf], for typical examples of material deserving "protected" or "confidential" designation.

3.   Any Party producing information during the course of this litigation may mark such information as "Highly Confidential Information" in accord with the procedures described below, if counsel believes, in good faith, that the information meets the criteria for designation as Confidential Information described in paragraph 2, *supra*, and, in addition, that its disclosure to the Party or Parties to whom it is produced would cause greater invasion of privacy or impairment of the producing Party's reasonable security interests than would be caused were the

information produced as Confidential Information, or otherwise would be contrary to law.

4.  All information designated as Confidential Information or Highly Confidential Information pursuant to this Order, and any copies, summaries or other descriptions of such Confidential Information or Highly Confidential Information, shall, when marked as such, be deemed Confidential Information or Highly Confidential Information, as appropriate, and shall be subject to the provisions of this Protective Order. The Party designating any material as Confidential Information or Highly Confidential Information shall make all reasonable efforts—including, for example, by designating the portion(s) of any document or testimony deemed to be Confidential Information or Highly Confidential Information with specificity—to limit the use of the designations "Confidential Information" and "Highly Confidential Information."

(a)  Documents produced by a Party, or interrogatory answers or responses to requests for admission, containing Confidential Information or Highly Confidential Information shall be designated as containing Confidential Information or Highly Confidential Information by the placement of the legend "Confidential Information" or "Highly Confidential Information" on each page, interrogatory answer or response to request for admission so designated. Where only a portion of the information contained in a document is designated as Confidential Information or Highly Confidential Information, the Party producing the document and designating the information Confidential Information or Highly Confidential Information shall produce two copies of the document, one redacted to omit any Confidential Information or Highly Confidential Information, and one unredacted.

(b)  Any Party may designate as Confidential Information or Highly Confidential Information any information produced in the course of this action through the testimony of a witness. The designation of such information as Confidential Information or

Highly Confidential Information shall apply to any copies, excerpts, or summaries of the content of such Confidential Information or Highly Confidential Information, unless all references to the Confidential Information or Highly Confidential Information are first redacted in their entirety. Designation of Confidential Information or Highly Confidential Information pursuant to this subparagraph shall be made by designating with specificity the transcript or the portion of the transcript (including exhibits) that contains Confidential Information or Highly Confidential Information by a statement to such effect on the record during the course of the deposition, or by a statement in writing sent to all counsel of record within ten (10) business days after receipt of the final deposition transcript by counsel for the Party making the designation. If the designation is made during the course of the deposition, the reporter shall place the appropriate legend on the cover of each separately bound volume or the applicable pages within a volume of the transcript. (The Parties may modify this procedure for any particular deposition through agreement on the record at such deposition, without further order of the Court.) The Parties shall treat all deposition testimony as Highly Confidential Information until ten (10) business days after receiving the final copy of the deposition transcript. After ten (10) business days, only those portions of any transcript designated as Confidential Information or Highly Confidential Information in writing or on the record at the deposition proceeding shall be deemed Confidential Information or Highly Confidential Information, unless all Parties agree, in writing, to extend the period.

(c) Any Party may designate as Confidential Information or Highly Confidential Information any other information produced in the course of this action by providing written notice of such designation to counsel for each other Party. Such designation may be made before the production of any such information, and no such designation shall be

effective with respect to any Party until such written notice of designation is received by that Party.

5.   Any pleading or other document filed with the Court or served on an opposing Party that contains Confidential Information or Highly Confidential Information (including any exhibit or attachment thereto) shall be marked "CONFIDENTIAL MATERIAL" or "HIGHLY CONFIDENTIAL MATERIAL," as appropriate, in the case caption or the subject line on the first page of such pleading or document. Any Party seeking to file with the Court a pleading or other document containing Confidential Information or Highly Confidential Information shall file such document under seal, in accord with all applicable rules, including the Local Rules of this Court. The filing of materials designated under this order shall conform with Local Civil Rule 5A(f) and the Court's "Notice Regarding Privacy and Public Access to Electronic Case Files."

6.   Counsel shall endeavor to avoid revealing protected material in any oral proceedings before the Court, including oral argument. If any counsel finds it necessary to refer to protected material in any such oral proceeding, counsel shall notify the Court and all other counsel of record as soon as such necessity becomes apparent and shall propose whatever mechanism(s) may be available and appropriate to prevent disclosure of confidential material as a consequence of such oral proceedings to persons other than those authorized by this order.

7.   The obligation to comply with the terms of this Protective Order shall apply to (i) the Parties to this action, (ii) any person receiving Confidential Information or Highly Confidential Information in connection with this action, and (iii) any deponent or other witness in this action. As used herein, "person" includes the named Parties to this action, as well as any non-party witnesses or other non-parties to whom Confidential Information or Highly

Confidential Information is disclosed in accord with the terms of this Protective Order, and who have agreed to be bound by this Protective Order.

8. Any Party may, at any time, object to the restrictions on use and access imposed by this Protective Order for any particular Confidential Information or Highly Confidential Information by providing notice of the objection to the designating Party. If the objection cannot be informally resolved, within a reasonable period, any Party may, on reasonable notice, apply for an Order from the Trial Judge. Such application shall identify the particular Confidential Information or Highly Confidential Information at issue and state specifically the restrictions the applicant seeks to remove or modify as to that Confidential Information or Highly Confidential Information. Pending the Trial Judge's decision on any such application, the challenged Confidential Information or Highly Confidential Information shall remain subject to all of the provisions of this Protective Order.

9. The use of Confidential Information shall be subject to the following restrictions:

(a) Confidential Information shall be used only in connection with this action (including any appeals or retrials), and, if all Parties agree, any other actions. Except by order of the Court, Confidential Information shall not be used by any Party (other than the producing Party) for any other purpose.

(b) Confidential Information may be disclosed,[1] subject to paragraph 8(a) above, only to the following persons and entities:

(i) The attorneys representing Parties in this action (and the attorneys' employees working under the attorneys' direct supervision) ;

---

[1] As used herein, the term "disclose" means to show, give, make available, reproduce, or communicate any Confidential Information, or any parts or contents thereof.

(ii) Any Party or employee of a Party assisting an attorney described in paragraph 8(b)(i) in connection with that attorney's representation of the Party in this action;

(iii) Any person who is a witness or potential witness in this action;

(iv) Any copy service, court reporter, or vendor retained by a Party or an attorney described in paragraph 8(b)(i) to assist in discovery or preparation for trial of this action;

(v) Any consultant or expert assisting an attorney described in paragraph 8(b)(i) in connection with that attorney's representation of the Party in this action;

(vi) The Court, including any persons who, under the direct supervision of the Trial Judge, assist the Trial Judge in preparing for or conducting this action;

(vii) Any other person to whom the producing Party agrees, in writing in advance of the disclosure, the Confidential Information may be disclosed.

10. The use of Highly Confidential Information shall be subject to the following restrictions:

(a) Highly Confidential Information shall be used only in connection with this action (including any appeals or retrials), and, if all Parties agree, any other actions. Except by order of the Court, Highly Confidential Information shall not be used by any Party (other than the producing Party) for any other purpose.

(b) Highly Confidential Information may be disclosed, subject to paragraph 9(a) above, only to the following persons and entities:

(i) The attorneys representing Parties in this action (and the attorneys' employees working under the attorneys' direct supervision) ;

(ii)    Any copy service, court reporter, or vendor retained by a Party or an attorney described in paragraph 9(b)(i) to assist in discovery or preparation for trial of this action;

(iii)   Any consultant or expert assisting an attorney described in paragraph 9(b)(i) in connection with that attorney's representation of the Party in this action;

(iv)    The Court, including any persons who, under the direct supervision of the Trial Judge, assist the Trial Judge in preparing for or conducting this action;

(v)     Any other person to whom the producing Party agrees, in writing in advance of the disclosure, the Highly Confidential Information may be disclosed.

11.     Before being given access to Confidential Information or Highly Confidential Information, each person, excluding those described in paragraphs 8(b)(i) and (vi), and 9(b)(i) and (iv) shall be advised that (i) the Confidential Information or Highly Confidential Information is being disclosed pursuant to and subject to the terms of this Protective Order and may not be disclosed other than pursuant to the terms hereof, and (ii) the violation of the terms of the Protective Order may subject the person to civil liability. It shall be the responsibility of counsel providing such access to provide to each recipient a copy of this Protective Order. Before being given access to any Confidential Information or Highly Confidential Information, each recipient, excluding those in paragraphs 8(b)(i) and (vi), and 9(b)(i) and (iv), shall execute a Certificate in the form attached as Exhibit A hereto. Counsel providing access to the Confidential Information or Highly Confidential Information shall be responsible for maintaining the executed certificates. Executed certificates shall not be discoverable in this action. However, executed certificates may, upon a showing of good cause and order of the Court, be required to be disclosed by one Party to other Parties in connection with the enforcement of this Protective Order.

12. Any Party may, at any time, object to the designation of material as Confidential Information or Highly Confidential Information. In the event of any such objection, the designating party's counsel agrees to confer with counsel for the objecting party as promptly as practicable to attempt to resolve the objection informally. Should the designating and objecting parties be unable to resolve the objection informally, the objecting party may submit such dispute to the Court for resolution. Until the Court resolves the dispute, the material shall be treated as Confidential Information or Highly Confidential Information, as the case may be, and subject to the conditions set forth in this Order.

13. (a) No Party concedes that any Confidential Information or Highly Confidential Information designated by any other Party as such does in fact contain or reflect Confidential Information or Highly Confidential Information, or that such Confidential Information or Highly Confidential Information has been properly designated as such, and this Protective Order shall not prejudice, in any way, the right of any Party to seek at any time a determination by the Court as to whether any particular document or information should be subject to the protections and restrictions of this Protective Order.

(b) A Party shall not be obligated to challenge the propriety of the designation of Confidential Information or Highly Confidential Information as such at the time produced, and failure to do so shall not preclude a subsequent challenge thereof. If a Party challenges such designation, it shall provide written notice to the designating Party, and the Parties shall attempt to resolve any challenge in good faith on an informal basis. If the challenge cannot be informally resolved within a reasonable period, either the designating Party or the challenging Party may, on reasonable notice, apply for appropriate ruling(s) by the Court. All receiving Parties shall treat

the Confidential Information or Highly Confidential Information as such until the dispute is resolved.

(c) By providing any document or other information in its possession, no party waives any privileges, objections, or protection otherwise afforded to it by law or equity.

14. The inadvertent or unintentional failure to designate Confidential Information or Highly Confidential Information as such shall not be deemed a waiver in whole or in part of a Party's claim of restrictive treatment under the terms of this Order. If any Confidential Information or Highly Confidential Information is inadvertently produced without designation, the producing Party may restrict future disclosure of that Confidential Information or Highly Confidential Information in accordance with this Order by notifying the receiving Party in writing of the change in or addition of such restrictive designation. The receiving Party shall then take all reasonable steps to prevent any further disclosure of such newly designated Confidential Information or Highly Confidential Information, except as permitted by this Order.

15. Pursuant to 5 U.S.C. § 552a(b)(11), the parties are hereby authorized to seek the admission into evidence at the trial of this case any materials, or the contents thereof, that are subject to this Stipulated Protective Order, and nothing contained herein shall be construed as precluding plaintiffs or defendant from introducing any such materials, or the contents thereof, into evidence, subject to such measures as the Court may deem appropriate or necessary at that time in order to protect the privacy of the individual(s) involved.

16. Counsel shall promptly report any breach of the provisions of this order to the Court and counsel for the Party whose protected material was divulged or compromised. Upon discovery of any breach, counsel shall immediately take reasonably appropriate action to cure the violation and retrieve any confidential material that may have been disclosed to persons not

covered by this Order. Counsel shall also cooperate fully in any investigation of such breach conducted by the Court.

17. Nothing contained herein shall restrict the government's use of its records for official business or for other purposes consistent with other applicable laws and regulations.

18. Any specific part or parts of the restrictions imposed by this Protective Order may be terminated at any time by a letter from counsel for the designating party or by an Order of the Court.

19. This Order is without prejudice to the rights of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any statute or other authority, or to the rights of any party to make evidentiary objections at trial.

20. Nothing in this Order may be taken or construed as a ruling or statement concerning the admissibility of any documents or information.

SO ORDERED, this _____ day of _____, 2007.

_____
Hon. Richard W. Roberts

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JAMES H. ROANE, JR., et al., | : | |
| Plaintiffs, | : | |
| v. | : | Case Number: 1:05-cv-2337 |
| ALBERTO GONZALES, et al., | : | |
| Defendants. | : | |

**CONSENT TO BE BOUND BY PROTECTIVE ORDER**

The undersigned hereby certifies that he or she has read the Protective Order in the above-captioned proceeding and agrees to be bound by it.

Dated: _____, 2003      Name: _____

Address: _____

_____

_____

_____

_____
[signature]