# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JAMES H. ROANE, JR., et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| **v.** ) | **Case No. 1:05-CV-2337 (RWR)** |
| ) | |
| **ALBERTO GONZALES, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## UNOPPOSED MOTION TO INTERVENE

Plaintiff/Intervenor Anthony Battle ("Battle"), sentenced to be executed, hereby moves this Court for leave to intervene in this action by right under Federal Rules of Civil Procedure 24(a)(2). Alternatively, Battle moves that this Court in its discretion grant permissive intervention pursuant to Federal Rules of Civil Procedure 24(b)(2). All parties have indicated they do not oppose Battle's Motion to Intervene. A Memorandum in support of this Motion to Intervene is being filed herewith, along with a proposed Order (Attachment 1).

In addition, upon this Court's granting of leave to intervene, Battle also moves separately for an Order of this Court preliminarily enjoining Defendants from setting a date for executing him and from executing him by lethal injection, which is likely to occur because the Supreme Court recently denied Battle's petition for certiorari on his habeas corpus appeal. See Attachment 2: Unopposed Motion for Preliminary Injunction, Memorandum of Points and Authorities in Support of Unopposed Motion for Preliminary Injunction; Attachment 3: Proposed Order.

Pursuant to Local Civil Rule 7(j), Battle submits a complaint setting forth the claims for which intervention as plaintiff is sought.  <u>See</u> Attachment 4.

This 26th day of April, 2007.

Respectfully Submitted,

<u>/s/</u> Joshua C. Toll

Joshua C. Toll
Washington, D. C. Bar No:  463073
King & Spalding LLP
1700 Pennsylvania Avenue, N.W.
Washington, DC  20006
(202) 737-8616
(202) 626-3737 (fax)
jtoll@kslaw.com

Margaret O'Donnell
McNally & O'Donnell, P.S.C.
P.O. Box 1243
513 Capitol Avenue
Frankfort, KY 40602
(502) 227-2142
(502) 227-4669 (fax)
 mod@dcr.net

William E.  Hoffmann, Jr.
Christopher C. Burris
Latif Oduola-Owoo
Kristen A. Swift
Tomesha L. Faxio
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309
(404) 572-4600
(404) 572-5136 (fax)
bhoffman@kslaw.com
cburris@kslaw.com
loduola-owoo@kslaw.com
kswift@kslaw.com
tfaxio@kslaw.com

Counsel for Plaintiff Anthony Battle

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ )<br>**JAMES H. ROANE, JR., et al.**  )<br> )<br> **Plaintiffs,** )<br>**v.** )<br> )<br>**ALBERTO GONZALES, et al.,** )<br> **Defendants.** )<br>_____ ) | **Case No. 1:05-CV-2337 (RWR)** |

## MEMORANDUM IN SUPPORT OF PLAINTIFF ANTHONY BATTLE'S UNOPPOSED MOTION TO INTERVENE

Plaintiffs Roane, Tipton and Johnson ("the Roane plaintiffs"), all federal death row inmates then sentenced to be executed on May 8, 10 and 12, 2006 by lethal injection, filed this action to challenge the legality of lethal injection processes as violative of the Fifth and Eighth Amendments to the Constitution of the United States and the Administrative Procedure Act, 5 U.S.C. § 551 *et seq*. ("APA"). <u>See</u> Complaint, Dec. 6. 2005; Amended Complaint, July 18, 2006. Plaintiff-Intervenor Bruce Webster ("Webster"), also a federal death row inmate, then sentenced to be executed on April 16, 2007, was granted leave to intervene without objection on February 14, 2007. Plaintiff-Intervenor Anthony Battle ("Battle"), sentenced to be executed, now seeks to intervene in this action by right under Federal Rule of Civil Procedure 24(a)(2). Alternatively, Battle requests that the court in its discretion grant permissive intervention pursuant to Federal Rule of Civil Procedure 24(b) (2). All parties have indicated they do not oppose Battle's Motion to Intervene.

On or about this same date, Orlando Hall ("Hall"), represented by separate counsel, is filing a similar motion to intervene. If Hall and Battle are granted leave to intervene, all federal death row inmates who have exhausted all direct and collateral appeals and are sentenced to be executed will be parties to this case, and for the foreseeable future, there will be no other intervenors.

## I.      Introduction

On March 12, 1997 in the United States District Court for the Northern District of Georgia, Anthony Battle was convicted of killing a USP Atlanta federal corrections officer while serving a life sentence. A major issue at trial was Battle's competency to stand trial.

On April 28, 1999, the Eleventh Circuit Court of Appeals affirmed Mr. Battle's conviction and death sentence. *United States v. Battle*, 173 F.3d 1343 (11th Cir. 1999). A Petition for a *Writ of Certiorari* was denied on March 19, 2000. *Battle v. United States,* 529 U.S. 1022 (2000). Mr. Battle filed a 28 U.S.C. § 2255 motion on October 1, 2001. The district court conducted evidentiary hearings on March 18-19 and April 18-19, 2002 and denied the motion on April 30, 2003. *United States v. Battle,* 264 F. Supp.2d 1088 (N.D. Ga. 2003). The district court granted a partial Certificate of Appealability ("COA") on September 22, 2003, *United States v. Battle,* 291 F. Supp.2d 1367 (N.D. Ga. 2003), which the Court of Appeals declined, in a one sentence order, to expand. The Court of Appeals on August 10, 2005 upheld the denial of the § 2255 motion. *Battle v. United States,* 419 F.3d 1292 (11th Cir. 2005).

Battle petitioned the United States Supreme Court for certiorari on December 11, 2006**.** The United States Supreme Court denied his petition on April 16, 2007. On that same date, the

United States Supreme Court also denied Hall's petition for certiorari concerning the denial of his § 2255 motion.

While Battle was pursuing his § 2255 challenge, the Roane plaintiffs initiated this action in federal court to challenge the legality and constitutionality of the federal lethal injection protocol and execution procedure. Shortly after initiating the case in December 2005, the Roane plaintiffs requested a stay of the proceedings, as well as a stay of their execution dates, pending the outcome of Hill v. McDonough, then pending before the United States Supreme Court on the issue of challenges to the lethal injection procedure. See Hill v. McDonough, 126 S.Ct. 2096, 2102 (June 12, 2006). The defendants did not oppose the motion to stay the proceedings or the executions. After the Supreme Court issued its opinion in Hill, this court reinitiated proceedings in this case but continued the stay of the plaintiffs' executions. Having now concluded his post-conviction challenge, Battle now timely seeks to intervene in this action. As Battle meets all requirements for both intervention as of right under Federal Rule of Civil Procedure 24(a)(2) and permissive intervention under Rule 24(b)(2), this court should grant the motion to intervene. Neither the plaintiffs nor the defendants oppose Battle's motion.

## II.    Argument

### A.    Intervention as of right

The Federal Rules of Civil Procedure acknowledge that a motion for intervention must be granted when a statute of the United States grants an unconditional right to intervene. See Fed. R. Civ. P. 24(a)(1). However, beyond these comparatively rare situations, the Federal Rules also grant intervention as of right:

> Upon timely application. . . when the applicant claims an interest relating to the property or transaction which is the subject of the

action and [he] is so situated that the disposition of the action may
as a practical matter impair or impede [his] ability to protect that
interest, unless the applicant's interest is adequately represented by
existing parties.

Fed. R. Civ. P. 24(a)(2).  The D.C. Circuit Court of Appeals, in Mova Pharmaceutical

Corp. v. Shalala, 140 F.3d 1060, 1074 (D.C. Cir. 1998), used a four-factor test to determine

intervention as of right: (1) timeliness of the motion to intervene; (2) a common interest in the

subject matter of the action; (3) the intervenor is so situated that he would be impaired by

disposition of the underlying action; and (4) the intervenor's interest is not adequately

represented by the existing parties to the action.  Id.  Battle meets all four of the Mova factors for

intervention as a right under Rule 24(a)(2).

1.    Battle's Motion for Intervention is Timely

The timeliness of a motion to intervene is a threshold matter, and courts will reach the

other elements of Rule 24(a) only after the question of timeliness is resolved.  United States v.

British Am. Tobacco Australia Servs, Ltd., 437 F.3d 1235, 1239 (D.C. Cir. 2006); see also

Hodgson v. United Mine Workers of Am., 473 F.2d 118, 129 (D.C. Cir.1972).  The court held in

Hodgson:

> It is settled - particularly where intervention is sought as of right -
> that the amount of time which has elapsed since the litigation
> began is not in itself the determinative test of timeliness.  Rather,
> the court should also look to the related circumstances, including
> the purpose for which intervention is sought, the necessity for
> intervention as a means of preserving the applicant's rights, and
> the improbability of prejudice to those already parties in the case.

Hodgson, 473 F.2d at 129; see also NAACP v. New York, 413 U.S. 345, 366 (1973) (noting that

"timeliness is to be determined from all the circumstances" of the case).

Here, taking all the circumstances of the case into account, Battle's motion is timely. Although the complaint in the underlying case was originally filed December 6, 2005, the Roane plaintiffs soon thereafter filed a motion to stay the action pending the outcome of <u>Hill v. McDonough</u>, a case then before the United States Supreme Court on the issue of challenges to the lethal injection protocol. <u>See</u> Motion to Stay, Motion for Preliminary Injunction, February 2, 2006. The defendants did not oppose the motion to stay, and this court granted the motion by Order entered February 27, 2006. Following the Supreme Court's decision in <u>Hill</u>, the Roane plaintiffs filed an amended complaint on July 10, 2006. Subsequently, defendants filed three consent motions for extensions of time to file an answer to the amended complaint. <u>See</u> Consent Motion for Extension of Time to File Answer, Aug. 30, 2006; Consent Motion for Extension of Time to File Answer, Oct. 11, 2006; Consent Motion for Extension of Time to File Answer, Nov. 1, 2006. Defendants then filed an answer to the amended complaint, as well as a partial motion to dismiss, on November 9, 2006. Motion to Dismiss (Partial), Nov. 9, 2006; Answer to Amended Complaint, Nov. 9, 2006. After subsequent consent motions for extensions of time by both the Roane plaintiffs and defendants, briefing on the partial motion to dismiss was completed on January 19, 2007. According to this court's scheduling order of December 6, 2006, discovery was not scheduled to begin until January 8, 2007. Consequently, though this case was initiated over a year ago, it is still in the very early stages of litigation.

Battle has acted in a diligent and timely fashion to intervene. Intervention did not become ripe until April 16, 2007 when Battle's Petition for Writ of Certiorari was denied, and Battle is filing this motion intervene within ten (10) days of the Supreme Court's order denying his Petition.

Taking these circumstances into account, the instant motion for intervention is timely, and places Battle's case before the court in a manner that minimizes delay and maximizes the efficient use of the court's resources. Because an execution date may be set any day now for Battle, the necessity of intervention to minimize delay is absolutely crucial. Moreover, the circumstances and scheduling of the current litigation minimize the probability of any prejudice to the existing parties. In fact, counsel for the Roane plaintiffs and for Webster have represented that they do not oppose Battle's intervention. Furthermore, Battle raises no new legal claims beyond those made in the Roane plaintiffs' amended complaint. Discovery is in the preliminary phase, and adding Battle as a plaintiff will not create any undue burden of discovery on the defendants. For all of these reasons, Battle's motion to intervene is timely and he meets the first element for intervention as of right. See Mova, 140 F.3d at 1074.

2.      Battle has a Strong Interest in the Subject of the Action

Rule 24(a)(2) does not define what is necessary to constitute an "interest" in the subject matter of the action in which intervention is sought. In an opinion set forth soon after the current version of Rule 24(a)(2) was enacted, the D.C. Circuit Court of Appeals held that "the 'interest' test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." Neusse v. Camp., 385 F.2d 694, 700 (D.C. Cir. 1967). The D.C. Circuit has subsequently held that "[t]he rule impliedly refers not to any interest the applicant can put forward, but only to a legally protectable one." Cleveland v. NRC, 17 F.3d 1515, 1517 (D.C. Cir. 1994); see also Donaldson v. United States, 400 U.S. 517, 531 (1971) (holding that the interest must be a "significantly protectable interest").

Here, the "interest" Battle has in the subject matter of the case is the same as the Roane plaintiffs. It is the right not to be executed under a flawed lethal injection process that violates the Eighth Amendment protection against cruel and unusual punishment. As set forth in the complaint, execution accounts are replete with instances where lethal injections were botched, unnecessarily causing and prolonging condemned prisoners' suffering. Most recently, following the execution of Angel Diaz by lethal injection in Florida, an autopsy revealed that the chemicals were improperly injected into Diaz' soft tissue, rather than directly into his veins, thereby greatly prolonging Diaz' death. Eyewitness accounts state that Diaz appeared to be conscious and in pain during the procedure. See Complaint, ¶42. That plaintiff's interest in avoiding execution under such a flawed and unconstitutional procedure is "significant" is beyond doubt; that it is legally protectable was recently upheld by the United States Supreme Court in Hill v. McDonough, in which the Court held that plaintiff could bring a separate action to challenge the legality of the lethal injection protocol. See 126 S. Ct. 2096, 2102 (2006).

Battle also clearly meets the practical test of "involving as many apparently concerned persons as is compatible with efficiency and due process." See Nuesse, 385 F.2d at 700. As a practical matter, allowing another plaintiff into the Roane litigation is a far more efficient use of the court's resources than having to schedule and manage an entirely separate litigation, especially since Battle is bringing the exact same claims as the Roane plaintiffs. See Proposed Battle Complaint, filed herewith as Attachment 4. Intervention is also efficient because under the Case Management Schedule set forth by this Court in its Order of December 6, 2006, discovery has only just begun in this case, and since Battle is bringing the same claims as the Roane plaintiffs he will require the same discovery. Consequently, permitting intervention now would be the most efficient way of bringing all interested parties before the court at the same

time.  Because Battle has a strong interest in the subject matter of the case he meets the second

element for intervention as of right.  See Mova, 140 F.3d at 1074.

      3.       Disposition of the action would impede Battle's ability to protect himself

The test of whether disposition of the action will impede or impair the applicant's ability

to protect his interest is a practical one, rather than a formalistic legal one. See Charles Alan

Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1908 (2d ed.

1986).  In fact, Rule 24(a) was amended in 1966 to "repudiate the view. . . that intervention must

be limited to those who would be legally bound as a matter of res judicata." *Id.*  In Neusse the

D.C. Circuit Court expressed a similar view:

> Prior to the 1966 amendment of Rule 24, the Commissioner would
> probably not have been entitled to intervene in this action, for the
> pre-amendment Rule required that the applicant might be 'bound'
> by the judgment in the pending action and the prevailing weight of
> authority interpreted this test to mean bound in the res judicata
> sense. . . . The Rule now specifies only that the 'disposition of the
> action may as a practical matter impair or impede his ability to
> protect' the applicant's interest. This alteration is obviously
> designed to liberalize the right to intervene in federal actions.

Neusse, 385 F.2d at 701. The court determined that in some cases, *stare decisis* principles are

sufficient to provide the impairment required for intervention as of right and that while a party

seeking intervention might not be legally bound by the resolution of the case, he might

nevertheless be negatively impacted by the precedential value afforded the case by other courts.

Id. at 702.

If Battle's motion for intervention is denied, and Battle is forced to bring his own parallel

action, he could be negatively impacted by the resolution of the present case.  Moreover, because

an execution date could be set for Battle at any time, the delay caused by a denial of intervention

would impair and impede Battle's efforts to challenge the lethal injection protocol. Consequently, Battle meets the third element for intervention as of right. See <u>Mova</u>, 140 F.3d at 1074.

       4.       Battle Will Not be Adequately Represented by the Existing Parties

The burden of showing that the Roane plaintiffs and Webster do not adequately represent Battle is not "onerous" because Battle "need only show that representation of his interest 'may be' inadequate, not that representation will in fact be inadequate." <u>Dimond v. District of Columbia</u>, 792 F.2d 179, 192 (D.C. Cir. 1986). The Supreme Court has similarly held that Rule 24(a) "is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." <u>Trbovich v. United Mine Workers of America</u>, 404 U.S. 528, 538 n.10 (1972). Therefore, "unless it is clear that [the existing plaintiffs] will provide adequate representation for the absentee," intervention of right should be permitted. Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, <u>Federal Practice and Procedure</u> § 1909 (2d ed. 1986). Although Battle seeks to assert the same legal claims as the Roane plaintiffs and Webster, Battle is in a different position because of the individual facts of his case. Because Battle's interests can not be adequately represented by the Roane plaintiffs and Webster, he meets the fourth and final element for intervention as of right. See <u>Mova</u>, 140 F.3d at 1074.

For all of these reasons, Battle meets all four prongs of the *Mova* test and should be granted intervention as a matter of right under Rule 24(a) of the Federal Rules of Civil Procedure. <u>See id.</u> As noted in the motion, counsel for Battle have conferred with counsel for

the Roane plaintiffs, counsel for Webster, and counsel for the defendants, and all parties agree to the intervention.

     B.    <u>Permissive Intervention</u>

In the alternative, Battle asks that the court grant permissive intervention pursuant to Federal Rule of Civil Procedure 24(b). Rule 24(b)(2) sets forth that "[u]pon timely application anyone may be permitted to intervene in an action. . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common." Such permissive intervention is, by definition, in the discretion of the court. <u>See Hodgson</u>, 473 F.2d at 126 n.36. "In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b)(2).

The D.C. Circuit Court of Appeals has held that "[i]n order to litigate a claim on the merits under Rule 24(b)(2), the putative intervenor must ordinarily present: (1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action." <u>E.E.O.C. v. Nat'l Children's Center</u>, 146 F.3d 1042, 1046 (D.C. Cir. 1998). With regards to the instant motion, Battle is asserting an identical cause of action as the existing plaintiffs. Therefore, Battle not only meets the third element set forth by the court in <u>Nat'l Children's Center</u>, but also obviates the first element, the need for an independent ground for subject matter jurisdiction. As is made clear in <u>Nat'l Children's Center</u>, the requirement for an independent jurisdictional ground addresses the situation of a plaintiff asking the court to address an additional claim on the merits from those asserted in the underlying action. <u>See id</u>. As with intervention of right, the Rule requires that the

motion for intervention be timely. For the reasons discussed in detail above, this court should find that Battle's motion is a timely one.

Moreover, allowing permissive intervention will not "unduly delay or prejudice" the rights of the existing parties. As noted above, discovery has not progressed beyond the very initial stages. Although there is a pending partial motion to dismiss in the underlying case, Battle does not seek to bring any new legal claims to those brought in the existing plaintiffs' amended complaint, and therefore any resolution of the partial motion to dismiss can readily be extended to cover Battle as well as the Roane plaintiffs and Webster. Furthermore, counsel for the Roane plaintiffs, counsel for Webster, and counsel for the defendants have represented that they do not oppose Battle's intervention.

## III. Conclusion

For the above-stated reasons, plaintiff-intervenor Anthony Battle moves this court for intervention in this litigation as of right pursuant to Federal Rule of Civil Procedure 24(a)(2). In the alternative, Anthony Battle respectfully moves that this court in its discretion grant him permissive intervention under Federal Rule of Civil Procedure 24(b)(2).

This 26th day of April, 2007.

Respectfully submitted,


/s/ Joshua C. Toll

Joshua C. Toll
Washington, D. C. Bar No: 463073
King & Spalding LLP
1700 Pennsylvania Avenue, N.W.
Washington, DC 20006
(202) 737-8616
(202) 626-3737 (fax)
jtoll@kslaw.com

Margaret O'Donnell
McNally & O'Donnell, P.S.C.
P.O. Box 1243
513 Capitol Avenue
Frankfort, KY 40602
(502) 227-2142
(502) 227-4669 (fax)
mod@dcr.net

William E. Hoffmann, Jr.
Christopher C. Burris
Latif Oduola-Owoo
Kristen A. Swift
Tomesha L. Faxio
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309
(404) 572-4600
(404) 572-5136 (fax)
bhoffman@kslaw.com
cburris@kslaw.com
loduola-owoo@kslaw.com
kswift@kslaw.com
tfaxio@kslaw.com

Counsel for Plaintiff Anthony Battle

12