IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JAMES H. ROANE, JR., et al., | : | |
| Plaintiffs, | : | |
| v. | : | Case Number: 1:05-cv-2337 |
| ALBERTO GONZALES, et al., | : | |
| Defendants. | : | |

## PLAINTIFFS' MOTION FOR ADDITIONAL DEPOSITIONS

Pursuant to Federal Rules of Civil Procedure Rule 26(b)(2) and Rule 30(a), plaintiffs respectfully move the Court for an order permitting them to take depositions totaling up to one hundred and twenty (120) hours. Plaintiffs do not herein request that any single deposition last more than seven hours, and plaintiffs expect to use the time across a total of approximately twenty-five deponents. In support of this Motion, plaintiffs state as follows:

1. Defendants' discovery responses last month revealed more than 100 persons present at the three federal executions to date combined. (Defendants' chart identifying individuals present at the executions is attached as Exhibit A.) Eighty of these individuals are not identified by name pursuant to the protective order in this case, including every individual but three understood from defendants' very general descriptions of roles to have had any direct participation in the executions. Even excluding those individuals whose participatory role appears to have been related to "communications," there are still thirteen unnamed persons who have been present in the "execution room" or "chemical room" with some sort of official responsibility in one or more of the executions (Protected Persons #1-9, #11-13, #38). There are further six attendees with various "communications" responsibilities (Protected Persons #10,

1

#14-17, #39), twenty-four other "Government Witnesses" or other persons there in an apparently official capacity (#18-37, #40-43), and over fifty additional media or civilian witnesses who presumably observed from different locations.

2. Plaintiffs are "starting from scratch" in understanding the process by which executions are carried out by defendants. The intense secrecy with which defendants guard the executioners and the processes they use puts plaintiffs in a very difficult position in trying to ascertain whom they need to depose in order to obtain the information they are entitled to in this action.

3. For example, defendants have identified eleven unnamed individuals who have worked in the "chemical room" during executions — many of them during all three — at least seven of whom apparently have overlapping roles and responsibilities in connection with preparing the syringes and administering the lethal injections, and four of whom apparently have other sorts of responsibilities. While the "chemical room" is understood to be where the drugs are prepared, drawn into syringes, and injected into the inmate during an execution, plaintiffs have no way of knowing what exactly transpires there or which if any of these unnamed employees will possess information most germane to this action. Indeed, not that this would resolve the issue, but defendants have not produced a single current document that specifies any of the procedures used in the "chemical room" — procedures that are at the core of plaintiffs' claims.

4. Defendants have further identified three responsible individuals present in the execution room by name, twenty-nine unnamed individuals present on-site with some sort of official responsibilities or in a Governmental capacity, and numerous additional named and unnamed media and civilian witnesses to the three executions. While plaintiffs do not expect to

depose every identified witness, certainly a significant number of the participants, along with a reasonable sampling of the non-participant Government and non-Government witnesses to all three executions is quite likely necessary for Plaintiffs to gather detail to which they are entitled about the processes, procedures, and events that form the basis of this lawsuit. Those participating in and witnessing the execution from different vantage-points, and having different official or non-official roles, may have observed different things or otherwise have different perspectives on the events.

5. Plaintiffs are prepared to begin depositions immediately. Indeed, depositions were slated to begin on April 30, but were postponed by mutual agreement because of this issue of deposition number and defendants' objection to videotaping the depositions, as well as some logistical issues concerning the ability of defendants to produce at the depositions the equipment actually used by the prospective deponents in executions. Before commencing depositions, however, plaintiffs require the increase requested herein so that they can plan depositions with assurances of being able to depose a reasonable breadth of witnesses, and so they have sufficient flexibility to go forward with depositions of unnamed deponents with unclear roles and responsibilities, despite simply not knowing exactly how much information any of these individuals may provide.

6. Plaintiffs propose that they be allowed one hundred and twenty (120) total hours of deposition time. They do not ask herein that any single deposition last more than seven hours, and plaintiffs expect to use the time across a total number of approximately twenty-five deponents.[1] Plaintiffs submit that their request balances a reasonable limit (the equivalent of about seventeen deposition days), with sufficient protections against potential prejudice in the

---

[1] Defendants originally suggested a limit calculated in hours, rather than sheer number of depositions. Plaintiffs believe that an hour limit would allow discovery to proceed most efficiently, by accounting for witnesses whose depositions might be relatively short.

3

event a particular participant or non-participant witness turns out to have little or no information of the sort germane to this action.

WHEREFORE, the plaintiffs respectfully request that the Court grant plaintiffs' motion, and issue an order permitting plaintiffs up to one-hundred and twenty (120) total hours of deposition time.

Respectfully submitted,

/s/ Paul F. Enzinna
PAUL F. ENZINNA (D.C. Bar No. 421819)
TIMOTHY LOPER
RACHEL McKENZIE
Baker Botts LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004-2400
(202) 639-7752
Fax: (202) 639-7980

*Counsel for Plaintiff James H. Roane, Jr.*

/s/ Charles A. Zdebski
CHARLES A. ZDEBSKI (D.C. Bar No. 451075)
Troutman Sanders LLP
401 9th Street, NW
Suite 1000
Washington, D.C. 20004-2134
(202) 274-2909

STEPHEN A. NORTHUP (D.C. Bar. No. 54587)
Troutman Sanders LLP
1001 Haxall Point
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1240

FREDERICK R. GERSON
Robinson & Gerson, P.C.

7102 Three Chopt Road
Richmond, Virginia 23226

*Counsel for Plaintiff Richard Tipton*


/s/ Charles A. Zdebski
CHARLES A. ZDEBSKI (D.C. Bar No. 451075)
Troutman Sanders LLP
401 9th Street, NW
Suite 1000
Washington, D.C. 20004-2134
(202) 274-2909

BARBARA HARTUNG
700 E. Main Street
Suite 1600
Richmond, Virginia 23219

EDWARD E. SCHER
Thorsen & Scher, LLP
3810 Augusta Avenue
Richmond, VA 23230

*Counsel for Plaintiff Cory Johnson*


/s/ William E. Lawler III
WILLIAM E. LAWLER III (D.C. Bar No.398951)
GRAHAM E. EDDY (D.C. Bar No. 495794)
Vinson & Elkins LLP
1455 Pennsylvania Avenue, NW
Suite 600
Washington, DC 20004-1008
(202) 639-6676

*Counsel for Plaintiff Bruce Webster*

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES H. ROANE, JR., et al., : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Case Number: 1:05-cv-2337 |
| : | |
| ALBERTO GONZALES, et al., : | |
| : | |
| Defendants. : | |

## ORDER

The Court having considered Plaintiffs' Motion for Additional Depositions and Deposition Time, it is hereby

**ORDERED**

1. That the Motion is GRANTED; and

2. That Plaintiffs shall be allowed one hundred and twenty (120) total hours of deposition time.

_____
Deborah A. Robinson
United States Magistrate Judge