UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

JAMES H. ROANE, JR., <u>et</u> <u>al.</u>,            )
                                                              )
              Plaintiffs,                                )
      v.                                                     )  Case No. 1:05-CV-2337 (RWR)
                                                              )
ALBERTO GONZALES, <u>et</u> <u>al.</u>,              )
              Defendants.                              )
_____  )

<u>UNOPPOSED MOTION TO INTERVENE AS PLAINTIFF</u>

# EXHIBIT A

# Informal Appeal

*First Leg   BP-8*

Attachment 1
Page 2 (front)
THA-1330.13B

## U. S. PENITENTIARY/FEDERAL PRISON CAMP

### Terre Haute, Indiana

### INFORMAL RESOLUTION FORM

Bureau of Prisons Program Statement 1330.13, Administrative Remedy Procedure for Inmates, states "Inmates shall informally present their complaints to staff, and staff attempt to informally resolve any issue before an inmate files a request for Administrative Remedy."

In keeping with the spirit and intent of Bureau of Prisons Program Statement 1330.13, the following form shall be utilized by staff in attempting to informally resolve an inmate's complaint.

### ONLY ONE (1) COMPLAINT SHALL BE PLACED ON EACH FORM

INMATE'S NAME: __ORLANDO HALL__ REG. NO.: __26176077__ UNIT: __SCU__

DATE/TIME COMPLAINT RECEIVED FROM INMATE: __6-29-2006__

NATURE OF COMPLAINT: THIS seeks remedy for the intimate future pain and suffering I will be subject and proscribed under the eight amendment during my exection the immediate future. I,m also requesting all information about the governments lethal injection protocol. The pain and suffering includes the administering of three drugs. I seek remdy to the chemical injection (next P

ACTION TAKEN TO INFORMALLY RESOLVE COMPLAINT: The method of execution for Federal offenders is outlined in 28 CFR, which states "By intravenous injection of a lethal substance or substances in a quantity sufficient to cause death, such substance or substances to be determined by the Director of the B.O.P. & to be administered by qualified person selected by the Warden & acting at the direction of the Marshal.

THE APPLICABLE PROGRAM STATEMENT USED IN THIS INFORMAL RESOLUTION ATTEMPT: 28 CFR §26.3) The Bureau of Prisons does not use the cut down method you refered too!

INFORMAL RESOLUTION WAS ACCOMPLISHED: _____ DATE _____

INMATE'S SIGNATURE: _____
SIGNATURE INDICATES INMATE'S ACCEPTANCE OF RESOLUTION



Orlando c.hall #26176-077
BP-8 Continued

JUNE29-2006
Execution Protocol 7
Proscrition

-- sequence being done without a licensed anesthesiologist in good standing.
The first drug injected sodium pentothal would not be sufficient anesthetic
to render me painless.If not administered properly by a licensed anesthesiologi
-t will cause extreme burning and pain. Although the administration of the
second drug "and thrid drug's "Pancuronium Bromide" and Potassium Chloride
should prohit any communication of this suffering there is an ensuing risk +
that I could remain conscious and suffer sever pain as the "Pancuronium
paralyze my lungs and body. The "Potassium Cholride" willecause muscle cramping
and the alleged procedure could cause severe pain and there by violate the
EIGHT AMENDMENTS prohibition of cruel and unusual punishment. The"CUT DOWN"
procedure is another excution protocol I seek remedy. The "CUT DOWN PROCEDURE"
constitues cruel and unusual punishment contravening the eight Amendment.

RESOLUTION:

    This leg of the administrative process seeks both the drug regime that
will be ad ministered and the protocol of administration, as wellas the full
promulgation of the cut procedure, and/or any other protocol used during my
execution.

Thank you for your attention is these very important matters....

                                        End of extra page of BP-8

Attachment
Page 2.   *BP-9*

REQUEST FOR AMINISTRATIVE REMEDY:


That the BOP has authorized the Warden under the law to simply pick
whom ever he deem qualified . If the understand this correctly this
said person does not have to be a licensed anesthesiologist. Mr.Ryherd
needed to come forward with the regime of drugs to be administered and
the procedures and the processing of those drugs.

    Further, Mr. Ryherd claims that the BOP does not introduce the letal
drug regime through a :CUT DOWN PROCEDURE" when a vain can not be found.
I feel his claim is not compelling through the undisputed facts that the
last three and only executions the federal government had done were
"all Done" through use of the cut down procedures, as described in the
BP-8. The BP-8 sought the promulgated policy setting forth the administering
/method for the drug regime and Mr.Ryherd failed to remedy any of my BP_*
issues. This leg of the adinmistrative process seeks the same.


JULY 10th 2006                              *Orlando C Hall*
───────────────                      ────────────────────────
      DATE                            SIGNATURE OF REQUESTER

Attachment 1
Page 2 (back)
THA-1330.13B

SECTION III.  (UNIT TEAM REVIEW)

INFORMAL RESOLUTION WAS NOT ACCOMPLISHED:  (✓) CHECK BOX

EXPLANATION FOR NON-RESOLUTION:  TO BE COMPLETED BY COUNSELOR

_Inmate is not satisfied w/ attempts @_
_resolution_

EXTENSION GRANTED ON: _____

EXTENSION GRANTED BY: _____
                                    NAME AND TITLE

CORRECTIONAL COUNSELOR'S SIGNATURE: _____ DATE: 7-17-0

UNIT MANAGER'S COMMENTS, ASSISTANCE, AND REVIEW: _Concur_

UNIT MANAGER'S SIGNATURE: _____ DATE: 7-17-06

DATE ADMINISTRATIVE REMEDY ISSUED: _____ 7-10-06

DATE ADMINISTRATIVE REMEDY RECEIVED BACK FROM INMATE: 7-17-06

IS DTRIBUTION:

1.     IF COMPLAINT IS INFORMALLY RESOLVED BEFORE BEING RECEIPTED,
CORRECTIONAL COUNSELORS SHALL MAINTAIN INFORMAL RESOLUTION FORM FOR
FUTURE REFERENCE.

2.     IF COMPLAINT IS NOT INFORMALLY RESOLVED, FORWARD ORIGINAL
INFORMAL RESOLUTION FORM, ATTACHED TO ADMINISTRATIVE REMEDY, TO

# **Warden Appeal**

U.S. DEPARTMENT OF JUSTICE         REQUEST FOR ADMINISTRATIVE REMEDY
Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Hall, Orlando     26176-077     5th     USP/Terre Haute

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A – INMATE REQUEST.** On June 6th, 2006 I filed a Informal Resolution seeking redress for the regime of drugs administered during executions proscribed under the 8th Amendment because of significant pain and suffering inflicted in the combination and dose that are given. I seek remedy to the chemical injection sentence being done without a licensed anesthesiologist in good standing. The first drug "PENTOTHAL" if not done by a licensed anesthesiologist in good standing could lead to not enough anesthesic to render me painless. I continue to seek the Protocol to how the warden select who is deemed qualified. Because I may have an execution in the very near future I may standing I bring to bring this administrative remedy seeking redress for the foreseeable pain and suffering I will be subject to. The Informal Resolution is attached hereto, and the following reasons the response given by the applicable administrative personel does not satisfy resolution sought through the system individually: ... If my appeal I requested the applicable policy defining the procedure and drugs used during the execution in which ... is altered under said procedure. And the administering of the drug regime causes proscribed pain and suffering under the Eighth Amendment. Mr. Rykerd simply side stepped this issue... (CONTINUED ON PG. 2)

7-18-2006    DATE            SIGNATURE OF REQUESTER

**Part B – RESPONSE**

RECEIVED
JUL 2 1 2006
USP TERRE HAUTE

See Attachment

8-4-06    DATE           WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE        CASE NUMBER: 420178-F1

          CASE NUMBER: _____

**Part C – RECEIPT**

Return to: _____
   LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

REMEDY #420713-F1

## PART B - RESPONSE

This is response to your administrative remedy receipted on July 21, 2006 wherein you state you will be subjected to cruel and unusual punishment during your execution based upon the drugs which will be administered. You also seek all information about the government lethal injection protocol.

The method of execution utilized by the Bureau of Prisons is set forth in 28 CFR 26.1, *et seq.*, and is implemented by appropriately trained and qualified personnel in a manner that minimizes the risk of unnecessary pain and suffering.

The Bureau of Prisons has previously disclosed that the chemicals utilized by the federal government for executions are quantities of Sodium Pentothal, Pancuronium Bromide and Potassium Chloride.   As you were advised by staff in your informal resolution, the Bureau of Prisons has not utilized in the previous federal executions by lethal injection the "venous cut-down" procedure as that procedure has been defined in recent federal court cases.

Your request for all information about the government lethal injection protocol is construed as a request for documents. Pursuant to 28 C.F.R. 513.60, a request for Bureau records must be made in writing and addressed to the Director, Federal Bureau of Prisons, 320 First Street N.W., Washington, D.C. 20534.

Accordingly, this response to your Request for Administrative Remedy is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Regional Director, Federal Bureau of Prisons, Gateway Complex, Tower II, 8th Floor, 4th & State Avenue, Kansas City, Kansas 66101.  Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.

_____
Date

_____
Mark A. Bezy, Warden

# <u>Regional Administrative Remedy Appeal</u>

ORLANDO CORDIA HALL, 26176-077
TERRE HAUTE USP    UNT: SCU    QTR: X02-312L
4700 BUREAU ROAD SOUTH
TERRE HAUTE,  IN 47802

Issued # 8-8-0C
Rem # 420713-F1
B Bu, canela

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: __Hall, Orlando C._____  __26176-077___  __SCU___  __Terre Haute-U.S.P__
    LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL** :June 29th 2006 I sought redress through the informal resolution in regards with the pain and suffering that would be experience during my imminent EXECUTION proscribed under tenets of the Eight Amendment. That B-p-8 is attached and incorporated here in. The , In the aforesaid BP-8 I specifically named the concoction of drugs to be administered during my EXECUTION, Although I did not delinerate how those drugs would be administered nor in what specific quanaties, However, I did clarify the source of the painful procedural which is well documented through medical expirical studies constituting cruel and unusual punishment. Further' I sought redress for the "Venous cut down" procedure that is putative in the government style executions. I have been informed that this procedure was utilized in all three of the past EXECUTIONS proformed by the government The response, inter alia, was that, the BOP administers the Execution in accords with the relevant "CFP" and part and the designated drugs are administered in-travenenously. Lastly' it was claimed that the cut down procedure is not used to introduce these poisons. Warden Bezy response implies that the BOP does us the cut down procedure, just that is has not been utilized as of yet. It's my understanding that if a vain can not be found the CUT DOWN PROCEDURE would be utilized.

_____    _____
DATE    SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____    _____
DATE    REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE    CASE NUMBER: _____

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
    LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

_____    _____
DATE    SIGNATURE, RECIPIENT OF REGIONAL APPEAL

PRINTED ON RECYCLED PAPER    BP-230(13)
USP LVN    JUNE 2002

**U.S. Department of Justice**
**Federal Bureau of Prisons**                                **Regional Administrative Remedy Appeal**
**North Central Regional Office**                                        **Part B - Response**

=====================================================================

**Administrative Remedy ID Number:** 420713-R1

=====================================================================

This is in response to your Regional Administrative Remedy Appeal received on August 21, 2006. Specifically, you state you will be subjected to cruel and unusual punishment during your execution based upon the drugs which will be administered. You also seek information about the Government's lethal injection protocol and the alleged lack of medical staff involvement.

The method of execution utilized by the Bureau of Prisons (BOP) is set forth in 28 C.F.R. § 26.1, *et seq.*, and is implemented by appropriately trained and qualified personnel in a manner that minimizes the risk of unnecessary pain and suffering.

The BOP has previously disclosed the chemicals utilized for executions which are quantities of Sodium Pentothal, Pancuronium Bromide, and Potassium Chloride. As you were advised by staff in your Informal Resolution (BP-8), the BOP has not utilized in previous Federal executions by lethal injection, the "venous cut down" procedure, as that procedure has been defined in recent Federal court cases.

Your request for information pertaining to the Government's lethal injection protocol is construed as a request for documents. To obtain documents maintained by the BOP, you may file a Freedom of Information Act (FOIA) request to Federal Bureau of Prisons, FOIA/PA Section, 320 First Street, N.W., Washington, D.C. 20534. Your request and the envelope should be clearly marked "FOIA/PA Request."

Based on the above information, this response is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, D.C. 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

_9-11-06_                         _____
Date                              Michael K. Nalley, Regional Director

# Central Office Administrative Remedy Appeal

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: _____ Hall, ORLANDO C. _____ 26176-077 _____ SCU _____ TERRE HAUTE/USP
      LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A—REASON FOR APPEAL** After seeking redress through all administrative channels absent that of this level of redress including the BP-8, BP-9, and BP -10 which are hereto attached and incorporated herein I know seek resolve through this BP-11 The Regional director in his SEPTEMBER 11th, 2006 response claims inter alia, that the chemicals utilized by the Federal Government for executions, which are Sodium Pentothal, Pancuronium Bromide, and Potassium Chloride are humane and not prescibed by the Eight Amendment as found under channel by other death row prisoners similarly situated in different states by numerous Federal and State Courts, Namely the 9th and 8th cir. In these circuit,s the death penalty or I should say all executions has been been stopped until the issue of qualified personnel been resolved . The Regional Director side stepp the issue by stating as fact that "appropriately trained and trained  and qualified personnel in a manner that minimized the risk of unnecessary pain and suffering". Although Mr.Nalley failed to consider that these drugs as you used and allegedly found humane have been outlawed and proscribed as cruel for killing livestock. Further Mr.Nalley contains that the"Venous cut-down" procedure is not used during Federal execution. I seek promulagted documentation in regards to this matter and all other's  to ensure that such will not be utilized in the future as in the past.

10-1-06
  DATE                                       SIGNATURE OF REQUESTER

**Part B—RESPONSE**



Administrative Remedy Section

_____
DATE

ORIGINAL: RETURN TO INMATE

**Part C—RECEIPT**

GENERAL COUNSEL

CASE NUMBER: _420713-A1_

CASE NUMBER: _____

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

_____
DATE                         SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN                  Previously BP-DIR-11                       BP-231(13)

Hall Orlando C. #26176-077
8-15,2006

BP-10
Cruel &Unusual/Executic

Continued: I timely filed an apple to these contentions and that BP-9 is also
attached and incorporated there in. The warden evades the issues numerated in
my BP-9 and insteads seeks solace through ostracism holding and word play.He
wish for me to believe that the "venous cut down procedure" is not an option
for the government when in fact it is porviding a vain can not be found. Further
more, Warden Bezy attemps to side step the issue of having a licensed
Anesthesiologist in good standing. I'm lift wondering what "qualified personnel"
means. Many Federal counts today is are authorizing that a person adminstering
the drugs be qualified in that medical field in oder order to administer the
right amount of SODIUM PENTOTHAL to minimize the risk of unnessary pain and
suffering.

In both remedies sought the response was not legitimate in response to the
claims presented BUT"only for information purposes" what does that mean? The
BP-10 follows in redress of the Wardens Evasive response to the issues presented
in both the BP-8 and BP-9.

CUT DOWN PROCEDURE:
The cut down procedure which has been utilized through each of the BOP execution
constitutes cruel and unusal punishment. This claim of cruel and unual punishmen
through the cut down procedure does not call into question the validity of the
government's right under law to carry out the sentence of death. The claim made
here is that the cut down procedure is gratuitous and unnecessarily adruous mean
among alternatives. If the government cannot come forward with some legitimate
reason for using this procedure and show why it choose to do so in the past.
It is totally needless and done solely with the purpose to cause pain ans suffer
-ing./  I sek puurious assurances that it will not be done tenuous, because the
the cut down process is done with in a short time of the execution itself and
is out of the sight of any witnesses and attorneys, as I understand was the
case in the last three executions.

CONCOCTION OF DRUGS CONSTIT CRUEL AND UNUSUAL PUNISHMENT:
As perspiciously saated in the BP-8 the concotion of drugs and administraion
of the same constitues cruel and unusal punishment. Neither the response
desputes these claims. In fact the wardens response actually validates such
through omissions. Again I am not challenging the
government right to carry out executions, my challenge is to the concoction
of drugs and their administration by way of a licensed anesthesiologist for
with out through dosage which has been found through well documents studies to
cause pain and anguish during execution. This pain and suffering is proscribed
under the tenets of the Eight Amendment.

Reslution:  To be provided through affidavit by applicable authorithy that the
cut down procedure will not be used during my axecution and secondly to be
provided with the concoction of drugs to be administered and the dosage. Lastly
I seek the protocol of what is deemed "appoopriatly trained personnel". Does
this said person has a medical background?

                              Thank you for your attention to these
                              matters.

                     END OF EXTRA PAGE BP-10

**Administrative Remedy No. 420713-A1**
**Part B - Response**

This is in response to your Central Office Administrative Remedy
Appeal in which you claim the drugs used for federal executions
have been outlawed, proscribed as cruel for killing livestock,
and cause pain and suffering, in violation of the Eighth
Amendment.  You request all information about the Government's
lethal injection protocol.

In accordance with Title 28, Code of Federal Regulations, Section
26.3, a sentence of death in a federal case shall be implemented
by intravenous injection of a lethal substance or substances in a
quantity sufficient to cause death.  The drugs used in the
execution process are, in order of their use, sodium pentothal,
which causes unconsciousness, pancuronium bromide (pavulon), a
muscle relaxer that stops respiration, and potassium chloride,
which stops the heart.  The lethal injection procedures
prescribed by the Execution Protocol are administered in a humane
manner by appropriately trained and qualified personnel.
Therefore, the method of execution currently used by the Bureau
of Prisons is in accordance with 28 C.F.R. § 26.3.

You have been appropriately advised to submit a Freedom of
Information Act/Privacy Act (FOIA/PA) request for the information
sought regarding the Government's lethal injection protocol, in
accordance with Program Statement 1351.05, <u>Release of
Information</u>.  The information you request is not releasable
through local access procedures.  Your request should be
forwarded to the Bureau of Prisons' Freedom of Information Act
(FOIA) Office at 320 First Street, N.W., Washington, D.C. 20534.
Both the face of the letter and envelope should be clearly marked
"Freedom of Information Act Request."

This response is provided for informational purposes only.

_November 8, 2006_
Date

Harrell Watts, Administrator
National Inmate Appeals

```
ORLANDO CORDIA HALL, 26176-077
TERRE HAUTE USP    UNT: SCU    QTR: X02-313L
4700 BUREAU ROAD SOUTH
TERRE HAUTE,  IN 47802
```

DELIVERED NOV 2 9 2006

*[signature]*

Counselor