## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JAMES H. ROANE, JR., et al.,       :
       :
    Plaintiffs,       :
       :
    v.       :      Case Number:  1:05-cv-2337
       :
ALBERTO GONZALES, et al.,       :
       :
    Defendants.       :

## PLAINTIFFS' MOTION TO EXTEND
## DEADLINES FOR DISCOVERY AND DISPOSITIVE MOTIONS

Plaintiffs respectfully request that the Court enter an Order extending the deadlines currently in place under the Scheduling Order entered on December 6, 2006, for plaintiffs' expert witness designations, defendants' expert witness designations, closure of all discovery, and dispositive motions. In support of this Motion, the plaintiffs state as follows:

1.      This case asks whether lethal injection, as administered by the defendants, comports with the Eighth Amendment's ban on cruel and unusual punishment. Plaintiffs also claim that in promulgating the Lethal Injection Protocols, the defendants violated the Administrative Procedure Act. Central factual issues in this case include (a) the process by which lethal injection is actually administered by defendants; (b) whether the persons administering lethal injection on defendants' behalf ("Execution Personnel") are adequately trained and qualified to do so; and (c) the process by which the Lethal Injection Protocols were promulgated.

2.      Given the nature of the factual disputes in this case, a significant portion of plaintiffs' discovery is necessarily focused on the Execution Personnel, their training and qualifications, the process they employ in carrying out lethal injections, and the process by which

1

the Lethal Injection Protocols were promulgated. Plaintiffs' initial discovery requests—served December 8, 2006—sought the identities of the Execution Personnel, including information necessary to conduct background investigations concerning the training and qualifications of the Execution Personnel.

3.    When defendants raised concerns that revealing the identities of Execution Personnel, or background information concerning them, could implicate security issues, the parties attempted to negotiate a protective order. However, the parties were unable to resolve their disagreement on this issue without intervention by the Court. It was only at the February 21, 2007, hearing before the Court that a compromise was achieved that allowed defendants to provide plaintiffs with limited background information concerning the Execution Personnel on March 5, 2007, approximately two months behind the timeline contemplated by the Scheduling Order. Defendants' initial response identified well over 100 witnesses to federal lethal injection executions, including more than two dozen Execution Personnel described as having participated directly in the lethal injection process and/or in promulgating the Lethal Injection Protocols. However, defendants' initial response to plaintiffs' discovery requests failed to identify the Execution Personnel, or to provide any background information about them.

4.    Plaintiffs continued to seek background information concerning the Execution Personnel, and the parties were not able to resolve fully their disagreement in this regard. After briefing the issues and following a March 22, 2007, hearing, the parties agreed to a modified Protective Order pursuant to which the defendants agreed to provide certain background information concerning the Execution Personnel, in two stages, on April 6, 2007, and April 20,

2007.  Defendants did, in fact, provide plaintiffs with some background information on those dates.[1]

6.      Because of the number of Execution Personnel and other witnesses identified by defendants, the 10 depositions presumptively authorized by Rule 30 would be insufficient to permit plaintiffs to obtain the discovery necessary to litigate their claims effectively.  Plaintiffs therefore sought to negotiate an agreement with defendants, pursuant to which plaintiffs would be afforded additional deposition time.  However, the parties were unable to reach an agreement on this issue.

7.      Because a significant portion of the individuals whom plaintiffs seek to depose are Execution Personnel, and to allow for adequate preparation, plaintiffs could not begin taking depositions until after April 20, 2007, when they received the results of the background checks performed by defendants.  After plaintiffs received that information, depositions of Protected Persons 5-7 were scheduled to begin on April 30, 2007.  However, those depositions were canceled when the parties were unable to agree on (a) the total number of depositions plaintiffs would be allowed to take; (b) whether the depositions would be videotaped; and (c) a resolution of some logistical issues concerning the ability of defendants to produce at the depositions the equipment actually used by the prospective deponents in executions.  The parties intend to take up these issues with the Court at a status hearing scheduled for May 2, 2007.

8.      Due to the sheer number of witnesses, the delay in the start of the discovery process, and the concomitant inability to begin taking depositions, the deadlines currently in place under the Scheduling Order do not afford plaintiffs a reasonable opportunity to engage in

---

[1] Under the terms of the Protective Order, plaintiffs have reserved the right to move the Court for an order requiring defendants to provide additional information on any member of the Execution Personnel.

necessary discovery. Plaintiffs are seeking an extension of the relevant deadlines for the limited purposes of taking depositions and engaging in expert discovery. Plaintiffs are not seeking an extension of the relevant deadlines for the purpose of serving additional written discovery requests under Rules 33, 34, and 36 of the Federal Rules of Civil Procedure.[2] Plaintiffs propose the following schedule:

| | |
|---|---|
| Deadline for Serving Discovery Requests under Rules 33, 34, and 36 | May 7, 2007 |
| Fact Discovery Closed | September 1, 2007 |
| Plaintiffs' Expert Designations | October 1, 2007 |
| Defendants' Expert Designations | November 1, 2007 |
| Expert Discovery Closed | November 30, 2007 |
| Dispositive Motions | January 7, 2008 |

9.    The parties have consulted, but were unable to reach an agreement, with respect to the relief requested herein.

10.    This Motion is not made for purposes of delay, but so that the parties may continue the orderly preparation of the case.

WHEREFORE, plaintiffs respectfully request that the Court revise the Scheduling Order and adopt the deadlines proposed above.

Respectfully submitted,

/s/ Paul F. Enzinna
PAUL F. ENZINNA (D.C. Bar No. 421819)
TIMOTHY LOPER
RACHEL McKENZIE
Baker Botts LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004-2400

---

[2] Plaintiffs would, however, reserve the right to ask for additional written discovery if new information came to light during depositions necessitating such a request.

(202) 639-7752
Fax:  (202) 639-7980

*Counsel for Plaintiff James H. Roane, Jr.*


/s/ Charles A. Zdebski
CHARLES A. ZDEBSKI  (D.C. Bar No. 451075)
Troutman Sanders LLP
401 9th Street, NW
Suite 1000
Washington, D.C. 20004-2134
(202) 274-2909

STEPHEN A. NORTHUP (D.C. Bar. No. 54587)
Troutman Sanders LLP
1001 Haxall Point
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1240

FREDERICK R. GERSON
Robinson & Gerson, P.C.
7102 Three Chopt Road
Richmond, Virginia  23226

*Counsel for Plaintiff Richard Tipton*


/s/ Charles A. Zdebski
CHARLES A. ZDEBSKI  (D.C. Bar No. 451075)
Troutman Sanders LLP
401 9th Street, NW
Suite 1000
Washington, D.C. 20004-2134
(202) 274-2909

BARBARA HARTUNG
700 E. Main Street
Suite 1600
Richmond, Virginia 23219

EDWARD E. SCHER
Thorsen & Scher, LLP
3810 Augusta Avenue
Richmond, VA  23230

*Counsel for Plaintiff Cory Johnson*

/s/ William E. Lawler III
WILLIAM E. LAWLER III (D.C. Bar No.398951)
GRAHAM E. EDDY (D.C. Bar No. 495794)
Vinson & Elkins LLP
1455 Pennsylvania Avenue, NW
Suite 600
Washington, DC 20004-1008
(202) 639-6676

*Counsel for Plaintiff Bruce Webster*

6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JAMES H. ROANE, JR., et al.,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| v. | : | **Case Number:  1:05-cv-2337** |
| | : | |
| **ALBERTO GONZALES, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## ORDER

The Court having considered Plaintiffs' Motion to Extend Deadlines for Discovery and

Dispositive Motions, it is hereby

**ORDERED**

1.    That the Motion is GRANTED; and

2.    That the deadlines included in the Scheduling Order entered on December 6, 2006, are revised as follows:

| | |
|---|---|
| Deadline for Serving Discovery Requests under Rules 33, 34, and 36 | May 7, 2007 |
| Fact Discovery Closed | September 1, 2007 |
| Plaintiffs' Expert Designations | October 1, 2007 |
| Defendants' Expert Designations | November 1, 2007 |
| Expert Discovery Closed | November 30, 2007 |
| Dispositive Motions | January 7, 2008 |

_____
Deborah A. Robinson
United States Magistrate Judge