IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JAMES H. ROANE, JR., et al.,** : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Case Number: 1:05-cv-2337 |
| : | |
| **ALBERTO GONZALES, et al.,** : | |
| : | |
| **Defendants.** : | |

**PLAINTIFFS' AMENDED MOTION TO EXTEND
DEADLINES FOR DISCOVERY AND DISPOSITIVE MOTIONS**

Plaintiffs respectfully file this Amended Motion to Extend Deadlines for Discovery and Dispositive Motions (the "Amended Motion"), which modifies and relates back to Plaintiffs' Motion to Extend Deadlines for Discovery and Dispositive Motions (Docket # 41) filed on May 1, 2007.

Plaintiffs respectfully request that the Court enter an Order extending the deadlines currently in place under the Scheduling Order entered on December 6, 2006, for Plaintiffs' expert witness designations, Defendants' expert witness designations, closure of all discovery, and dispositive motions. In support of this Amended Motion, the Plaintiffs state as follows:

1.  This case asks whether lethal injection, as administered by the Defendants, comports with the Eighth Amendment's ban on cruel and unusual punishment. Plaintiffs also claim that in promulgating the Lethal Injection Protocols, the Defendants violated the Administrative Procedure Act. Central factual issues in this case include (a) the process by which lethal injection is actually administered by Defendants; (b) whether the persons administering lethal injection on Defendants' behalf ("Execution Personnel") are adequately

1

trained and qualified to do so; and (c) the process by which the Lethal Injection Protocols were promulgated.

2. Given the nature of the factual disputes in this case, a significant portion of Plaintiffs' discovery is necessarily focused on the Execution Personnel, their training and qualifications, the process they employ in carrying out lethal injections, and the process by which the Lethal Injection Protocols were promulgated. Plaintiffs' initial discovery requests—served December 8, 2006—sought the identities of the Execution Personnel, including information necessary to conduct background investigations concerning the training and qualifications of the Execution Personnel.

3. When Defendants raised concerns that revealing the identities of Execution Personnel, or background information concerning them, could implicate security issues, the parties attempted to negotiate a protective order. However, the parties were unable to resolve their disagreement on this issue without intervention by the Court. It was only at the February 21, 2007, hearing before Magistrate Judge Robinson that a compromise was achieved that allowed Defendants to provide Plaintiffs with limited background information concerning the Execution Personnel on March 5, 2007, approximately two months behind the timeline contemplated by the Scheduling Order. Defendants' initial response identified well over 100 witnesses to federal lethal injection executions, including more than two dozen Execution Personnel described as having participated directly in the lethal injection process and/or in promulgating the Lethal Injection Protocols. However, Defendants' initial response to Plaintiffs' discovery requests failed to identify the Execution Personnel, or to provide any background information about them.

4.      Plaintiffs continued to seek background information concerning the Execution Personnel, and the parties were not able to resolve fully their disagreement in this regard. After briefing the issues and following a March 22, 2007, hearing, the parties agreed to a modified Protective Order pursuant to which the Defendants agreed to provide certain background information concerning the Execution Personnel, in two stages, on April 6, 2007, and April 20, 2007.  Defendants provided Plaintiffs with some limited background information on those dates.[1]

5.      Because of the number of Execution Personnel and other witnesses identified by Defendants, as well as the limited information Plaintiffs were provided concerning each, the 10 depositions presumptively authorized by Rule 30 was insufficient to permit Plaintiffs to obtain the discovery necessary to litigate their claims effectively, and would place Plaintiffs in an untenable position of having to discern from very broad descriptions which of the numerous unidentified individuals to depose.  Plaintiffs therefore sought to negotiate an agreement with Defendants, pursuant to which Plaintiffs would be afforded additional deposition time, and be able to go forward with depositions with some assurance that they would not be prejudiced in the event they chose the "wrong" unidentified people to depose.  However, the parties were unable to reach an agreement on this issue.

6.      Because a significant portion of the individuals whom Plaintiffs seek to depose are Execution Personnel, and to allow for adequate preparation, Plaintiffs could not begin taking depositions until after April 20, 2007, when they received the results of the background checks performed by Defendants.  After Plaintiffs received that information, depositions of Protected

---

[1] Under the terms of the Protective Order, Plaintiffs have reserved the right to move the Court for an order requiring defendants to provide additional information on any member of the Execution Personnel.

Persons 5-7 were scheduled to begin on April 30, 2007. However, those depositions were canceled when the parties were unable to agree on (a) the total number of depositions Plaintiffs would be allowed to take; (b) whether the depositions would be videotaped; and (c) a resolution of issues concerning Defendants' willingness to produce at the depositions the equipment actually used by the prospective deponents in executions.

7. The parties addressed these deposition-related issues at a status hearing before Magistrate Judge Robinson on May 2, 2007. At that hearing, Magistrate Judge Robinson ordered that Plaintiffs be given eighty-four (84) total hours of total depositions, with no set limit on how many individuals Plaintiffs can depose. Magistrate Judge Robinson also asked that the parties make every effort to reach a compromise regarding the videotaping of depositions and Plaintiffs' request that Defendants have certain equipment available at the depositions. However, Defendants refused to compromise on these issues, and instead announced their intention to seek a protective order that would prohibit Plaintiffs from videotaping depositions and excuse Defendants from producing certain equipment at the depositions. Magistrate Judge Robinson has ordered that: (1) Defendants shall file a motion for protective order by May 9, 2007; (2) Plaintiffs shall file an opposition to said motion by May 16, 2007; and (3) Defendants' shall reply to Plaintiffs' opposition by May 18, 2007.

8. To protect their right to seek discovery and preserve testimony in a manner explicitly sanctioned by Rule 30 of the Federal Rules of Civil Procedure, Plaintiffs cannot begin taking depositions until the conflicts over videotaping and Defendants' provision of certain equipment have been resolved.[2] In the interest of proceeding as efficiently as possible as soon as

---

[2] Defendants represented to Magistrate Judge Robinson, during the May 2 hearing, that they anticipate taking no depositions other than depositions of Plaintiffs' experts.

4

these issues are resolved, the parties have tentatively scheduled depositions to begin on June 4, 2007.

9. As a result of the foregoing, depositions in this matter will not begin until, at the earliest, three days before the currently-scheduled cutoff for *all* discovery, five weeks after the parties contemplated beginning depositions at the time Plaintiffs filed their original motion to extend the discovery deadline, and six months after discovery was set to begin under the current Scheduling Order.

10. In addition, it has recently come to Plaintiffs' attention that Defendants have not yet produced all documents responsive to Plaintiffs' First Set of Interrogatories and First Set of Requests for Production of Documents, served on December 14, 2006. For example, responsive and germane emails sent and received by Bureau of Prisons personnel were recently made public in connection with the Tennessee Department of Corrections' review of Tennessee's execution protocol. (A sampling of these emails are attached as Exhibit A.) None of these documents, or any similar or related documents, were produced by Defendants in this action. Indeed, *no* emails and little individual correspondence of any sort have been produced to date. Defendants' failure to respond fully to Plaintiffs' discovery requests enhances the need for an extension of the discovery and dispositive motion deadlines because (a) future productions of documents by Defendants may yield the names of additional individuals whom Plaintiffs need to depose and (b) Defendants' failure to produce responsive documents—particularly in light of the dearth of information available about the Execution Personnel and their functions—prevents Plaintiffs from deposing these witnesses efficiently and fairly, and may force some postponements until the production omissions have been rectified.

11. Due to the sheer number of witnesses, the delay in the start of the discovery process, Defendants' failure to produce relevant documents, and the concomitant inability to begin taking depositions, the deadlines currently in place under the Scheduling Order do not afford Plaintiffs a reasonable opportunity to engage in necessary discovery. Plaintiffs are seeking an extension of the relevant deadlines for the limited purposes of taking depositions and engaging in expert discovery. Plaintiffs are not seeking an extension of the relevant deadlines for the purpose of serving additional written discovery requests under Rules 33, 34, and 36 of the Federal Rules of Civil Procedure.[3] Plaintiffs propose the following schedule:

| | |
|---|---|
| Deadline for Serving Discovery Requests under Rules 33, 34, and 36 | May 7, 2007 |
| Fact Discovery Closed | October 15, 2007 |
| Plaintiffs' Expert Designations | November 15, 2007 |
| Defendants' Expert Designations | December 15, 2007 |
| Expert Discovery Closed | January 21, 2008 |
| Dispositive Motions | February 21, 2008 |

12. The parties have consulted, but were unable to reach an agreement, with respect to the relief requested herein.

13. This Amended Motion is not made for purposes of delay, but so that the parties may continue the orderly preparation of the case.

WHEREFORE, Plaintiffs respectfully request that the Court revise the Scheduling Order and adopt the deadlines proposed above.

---

[3] Plaintiffs would, however, reserve the right to ask for additional written discovery if new information came to light during depositions necessitating such a request.

Respectfully submitted,


/s/ Paul F. Enzinna_____
PAUL F. ENZINNA (D.C. Bar No. 421819)
TIMOTHY LOPER
RACHEL McKENZIE
Baker Botts LLP
1299 Pennsylvania Avenue, NW
Washington, DC  20004-2400
(202) 639-7752
Fax:  (202) 639-7980

*Counsel for Plaintiff James H. Roane, Jr.*


/s/ Charles A. Zdebski_____
CHARLES A. ZDEBSKI  (D.C. Bar No. 451075)
Troutman Sanders LLP
401 9th Street, NW
Suite 1000
Washington, D.C. 20004-2134
(202) 274-2909

STEPHEN A. NORTHUP (D.C. Bar. No. 54587)
Troutman Sanders LLP
1001 Haxall Point
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1240

FREDERICK R. GERSON
Robinson & Gerson, P.C.
7102 Three Chopt Road
Richmond, Virginia  23226

*Counsel for Plaintiff Richard Tipton*


/s/ Charles A. Zdebski_____
CHARLES A. ZDEBSKI  (D.C. Bar No. 451075)
Troutman Sanders LLP
401 9th Street, NW
Suite 1000
Washington, D.C. 20004-2134
(202) 274-2909

7

BARBARA HARTUNG
700 E. Main Street
Suite 1600
Richmond, Virginia 23219

EDWARD E. SCHER
Thorsen & Scher, LLP
3810 Augusta Avenue
Richmond, VA  23230

*Counsel for Plaintiff Cory Johnson*


/s/ William E. Lawler III
WILLIAM E. LAWLER III (D.C. Bar No.398951)
GRAHAM E. EDDY (D.C. Bar No. 495794)
Vinson & Elkins LLP
1455 Pennsylvania Avenue, NW
Suite 600
Washington, DC 20004-1008
(202) 639-6676

*Counsel for Plaintiff Bruce Webster*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JAMES H. ROANE, JR., et al.,** | : | |
| **Plaintiffs,** | : | |
| v. | : | Case Number:  1:05-cv-2337 |
| **ALBERTO GONZALES, et al.,** | : | |
| **Defendants.** | : | |

## ORDER

The Court having considered Plaintiffs' Amended Motion to Extend Deadlines for Discovery and Dispositive Motions, it is hereby

**ORDERED**

1. That the Motion is GRANTED; and

2. That the deadlines included in the Scheduling Order entered on December 6, 2006, are revised as follows:

    | | |
    |---|---|
    | Deadline for Serving Discovery Requests under Rules 33, 34, and 36 | May 7, 2007 |
    | Fact Discovery Closed | October 15, 2007 |
    | Plaintiffs' Expert Designations | November 15, 2007 |
    | Defendants' Expert Designations | December 15, 2007 |
    | Expert Discovery Closed | January 21, 2008 |
    | Dispositive Motions | February 21, 2008 |

_____
Richard W. Roberts
United States District Judge