UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES ROANE, JR., <u>et al.</u>, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| BRUCE WEBSTER, ) | |
| ) | |
| Intervenor-Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-2337 (RWR/DAR) |
| ) | |
| ALBERTO GONZALEZ, <u>et al.</u>, ) | |
| ) | |
| Defendants. ) | |

## <u>DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' AMENDED MOTION TO EXTEND THE DISCOVERY SCHEDULE</u>

The Court should deny Plaintiff's amended motion for an extension of the discovery schedule. Document No. 43. The current deadline for all discovery in this case is June 7, 2007. December 6, 2006 Scheduling Order, Document No. 17. Plaintiffs' motion seeks to extend the period for conducting fact discovery to October 15, 2007, and for expert discovery until January 21, 2008. Pl. Mot. at 6.

First, the parties have known about the schedule in this case, and the limitations built into that schedule, since it was issued on December 6, 2007. Document No. 17. Plaintiffs argue that the extension of the schedule is warranted because, <u>inter alia</u>, the parties spent time discussing and ultimately litigating the contours of a confidentiality agreement to govern the case. Pl. Mot. at 2, ¶ 3. However, Plaintiffs seem to have only lately decided what discovery they want to conduct. <u>See</u> Pl. Mot. for Additional Dep., Document No. 37. Plaintiffs first proposed, in an April 9, 2007 e-mail, the taking of eleven specific depositions during the weeks of April 23, 2007

and April 30, 2007, with at least 7 additional depositions to follow.  Certain depositions were scheduled for the week of April 30, 2007, but then did not go forward because, on April 25, 2007, Plaintiffs informed the government that they would videotape the depositions and that they want the government witnesses to demonstrate certain equipment, including the mixing of lethal substances, during the depositions.  Plaintiffs provided the government with less than five business days of notice of these conditions, which was not sufficient for the parties to address these issues in time for depositions beginning on April 30, 2007.[1]  Even now, Plaintiffs have failed to identify all of the individuals who they seek to depose and have not disclosed the ultimate number of depositions they seek to conduct.

Moreover, Plaintiffs could have litigated, or otherwise addressed, the issue of the limitations in the scheduling order, such as the limit on the number of depositions, during the same period that the parties were working out a protective order governing confidentiality in the case: during February, 2007.  Instead, Plaintiffs allowed deadlines, such as their expert disclosure deadline, to pass and now ask the Court simply to restart the discovery period.  According to the Court's scheduling order, all discovery is to close by June 7, 2007.  Plaintiff's expert disclosures

---

[1] The government has serious concerns that the videotaping of depositions in this case will undercut the important public policy, security and privacy interests that supported the entry of the current protective order in this case.  As Defendants' motion for a protective order explained, many of those who have participated in, or will be participating in, Federal executions are Federal Bureau of Prisons correctional officers or employees who could be exposed to danger if their roles in the conduct of Federal executions were revealed.  Moreover, were their names revealed, those involved in executions, or in creating the Execution Protocol, could experience harassment, embarrassment or retaliation against them.  In addition, the provision of equipment and lethal chemicals for demonstration during a deposition is problematic on both practical and legal grounds.  The government is raising those issues in a separate filing directed to the Magistrate Judge handling discovery matters arising in this case.

were due by April 2, 2007. Id. at ¶ 1.[2] Plaintiffs failed to comply with this deadline. Plaintiffs never specifically moved to extend the deadline, but instead have treated expert deadlines in the pending amended motion.

Second, Defendants served their initial disclosures and responses to Plaintiffs' discovery requests on March 5, 2007. See Pl. Mot. at 2, ¶ 3; Document Nos. 28 (Order) and 29 (Status Report Concerning Discovery). Thus, Plaintiffs have had documents and materials related to their claims since at least early March, 2007. Plaintiffs argue that they did not have sufficient information from the Defendants' March 5, 2007 discovery responses to plan their discovery. Pl. Mot. at 2-3. The exhibit to Plaintiffs' motion for additional depositions, Document No. 37, belies Plaintiffs' argument. That document, in a manner consistent with the Protective Order governing the exchange of discovery materials in this case, identifies the chief participants in Federal executions and in the development of the execution protocols. Plaintiffs received that document on or shortly after March 5, 2007, its date of service. Even if it did not set forth the information Plaintiffs claim to have needed, Plaintiffs could have begun depositions with the ten to which they are entitled under the Court's current scheduling order, and later sought an informed extension of the discovery schedule having identified a particular need for additional discovery. Instead, however, Plaintiffs simply waited until now to seek an extension of the Court's deadlines.

---

[2] Defendants served their initial disclosures and responses to Plaintiffs' discovery requests on March 5, 2007. See Document Nos. 28 (Order) and 29 (Status Report Concerning Discovery). Defendants expect to complete the discovery that they will take in this case by June 7, 2007, the current discovery deadline, with the exception of any expert discovery. Since Plaintiffs have not yet served Defendants with expert disclosures, there is no expert report for Defendants to rebut.

Third, Plaintiffs' motion is based upon allowing Plaintiffs time to request and conduct depositions to which the government has, or will, object and which would be burdensome and cumulative. Plaintiffs are hoping that the Court will allow them to conduct what will amount to a fishing expedition. See Migdal v Rowe Price-Fleming International, Inc., 248 F.3d 321, 325(4th Cir. 2001) ("plaintiffs cannot simply promise the court that once they have completed discovery, something will turn up. Rather before they are permitted to proceed to discovery, plaintiffs must have some factual basis for believing that a legal violation has actually occurred."). This requirement serves to prevent costly discovery. See DM Research v. College of Am. Pathologists, 170 F.3d 53, 55 (1st Cir. 1999) (discussing "fishing expedition").

Fourth, Plaintiffs attempt to bootstrap their argument for additional time by claiming that Defendants have failed to produce certain responsive documents and materials. While we vigorously disagree with Plaintiffs' argument, again Plaintiffs' point, that additional time is needed, is belied by their actions. On April 25, 2007, Plaintiffs first informed the government that they would videotape depositions. Plaintiffs waited until well into the discovery period to raise this issue at all. Moreover, that delay cannot be ascribed to any purported insufficiency with respect to Defendants' discovery responses.

Finally, it was the government's understanding when filing the joint Local Civil Rule 16.3 Report that discovery in this case would be limited and that the case would be resolved on dispositive motions. See LCvR 16.3 report, Document No. 16. In addressing Plaintiffs' motion for an extension of the discovery period, the Court should bear in mind that in at least one similar case, the district court did not allow plaintiff to conduct any depositions of fact witnesses. Taylor v. Crawford, 445 F.3d 1095 (8th Cir. 2006); Taylor v. Crawford, Civil No. 05-4173 (W.D. Mo.)

4

(May 18, 2006, May 22, 2006, May 26, 2006, and June 2, 2006 Orders, attached as Ex. 1).[3] The undersigned counsel of record is unaware of any challenge by a condemned inmate to a State's lethal injection protocol in which the district court judge allowed the number of depositions of fact witnesses that Plaintiffs have sought in this case. The government in this case has been more than reasonable in trying to move this case forward, including with deposition discovery.

For the foregoing reasons, the Court should deny Plaintiffs' motion.

Respectfully submitted,

    s/Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
Interim United States Attorney

    s/Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

    s/Peter S. Smith
PETER S. SMITH, D.C. BAR # 465131
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372

    s/ Robert J. Erickson
ROBERT J. ERICKSON, D.C. Bar # 220731
Principal Deputy Chief
Criminal Appellate Section
U. S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue, NW
Room 1515

---

[3] It appears from the docket of that case that a single deposition was conducted in the presence of the court when specific allegations arose concerning one of the participants in Missouri's executions.

Washington, DC 20530
(202) 514-2841

Counsel for Defendants