IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

MICHAEL ANTHONY TAYLOR )
)
            Plaintiff, )
vs. ) No. 05-4173-CV-W-FJG
)
LARRY CRAWFORD, et al., )
)
           Defendants. )

## ORDER

On May 17, 2006, plaintiff's counsel contacted the Court regarding the chemical dispensary logs which the State had produced. Plaintiff alleged that the logs showed that the State administered only 2.5 grams of thiopental to Marlin Gray and that only 2.5 grams of thiopental were prepared for plaintiff's execution, instead of the required 5 grams. Plaintiff states that because this evidence casts doubt on the State's representations that they have always used 5 grams, the discovery plan currently in place is inadequate. As a result, plaintiff has asked defendants to produce all documents pertaining to past executions involving John Doe No. 1, the physician who prepared the 2.5 gram dosage. Plaintiff also requested that the State produce John Doe No. 1 and his assistant, John Doe No. 2, the nurse who assists him for anonymous depositions without first having served interrogatories on these individuals. Finally, plaintiff requested that the State submit materials that it has redacted or believes to be non-responsive to the Court for an in camera review. The State refused these requests and plaintiff has requested a teleconference.

The State responds that 5.0 grams of thiopental are in fact used and the reference to 2.5 grams in the drug log is incorrect. The State indicates that the doctor and the nurse who prepared the drug have confirmed that 5 grams has been used in the last six executions and was prepared for plaintiff's stayed execution. Defendants state that they


GOVERNMENT EXHIBIT 1

are attempting to understand how this error occurred. However, they disagree with plaintiff's requests. Defendants state that records from all executions in which John Doe No. 1 has participated in, beyond the past six executions would have little or no relevance as to the manner in which executions currently take place. As to the requests for immediate depositions of the doctor and the nurse, defendants state that plaintiff can inquire through written interrogatories and that the answers will be the same regardless if they are in written or oral form. As to the in camera review, defendants state that such a review is unnecessary because defendants have responded to the requests in good faith. Defendant states that the discovery already approved by the Court is adequate and there is no reason to grant the additional discovery which plaintiff seeks.

The Court agrees and finds that no further discovery is necessitated by the discrepancy in the drug log. Plaintiff is free to submit interrogatories to the John Doe defendants to determine why this amount was listed. As previously indicated, if these interrogatory answers are inadequate, plaintiff may petition the Court to conduct anonymous depositions after reviewing the interrogatory answers. The Court also does not find it necessary for the State to produce all documents related to executions in which John Doe No. 1 has been involved. As the Court indicated in its earlier order, records of the past six executions, dating back to October 29, 2003 cover a sufficient period of time. Plaintiff has not shown how the production of additional records involving John Doe No. 1 would be relevant to his claims. The Court also not does believe that there is a need to conduct an in camera review of the redacted pages and/or missing pages from documents produced by the State. Plaintiff points to nothing which would indicate that the State has not completely complied or followed this Court's discovery orders.

Accordingly, plaintiff's request for additional discovery and for a telephone conference is hereby **DENIED**.

Date: <u>May 18, 2006</u>  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**  
Fernando J. Gaitan, Jr.  
United States District Judge

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

MICHAEL ANTHONY TAYLOR            )
                                  )
            Plaintiff,            )
vs.                               )   No. 05-4173-CV-W-FJG
                                  )
LARRY CRAWFORD, et al.,           )
                                  )
            Defendants.           )

## ORDER

On May 19, 2006, counsel for plaintiff contacted the Court regarding a discovery issue. Plaintiff requests leave to depose Mike Lundy, the Operations Officer who was present in the execution support room during the execution of Marlin Gray. Plaintiff requests leave to depose Mr. Lundy because plaintiff claims that the documents which the State produced reveal that Mr. Lundy's responsibilities included verifying that the lethal chemicals had been prepared, recording a detailed checklist of every event that occurred in the execution support room and ordering that each phase of the injection process begin. Plaintiff wants to depose Mr. Lundy in an effort to uncover why only 2.5 grams of thiopental were administered to Mr. Gray. Plaintiff believes that Mr. Lundy may have relevant information regarding the 2.5 gram dose of thiopental, who was responsible for preparing the smaller amount and how widespread knowledge of this deviation was.

The State responded that the Operations Officer has less involvement in the execution process than do the John Does. Thus, the State argues there is even less reason to depose Mr. Lundy. The State also clarified that although the Operations Officer fills out a checklist, he does not order that each phase of the injection process take place. His orders are to units of officers stationed elsewhere in the prison to standby when the procedure begins. He also announces when each phase is occurring

and when the process is complete. The State indicates that the Officer is not involved in either preparing the drugs for the execution or in making entries into the drug log.

After reviewing the information supplied by the State, the Court concludes that there is no need for the deposition of the Operations Officer. Plaintiff is concerned primarily with the fact that there was a deviation in the amount of the thiopental that was administered. Because the Officer has no involvement with preparing the drugs or in making entries in the drug log, any deposition would not lead to information relevant to the issues before the Court. Therefore, the Court hereby **DENIES** plaintiff's request to depose the Operations Officer.

Date: May 22, 2006  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**  
Fernando J. Gaitan, Jr.  
United States District Judge

2

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MICHAEL ANTHONY TAYLOR )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>LARRY CRAWFORD, et al., )<br>)<br>Defendants. ) | No. 05-4173-CV-W-FJG |

## ORDER

Plaintiffs have filed a Motion and a Supplemental Motion to depose John Does I-V and a Supplemental Motion to Depose John Does I-V. The Court is considering allowing a limited deposition of John Doe No. 1. In light of this, the Court would like plaintiff to propose a list of questions which the Court would ask during a deposition of John Doe No. 1. The questions should focus on the following areas: 1) John Doe No. 1's knowledge, training and educational background related to anesthesiology; 2) John Doe No.1's involvement in the development of Missouri's lethal injection protocol and how this protocol has changed and been modified over the years; 3) John Doe No. 1's decision to reduce the dosage of thiopental from 5.0 grams to 2.5 grams and the reasons for this decision.

The questions which plaintiff proposes shall not be duplicative of the interrogatories which the Court propounded to John Doe No. 1, but should be designed to follow up and clarify his responses. If the Court allows a deposition of John Doe No. 1 it will be very narrow and tailored to address only those issues which have not been previously covered by his responses.

Plaintiff shall electronically file his response to the Court's Order on or before

**5:00 p.m. Friday May 26, 2006.** The Court will review the questions proposed and will advise the parties by early next week whether a deposition will be allowed and if so how it will be conducted.

Date: May 26, 2006
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MICHAEL ANTHONY TAYLOR )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>LARRY CRAWFORD, et al., )<br>)<br>Defendants. ) | No. 05-4173-CV-C-FJG |

## ORDER

    Currently pending before the Court is plaintiff's Motion to Reconsider Limitations on the Deposition of John Doe No. 1 (Doc. # 168). Plaintiff asks the Court to reconsider the following limitations which the Court has placed on the deposition of John Doe No. 1: 1) two hour time limitation to depose John Doe No.1; 2) allowing only one attorney to be present at the deposition and 3) limiting the questioning to only the three areas referenced by the Court. The Court will address each of these areas in turn.

**1. Time Limitation**

    Plaintiff states that Fed.R.Civ.P. 30(d)(2) unequivocally entitles all parties to depositions lasting seven hours. Plaintiff argues that there is no good cause for the Court to curtail the deposition of John Doe No. 1 and there is no evidence in the record that plaintiff intends to harass John Doe No. 1 or has harassed any other party in this case. Plaintiff also states that there has been no showing in this case that the parties have conducted themselves in a manner that would require the Court's supervision. The Court disagrees. Plaintiff's counsel has shown through its voluminous motions, letters and other correspondence to the Court that they are unable to restrain themselves. Upon review of the proposed questions, this Court has determined that the issues plaintiff wishes to cover in the deposition can reasonably be asked in two hours. If during the deposition **the Court** finds that more than two hours is needed, additional

time may be allowed. Plaintiff's counsel are also advised that they will only be allowed to cover on redirect examination, areas of inquiry which were raised by defendant on cross-examination.

### 2. Limitation on Attorneys Who May Attend

Plaintiff also argues that the Court has no good cause to limit the number of attorneys who attend the deposition. Plaintiff wishes to have two attorneys present, one who will depose the witness and a second attorney who would "second chair" the deposition. The Court disagrees and finds that there is no reason to have multiple attorneys present during the deposition of this witness. Counsel for plaintiff have obviously given a great deal of thought to the questions which they wish to ask this witness, and additionally a transcript will be available for any counsel who wish to review it. In light of the security concerns present regarding this witness, the Court finds that limiting the number of people involved is a reasonable step to take.

### 3. Limitation on the Substantive Issues

Plaintiff's counsel also raise again their disagreement with the limitations on discovery which this Court has placed upon them. Plaintiff argues that the Eighth Circuit placed no substantive limitations on the issues which Plaintiff was entitled to explore or the evidence that he could collect. Plaintiff is correct, the Eighth Circuit did not place any limitations, but rather left the question of what discovery and how much discovery should be allowed up to the discretion of this Court. The Eighth Circuit stated: " we remand for the limited purpose of permitting a continuation of the hearing held on January 30-31, 2006, before Judge Gaitan. While we conclude that some further opportunity for discovery may be warranted, we leave all matters of what further discovery may be warranted to Judge Gaitan . . .." Taylor v. Crawford, No. 06-1397, 2006 WL 1098173, *4 (8th Cir. Apr. 27, 2006). Plaintiff's counsel have continually treated this case as if it has just been filed. While the Court recognizes that the current

2

counsel did not enter their appearance in the case until recently, the case has been on file for almost a year and this Court has already conducted a two day hearing in January of this year. Plaintiff's counsel are not entitled to turn back the clock and start at the beginning. This Court has done what the Eighth Circuit directed, and allowed the parties an opportunity to conduct some limited discovery on the issues which are central and critical to this case in the time which was allowed by the Court's Order. However, the Court will allow plaintiff to use his two hours to cover any of the questions previously submitted for its review, subject to appropriate objections.

Therefore, plaintiff's Motion to Reconsider the Limitations On the Deposition of John Doe No. 1 is hereby **GRANTED in part** and **DENIED in part**. (Doc. # 168).

Date: June 2, 2006
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
United States District Judge

3