UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JAMES ROANE, JR., <u>et al.</u>, | ) | |
| Plaintiffs, | ) ) ) | |
| BRUCE WEBSTER, | ) ) | |
| Intervenor-Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 05-2337 (RWR/DAR) |
| ALBERTO GONZALEZ, <u>et al.</u>, | ) ) | |
| Defendants. | ) ) | |

**FEDERAL DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S
MAY 2, 2007 DISCOVERY RULING**

Pursuant to Local Civil Rule 72.2(b), Defendants respectfully object to the Magistrate Judge's May 2, 2007 oral ruling and the Magistrate Judge's May 8, 2007 Minute Entry vacating the limit on the number of depositions and substituting in the place of that limit a total of 84 hours of deposition testimony, without regard to the number of depositions. Specifically, Defendants object to the Magistrate Judge's order to the extent that the order does not include any fixed limit on the number of deponents or depositions. Defendants do not object to the conduct of 84 hours of deposition testimony insofar as the District Court would cap the total number of depositions (or witnesses) at fifteen.

A.  Background.

Without having conducted a single deposition, on April 27, 2007, Plaintiffs moved for the taking of "additional depositions," Document No. 37, beyond the limit of ten depositions established in the Court's scheduling order of December 6, 2006. Defendants opposed that

motion on May 1, 2007. Document No. 42. The Magistrate Judge heard argument on the motion on May 2, 2007. See May 8, 2007 Minute Entry. Defendants' opposition argued that since Plaintiffs have yet to conduct any depositions in this case, the Magistrate Judge should deny Plaintiffs' motion without prejudice so that Plaintiffs could take the ten depositions they are permitted under the Court's scheduling order and, if necessary, could seek additional depositions at a later date.[1]

B.  The Magistrate Judge Erred in Allowing Plaintiffs to Conduct 84 Hours of Depositions Without Limiting the Total Number of Depositions.

Local Civil Rule 72.2(c) provides that the Court may set aside or modify any portion of a magistrate judge's order found to be clearly erroneous or contrary to law. With all due respect to Magistrate Judge Robinson's excellent and careful work in this case, her decision to allow 84 hours of depositions, regardless of the total number of deponents, is clearly erroneous or contrary to law. The Court should deny Plaintiff's Motion for Additional Depositions, Document No. 37, or clarify or amend the Magistrate Judge's decision in order to limit the total number of deponents who Plaintiffs may depose at fifteen.

B.  The Magistrate Judge's Ruling Conflicts with the Discovery Limits in the Fed. R. Civ. P.

Despite the fact that they have yet to take any of the ten depositions that they are permitted under the Court's scheduling order, Plaintiffs sought an order allowing them to conduct 120 hours of deposition testimony. Plaintiffs stated that they do not intend to take any

---

[1] The parties have known about the schedule in this case, and the limitations built into that schedule, since it was issued on December 6, 2007. Document No. 17 (December 6, 2007 Scheduling Order). However, Plaintiffs seem to have only lately decided that they want to conduct in excess of the ten depositions each side is permitted under the current scheduling order in this case. See Document No. 37 (motion for additional depositions).

single deposition exceeding the seven-hour limit in the rules. They also stated that they expected to use the requested 120 hours to depose approximately 25 witnesses. However, even after an oral hearing on Plaintiffs' motion, they have not identified all of the individuals who they seek to depose and have not disclosed the ultimate number of depositions they seek to conduct. As is obvious from the Magistrate Judge's limit of 84 hours of testimony, Plaintiffs would comply with the Magistrate Judge's order by using their 84 hours to conduct, for example, 84 one-hour depositions or 42 two-hour depositions.[2] Thus, the Magistrate Judge's ruling could lead to a situation that would be both burdensome and cumulative, in conflict with Fed. R. Civ. P. 26(b)(2). The ruling also conflicts with the Federal Rules of Civil Procedure's requirement that cases be litigated as efficiently as possible. Fed. R. Civ. P. 1.

A motion to exceed the presumptive limit of depositions in the Federal Rules is governed by Fed. R. Civ. P. 26(b)(2). Barrow v. Greenville Ind. School Dist., 202 F.R.D. 480 (N.D. Tex. 2001) (recognizing that resolution of motion for leave to conduct additional depositions is governed by Fed. R. Civ. P. 26(b)(2)). Fed. R. Civ. P. 26(b)(2) provides, inter alia, that the number of depositions "shall be limited" if the Court determines that: (1) the discovery sought is "unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive"; or (2) "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case . . . the parties' resources, the importance of the issues at stake in the litigation, and the importance of the

---

[2] Because none of the Federal executions by lethal injection have taken longer than approximately seven minutes to complete from the start of the delivery of the chemicals, the non-participant depositions would be very short and entirely cumulative. Thus, the prospect of a multitude of short depositions is not unlikely.

proposed discovery in resolving the issues."

Plaintiffs' motion states that they expect to take approximately 25 depositions. While the Magistrate Judge's order does not set any limit on the number of depositions, the taking of twenty five depositions in this case would be burdensome given the unique nature of this case and the logistical arrangements that will need to be made in order to ensure the anonymity of certain deponents as per the protective order in this case. Many of the witnesses we expect will be deposed are located outside of this judicial district and, in fact, are spread throughout the country. For that reason, the parties have agreed to conduct certain of the depositions in Terre Haute, Indiana.[3] The undersigned also will have significant travel, with the resulting commitment of time and resources, in preparing the witnesses. In addition, the witnesses will be away from their critical corrections duties during the time devoted to preparation and depositions.

Plaintiffs state that the government has identified "more than 100 persons present at the three federal executions." Pl. Mot. at 1. Of course, as Plaintiffs recognize, that does not mean that they are entitled to depose each of those persons. Plaintiffs conceded in their motion that there are approximately eleven persons total who have been present in the chemical room for the three federal executions by lethal injection. Mot. at 2, ¶ 3. They also concede that these persons have "overlapping roles and responsibilities." This is to say that 84 hours of testimony, without any limit on the number of depositions, could result in testimony that is cumulative or duplicative

---

[3] This is important for a number of reasons, including maintaining the anonymity of the witnesses as per the protective order in this case. In the ordinary case these witnesses would have had to have been served with Fed. R. Civ. P. 45 subpoenas. Here, because of the protective order, the Federal government expects to produce the witnesses for depositions, saving Plaintiffs the time and expense that, absent the protective order, they would have incurred.

in contravention of Fed. R. Civ. P. 26(b)(2). Plaintiffs also seek to depose "a significant number of the participants, along with a reasonable sampling of the non-participant Government and non-Government witnesses to all three executions." Mot. at 3, ¶ 4. As explained, the Magistrate Judge's order would allow for 42 two-hour depositions. Thus, there is the real possibility that Plaintiffs could conduct dozens of depositions spread over many months. This sort of open-ended request, with its failure to set forth the exact number of depositions sought, led Judge Lamberth to deny in part a motion for leave to conduct additional depositions. Alexander v. FBI, 1999 WL 270024 at *2 (D.D.C. April 21, 1999) (noting that plaintiffs "allude to an ambiguously defined, limitless amount of other people from whom they may also seek testimony").

Defendants explained to the Magistate Judge that Plaintiffs will not be prejudiced if the Court requires them to conduct the ten depositions they are permitted without leave of the Court, before seeking additional depositions. Nat'l Union Fire Ins. Co. v. Hicks, Muse, Tate & Furst, Inc., 2002 WL 1822738, *2 (S.D.N.Y. Aug. 8, 2002) (denying motion for additional depositions and holding that party seeking additional depositions had failed to demonstrate required need); Barrow v. Greenville Ind. School Dist., 202 F.R.D. 480 (N.D. Tex. 2001) (upholding magistrate judge's ruling denying leave to conduct additional depositions). See also Bell v. Fowler, 99 F.3d 262, 271 (8th Cir. 1996) (no abuse of discretion in denying leave to conduct additional depositions).

Finally, Plaintiffs failed to make the particular showing of need to exceed the limit of ten depositions per side in the Court's initial scheduling order. Barrow v. Greenville Ind. School Dist., 202 F.R.D. 480, 482 (N.D. Tex. 2001) (party challenging magistrate judge's denial of motion to exceed presumptive limit on depositions "must demonstrate the necessity for each

deposition"). Plaintiffs simply have pointed to the number of witnesses identified by the government in its discovery responses. As indicated in the Defendants' initial disclosures, there are between ten and fifteen principal persons who have either participated in executions, or in developing the Federal government's execution protocol, or both – not 25, the number Plaintiffs state that they hope to depose. Moreover, to the extent that any of the other witnesses' testimony, such as the non-government witnesses, could be obtained through declarations and statements, instead of depositions, they should be. See Migdal v Rowe Price-Fleming International, Inc., 248 F.3d 321, 325(4th Cir. 2001) ("plaintiffs cannot simply promise the court that once they have completed discovery, something will turn up. Rather before they are permitted to proceed to discovery, plaintiffs must have some factual basis for believing that a legal violation has actually occurred."). This requirement serves to prevent costly discovery of witnesses who are merely tangential to the subject matter of the claims and allegations in the complaint. See DM Research v. College of Am. Pathologists, 170 F.3d 53, 55 (1st Cir. 1999) (discussing "fishing expedition").

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion, or, in the alternative, the Court should enter an order clarifying that the 84 hours of depositions cannot be used to depose in excess of 15 witnesses.

Respectfully submitted,

   s/Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
Interim United States Attorney

   s/Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

   s/Peter S. Smith
PETER S. SMITH, D.C. BAR # 465131
Assistant United States Attorney
United States Attorney's Office, Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372

   s/ Robert J. Erickson
ROBERT J. ERICKSON, D.C. Bar # 220731
Principal Deputy Chief
Criminal Appellate Section
U. S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue, NW
Room 1515
Washington, DC 20530
(202) 514-2841

Counsel for Defendants