UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES ROANE, JR., et al., )<br>)<br>Plaintiffs, )<br>)<br>BRUCE WEBSTER, )<br>)<br>Intervenor-Plaintiff, )<br>)<br>v. )<br>)<br>ALBERTO GONZALEZ, et al., )<br>)<br>Defendants. )<br>)| Civil Action No. 05-2337 (RWR/DAR) |

### DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Defendants Alberto Gonzales, in his official capacity as Attorney General of the United States, et al., respectfully submit this Motion and Memorandum in connection with the schedule established in Magistrate Judge Robinson's May 8, 2007 order for the briefing of a motion for a protective order concerning: (1) Plaintiffs' expressed intention to conduct videotaped depositions of the Protected Persons in this case;[1] and (2) Plaintiffs' request that the government make available for use during the depositions certain equipment and chemicals. In connection with LCvR 7(m), counsel for the parties have had numerous conversations about the issues addressed in this brief, including discussions during and after the May 2, 2007 hearing in this case. During a May 4, 2007 teleconference with Chambers, the government informed the Court that the parties were not in agreement and suggested a briefing schedule for this Motion, a schedule that the

---

[1] "Protected Persons" are those designated as such pursuant to the protective order in this case, at ¶ 13, and whose identities will not be disclosed in the litigation apart from counsel for Defendants.

Court adopted.

As the Court is well aware, this is an action in which Plaintiffs James H. Roane, Jr., Richard Tipton and Cory Johnson, and Plaintiff-Intervenor Bruce Webster, federal inmates facing execution, challenge the Constitutionality of the federal government's procedure for performing executions by lethal injection. Am. Compl. at ¶¶ 2-4.

A. <u>Plaintiffs' Expressed Desire to Conduct Videotaped Depositions of Protected Persons in this Case Conflicts with the Protective Order and the Limitations on Discovery in the Federal Rules of Civil Procedure.</u>

The Federal Rules of Civil Procedure empower the Court to enter, for "good cause shown" and when "justice [so] requires," protective orders designed to prevent "a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Conducting the depositions in this case by videotape conflicts with the protective order governing this case, which protects certain individuals' anonymity. The Protective Order, at ¶ 13, states that "the names and <u>personally-identifying information</u> of any officers, employees, agents and contractors involved in past executions or expected to be involved in the executions of plaintiffs or in the development of the protocol(s) for the same shall not be revealed in connection with the litigation of this lawsuit to anyone other than counsel for defendants." Document No. 30 (emphasis added); May 2, 2007 Minute Entry.

Also as previously explained, a number of district courts have recognized the sensitivity of the issues and the important security and privacy concerns of the governmental defendants. <u>See, e.g.</u>, <u>Evans v. Saar</u>, Civil No. 06-0149 (D. Md.) (protective order entered in that case). As explained in detail in the government's earlier-filed motion for a protective order, many of those who Plaintiffs seek to depose as participants in executions are Federal Bureau of Prisons

2

correctional officers or employees who work in prisons and who could be exposed to danger if their roles in the conduct of Federal executions were revealed. Defendants have very real concerns about the physical safety of their personnel and the security of their facilities. Tragically, inmate assaults on Federal correctional officials are not uncommon. One of the recent Movant-Intervenors in this case caused the death of a correctional officer even when incarcerated as a Federal inmate. See United States v. Battle, 173 F.3d 1343 (11th Cir. 1999).[2] In addition, Defendants have legitimate concerns regarding retaliation against health care practitioners involved in executions or creating the Execution Protocol by the relevant licensing authorities, professional associations or the medical community.

     Participation in federal lethal injections is voluntary for Federal personnel and, of course, for Federal contractors. In connection with volunteering to participate, Federal correctional staff and contractors participating in executions or creating the Execution Protocol were assured that their identities will not be disclosed. Videotaping the images of these persons could result in the unwillingness of these persons to participate in future executions, thus hampering the government's important duty to carry out the condemned inmates' judicial sentences. Furthermore, there is a risk of error in disclosure of the video images of BOP corrections personnel that does not exist with a paper transcript. Videotape or digital video are easily converted into, manipulated, or copied in, electronic form.

     In Westmoreland v. CBS, Inc., the district court recognized the privacy interest of a witness in ruling that a planned deposition could not be videotaped. 584 F.Supp. 1206 (D.D.C.

---

[2] See also http://www.odmp.org/agency.php?agencyid=1252 (listing corrections officers killed in the line of duty).

1984), reversed on other grounds, 770 F.2d 1168 (D.C. Cir. 1985). The district court found that the issue was whether the deponent "should be compelled to permit his image at a pretrial deposition to be visually preserved upon an essentially indestructible medium over which he exercises no right of control." Id. at 1212. The Court of Appeals affirmed certain sanctions imposed against CBS, Inc., the party seeking the videotaped testimony and remanded the case to the district court on those issues. 770 F.2d at 1180.

Moreover, we understand that Plaintiffs seek to videotape the depositions on the rationale that the Court then would be able to observe the witnesses and the manner in which they perform the tasks they are called upon to perform in executions. The 1993 amendments to the Federal Rules of Civil Procedure changed Fed. R. Civ. P. 30(b) such that, upon reasonable notice, a party could record a deposition by non-stenographic means without obtaining an order from the court. However, the comments to the 1993 amendments make clear that a "party choosing to record a deposition only by videotape or audiotape should understand that a transcript will be required by Rule 26(a)(3)(B) and Rule 32(c) if the deposition is later to be offered as evidence at trial or on a dispositive motion under Rule 56."[3] See also Gillen v. Nissan Motor Corp., 156 F.R.D. 120, 123 (E.D. Pa. 1994) ("written transcripts will be required . . . if either party wishes to offer the videotape at trial or within a dispositive motion under Rule 56").

It is settled that the district court cannot make credibility determinations in ruling on a motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio

---

[3] The comments on the 1993 amendments to Rule 30(b) also state that "[o]bjections to the nonstenographic recording of a deposition, when warranted by the circumstances, can be presented to the court under Rule 26(c)."

4

Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(c)-(e).  That is, on a motion for summary judgment, the court must view all facts, and reasonable inferences to be drawn from them, in a light most favorable to the non-moving party.  Anderson, 477 U.S. at 255.

    Thus, Plaintiffs' stated rationale for videotaping the depositions of protected persons is inapposite.  The parties indicated in their Local Civil Rule 16.3 statement that the case would be resolved on dispositive motions, thus there is no need for a videotape record of the depositions.  See Document No. 16 (Meet and Confer Statement).  Notwithstanding these objections, even if there were an evidentiary proceeding in this case, the government would make every effort to have the witnesses be available and thus there would be no need to videotape depositions merely upon the speculative possibility that there could be an unavailable witness for any evidentiary proceeding scheduled in this case.  Even then, if a witness were not available for trial, the parties could conduct a *de bene esse* video deposition prior to any evidentiary hearing at a time when the witness would be available.

    The undersigned counsel of record has been unable to find any authority for conducting videotaped depositions of those who perform executions or who developed execution protocols in any of the many cases challenging a State government's lethal injection procedures.  As demonstrated above, the Court should enter a protective order prohibiting the videotaping of the depositions of those designated as "Protected Persons" in this case, for "good cause shown" and in order to prevent those persons "from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).

B.      <u>Any Demonstration of the Mixing of Lethal Substances During a Deposition Could be Dangerous, Misleading or Impracticable</u>.

With respect to Plaintiffs' request that certain equipment and chemicals be present for the depositions, such as IV tubing, surgical kits, syringes, and lethal chemicals, the Court should enter a protective order that Defendants are not obligated to provide, for purposes of depositions in this case, any of the aforementioned equipment or chemicals. The Court also should enter a protective order that the deponents in this case will not be required to physically demonstrate the use of IV tubing, surgical kits, syringes, lethal chemicals and similar equipment used in executions. <u>See</u> <u>Gillen v. Nissan Motor Corp.</u>, 156 F.R.D. at 123 (citation omitted) (noting case in which "the court refused to permit a videotaped reenactment of an industrial accident where the accuracy of the reenactment, and hence its utility in ascertaining what occurred, was suspect.").

In the first instance, under Rule 30 (depositions), a request for a party to provide documents, material or things in connection with a deposition falls under the process set forth in Rule 34 (requests for documents and things). Thus, under the process in Rule 34, Defendants would have 30 days to respond to Plaintiffs' request for the provision of the materials, including objecting to providing those materials. In order to expedite the resolution of this question and in order to minimize any delay in commencing depositions, the government is addressing this issue even absent a deposition notice and proper Fed. R. Civ. P. 34 request for materials to be present at a deposition.

Defendants have numerous objections to the provision of the equipment and lethal chemicals that Plaintiffs have requested. On a practical level, in the context of a deposition, the

chemicals and equipment are, or could be, dangerous. That is a risk that is unnecessary to take solely for the purpose of a deposition. In addition, such a proposed demonstration would not be discoverable under the relevancy test set forth at Fed. R. Civ. P. 26 because it would not reflect the actual conditions of an execution, the focus of Plaintiffs' challenge. In fact, no demonstration would reflect the actual conditions of an execution, where a team of persons conducts various tasks. There is little value in asking an individual witness, who may have a limited or specialized role in an execution, to conduct tasks during a deposition that they do not conduct during an execution. In fact, any such demonstration would be fundamentally misleading.

Moreover, such demonstration is unnecessary. If Plaintiffs' goal is to learn about the training and qualifications of the personnel who conduct executions, they can simply ask the deponents for that information. In fact, Plaintiffs' request for a demonstration is quite extraordinary in the context of this case. The undersigned counsel of record has been unable to find any authority for conducting demonstrations during a deposition in any of the many cases challenging a State government's lethal injection procedures.

Respectfully submitted,

    s/Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
Interim United States Attorney

    s/Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

    s/Peter S. Smith
PETER S. SMITH, D.C. BAR # 465131
Assistant United States Attorney
United States Attorney's Office
Civil Division

555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372


    s/ Robert J. Erickson
ROBERT J. ERICKSON, D.C. Bar # 220731
Principal Deputy Chief
Criminal Appellate Section
U. S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue, NW
Room 1515
Washington, DC 20530
(202) 514-2841

Counsel for Defendants