**From:** paul.enzinna@bakerbotts.com [mailto:paul.enzinna@bakerbotts.com]
**Sent:** Wednesday, April 25, 2007 4:52 PM
**To:** Peter.Smith@usdoj.gov
**Cc:** Lawler, William E.; bhartung@vcu.org; frederickgerson@mail.com; Eddy, Graham; Mihalich, Lori; ruthindc@aol.com; steve.northup@troutmansanders.com; rachel.mckenzie@bakerbotts.com; jeremy.levin@bakerbotts.com; tim.loper@bakerbotts.com
**Subject:** RE: Roane depositions

Peter: we do not wish to go forward absent (a) an agreement on the number of depositions plaintiffs may take; (b) an agreement that the depositions will be videotaped; and (c) examples of the (i) syringes; (ii) IV tubing; (iii) chemicals; and (iv) central line kit to be used in the executions present for the deposition.

With respect to (a), we have agreed to proceed on the understanding that the plaintiffs may take depositions totaling 84 hours without leave of court. You have conditioned this on our agreement to forego any ability to seek additional deposition time beyond the 84 hours. Having not taken any depositions, we cannot agree to limit ourselves in that fashion. Instead, we will file a motion to expand the presumptive limits Rule 30 places on depositions, and raise this issue with Magistrate Judge Robinson next week.

With respect to (b), we believe it will be critically important for the court to be able to observe not only the witnesses themselves, but also the manner in which they perform the tasks they are called upon to perform in carrying out the executions (*e.g.*, mixing chemicals and loading syringes). This kind of information simply cannot be conveyed on a written record. The protective order provides adequate protection against the concerns you raise about preserving the deponents' anonymity. We believe the appropriate way to resolve this issue would be for you to file a motion for protective order so that Magistrate Judge Robinson can address this issue at next week's status hearing.

With respect to (c), again, it will be critically important for the factfinder to observe the deponents performing the tasks associated with the executions. You have told me that the equipment at issue may not be available at the prison, but I note that although we were originally told this in connection with our Rule 35 inspection, the equipment was present for the inspection. In any event, I find it difficult to imagine that these materials cannot be obtained in short order.

-----Original Message-----
**From:** Smith, Peter (USADC) [mailto:Peter.Smith@usdoj.gov]
**Sent:** Wednesday, April 25, 2007 4:35 PM
**To:** Enzinna, Paul
**Subject:** RE: Roane depositions

Paul: I just wanted to follow up on our phone conversation of earlier today regarding depositions next week. When we talked, I said that I would get back to you about plaintiffs' request of this morning that the depositions be videotaped and that the BOP should provide or make available various equipment and chemicals for use during the depositions. As I discussed with you, we have both legal and practical objections to both of plaintiffs' requests. We are prepared to go forward next week with depositions of protected persons 5-7 on a written record and without the equipment or other materials. Please let me know if you want to go forward on that basis; I understood from our phone conversation that you would not want to go forward in the event that we object to videotaping the depositions and that equipment and other materials would not be available. I will be in this evening if you want to discuss. Best,

Peter S. Smith
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372 (voice)
(202) 514-8780 (fax)