IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES H. ROANE, JR., et al., | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | :   Case Number: 1:05-cv-2337 |
| | : |
| ALBERTO GONZALES, et al., | : |
| | : |
| Defendants. | : |

## PLAINTIFFS' OPPOSITION TO MOTION TO VACATE OR CONTINUE JUNE 8, 2007 HEARING

Plaintiffs respectfully oppose Defendants' Motion to Vacate or Continue the June 8, 2007 hearing in this matter.

Less than a month ago, despite the substantial delay attributable to their insistence on a protective order concealing the identities of the key witnesses in this case, Defendants urged, unsuccessfully, that the Court cut off discovery entirely, even though Plaintiffs had not been able to take a single deposition. Defendants' responses to Plaintiffs' documentary discovery requests have been extremely sparse, including not a single email or piece of working level correspondence. On Monday, June 4, Judge Roberts extended the discovery cut-off, but noted with apparent displeasure that depositions had not yet begun. And depositions are currently on hold because of Defendants' motion for another protective order, set to be argued at the hearing on Friday. It comes as no surprise that Defendants move to vacate this hearing, to ensure that discovery continues to stall.

Defendants' desire to vacate the hearing on their own motion belies the meritless nature of that motion, and Plaintiffs would not object to vacating the hearing if the Court is prepared to

deny the motion without a hearing, and to allow the parties to proceed with depositions. But Defendants seek to vacate the hearing solely to forestall the Court's ruling on their motion, which should not be allowed.

Defendants' only argument for vacating the hearing concerns their assertion that they will move to stay discovery in connection with their filing of expected undisclosed dispositive motions.[1] But Defendants' position ignores the burden they must overcome to obtain the remedy they seek with their motion to stay discovery. Defendants will bear the burden of justifying the expected motion to stay discovery. *People with AIDS Health Group v. Burroughs Wellcome Co.*, 1991 WL 221179 (D.D.C. 1991). Defendants will have to "demonstrate beyond mere allegations that resources will be conserved by granting the stay." *Id.* Indeed, "bare assertions that discovery will be unduly burdensome or that it should be stayed pending dispositive motions...are insufficient to justify the entry of an order staying discovery generally." *Id.*, *quoting Continental Illinois Bank & Trust Co. v. Caton*, 130 F.R.D. 145, 148 (D. Kan. 1990).

Here, Defendants seek to stall discovery (by postponing argument on their motion for a protective order) on even thinner grounds. They assert their motion to vacate the hearing should be granted based on the mere *prospect* of their filing a motion to stay discovery alongside certain undisclosed dispositive motions. When and if Defendants file their motion to stay discovery, this Court will decide whether they have met their burden for obtaining such relief. Defendants should not be entitled to effectively achieve the same result simply by representing their intent to file such a motion.

---

[1] Defendants also suggest that Judge Roberts has not specifically ruled on their objections to the Magistrate Judge's May 2 ruling. In fact, it appears that Judge Roberts endorsed the Magistrate Judge's ruling in his June 4, 2007 ruling. But in any event, it is not apparent what bearing Defendants' objections have in relation to vacating the June 8 hearing date on Defendants' motion for a protective order.

Defendants' ongoing campaign to thwart Plaintiffs' discovery is becoming more and more transparent, and this Court should not indulge this latest iteration. That a motion to stay discovery may be made alongside unspecified dispositive motions does not justify the *de facto* suspension of discovery that would result from vacating or continuing the June 8 hearing. The series of obstacles Defendants have imposed upon the discovery process has hardly yielded efficient results to date, as Judge Roberts noted on Monday. Continuing to keep depositions on hold will not improve the situation, and Defendants' motion should be denied.

Respectfully submitted,

/s/ Paul F. Enzinna
PAUL F. ENZINNA (D.C. Bar No. 421819)
JEREMY I. LEVIN
TIMOTHY LOPER
RACHEL McKENZIE
Baker Botts LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004-2400
(202) 639-7752

*Counsel for Plaintiff James H. Roane, Jr.*


/s/ Charles A. Zdebski
CHARLES A. ZDEBSKI  (D.C. Bar No. 451075)
Troutman Sanders LLP
401 9th Street, NW
Suite 1000
Washington, DC 20004-2134
(202) 274-2909

STEPHEN A. NORTHUP (D.C. Bar. No. 54587)
Troutman Sanders LLP
1001 Haxall Point
P.O. Box 1122
Richmond, VA 23218-1122
(804) 697-1240

FREDERICK R. GERSON
Robinson & Gerson, P.C.
7102 Three Chopt Road
Richmond, VA 23226

*Counsel for Plaintiff Richard Tipton*


/s/ Charles A. Zdebski
CHARLES A. ZDEBSKI  (D.C. Bar No. 451075)
Troutman Sanders LLP
401 9th Street, NW
Suite 1000
Washington, D.C. 20004-2134
(202) 274-2909

BARBARA HARTUNG
700 E. Main Street
Suite 1600
Richmond, VA 23219

EDWARD E. SCHER
Thorsen & Scher, LLP
3810 Augusta Avenue
Richmond, VA 23230

*Counsel for Plaintiff Cory Johnson*


/s/ William E. Lawler III
WILLIAM E. LAWLER III (D.C. Bar No.398951)
GRAHAM E. EDDY (D.C. Bar No. 495794)
Vinson & Elkins LLP
1455 Pennsylvania Avenue, NW
Suite 600
Washington, DC 20004-1008
(202) 639-6676

*Counsel for Plaintiff Bruce Webster*


/s/ Joshua C. Toll
JOSHUA C. TOLL (D.C. Bar No. 463073)
King & Spalding LLP
1700 Pennsylvania Avenue, NW

Washington, DC  20006
(202) 737-0500

*Counsel for Plaintiff Anthony Battle*


/s/ Owen Bonheimer
 MARK J.  HULKOWER (D.C. Bar No. 400463)
OWEN BONHEIMER (D.C. Bar No. 484984)
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC  20036
(202) 429-3000

ROBERT C. OWEN
Texas Bar No. 15371950
Owen & Rountree, LLP
P.O. Box 40428
Austin, TX  78704
(512) 804-2661

MARCIA A. WIDDER
Louisiana Bar No. 23367
636 Baronne Street
New Orleans, LA  70113
(504) 558-9867

*Counsel for Plaintiff Orlando Hall*

- 5 -