UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES ROANE, JR., et al., | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 05-2337 (RWR/DAR) |
| ALBERTO GONZALES, et al., | ) |
| Defendants. | ) |

## DEFENDANTS' MOTION TO STAY THE CONDUCT OF DISCOVERY PENDING RESOLUTION OF DEFENDANTS' EXPECTED DISPOSITIVE MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Defendants respectfully move the Court pursuant to Fed. R. Civ. P. 7 and 26(c), for an order staying the conduct of discovery in this case pending further order of the Court. Defendants understood that after conducting a limited amount of discovery in this case, that it would be resolved on motions for summary judgment. However, recent decisions of United States Courts of Appeals, see, e.g., Workman v. Bredesen, slip op., Appeal No. 07-5562 (6th Cir., May 7, 2007) (holding, in part, that plaintiff waited too long to raise his challenge to the method of execution), and the nature and scope of disputed discovery issues in this case, have convinced us that the a stay of the conduct of discovery is warranted to allow the Court to address Defendants' dispositive motion raising threshold issues. Magistrate Judge Robinson already has held two hearings on contested discovery issues and scheduled another. Thus, it is in the parties' and the Court's interest, in conserving time and resources, to stay those disputes pending resolution of the dispositive motion.

In connection with LCvR 7(m), the undersigned counsel of record discussed the relief

requested in this, and other motions Defendants expect to file this week, with lead counsel for Plaintiffs, who indicated that Plaintiffs would consent to a short extension of Defendants' time to respond to Plaintiffs' discovery requests, but oppose any stay of the discovery period.

A.   Background.

At bottom, this is an action in which Plaintiffs James H. Roane, Jr., Richard Tipton and Cory Johnson, and Plaintiff-Intervenor Bruce Webster, federal inmates facing execution, challenge the Constitutionality of the Federal government's procedure for performing executions by lethal injection. Am. Compl. at ¶¶ 2-4. This case raises contentious and burdensome disputes with respect to the conduct of discovery in this case, including, inter alia, the scope of the discovery permitted and the information, documents and tangible objects that have been sought during the course of discovery in this lawsuit and that contain confidential information relating to security procedures instituted by Defendants or to the identity of persons performing sensitive tasks in connection with the execution of condemned prisoners, or creating the Federal government's Execution Protocol. The Magistrate Judge addressed these issues in the context of Defendants' motion for a protective order governing the confidentiality of information exchanged between the parties in this case. The Magistrate Judge properly entered a protective order governing the confidentiality of certain information, including the names and other identifying information of those who perform the Federal government's executions and who participated in developing the protocols for those executions. During March and April, 2007, the parties then exchanged written discovery requests and responses and Plaintiffs conducted an inspection of the Federal government's execution facility in Terre Haute, Indiana.

Without having conducted a single deposition, on April 27, 2007, Plaintiffs moved for the

taking of "additional depositions," Document No. 37, beyond the limit of ten depositions established in the Court's scheduling order of December 6, 2006. Defendants opposed that motion on May 1, 2007. Document No. 42. The Magistrate Judge heard argument on the motion on May 2, 2007. See May 8, 2007 Minute Entry. Defendants' opposition argued that since Plaintiffs have yet to conduct any depositions in this case, the Magistrate Judge should deny Plaintiffs' motion without prejudice so that Plaintiffs could take the ten depositions they are permitted under the Court's scheduling order and, if necessary, could seek additional depositions at a later date. The Magistrate Judge ruled on the issue concerning the deposition limits in a May 2, 2007 Minute Entry, allowing the Plaintiffs to conduct 84 hours of depositions, without any limit on the number of witnesses or depositions. Defendants objected to that ruling. Document No. 46. Those objections remain pending before the Court.

On May 7, 2007, Plaintiffs filed an amended motion for extension of time to complete discovery and file dispositive motions.[1] Document No. 43. Defendants opposed that motion, in part because the issue of the limit on the number of depositions had not been resolved, which bears directly on how long the parties will need to complete discovery. Document No. 45. On June 4, 2007, the Court granted that motion in part. In addition, Defendants moved for a protective order concerning, inter alia, whether Plaintiffs will be permitted to videotape depositions in this case, including of the anonymous witnesses who perform the Federal

---

[1] The schedule in this case contemplates the filing of motions for summary judgment on the merits of the Constitutionality of the Federal government's lethal injection procedures. Defendants had anticipated filing an omnibus motion upon the close of discovery according to the Court's December 6, 2006 scheduling order. However, for the reasons set forth in this Motion, Defendants believe that the filing of a dispositive motion now addressing threshold issues, in connection with a stay of discovery, is the most efficient way for this case to proceed.

3

government's executions, or developed the execution protocols, and whether the deponents will be required to perform technical demonstrations during the depositions. Document No. 47. The Magistrate Judge scheduled a June 8, 2007 hearing to address pending discovery motions. May 22, 2007 Minute Entry. In a separate motion, Defendants have moved to continue or vacate that hearing given the filing of this Motion for Stay of Discovery.

B.     A Stay of the Conduct of Discovery is Warranted.

A stay of discovery is by far the most efficient way for this case to proceed for the near term, for both the parties and the Court. There are discovery motions pending before Magistrate Judge Robinson. Pending before the District Court are: (1) Defendants' motion for partial dismissal; and (2) Defendants' objections to the Magistrate Judge's decision with respect to the number of depositions permitted in this case. Given the pending discovery motions and the filing of a dispositive motion by Defendants, the Court should grant this Motion and stay discovery in this case.

    1.     The Pendancy of a Dispositive Motion Addressing Threshold Issues Warrants a Stay of Discovery.

It has long been recognized that trial courts are vested with broad discretion to manage the conduct of discovery. Chavous v. District of Columbia Financial Responsibility and Management Assistance Auth., 201 F.R.D. 1, 2 (D.D.C. May 21, 2001) (DAR), citing Brennan v. Local Union No. 639, Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers, 494 F.2d 1092, 1100 (D.C. Cir. 1974) and Fed. R. Civ. P. 26. See also Brune v. IRS, 861 F.2d 1284, 1288 (D.C. Cir. 1988); Brennan v. Local Union No. 639, 494 F.2d 1092, 1100 (D.C. Cir. 1974). Accordingly, it is settled that entry of an order staying discovery pending determination of

dispositive motions is an appropriate exercise of the Court's discretion: "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." Petrus v. Bowen, 833 F.2d 581, 583 (5th Cir. 1987) (citations omitted). See also White v. Fraternal Order of Police, 909 F.2d 512, 517 (D.C. Cir. 1990); Chavous, 201 F.R.D. at 5 (granting motion for stay of discovery and observing that "a trial court properly exercises its discretion to stay discovery where a motion which would be entirely dispositive if granted is pending; the discovery is not needed to permit the party who seeks discovery to oppose the pending dispositive motion; and the party who seeks discovery would not be prejudiced by a stay.").

As Judge Robinson noted in "accordance with this broad discretion, this court (Oberdorfer, J.) has observed that '[i]t is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending.'" Chavous, 201 F.R.D. at 2 (quoting Anderson v. United States Attorneys Office, No. CIV. A. 91-2262, 1992 WL 159186, at *1 (D.D.C. June 19, 1992)). Judge Robinson explained that in Anderson, a motion to dismiss that would have been dispositive of all of the issues was pending when the court considered plaintiff's motion to compel discovery and defendant's motion for protective order. Chavous, 201 F.R.D. at 2-3. It is entirely appropriate for a Court to stay discovery, where there is a dispositive motion pending, because the determination of a preliminary question may dispose of the entire suit, applications for discovery may properly be deferred until the determination of such questions. Founding Church of Scientology v. United States Marshals Service, 516 F. Supp. 151, 156 (D.D.C. 1980). See also Enplanar, Inc. v. Marsh, 11 F.3d 1284, 1291 (5th Cir.) (district court did not abuse discretion in

staying discovery until motion for change of venue was resolved), cert. denied, 513 U.S. 926 (1994); Ingram Corp. v. J.R. McDermott & Co., 698 F.2d 1295, 1304 n.13 (5th Cir. 1983); Abraham v. Volkswagen of Am., Inc., 795 F.2d 238, 246 (2d Cir. 1986) (courts should determine jurisdiction before conducting discovery).

  2. The Pending Discovery Motions Would Not Need to Be Resolved at this Time.

The granting of this Motion will promote judicial economy insofar as the pending discovery motions would not need to be resolved at this time. The parties and the Court stand to gain a significant conservation of resources. As has been apparent from this case thus far, given the importance of, and novel legal nature of, many of the discovery issues in this case, the parties have been unable to resolve their differences as to certain issues. Should Defendants prevail in their dispositive motion, which addresses threshold issues, there obviously would be no need for discovery. Should Defendants' motion be denied, the parties could simply pick back up with discovery where they left off.

  3. The Burden of the Outstanding Discovery Requests and Privilege Issues.

In Chavous, Judge Robinson has expressly held that the significant privilege issues presented by the plaintiffs' discovery requests in that case warranted the conclusion that permitting discovery before the need for such discovery ultimately was determined would be wasteful and inefficient. Chavous, 201 F.R.D. at note 4 (citing Coastal States Gas Corp., 84 F.R.D. at 282 and Maljack Prod., Inc. v. Motion Picture Ass'n of Am., No. CIV. A. 90-1121, 1990 WL 157900, at *1 (D.D.C. Oct. 3, 1990) ("avoidance of potentially unnecessary discovery is warranted" where a motion to dismiss is pending and plaintiff would not be prejudiced by a stay of discovery pending determination of the motion to dismiss)). Similarly, the contested

issues include videotaping the depositions of those who perform the Federal government's executions. Defendants consider this issue to be similar to a privilege claim, which, if not made prior to the taking of the discovery, would be forever lost.

In addition, Plaintiffs' second set of discovery requests represents a significant burden, in terms of the investment of time and resources, for the Federal government to answer. See Exhibits 1-3 attached (Plaintiffs' second set of discovery requests and requests for admissions). Plaintiffs' second set of discovery requests includes: an additional seventeen numbered interrogatories, many containing extensive subparts; sixty-five additional requests for production of documents; and thirty-two requests for admissions. The requested information covers a period of over ten years, includes a number of documents containing extremely sensitive information or addresses issues of a sensitive nature, which counsel for Defendants will have to review carefully and redact consistent with the Privacy Act protective order in this case. We understand that responsive information is maintained by a number of persons at different geographic locations throughout the country and at different levels of the government, including persons no longer employed by the Federal government.

Moreover, the taking of the approximately twenty-five depositions in this case, which Plaintiffs have said they are seeking, would be burdensome given the unique nature of this case and the logistical arrangements that will need to be made in order to ensure the anonymity of certain deponents as per the protective order in this case. Many of the witnesses we expect will be deposed are located outside of this judicial district and, in fact, are spread throughout the country. For that reason, the parties have agreed to conduct certain of the depositions in Terre Haute, Indiana. All counsel will have significant travel to the depositions and counsel for

Defendants will additionally have the commitment of time and resources in preparing the witnesses. In addition, the large number of witnesses would be called away from their critical corrections duties during the time devoted to preparation and depositions.

  4. <u>The Original Schedule in This Case did not Contemplate the Far-Reaching Discovery Plaintiffs have Sought</u>.

It was the government's understanding when filing the joint Local Civil Rule 16.3 Report that discovery in this case would be limited and that the case would be resolved on dispositive motions. <u>See</u> LCvR 16.3 Report, Document No. 16 (limiting numbers of depositions and interrogatories to presumptive limits in the Federal Rules of Civil Procedure). As we have explained in other filings, much of the contested discovery sought by Plaintiffs seems an afterthought. Plaintiffs waited until well into the discovery period to seek "additional depositions" even before any had been taken. Similarly, Plaintiffs waited until the week before the scheduled depositions to inform Defendants that they would videotape those depositions. Plaintiffs also conducted their inspection of the Federal government's execution facility in Terre Haute, Indiana prior to taking any depositions in this case. At least in part due to this litigation decision, and despite the fact that Defendants had worked to address any issues related to the inspection in an exchange of correspondence prior to the inspection, Plaintiffs recently concluded that they desire a second inspection of the Terre Haute, Indiana facility.

  5. <u>Plaintiff Inmates Will Not Be Prejudiced by a Stay of Discovery</u>.

Judge Robinson explained that in the determination of whether to stay discovery while pending dispositive motions are decided, the trial court "inevitably must balance the harm produced by a delay in discovery against the possibility that [a dispositive] motion will be

granted and entirely eliminate the need for such discovery." Chavous, 201 F.R.D. at 3 (quoting Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). Judge Robinson found that the plaintiffs in that case had not demonstrated that they would be harmed by a stay of discovery pending determination of the dispositive motions and granted the motion for a stay of discovery. Chavous, 201 F.R.D. at 3-4.

Likewise, in this case, Plaintiffs will not be prejudiced by the entry of a stay of discovery at this time. Plaintiffs are federal death row inmates. If Defendants' dispositive motion were to be denied, the parties simply can pick up with discovery where they left off. In the end, that is much more efficient for the parties and the Court. Given the Court's broad discretion over the conduct of discovery, the Court "should not hesitate to exercise appropriate control over the discovery process." Herbert v. Lando, 441 U.S. 153, 177 (1979); accord Laborers Int'l Union of North America v. Department of Justice, 772 F.2d 919, 921 (D.C. Cir. 1984). A stay of discovery pending the determination of a dispositive motion "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." Coastal States Gas Corp. v. Department of Energy, 84 F.R.D. 278, 282 (D. Del. 1979) (citations omitted).

For these reasons, a stay of the conduct of discovery in this case is warranted.

                Respectfully submitted,

                  s/Jeffrey A. Taylor
                JEFFREY A. TAYLOR, D.C. BAR # 498610
                Interim United States Attorney

                  s/Rudolph Contreras
                RUDOLPH CONTRERAS, D.C. BAR # 434122
                Assistant United States Attorney

                                                  s/Peter S. Smith
                                           PETER S. SMITH, D.C. BAR # 465131
                                           Assistant United States Attorney
                                           United States Attorney's Office
                                           Civil Division
                                           555 4th Street, N.W.
                                           Washington, D.C. 20530
                                           (202) 307-0372