# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JAMES ROANE, JR., et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 05-2337 (RWR/DAR) |
| ALBERTO GONZALES, et al., | ) | |
| Defendants. | ) | |

## SUPPLEMENT TO PRIVACY ACT PROTECTIVE ORDER

This is an action in which plaintiffs James H. Roane, Jr., Richard Tipton and Cory Johnson, and intervenor-plaintiffs Bruce Webster, Orlando Hall and Anthony Battle, federal inmates under Federal death sentences, inter alia, challenge the Constitutionality of the federal government's procedures for implementing their sentences by lethal injection. Compl. at ¶¶ 2-4. On June 8, 2007, the Magistrate Judge heard argument on defendants' motion for protective order regarding the conduct of depositions in this case, Document No. 47. In connection with the Court's instructions and oral ruling on defendants' motion, the parties file this order supplementing the existing Privacy Act protective order entered in this case, Document No. 30. This supplement to the existing protective order incorporates the terms of the protective order previously entered in this case, Document No. 30.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby ORDERED that:

1. In connection with the Court's June 8, 2007 Order allowing the videotaping of depositions in this case, subject to the limits set forth below, any videotape or other

      video record of any deposition in this case shall constitute "Discovery Materials" as defined in Document No. 30 in this case.

2. Furthermore, videotaped testimony or any videotape or other video record of a deposition or deposition witness in this case shall be additionally governed by the terms in this supplement to the existing protective order in this case.

3. Defendants or their counsel shall select the videographer or court reporting company to provide videotaping services for the depositions in this case.

4. Immediately following each videotaped deposition in this case, counsel for defendants shall take custody of any videotape or other video record created or produced during the deposition. As soon as practicable thereafter, counsel for the defendants shall file the videotape or other video record of the deposition under seal with the Court.

5. No videotape or video record filed under seal as provided in paragraph 4 of this Order shall be released, even to counsel in this case, without prior approval of the Court upon a showing by counsel for the party or parties requesting such release that the videotape or video record is necessary for the performance of a task relating to this case, for example, designating which portions of the videotape or video record to show to the Court during a hearing in the case. Any videotape or video record released pursuant to this paragraph shall be returned to the custody of the Court as soon as practicable upon conclusion of the task or purpose for which the release was approved and subject to the terms of any order approving such release.

6. The party or parties who conduct a videotaped deposition in this case shall bear the costs and fees of any videographer or court reporting company retained for such videotaping.

7. The party or parties who conduct any deposition in this case shall secure a court reporter for the preparation of a written transcript of such deposition or deposition testimony and shall bear the fees and costs associated with the preparation of the written transcripts. As in the usual case, the other parties or their counsel may purchase copies of such written transcripts from the court reporter or reporting company at their own expense.

8. No videotape or video record of any deposition or deposition testimony in this case, may be copied or otherwise disseminated in any form, including by electronic reproduction or electronic media. Upon the conclusion of the litigation of this case, including any appeals, any copy or copies of videotapes or other video record of testimony in this case will be returned to counsel for defendants or destroyed by staff of the United States District Court for the District of Columbia.

9. Defendants or their counsel will make available for depositions in this case examples of the surgical kit or kits, intravenous (IV) tubing, syringes, and quantities of Pancuronium Bromide and Potassium Chloride representative of the materials or equipment used to implement Federal judicial sentences of death by lethal injection. This paragraph expressly does not require the defendants or their counsel to make available during depositions in this case any controlled substance as defined in the Controlled Substances Act, see 21 U.S.C. §§ 822, 829 (2000), such as Sodium Pentothal, also known as Sodium Thiopental, but Defendants shall provide a

       reasonable substitute for Sodium Thiopental for purposes of demonstration, such as saline solution.

10. As per the Court's June 8, 2007, order, any demonstrations or physical manipulation of the above-referenced equipment and material by deponents in this case is limited to those tasks that the deponent actually performs and/or is trained to perform in connection with Federal executions by lethal injection.

11. As per the Court's June 8, 2007, oral ruling in this case, deponents or deposition witnesses will not be required to conduct hypothetical demonstrations with the above-referenced equipment and material that they have not trained, practiced, or otherwise prepared to do in connection with carrying out, or preparing to carry out, Federal executions by lethal injection; for example, witnesses will not be required to compare or contrast alternative methods for using the equipment or materials, nor to describe or demonstrate what other persons may or may not do with the equipment or materials. But witnesses can be asked to perform any task they have trained, practiced, or otherwise prepared to do in connection with carrying out, or preparing to carry out, Federal executions by lethal injection, even if the expectation is that, during a normal execution, they would not need to perform such tasks.

It is so ORDERED by the Court this \_\_\_\_\_ day of _____, 2007.

                                                    _____
                                                    Deborah A. Robinson
                                                    United States Magistrate Judge