**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JAMES ROANE, JR., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 05-2337 (RWR/DAR) |
| ) | |
| ALBERTO GONZALES, *et al.,* ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY THE CONDUCT OF DISCOVERY PENDING RESOLUTION OF DEFENDANTS' EXPECTED DISPOSITIVE MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Plaintiffs James H. Roane, Jr., Richard Tipton, and Cory Johnson, and Intervenor-Plaintiffs Bruce Webster, Anthony Battle, and Orlando Hall (collectively, "Plaintiffs") respectfully oppose Defendants' Motion to Stay the Conduct of Discovery Pending Resolution of Defendants' Expected Dispositive Motion and Memorandum of Points and Authorities in Support Thereof (Doc. 59) [hereinafter "Motion to Stay Discovery"].

The Motion to Stay Discovery is the latest installment of defendants' ongoing campaign to thwart plaintiffs' discovery. Defendants have delayed discovery at every turn. *First*, defendants' caused delay by engaging in unnecessarily protracted negotiations for a protective order concealing the identities of the key witnesses. *Second*, defendants have failed to produce relevant records and documents—including documents plaintiffs know for a fact exist because they have been produced in other litigation—requiring plaintiffs to serve a second set of

- 1 -

discovery requests.[1]  *Next*, defendants engaged in meritless opposition to the number and conditions of depositions.  On June 4, 2007, the Court extended the discovery cut-off date, but noted with apparent displeasure that depositions had not yet begun.  Sharing the Court's desire that discovery move forward efficiently and with all deliberate speed, plaintiffs oppose defendants' effort to halt the process entirely pending the Court's resolution of their Motion for Judgment on the Pleadings.

"The party seeking to stay discovery has the burden of justification."  *People With AIDS Health Group v. Burroughs Wellcome Co.*, 1991 WL 221179, at *1 (D.D.C. Oct. 11, 1991) (unpublished).  Defendants contend that a stay of discovery is warranted in light of their pending dispositive motion for three primary reasons: (1) there remain outstanding discovery issues to be resolved, and a stay of discovery would promote judicial economy; (2) plaintiffs' second set of discovery requests, as well as the "the taking of approximately twenty-five depositions," are burdensome, and in light of that burden, particularly considering certain "privilege-like" issues concerning the identity of federal executioners, discovery should not move forward unless it is deemed necessary; and (3) plaintiffs will not be prejudiced by a stay of discovery.[2]  Defendants, however, are incorrect on all three counts.

---

[1] Indeed, defendants' sparse response to plaintiffs' initial written discovery requests prompted plaintiffs to serve a second set of discovery requests that covers much of the same ground as the initial requests, with more detail added.  The fact that plaintiffs served their first set of discovery requests in December 2006, over six months ago, should be considered by the Court in evaluating defendants' contention that the second set of discovery requests "represents a significant burden," Def. Mot. to Stay Discovery at 7.

[2] Defendants also contend that a stay of discovery is justified on the basis of their "understanding when filing the joint Local Civil Rule 16.3 Report that discovery in this case would be limited and that the case would be resolved on dispositive motions."  Def. Mot. to Stay Discovery at 8.  As plaintiffs have explained in other filings and before Magistrate Judge Robinson, the Rule 16.3 statement merely states that, at the time it was filed, the parties saw no reason why the case could

*First*, there are no pending discovery issues for the Court to resolve.  Defendants contend that this Court has yet to rule on their objections to Magistrate Judge Robinson's decision with respect to the number of depositions permitted in this case.  *See* Def. Mot. to Stay Discovery at 4. In fact, it appears that the Court endorsed the Magistrate Judge's ruling on this point in its June 4, 2007, decision allowing for an extension of discovery-related deadlines.  Furthermore, at the June 8, 2007, hearing on Defendants' Motion for Protective Order, Magistrate Judge Robinson resolved the parties' dispute over the videotaping of depositions and plaintiffs' request that defendants provide certain equipment at those depositions.  Defendants have represented to plaintiffs' counsel that they do not intend to appeal the Magistrate Judge's decision.  Thus, there are no outstanding discovery disputes awaiting the Court's intervention, and plaintiffs accordingly are ready and willing to move forward with depositions in this case.

*Second*, neither plaintiffs' second set of written discovery requests nor their plan for taking depositions can be considered overly burdensome.  Plaintiffs believe that most if not all of the documents requested in their second set were called for in their first set of discovery requests, served over six months ago. (Attached hereto as Exh. A).  Because defendants' response to the first set has been, at least to date, anemic, plaintiffs added increased specificity to a second set of requests to ensure that there can be no question about what documents and information are covered by the requests.  Given the length of time defendants have had to produce the information and documents sought, and their failure to produce relevant documents known to be within their possession, plaintiffs' second set of discovery requests do not "represent a significant burden."  In addition, although plaintiffs are planning to take approximately twenty-five depositions in this case, several of these depositions will last less than a full day, and

---

not be resolved on summary judgment.  Plaintiffs never agreed to limit discovery in this case, and never agreed to resolve the case on dispositive motions.

plaintiffs have made clear to defendants that they are willing to (1) take depositions in whatever locations are most convenient for defendants and their counsel, and (2) schedule several depositions back-to-back in large blocks of time, so as to minimize travel costs for all involved.

*Finally*, as defendants acknowledge, when considering whether to stay discovery in light of a pending dispositive motion, a trial court "inevitably must balance the harm produced by a delay in discovery against the possibility that [the dispositive] motion will be granted and entirely eliminate the need for such discovery." *Chavous v. District of Columbia Fin. Responsibility and Mgmt. Assistance Auth.*, 201 F.R.D. 1, 3 (D.D.C. 2001). Defendants' contention that a stay of discovery, without a concomitant extension of the discovery deadlines currently in place, would not prejudice plaintiffs is plainly wrong.[3] Because of defendants' foot-dragging, plaintiffs have not received the written discovery that they requested in December, and still have not been able to take depositions of any of the numerous individuals defendants have identified as having particpated in federal executions. Nevertheless, defendants propose to take weeks, possibly a month or more, out of the limited period for discovery granted to the parties by the Court, leaving plaintiffs with a paltry amount of time in which to complete discovery when

---

[3] It is clear that defendants do not contemplate an extension of the discovery cut-off should a stay of discovery be entered. Previously, despite the months-long delays attributable to their aggressive and largely unsuccessful efforts to thwart plaintiffs' discovery, defendants opposed entirely an extension of the discovery cut-off, even though plaintiffs had not been able to take a single deposition.

defendants' Motion for Judgment on the Pleadings is denied.[4]  That result would be grossly unfair to plaintiffs and is accordingly untenable.[5]

It also bears mentioning that the "possibility that the dispositive motion will be granted" in this case is slim.  Over sixteen months ago, defendants agreed that *Hill v. McDonough*, __ U.S. __, 126 S. Ct. 2096 (2006), would determine whether plaintiffs even had a right to bring this suit.[6]  Now, months and countless hours of work later, defendants inexplicably for the first time suggest that equity required plaintiffs to bring this suit years earlier, and thus that judgment on the pleadings is required, along with the lifting of the stays of plaintiffs' executions.  This is a far-fetched suggestion, and the filing of such a meritless motion—apparently a last-ditch effort to avoid depositions—does not support a discovery stay.  Moreover, as plaintiffs will show in full in their response to defendants' Motion for Judgment on the Pleadings and to Lift the Stays of

---

[4] Furthermore, it should be noted that the Court has set a calendar in this case that contemplates the filing of dispositive motions *after* fact discovery has been completed.  Filing a motion to stay discovery pending resolution of a dispositive motion at this stage of the litigation is in effect an attempt to make an end-run around the Scheduling Order currently in place.

[5] Adding to the inequity of defendants' proposed stay of discovery, plaintiffs Orlando Hall and Anthony Battle entered this case with the stipulation (agreed to by counsel for defendants) that they accepted the case in its posture at the time of their intervention, *i.e.*, with defendants in the process of responding to written discovery requests and on the cusp of proceeding to depositions.  The fact that, only days after the motions to intervene were granted, defendants moved to stay discovery is tantamount to unfair surprise.  Defendants should be estopped from changing the posture of the case so soon after Hall and Battle have intervened.  If defendants' motion for a stay of discovery is granted, defendants will have effectively lured Hall and Battle into a case in the midst of discovery, only to change tactics immediately to deprive the intervenor-plaintiffs of discovery.

[6] In February 2006, defendants agreed that this case should be stayed and that plaintiffs' executions should be enjoined.  *See* Defendants' Response to Plaintiffs' Motion to Stay the Proceedings and to Preliminarily Enjoin the United States from Carrying Out Their Executions (Doc. 4), at 2 ("[C]oncur[ing] that the proceedings should be stayed and plaintiffs' executions enjoined pending the Supreme Court's disposition of *Hill*.").  Defendants did not move to lift the stays after the disposition of *Hill* in June 2006 and only now, a full year after *Hill* resolved plaintiffs' right to sue, and on the eve of the comprehensive discovery they have not been able to prevent, have defendants' moved for judgment on the pleadings and to lift the stays.

Execution, defendants have admitted conduct in carrying out executions that courts around the country have rejected as unconstitutional.  Plaintiffs will be sucessful on the merits of defendants' dispositive motion.

For the foregoing reasons, defendants have not met their burden of justifying a stay of discovery in this case.  Plaintiffs respectfully request that the Court deny defendants' Motion to Stay the Conduct of Discovery Pending Resolution of Defendants' Expected Dispositive Motion and Memorandum of Points and Authorities in Support Thereof.

Dated:  June 18, 2007               Respectfully submitted,

/s/ Paul F. Enzinna_____
PAUL F. ENZINNA (D.C. Bar No. 421819)
JEREMY I. LEVIN
TIMOTHY LOPER
RACHEL McKENZIE
Baker Botts LLP
1299 Pennsylvania Avenue, NW
Washington, DC  20004-2400
(202) 639-7752

*Counsel for Plaintiff James H. Roane, Jr.*


/s/ Charles A. Zdebski_____
CHARLES A. ZDEBSKI  (D.C. Bar No. 451075)
Troutman Sanders LLP
401 9th Street, NW
Suite 1000
Washington, DC 20004-2134
(202) 274-2909

STEPHEN A. NORTHUP (D.C. Bar. No. 54587)
Troutman Sanders LLP
1001 Haxall Point
P.O. Box 1122
Richmond, VA 23218-1122
(804) 697-1240

FREDERICK R. GERSON
Robinson & Gerson, P.C.
7102 Three Chopt Road
Richmond, VA 23226

*Counsel for Plaintiff Richard Tipton*


/s/ Charles A. Zdebski_____
CHARLES A. ZDEBSKI  (D.C. Bar No. 451075)
Troutman Sanders LLP
401 9th Street, NW
Suite 1000
Washington, D.C. 20004-2134
(202) 274-2909

BARBARA HARTUNG
700 E. Main Street
Suite 1600
Richmond, VA 23219

EDWARD E. SCHER
Thorsen & Scher, LLP
3810 Augusta Avenue
Richmond, VA 23230

*Counsel for Plaintiff Cory Johnson*


/s/ William E. Lawler III_____
WILLIAM E. LAWLER III (D.C. Bar No.398951)
GRAHAM E. EDDY (D.C. Bar No. 495794)
Vinson & Elkins LLP
1455 Pennsylvania Avenue, NW
Suite 600
Washington, DC 20004-1008
(202) 639-6676

*Counsel for Plaintiff Bruce Webster*

- 7 -

/s/ Joshua C. Toll
JOSHUA C. TOLL (D.C. Bar No. 463073)
King & Spalding LLP
1700 Pennsylvania Avenue, NW
Washington, DC  20006
(202) 737-0500

*Counsel for Plaintiff Anthony Battle*


/s/ Owen Bonheimer
 MARK J.  HULKOWER (D.C. Bar No. 400463)
OWEN BONHEIMER (D.C. Bar No. 484984)
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC  20036
(202) 429-3000

ROBERT C. OWEN
Texas Bar No. 15371950
Owen & Rountree, LLP
P.O. Box 40428
Austin, TX  78704
(512) 804-2661

MARCIA A. WIDDER
Louisiana Bar No. 23367
636 Baronne Street
New Orleans, LA  70113
(504) 558-9867

 *Counsel for Plaintiff Orlando Hall*