IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JAMES H. ROANE, JR., et al.,** : | |
| : | |
| **Plaintiffs,** : | |
| : | |
| v. : | Case Number: 1:05-cv-2337 |
| : | |
| **ALBERTO GONZALES, et al.,** : | |
| : | |
| **Defendants.** : | |

### PLAINTIFFS' FIRST SET OF INTERROGATORIES

Plaintiffs James Roane, Richard Tipton, and Corey Johnson (collectively "Plaintiffs") request that Alberto Gonzales, Karen Tandy, Harley G. Lappin, Newton E. Kendig, II., M.D., Rick Veach, Thomas Webster, M.D., and John Does I – X (collectively "Defendants"), answer the following interrogatories under oath and serve them upon Plaintiffs within 30 days, pursuant to Rule 33 of the Federal Rules of Civil Procedure.

### INSTRUCTIONS

Pursuant to Rule 33 of the Federal Rules of Civil Procedure "[e]ach interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for the objection and shall answer to the extent the interrogatory is not objectionable."

In answering each interrogatory:

(a)   state whether the answer is within the personal knowledge of the person answering the interrogatory and, if not, identify each person known to have personal knowledge of the answer;

DC01:436845.1

    (b)    identify each document that was used in any way to formulate the answer.

## DEFINITIONS AND INSTRUCTIONS

A. "Execution Protocol" includes any and all documents, electronically stored information, notes, practices, charts, recordings, and any other information relating to the execution protocol for lethal injection in the U.S. federal system, whether written or oral.

B. The connectives "and," and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope.

C. When used with respect to an individual, the term "identify" shall include a statement of the person's name, last known employment, last known address, and any other identifying information known to you.

D. "Last known address" includes the present address, and the present and last known place of employment.

E. "Set forth" and "list" with respect to documents and credentials includes: 1) the type of document or credential; 2) subject matter; 3) content; 4) date of the document or when the credentials were obtained; and, 5) author(s), addressee(s), and recipient(s).

F. The use of the singular form of any word includes the plural and vice versa.

G. "Condemned Inmate" or similar phrase means a person under a death sentence whose death the defendants (acting individually, separately, or through agents) have caused or intend to cause by executing him or her.

## INTERROGATORIES

1. Identify all persons present on each occasion on which the United States has previously executed a Condemned Inmate by lethal injection, including, without limitation, all persons responsible for administering any drug or chemical to the Condemned Inmate and all witnesses.

2. Identify all persons who have participated in considering, drafting or otherwise preparing each and every Execution Protocol you have used in executing any Condemned Inmate by lethal injection, or which has been prepared for potential use in executing any Condemned Inmate by lethal injection, including the protocol(s) you intend to use in executing Messrs. Tipton, Johnson and Roane.

Respectfully submitted,

*[signature]*

PAUL F. ENZINNA (D.C. Bar No. 421819)
TIMOTHY LOPER
RACHEL McKENZIE
Baker Botts LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004-2400
(202) 639-7752
Fax: (202)

DENISE LEBOEUF
700 Camp Street
New Orleans LA 70130

*Counsel for Plaintiff James H. Roane, Jr.*

*[signature: Charles Zdebski/PFE]*

CHARLES A. ZDEBSKI
(D.C. Bar No. 451075)
Troutman Sanders LLP
401 9th Street, N.W.
Suite 1000
Washington, D.C. 20004-2134
(202) 274-2909

STEPHEN A. NORTHUP (D.C. Bar. No. 54587)
Troutman Sanders LLP
1001 Haxall Point
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1240

FREDERICK R. GERSON
Robinson, Carl & Gerson
7102 Three Chopt Road
Richmond, Virginia 23226

*Counsel for Plaintiff Richard Tipton*

_____
CHARLES A. ZDEBSKI
(D.C. Bar No. 451075)
Troutman Sanders LLP
401 9th Street, N.W.
Suite 1000
Washington, D.C. 20004-2134
(202) 274-2909

BARBARA HARTUNG
700 E. Main Street
Suite 1600
Richmond, Virginia 23219

EDWARD E. SCHER
Thorsen & Scher, L.L.P.
3810 Augusta Avenue
Richmond, VA 23230

*Counsel for Plaintiff Cory Johnson*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 14, 2006, the foregoing was served by first-class United Staets mail upon the following counsel:

Peter D. Blumberg
Assistant United States Attorney
United States Attorneys Office
Judiciary Center Building
555 4th St., NW, 10th Floor
Washington, DC 20530

Robert J. Erickson (D.C. Bar #220731)
Principal Deputy Chief
Criminal Appellate Section
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Room 1515
Washington, DC 20530
(20) 514-2841

_____
Paul F. Enziana

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES H. ROANE, JR., et al.,          :
                                       :
          Plaintiffs,                  :
                                       :
v.                                     :  Case Number: 1:05-cv-2337
                                       :
ALBERTO GONZALES, et al.,              :
                                       :
          Defendants.                  :

**PLAINTIFFS' FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rules of Civil Procedure 26 and 34, plaintiffs James H. Roane, Jr., Richard Tipton and Corey Johnson hereby request that Defendants produce and make the following documents available for inspection and copying at the offices of Baker Botts, LLP, 1299 Pennsylvania Ave., N.W., Washington, DC 20001, or at such other mutually convenient place as agreed to by the parties, within thirty (30) days from the date of service of these Requests.

**DEFINITIONS**

Unless otherwise indicated, the following definitions apply to all documents requested set forth below:

1.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

2.      "Concerning" means referring to, describing, discussing, evidencing, constituting or otherwise relating to.

3. The terms "document" and "documents" are used in the broadest sense permissible under Federal Rule of Civil Procedure 34 and include but are not limited to:

    (a) all correspondence, memoranda, records, letters, telegrams, reports, notes, drafts, books, records, papers, minutes, schedules, tabulations, computations, lists, ledgers, journals, purchase orders, contracts, bills of lading, invoices, agreements, vouchers, accounts, checks, books of original entry, recordings, affidavits, diaries, calendars, desk pads, drawings, photostats, motion pictures, slides, photographs, sketches, charts, graphs, or any written or printed matter or tangible thing on which any words or phrases are affixed; and

    (b) electronically stored information, including information contained in any computer, electronic, digital, or tape-recorded format or media, including any computer or electronic database, electronic mail or "e-mail," or instant messages or online chat transcripts translated, if necessary, into reasonably usable form.

## INSTRUCTIONS

1. Each request to produce a document calls for the production of the document to the extent that it is within your possession, within your custody, or within your control. This includes documents in the possession, custody, or control of you or your agents, representatives, predecessors-in-interest, successors-in-interest, subsidiaries, parents, experts, consultants, and, unless privileged, your attorneys, including, but not limited to attorneys who represent you currently or have represented you in the past.

2. Each request to produce a document calls for a separate production of the document to the extent that it is maintained in separate files or by separate persons.

3. Identify the source of each document produced.

4. Each request to produce a document calls for the production of any versions or drafts of the document that differ in any respect whatsoever from the final draft or from any other version or draft (e.g., by reason of handwritten notes or comments having been added to one copy of a document but not on the original or other copies thereof).

5. Where an objection is made to any request, or any subpart thereof, the objection should state with specificity all grounds for the objection.

6. If any documents are withheld on the basis of any privilege, a "privilege log" must be provided at the time of the document production. The log must establish the basis for assertion of a privilege, such that the assertion can be reasonably tested. The log must, at a minimum, identify the: (a) date; (b) type of document (e.g., letter, memorandum, contract, report, etc.); (c) author or sender's name, address, and position; (d) recipient or addressee's name, address, and position; (e) any "cc" or "carbon copy" names, addresses, and positions; (f) a "re" line describing the subject matter of the document, sufficient to provide an understanding as to why privilege is asserted; (g) the present location of the document; and (h) the name, address and position of the person with custody of the document.

7. Each document produced for inspection or copying shall be produced as kept in the usual course of business or otherwise in accordance with the requirements of Rule 34(b).

8. These Document Requests are continuing and require supplemental production if you discover additional documents that are responsive to these Requests.

## DEFINITIONS

A. "Execution Protocol" includes any and all documents, electronically stored information, notes, practices, charts, recordings, and any other information relating to the execution protocol for lethal injection in the U.S. federal system, whether written or oral.

B. The connectives "and," and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope.

C. The use of the singular form of any word includes the plural and vice versa.

F. "Condemned Inmate" or similar phrase means a person under a death sentence whose death the defendants (acting individually, separately, or through agents) have caused or intend to cause by executing him or her.

## REQUESTS FOR PRODUCTION

1. Any and all documents concerning any Execution Protocols drafted or adopted for use, or used, in executing federal prisoners by Lethal Injection, including, without limitation, the Execution Protocol you intend to use in executing the plaintiffs. This request includes, without limitation, any and all documents concerning any decisions made in connection with considering or adopting any Execution Protocol, or portion thereof.

2. Any and all reports, logs, notes, recordings or other memorialization of any lethal injection executions carried out by the United States, and any and all documents concerning any such reports, logs, notes, recordings or other memorializations.

3. Any and all documents concerning any post-execution examination of any Condemned Inmate executed by the United States by lethal injection, including, without limitation, any autopsy reports, toxicology reports, photographs, or diagrams.

4. Any and all documents concerning any equipment to be used in executing any Condemned Inmate, including the plaintiffs, by lethal injection. This request includes, without limitation, any documents concerning any equipment considered for use in executing any Condemned Inmate, but rejected for such use.

5.  Any and all documents concerning any individual's involvement in executing any Condemned Inmate by lethal injection, including all individuals involved in past lethal injection executions and any individuals intended to be involved in plaintiffs' executions. This request includes, without limitation, any documents concerning the qualifications of any such individual to participate in a lethal injection execution.

6.  Any and all documents concerning any rehearsals you have conducted of any Execution Protocol, including, without limitation, any and all documents concerning any changes made to the then-operative Execution Protocol as a result of any such rehearsal.

Respectfully submitted,

_____
PAUL F. ENZINNA (D.C. Bar No. 421819)
TIMOTHY LOPER
RACHEL McKENZIE
Baker Botts LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004-2400
(202) 639-7752
Fax: (202)

DENISE LEBOEUF
700 Camp Street
New Orleans LA 70130

*Counsel for Plaintiff James H. Roane, Jr.*

_____
CHARLES A. ZDEBSKI
(D.C. Bar No. 451075)
Troutman Sanders LLP
401 9th Street, N.W.
Suite 1000
Washington, D.C. 20004-2134
(202) 274-2909

STEPHEN A. NORTHUP (D.C. Bar. No. 54587)
Troutman Sanders LLP
1001 Haxall Point
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1240

FREDERICK R. GERSON
Robinson, Carl & Gerson
7102 Three Chopt Road
Richmond, Virginia 23226

*Counsel for Plaintiff Richard Tipton*


_____*/s/ Charles Zdebski*_____
CHARLES A. ZDEBSKI
(D.C. Bar No. 451075)
Troutman Sanders LLP
401 9th Street, N.W.
Suite 1000
Washington, D.C. 20004-2134
(202) 274-2909

BARBARA HARTUNG
700 E. Main Street
Suite 1600
Richmond, Virginia 23219

EDWARD E. SCHER
Thorsen & Scher, L.L.P.
3810 Augusta Avenue
Richmond, VA 23230

*Counsel for Plaintiff Cory Johnson*

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2006, the foregoing was served by first-class United Staets mail upon the following counsel:

Peter D. Blumberg
Assistant United States Attorney
United States Attorneys Office
Judiciary Center Building
555 4th St., NW, 10th Floor
Washington, DC 20530

Robert J. Erickson (D.C. Bar #220731)
Principal Deputy Chief
Criminal Appellate Section
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Room 1515
Washington, DC 20530
(20) 514-2841

_____
Paul F. Enzinna