# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| JAMES ROANE, JR., <u>et al.</u>, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-2337 (RWR/DAR) |
| | ) | |
| ALBERTO GONZALES, <u>et al.</u>, | ) | |
| | ) | |
| Defendants. | ) | |

_____ )

## <u>DEFENDANTS' MOTION TO SET SCHEDULE FOR THE BRIEFING OF THE PENDING MOTIONS TO COMPEL AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF</u>

Defendants respectfully move this Court for an order setting a schedule for the briefing of Plaintiffs' motions to compel. Document Nos. 101 (sealed filing concerning deposition issues) and 100 (sealed filing concerning written discovery). In connection with LCvR 7(m), the undersigned counsel of record contacted lead counsel for Plaintiffs twice by electronic mail on August 16, 2007 in order to discuss the relief requested in this Motion.[1] The undersigned has not yet heard back from counsel for Plaintiffs with Plaintiffs' position on this Motion. Nonetheless, Defendants are filing this motion today in an abundance of caution, given Plaintiffs' request for expedited consideration. Defendants propose a schedule for responding to Plaintiffs' two voluminous filings in an expedited manner, namely that Defendants respond to the motion concerning deposition issues by August 24, 2007 and that Defendants will respond to the motion concerning written discovery by August 27, 2007. Good cause exists to grant this motion. As

---

[1] For the reasons set forth in this Motion, Defendants in fact oppose expedited treatment altogether and so informed counsel for Plaintiffs last week. Nonetheless, in an effort to resolve this scheduling issue and to assist the Court in establishing a schedule, Defendants are proposing a schedule that affords Plaintiffs' motions expedited treatment.

grounds for this Motion, Defendants state as follows:

1.  Under Local Civil Rule 7, Defendants' oppositions to both motions to compel, which were hand delivered, would be due by August 27, 2007.

2.  Plaintiffs' motions for expedited treatment do not appear to make any allegations that there is any imminent danger that information will be lost or destroyed.  Instead, Plaintiffs seek expedited consideration of their motions due to upcoming depositions that have been scheduled, and due to the October, 2007 discovery deadline.  Although Plaintiffs seek expedited treatment, they do not seem to have suggested dates for the briefing of their motions.

3.  The issues addressed in Plaintiffs' motion are not so straightforward as to allow for a short or unduly rushed response.  Instead, the preparation of the government's response will take significant time and effort, as is born out by the fact that Plaintiffs' filings are voluminous. Document No. 101 contains eighteen exhibits and appears to exceed one hundred pages total, including the motion, memorandum and exhibits.  Document No. 100 is a 43-page memorandum with 46 exhibits attached (in two bound volumes).  Setting aside the time that will be necessary for the factual and legal research and for the actual drafting of the government's response to these motions, simply getting the materials to the agency clients, reading the materials, and consulting with the clients about any response will take Defendants' counsel days, not hours.

4.  The undersigned counsel of record has numerous other professional commitments in the next two weeks, many of which are related to this case.  For example, the government's reply in support of its pending dispositive motion is due by August 17.  The undersigned has a reply in support of a dispositive motion due in <u>McCready v. Nicholson</u>, Civ. No. 01-2219 (RMC) and a hearing on that same motion scheduled for August 24.  In addition, the undersigned counsel of

record will need to spend significant time the week of August 20 for witness preparation in this case in order to go forward with the deposition of the BOP Director scheduled for August 27, 2007. Finally, the undersigned has two appellate filings due by August 27 (both are dispositive motions). As set forth in Local Civil Rule 16.2, this Court, in the context of appellate arguments, has stated that district court trial proceedings must give way to the appellate argument. LCvR 16.2(a) (priority to be accorded appellate courts). The Court should recognize this same principle with respect to filing deadlines in the two courts.

5. While we continue to appreciate the cordial nature of the parties' representatives' dealings in this case, along with the cooperative way that the parties have scheduled depositions, there simply is not the level of urgency to the resolution of Plaintiffs' motions that they have conveyed in their filings. Defendants are proposing a schedule whereby these issues can be addressed in order for the parties to timely complete discovery. Plaintiffs' motions seem to assume that in the coming weeks, they will not receive any additional information, whether in depositions or in response to their prior written discovery requests. That may not be the case. Defendants have throughout this litigation supplemented their discovery responses and worked cooperatively with Plaintiffs on the issues that could be resolved short of Court intervention. Moreover, in a recent letter, Plaintiffs unilaterally set a deadline of August 24 for Defendants to supplement certain of their discovery responses. The author of that letter must have thought that August 24 would not be too far into the future to prevent Plaintiffs from obtaining or using that information during the discovery process in this case.[2] See Attachment 1. Likewise, Plaintiffs

---

[2] The undersigned counsel of record believes that as of the date of the referenced letter, the government already had provided this information in the form of detailed privilege logs and by annotating the documentary discovery produced.

3

informed us that they intend to conduct a Fed. R. Civ. P. 30(b)(6) deposition of the government in this case. However, Plaintiffs waited until August 16, 2007 to notice the Fed. R. Civ. P. 30(b)(6) deposition. Without possessing the actual notice, Defendants could not possibly determine definitively what person or persons would be the government's 30(b)(6) deponent. Similarly, Plaintiffs only very recently identified the witnesses who they seek to depose in the second round of depositions in this case. See Attachment 2 (letter dated August 8, 2007). Finally, Plaintiffs have known for months about the government's objection to any re-inspection of its execution facility. See Pl. Mot. concerning request to re-inspect, at Ex. 22 (Defendants' June 26, 2007 objections).

    6. We recognize Plaintiffs' concern that the issues that led to Plaintiffs' motion to compel relating to certain deposition questions may arise in depositions scheduled in the coming weeks. On that basis, we are proposing to address that motion first, and we will address both motions as quickly as possible. Defendants' proposal is extremely reasonable. Plaintiffs' attorneys have been working on the motion to compel for weeks, if not months with respect to some issues. Plaintiffs have asked for expedited treatment of the motions that they took a significant amount of time to prepare and file. Defendants are proposing to respond to both voluminous motions in a short amount of time.

For these reasons, Defendants request that the Court set the deadlines for Defendants'

responses to Plaintiffs' motions in accordance with the attached proposed order.

Respectfully submitted,

_____s/Jeffrey A. Taylor_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
Interim United States Attorney


_____     s/Rudolph Contreras_____
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

_____     s/Peter S. Smith_____
PETER S. SMITH, D.C. BAR # 465131
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372