**BAKER BOTTS** LLP

THE WARNER
1299 PENNSYLVANIA AVE., NW
WASHINGTON, D.C.
20004-2400

TEL +1 202.639.7700
FAX +1 202.639.7890
www.bakerbotts.com

AUSTIN
BEIJING
DALLAS
DUBAI
HONG KONG
HOUSTON
LONDON
MOSCOW
NEW YORK
RIYADH
**WASHINGTON**

August 3, 2007

Paul Enzinna
TEL +1 (202) 639-7752
FAX +1 (202) 585-1086
paul.enzinna@bakerbotts.com

Mr. Peter S. Smith
Assistant United States Attorney
United States Attorney's Office
501 3rd St., NW
Washington, DC 20001

    Re: *James H. Roane, Jr., et al v. Alberto Gonzales, et al.*, No. 05-2337

Dear Peter:

    I write to discuss several issues:

    1. As discussed with you at the various depositions in the past week, we believe your instructions to witnesses not to answer questions about (1) participation in executions in states where there have been known problems with executions; (2) the nature of an incident leading to a disciplinary action against an executioner and (3) information regarding the receipt of drugs and their movement around the institution were without legal support and thus improper. As we have told you, we intend to move to compel responses to our questions in these areas. While we gather from our team's extensive discussions with you on these issues that there does not appear to be any further room for compromise, please give me a call if you would like to discuss further.

    2. We have spoken with you generally about scheduling "Washington" depositions of individuals involved in drafting the execution protocols, and you have provided initial and supplementary responses to our interrogatory requesting the identities of those individuals within to the terms of the protective order. However, as we have addressed with you previously, you have not identified anyone specifically involved in the drafting or implementation of the 2007 addendum to the protocol. This information is obviously essential to our obtaining information highly germane to this action, and in our determining which "Washington" witnesses we need to depose.

    Please promptly provide us specific information as to which protocol the various protected persons identified were involved in drafting. We are particularly concerned that all individuals involved in the creation, drafting, and implementation of the 2007 addendum are identified to us specifically as such. This information is essential to promote the efficient scheduling of depositions within the confines of the protective order as well as the scheduling order currently in place in this action.

DC01:480197



**BAKER BOTTS** LLP

Peter S. Smith                                         - 2 -                                    August 3, 2007

       3.     As you know, Defendants must designate any particular portions of depositions they wish to keep protected within 10 days of receipt of the final transcripts. As Counsel for Orlando Hall has discussed with you by phone, we are concerned by broad, blanket designations of evidence in these proceedings as "confidential" under the Protective Order. As mentioned, it is our understanding that the Protective Order, pursuant to its first paragraph, may be invoked in limited circumstances to confer confidentiality upon two types of information only: (1) personally-identifiable information covered by the Privacy Act; and (2) information on procedures of the Bureau of Prisons ("BoP") relating to security. Despite the limited reach of the two concepts discussed above, to date Defendants have designated almost all of the documents with a direct bearing on the federal lethal injection process as confidential in their entirety, including the "Addendum to BoP Execution Protocol - Federal Death Sentence Implementation Procedures Effective July 1, 2007" produced by Defendants in June. When you spoke about this matter with Hall's counsel, you indicated a willingness to consider how (as with the transcripts discussed above) more narrow particularized designations may be made to ensure a good faith application of these two concepts as required by the second paragraph of the Protective Order.

       Prior correspondence with your office and pleadings in this case indicate that your office has limited resources in defending this case. We therefore appreciate that you may not have had sufficient time to date to make particularized confidentiality designations. Accordingly, we request that you provide within the next two weeks (i.e., by August 24, 2007), a redacted version of the document titled "Addendum to BoP Execution Protocol - Federal Death Sentence Implementation Procedures Effective July 1, 2007," as well as any other documents constituting the current Lethal Injection Protocol, along with a letter explaining which of the two grounds is being applied for each section of these documents that is designated as confidential, as well as the basis for invocation of that grounds. For example, if it is claimed that a portion of a document reveals "security procedures," the letter should state with particularity what are the procedures identified in the document and how those procedures relate to the security function of the BoP. Once we have had an opportunity to review these materials, we may still need to meet and confer with you regarding certain designations. Alternatively, if for some reason you cannot produce a redacted version of the Addendum and all other documents covered by this request, please let us know your first available times to confer with you regarding this request, which we could do telephonically if that would be more convenient for you.

       4.     You have asked our intentions regarding filing a second amended complaint combining all plaintiffs' pleadings. We stand by the commitment to amend.

                                                  Sincerely,

                                                   Paul Enzinna

DC01:480197