UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES ROANE, JR., et al., | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 05-2337 (RWR/DAR) |
| ALBERTO GONZALES, et al., | ) |
| Defendants. | ) |

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO SET SCHEDULE FOR THE BRIEFING OF THE
PENDING MOTIONS TO COMPEL**

Defendants moved the Court for an order setting a schedule for the briefing of Plaintiffs' motions to compel. Document Nos. 101 (sealed filing concerning deposition issues) and 100 (sealed filing concerning written discovery). Defendants proposed that they respond to Plaintiffs' two voluminous filings on August 24 and August 27.[1] As explained in Defendants' motion, the fact that Plaintiffs' filings are so voluminous and that their counsel obviously took significant time to prepare the motions, counsels for allowing the government more, rather than less, time to respond.

Plaintiffs' opposition to the motion to set schedule, Document No. 104, does not argue that any material will be lost or destroyed if Plaintiffs do not receive a hearing by August 24. In fact, Plaintiffs argue merely that if a hearing is not set for August 24, they will have 40 days left in the discovery period instead of 50 days after any hearing on their motions. Plaintiffs do not

---

[1] Document No. 101 contains eighteen exhibits and appears to exceed one hundred pages total, including the motion, memorandum and exhibits. Document No. 100 is a 43-page memorandum with 46 exhibits attached (in two bound volumes).

even attempt to raise any harm that would befall them during that brief period, but again merely refer to the October 11 close of the discovery period. Opp. at 2.

Plaintiffs do not dispute that government counsel will be unable to prepare a response to their voluminous motions and prepare for a hearing by August 24. In fact, Plaintiffs do not address the government's motion on this point, including the fact that the district court's deadlines should give way, when there is a conflict, to deadlines in appellate cases. The undersigned counsel of record has two appellate deadlines on August 27.

The parties have a deposition scheduled for August 27 in this case. Plaintiffs never say that they cannot go forward with that deposition due to the pendency of their motions.[2] Moreover, there is no real exigency requiring a hearing on August 24. Discovery has been ongoing for months and the government has provided extensive and reasonable responses to Plaintiffs' discovery requests.[3] Even should Plaintiffs prevail on their motions, which the government respectfully submits is unlikely for the reasons that the government will explain in detail in its oppositions to Plaintiffs' motions. Many of the issues that Plaintiffs have raised could be addressed quickly upon any ruling of the Court and have to do either with providing

---

[2] In addition, the parties have scheduled the deposition of the Director of the Federal Bureau of Prisons for August 27, 2007. That deposition obviously is important to Defendants and, since it involves the head of a government agency, will require significant preparation time.

[3] This is despite the fact that Plaintiffs' requests are extremely burdensome, as explained in detail in the Defendants' pending motion to stay discovery. For example, one of Plaintiffs' motions to compel concerns their request to re-inspect the government's execution facility. Plaintiffs have known for months about the government's objection to any re-inspection of its execution facility, yet only know move the Court for relief. See Pl. Mot. concerning request to re-inspect, at Ex. 22 (Defendants' June 26, 2007 objections). Even more to the point, prior to the March 10, 2007 inspection of the government's execution facility Defendants made clear the parameters of any inspection through an exchange of correspondence with Plaintiffs.

material that was previously produced in redacted form or with certain, discrete deposition questions that were not answered by Defendants' witnesses.

Defendants are proposing a schedule whereby these issues can be addressed in order for the parties to timely complete discovery, and in a manner that is workable for the parties and the Court.

For these reasons, Defendants request that the Court set the deadlines for Defendants' responses to Plaintiffs' motions in accordance with their proposed order.

Respectfully submitted,

s/Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
Interim United States Attorney

s/Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

s/Peter S. Smith
PETER S. SMITH, D.C. BAR # 465131
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372