IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | CIVIL ACTION NO. PJM 05-3180 |
| v. | : CRIMINAL NO. PJM 98-0520 |
| DUSTIN JOHN HIGGS | : |

...oOo...

### MOTION TO STRIKE PROCEDURALLY DEFECTIVE CLAIMS AND RESPONSE TO PETITIONER'S MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255 OR IN THE ALTERNATIVE PURSUANT TO 28 U.S.C. § 2241

COMES NOW the United States of America, by and through its undersigned counsel in Opposition to Higgs's Motion for Relief Pursuant to 28 U.S.C. § 2255 or in the Alternative Pursuant to 28 U.S.C. § 2241, moves this court to strike the procedurally defaulted portions of claims II, VII, IX, XV, XVI, XIX, XX, XXI, and XXIV; claims X, XI, XII, XIV, and XVII as improper attempts to re-litigate previously considered issues; and, claims XXI and XXIV as inadequately pled and defaulted and to the extent the Court denies any portion of request to strike Higgs's defective claims, the Government respectfully requests that this Court deny any and all of Petitioner's claims for lack of merit.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

By:_____
Deborah A. Johnston
Sandra Wilkinson
Assistant United States Attorneys
6500 Cherrywood Lane
Greenbelt, Maryland 20770-1249

Jeffrey Kahan
Trial Attorney, Capitol Case Unit
1331 F. Street, NW, 3d Floor
Washington, DC 20530

Roane et al. v. Gonzales et al.,
Civ. No. 05-2337 (D.D.C.)

Pls.' Opp to Mot. J. on the Pleadings
and Mot. to Lift Stays

Exhibit 1

separately sought permission to interview jurors, and this Court has denied the request for simple reason that the underlying claim is factually baseless. (*See* Order May 31, 2006.) The theory advanced here does not change that simple fact. More significantly, Higgs's theory amounts to an assertion that this Court should grant any defense request for discovery because the defendant has been sentenced to death, not because he has shown a whit of cause for granting the motion. Higgs's theory simply finds no support in the law, and he should fail in his strained attempt to transmute a generalized policy statement regarding heightened procedural guarantees into a license to conduct discovery at will.

### XXV.  THIS COURT LACKS JURISDICTION TO DETERMINE WHETHER HIGGS'S EXECUTION WILL CONSTITUTE CRUEL AND UNUSUAL PUNISHMENT

Higgs anticipates that the Government will use one of two combinations of drugs to execute him. He claims that both combinations will likely cause him undue pain and therefore constitute cruel and unusual punishment under the Eighth Amendment. He further attacks, as legally invalid, the execution protocols that he asserts the Government could apply in his case. (Mot. at 111-121.) Respondent asserts that Higgs has failed to properly present this claim or to bring it in the appropriate Court. Accordingly, this Court should dismiss the contention, outright.

A.  <u>Justiciability</u>

Higgs cannot challenge his prospective execution because the issue is not yet ripe. Article III of the Constitution extends the judicial power of the United States only to real cases or controversies. U.S. Const. art. III, § 1; *see Kennedy v. Block*, 784 F.2d 1220, 1222 (4th Cir. 1986). Thus, federal courts cannot give advisory opinions in hypothetical cases. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806). Among other issues, the question of ripeness bears on a federal court's subject matter jurisdiction under Article III. *See New*

*Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1498-99 (10th Cir.1995). Before a plaintiff may obtain an injunction against future enforcement of a law he must show some substantial hardship-the enforcement must be certain and the only impediment to the case's ripeness is delay before eventual prosecution. *Steffel v. Thompson*, 415 U.S. 452, 462 (1974) (allowing an injunction against police when the plaintiff or his friends had twice before been arrested for distributing the same handbills at the same shopping center); *Crosetto v. State Bar of Wisconsin*, 12 F.3d 1396, 1403 (7th Cir. 1993). The plaintiff bears the burden to allege facts sufficient to demonstrate the appropriateness of a judicial resolution. *See Renne v. Geary*, 501 U.S. 312, 316 (1991).

In this case, Higgs has made no effort to demonstrate ripeness of his complaints about the federal and Maryland state lethal injection protocols.[16] Quite the opposite, he has premised the balance of this § 2255 motion on claims designed to avoid execution of his death sentence. Furthermore, he has not and cannot argue that the execution protocols about which he complains are not subject to amendment prior to his actual execution. Indeed, he complains at one juncture that the Maryland protocol has been subject to change. Moreover, a suit is ongoing in this district challenging the Maryland execution protocol. According to the pre-trial order in that case, the litigation has already led to changes in Maryland's protocol and could well result in further modifications prior to Higgs's execution. (Resp. Ex. 4.)

---

[16]The Government disagrees with Higgs's premise that 18 U.S.C. § 3596(a) requires it to use the Maryland lethal injection protocol when it executes the defendant. The statute requires the Government to execute Higgs "in the manner prescribed by the law of the State in which the sentence is imposed." Because the statute speaks to "manner" rather than "procedure," the Government will fully comply with its command by executing Higgs by lethal injection, the "manner" authorized by Maryland law. Md. Code Ann., Correctional Services, § 3-905.

Not only does Higgs fail to allege facts sufficient to demonstrate ripeness, he affirmatively recognizes that his Court may decline to consider the case on ripeness grounds. (*See* BSM at 132.) Because Higgs has failed to make any effort to demonstrate the justiciability of this Eighth Amendment claim, this Court should disregard the issue entirely.

B.  <u>Improper Venue and Procedural Vehicle</u>

Through this claim, Higgs does not attack the validity of his conviction and sentence; he attacks only the method by which the Government will carry out his sentence. The Fourth Circuit has unambiguously held that "[c]hallenges to the execution of a federal sentence are properly brought under 28 U.S.C.A. § 2241." *United States v. Little*, 392 F.3d 671, 679 (4th Cir. 2004). Challenging the execution of a sentence on the basis of an alleged constitutional violation does not remove it from the ambit of § 2241. *Id.* As an alternative to a properly filed § 2241 petition, it appears that Higgs could also file a *Bivens* action challenging the specifics of his execution, something he has not even purported to do here. *See Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 415 (1971); *see also Hill v. McDonough*, — U.S. —, 126 S. Ct. 2096, 2103-04 (2006) (permitting a suit under 42 U.S.C. § 1983 to challenge a method of execution).

District courts can grant § 2241 habeas relief only "within their respective jurisdictions." 28 U.S.C. § 2241(a). That statute requires "nothing more than that the court issuing the writ have jurisdiction over the custodian." *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495 (1973). Thus, "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004).

205

Higgs is domiciled in the United States Penitentiary at Terre Haute, Indiana. (Mot. at 3.) As Higgs's own exhibit states, "On June 18, 1993, the Director of the BOP established the United States Penitentiary, Terre Haute, Indiana, as the site of . . . executions." (Mot. Ex. 21 at 5.) Accordingly, this Court is not the proper venue for a § 2241 petition filed by Higgs; the Southern District of Indiana appears to have jurisdiction over this question. Moreover, Higgs has made no attempt to name his custodian, though the denomination of his pleading invokes both § 2241 and § 2255. In light of these two flaws, this Court should dismiss that aspect of the Motion that seeks the granting of habeas relief – specifically, Higgs's challenge to the method of execution. *See United States v. Little*, 392 F.3d at 680; *see also Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994) (holding that the failure to name the custodian as a respondent deprived the federal court of personal jurisdiction).

Furthermore, to the extent that Higgs's Motion attacks the promulgation of the Maryland and federal execution protocols, his claim appears to have fallen far afield of the limitations on § 2255 litigation. The statute provides jurisdiction to consider flaws in a criminal judgment, not in the legality of rules for implementing that judgment. *See United States v. Addonizio*, 442 U.S. 178, 185 (1979) (limiting the scope of § 2255 motions and holding that they do not encompass all claimed errors in conviction and sentencing); *see also Brown v. United States*, 610 F.2d 672 (9th Cir. 1980) (holding the motion can test only the sentence imposed and not the sentence as it is being executed). Moreover, Higgs's complaints that Maryland's execution protocol is an abuse of state executive power amounts to a claim of pure state law. Because the issue fails to state a federal question, this Court has no jurisdiction to consider it. *See Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983) (citing *Bronstein v. Wainwright*, 646 F.2d

206

1048, 1050 (5th Cir.1981) (holding a state's interpretation of its rules provides no basis for federal habeas corpus relief)).

In all, Higgs's § 2255 Motion represents an inappropriate mechanism for considering potential problems with an execution that is not slated to occur in this District and might not occur for years to come. This Court should therefore disregard the contention.

C.  Higgs's Eighth Amendment Claim Fails

Even if Higgs had a ripe claim, had named the correct respondent, and filed his suit in the appropriate venue, he could not obtain relief. To demonstrate an Eighth Amendment violation, a prisoner must address "(1) whether a method of execution comports with the contemporary norms and standards of society; (2) whether a method of execution offends the dignity of the prisoner and society; (3) whether a method of execution inflicts unnecessary physical pain; and (4) whether a method of execution inflicts unnecessary psychological suffering." *Abdur'Rahman v. Bredesen*, 181 S.W.3d 292, 306 (Tenn. 2005) (citing *Weems v. United States*, 217 U.S. 349 (1910)). Under these factors, punishment may not include torture, lingering death, wanton infliction of pain, or like methods. *Estelle v. Gamble*, 429 U.S. 97, 102 (1976); *In re Kemmler*, 136 U.S. 436, 447 (1890). Beyond showing a harm "sufficiently serious" so as to deny "the minimal civilized measure of life's necessities," the condemned must also show that the official accused of causing the harm has a "sufficiently culpable state of mind" because, "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Higgs cannot hope to show that lethal injection, as a means of execution, does not comport with contemporary societal norms. "[T]he clearest and most reliable objective evidence

207

of contemporary values is the legislation enacted by the country's legislatures." *Atkins v. Virginia*, 536 U.S. 304, 312 (2002). Legislative acts in virtually every state that imposes the death penalty demonstrate the broad acceptance of lethal injection as a means of execution: "Of the thirty-eight states that presently have capital punishment, approximately thirty-seven have legislation adopting lethal injection as the primary means of execution." *Abdur'Rahman*, 181 S.W.3d at; *State v. Webb*, 750 A.2d 448, 457 (2000)). Furthermore, Higgs cannot point to a single judicial decision that finds lethal injection cruel and unusual. *Abdur'Rahman*, 181 S.W.3d at 306-07 (citing *Cooper*, 358 F.3d at 659; *Wheeler v. Commonwealth*, 121 S.W.3d 173, 186 (Ky. 2003); *Webb*, 750 A.2d at 457-58); *see also Evans v. Saar*, 412 F. Supp. 2d 519, 522 (D. Md. 2006) ("Circuit after Circuit (including the Fourth) has ruled that the protocol does not run afoul of the Eighth Amendment.").

Higgs also fails in any attempt to demonstrate that the method of execution will offend his dignity or cause him undue pain. Higgs cannot avoid the fact that his sentence calls for his execution, and event that will cause him some pain. *Louisiana ex rel. Francis v. Resweber*, 329 U.S. 459, 464 (1947). The pain of death cannot be totally averted by any method of execution, and this Court lacks jurisdiction to dictate that method unless the chosen procedure will subject Higgs to objectively cruel or unusual punishment. *Walker v. Johnson*, --- F.Supp.2d ----, 2006 WL 2619857 (E.D.Va.). Higgs, moreover, has not identified an excessive risk of pain: he has only made note of speculative dangers – the possibility that the drugs in the injection will not work as planned, the possibility that human error will result in an incorrect dosage of drugs, the possibility that drug interactions will negate the effects of pain killers. But Higgs "cannot rely on the possibility of something going wrong during an execution as the grounds for substantial risk

of harm." *Walker v. Johnson*, at *3-4 (citing *Louisiana ex rel. Francis v. Resweber*, 329 U.S. 459, 464 (1947); *Beardslee v. Woodford*, 395 F.3d 1064, 1075 (9th Cir. 2005); *Reid v. Johnson*, 333 F.Supp.2d 543, 551 (E.D. Va. 2004).

Higgs's claim also founders on the intent prong of the Eighth Amendment test. A prison official's duty under the Eighth Amendment is to ensure "reasonable safety," and officials who act reasonably are not liable under Eighth Amendment. *Farmer*, 511 U.S. at 844-45. Thus, an official could only violate the Eighth Amendment if knew of and disregarded an excessive risk to inmate health or safety. *Id.* at 837. But both protocols about which Higgs complains – the federal and Maryland state methods of executions – are multi-step procedures apparently designed to protect the health and safety of all involved. (*See* Mot. Exs. 21 & 23.) Indeed, the protocols compare favorably with one that recently survived Eighth Amendment scrutiny, because the district court in that case noted that it involved "the placing of two working IV lines, the high dosage of lethal drugs to ensure that the drugs cause death quickly, the manner in which the drugs are prepared and handled, the qualifications of the execution team members, and the repetitive training required of them." *Walker v. Johnson*, at *5. In fact, the Supreme Court of Tennessee noted that most lethal injection protocols are essentially identical: "Tennessee's lethal injection protocol is consistent with the overwhelming majority of lethal injection protocols used by other states and the federal government." *Abdur'Rahman*, 181 S.W.3d at 307.

## CONCLUSION

Based on the foregoing reasoning and authority, the Government respectfully urges this Court to deny and dismiss Higgs's Motion for Relief Pursuant to 28 U.S.C. § 2255 or in the Alternative Pursuant to 28 U.S.C. § 2241.

CERTIFICATE OF SERVICE

This is to certify that on this _____ day of November, 2006, a copy of the foregoing Motion to Strike Procedurally Defective Claims and Response to Petitioner's Motion for Relief Pursuant to 28 U.S.C. § 2255 or in the Alternative Pursuant to 28 U.S.C. § 2241 was sent by first-class mail, postage prepaid, to the following:

>
> Michael Wiseman
> Federal Defender of Philadelphia
> Capital Habeas Corpus Unit
> Federal Court Division
> The Curtis Center Independent Square, West, Suite 545 W
> Philadelphia, PA 19106
>
> Stephen H Sachs
> Wilmer Cutler Pickering Hale and Dorr, L.L.P
> Five Roland Mews
> Baltimore, MD 21210

_____
Deborah A. Johnston
Assistant United States Attorney