IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| RICHARD ALLEN JACKSON )<br>    Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA )<br>    Respondent. ) | Criminal No. 00-CR-74-All<br><br>(Thornburg, J.) |

---

**GOVERNMENT'S RESPONSE IN OPPOSITION TO PETITIONER'S MOTION TO VACATE CONVICTION AND SENTENCE PURSUANT TO 28 U.S.C. § 2255**

---

GRETCHEN C.F. SHAPPERT
United States Attorney

JEFFREY B. KAHAN
U.S. Dept. of Justice, Capital Case Unit
1331 F Street, NW
Washington, D.C. 20530
(202) 305-8910
(202) 353-9779 fax
jeffrey.kahan@usdoj.gov

LIBBY LANGE
U.S. Dept. of Justice, Capital Case Unit
1331 F Street, NW
Washington, D.C. 20530
(202) 353-0580
(202) 353-9779 fax
libby.lange@usdoj.gov

Roane et al. v. Gonzales et al.,
Civ. No. 05-2337 (D.D.C.)

Pls.' Opp to Mot. J. on the Pleadings
and Mot. to Lift Stays

Exhibit 2

application of a new rule of law, in derogation of Supreme Court authority.  *Schriro v. Summerlin*, 542 U.S. 348; *Teague*, 489 U.S. 288.

### 31. THIS COURT LACKS JURISDICTION TO DETERMINE WHETHER JACKSON'S EXECUTION WILL CONSTITUTE CRUEL AND UNUSUAL PUNISHMENT

Jackson anticipates that the Government will use one of two combinations of drugs to execute him. He claims that both combinations will likely cause him undue pain and therefore constitute cruel and unusual punishment under the Eighth Amendment.  He further attacks, as legally invalid, the execution protocols that he asserts the Government could apply in his case. (Mot. at 182-83.)  Jackson has failed to properly present this claim or to bring it in the appropriate Court.  Accordingly, this Court should dismiss the contention, outright.

A. Justiciability

Jackson cannot challenge his prospective execution because the issue is not yet ripe. Article III of the Constitution extends the judicial power of the United States only to real cases or controversies. U.S. Const. art. III, § 1; *see Kennedy v. Block*, 784 F.2d 1220, 1222 (4th Cir. 1986). Thus, federal courts cannot give "advisory opinions in hypothetical cases." *Crosetto v. State Bar of Wisconsin*, 12 F.3d 1396, 1403 (7th Cir. 1993) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806)).  Among other issues, the question of ripeness bears on a federal court's subject matter jurisdiction under Article III.  *See New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1498-99 (10th Cir.1995).  Before a plaintiff may obtain an injunction against future enforcement of a law he must show some substantial hardship-the enforcement must be certain

and the only impediment to the case's ripeness is delay before eventual prosecution. *Steffel v. Thompson*, 415 U.S. 452, 462, 94 S. Ct. 1209, 1217, 39 L. Ed. 2d 505 (1974) (allowing an injunction against police when the plaintiff or his friends had twice before been arrested for distributing the same handbills at the same shopping center); *Crosetto v. State Bar of Wisconsin*, 12 F.3d 1396, 1403 (7th Cir. 1993). The plaintiff bears the burden to allege facts sufficient to demonstrate the appropriateness of a judicial resolution. *See Renne v. Geary*, 501 U.S. 312, 316, 111 S. Ct. 2331, 115 L. Ed. 2d 288 (1991).

In this case, Jackson has made no effort to demonstrate ripeness of his complaints about lethal injection. Indeed, apart from this claim, he has premised the balance of this § 2255 motion on claims designed to avoid execution of his death sentence. Furthermore, Jackson has not and cannot argue that execution method about which he complains is not subject to amendment prior to his actual execution. Not only does Jackson fail to allege facts sufficient to demonstrate ripeness, he impliedly recognizes that his Court may decline to consider the case on ripeness grounds. (*See* Mot. at 183 ("[T]his claim, like a challenge to a defendant's competency to be executed, may be preserved by raising it an [*sic*] initial post conviction motion, while deferring resolution to another time.").) Because Jackson has failed to make any effort to demonstrate the justiciability of this Eighth Amendment claim, this Court should disregard the issue entirely.

B.  <u>Improper Procedural Vehicle</u>

Through this claim, Jackson does not attack the validity of his conviction and sentence; he attacks only the method by which the Government will carry out his sentence. Jackson should file a *Bivens* action challenging the specifics of his execution, something he has not even purported to

do here. *See Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 415, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971); *see also Hill v. McDonough*, ___ U.S. ___, 126 S. Ct. 2096, 2103-04, 165 L. Ed. 2d 44 (2006) (permitting a suit under 42 U.S.C. § 1983 to challenge a method of execution). Jackson's § 2255 Motion is an inappropriate mechanism for challenging the process for an execution. Section 2255 lies only to provide relief invalid sentences. Here, Jackson seeks relief from the process by which his sentence will be carried out, a suit properly contemplated under *Bivens*. *See United States v. Debardeleben*, 930 F.2d 23, *2, 1991 WL 49625 (4th Cir.1991) (attached as Resp. Ex. 2) This Court should therefore disregard the contention.

C. Jackson's Eighth Amendment Claim Fails

Even if Jackson had a ripe claim, had named the correct respondent, and filed his suit in the appropriate venue, he could not obtain relief. To demonstrate an Eighth Amendment violation, a prisoner must address "(1) whether a method of execution comports with the contemporary norms and standards of society; (2) whether a method of execution offends the dignity of the prisoner and society; (3) whether a method of execution inflicts unnecessary physical pain; and (4) whether a method of execution inflicts unnecessary psychological suffering." *Abdur'Rahman v. Bredesen*, 181 S.W.3d 292, 306 (Tenn. 2005) (citing *Weems v. United States*, 217 U.S. 349, 373, 30 S. Ct. 544, 54 L. Ed. 793 (1910)). Under these factors, punishment may not include torture, lingering death, wanton infliction of pain, or like methods. *Estelle v. Gamble*, 429 U.S. 97, 102, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *In re Kemmler*, 136 U.S. 436, 447, 10 S. Ct. 930, 34 L. Ed. 519 (1890). Beyond showing a harm "sufficiently serious" so as to deny "the minimal civilized measure of life's necessities," the condemned must also show

169

that the official accused of causing the harm has a "sufficiently culpable state of mind" because, "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 911 (1994).

Jackson cannot hope to show that lethal injection, as a means of execution, does not comport with contemporary societal norms. "[T]he clearest and most reliable objective evidence of contemporary values is the legislation enacted by the country's legislatures." *Atkins v. Virginia*, 536 U.S. 304, 312, 122 S. Ct. 2242, 153 L. Ed. 2d 335 (2002). Legislative acts in virtually every state that imposes the death penalty demonstrate the broad acceptance of lethal injection as a means of execution: "Of the thirty-eight states that presently have capital punishment, approximately thirty-seven have legislation adopting lethal injection as the primary means of execution." *Abdur'Rahman*, 181 S.W.3d at; *State v. Webb*, 750 A.2d 448, 457 (2000)). Furthermore, Jackson cannot point to a single judicial decision that finds lethal injection cruel and unusual. *Abdur'Rahman*, 181 S.W.3d at 306-07 (citing *Cooper*, 358 F.3d at 659; *Wheeler v. Commonwealth*, 121 S.W.3d 173, 186 (Ky. 2003); *Webb*, 750 A.2d at 457-58); *see also Evans v. Saar*, 412 F. Supp. 2d 519, 522 (D. Md. 2006) ("Circuit after Circuit (including the Fourth) has ruled that the protocol does not run afoul of the Eighth Amendment.").

Jackson also fails in any attempt to demonstrate that the method of execution will offend his dignity or cause him undue pain. Jackson cannot avoid the fact that his sentence calls for his execution, and event that will cause him some pain. *Louisiana ex rel. Francis v. Resweber*, 329 U.S. 459, 464, 67 S.Ct. 374, 91 L.Ed. 422 (1947). The pain of death cannot be totally averted by any method of execution, and this Court lacks jurisdiction to dictate that method unless the chosen procedure will subject Jackson to objectively cruel or unusual punishment. *Walker v. Johnson*,

448 F. Supp. 2d 719, ___, *3 (E.D. Va. 2006). Jackson, moreover, has not identified or attempted to identify an excessive risk of pain. To prevail, he must do so, as he "cannot rely on the *possibility* of something going wrong during an execution as the grounds for substantial risk of harm." *Walker v. Johnson*, at *3-4 (emphasis added) (citing *Louisiana ex rel. Francis v. Resweber*, 329 U.S. 459, 464, 67 S. Ct. 374, 91 L. Ed. 422 (1947); *Beardslee v. Woodford*, 395 F.3d 1064, 1075 (9th Cir. 2005); *Reid v. Johnson*, 333 F.Supp.2d 543, 551 (E.D. Va. 2004).

Jackson's claim also founders on the intent prong of the Eighth Amendment test. A prison official's duty under the Eighth Amendment is to ensure "reasonable safety," and officials who act reasonably are not liable under Eighth Amendment. *Farmer*, 511 U.S. at 844-45. Thus, an official could only violate the Eighth Amendment if knew of and disregarded an excessive risk to inmate health or safety. *Id.* at 837. But the Bureau of Prisons has in place a multi-step procedure designed to protect the health and safety of all involved. Indeed, the federal protocol compares favorably with another execution protocol that recently survived Eighth Amendment scrutiny, because the court in that case noted that it involved "the placing of two working IV lines, the high dosage of lethal drugs to ensure that the drugs cause death quickly, the manner in which the drugs are prepared and handled, the qualifications of the execution team members, and the repetitive training required of them." *Walker v. Johnson*, at *5. In fact, the Supreme Court of Tennessee noted that most lethal injection protocols are essentially identical: "Tennessee's lethal injection protocol is consistent with the overwhelming majority of lethal injection protocols used by other states and the federal government." *Abdur'Rahman*, 181 S.W.3d at 307.

Jackson has failed to make any meaningful attempt to demonstrate that his, still distant, execution realistically threatens his Eighth Amendment rights.

## VI. CONCLUSION

Based on the foregoing reasoning and authority, the Government respectfully urges this Court to deny and dismiss Jackson's motion to vacate his conviction and sentence without granting discovery or an evidentiary hearing.

Dated: November 15, 2006.

        Respectfully submitted,

        GRETCHEN C.F. SHAPPERT
        United States Attorney
        Western District of North Carolina


        /s/
        JEFFREY B. KAHAN
        U.S. Dept. of Justice, Capital Case Unit
        1331 F Street, NW
        Washington, D.C. 20530
        (202) 305-8910
        (202) 353-9779 fax
        jeffrey.kahan@usdoj.gov


        /s/
        LIBBY LANGE
        U.S. Dept. of Justice, Capital Case Unit
        1331 F Street, NW
        Washington, D.C. 20530
        (202) 353-0580
        (202) 353-9779 fax
        libby.lange@usdoj.gov

CERTIFICATE OF SERVICE

This is to certify that I have, this 15 day of November, 2006, served by electronic service, through the Court's ECF system, a copy of this Government's Response in Opposition to Petitioner's Motion to Vacate Conviction and Sentence Pursuant to 28 U.S.C. § 2255 and supporting Exhibits on the attorneys for the Petitioner, M. Gordon Widenhouse, Jr., at mgwidenhouse@rwf-law.com, and Shelagh Rebecca Kenney at shelagh@cdpl.org.


/s/ Jeffrey B. Kahan
TRIAL ATTORNEY
United States Department of Justice
Capital Case Unit
1331 F Street, NW
Washington, D.C. 20530
202) 305-8910
(202) 353-9779 fax
jeffrey.kahan@usdoj.gov