UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES ROANE, JR., et al.,

   Plaintiffs,

     v.

ALBERTO GONZALES, et al.,

   Defendants.

Civil Action No. 05-2337
RWR/DAR

# ORDER

Plaintiffs' and Intervenor Plaintiffs' Motion to Compel Discovery (Document No. 120, Part 1) is pending for determination by the undersigned. Upon consideration of the motion, Defendants' opposition thereto, Plaintiffs' and Intervenor Plaintiffs' reply and the entire record herein, it is, this 7th day of September, 2007, hereby

**ORDERED**, with respect to the request of Plaintiffs and Intervenor Plaintiffs (hereinafter "Plaintiffs") that Defendants be compelled to permit Plaintiffs a second entry of the execution facility at FCC Terre Haute (*see* Motion at 1; Memorandum of Points and Authorities in Support of Motion at 9-14), said motion is **GRANTED IN PART** for the reasons offered by Plaintiffs in their memoranda;[1] additionally, it is **FURTHER ORDERED** that counsel shall immediately meet and confer regarding the scheduling of the second entry, and shall ensure that the second entry is completed by no later than September 21, 2007.

---

[1] The undersigned has carefully considered the declaration on which Defendants rely in support of their opposition to Plaintiffs' request that Defendants be compelled to permit Plaintiffs a second entry. The declarant describes an "administrative burden" which a second entry would entail; however, the undersigned finds that the claimed "administrative burden" is effectively a plea of inconvenience, and falls far short of the showing required by Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure.

Roane, et al. v.  Gonzales, et al.                                                                                                                 2

It is **FURTHER ORDERED**, with respect to the request of Plaintiffs for an order compelling the deposition of  Thomas Webster, a named defendant in this action (*see* Motion at 1; Memorandum of Points and Authorities in Support of Motion at 42-43), said motion is **GRANTED IN PART** for the reasons offered by Plaintiffs in their memoranda; it is **FURTHER ORDERED** that said deposition shall be completed by no later than September 20, 2007.

It is **FURTHER ORDERED** that oral argument with respect to the remaining issues presented by Plaintiffs, through their motion, is scheduled for 9:30 a.m. on Friday, September 21, 2007.

It is **FURTHER ORDERED** that no later than September 17, 2007, Defendants shall file and serve upon counsel for Plaintiffs "any declaration asserting the deliberative process privilege" (see Defendants' Opposition at 1). [2]

It is **FURTHER ORDERED** that Plaintiffs' "Request for Expedited Treatment of Motion" (Document No. 120, Part 2) is **DENIED AS MOOT**.


September 7, 2007                                                                /s/
                                                                                      DEBORAH A. ROBINSON
                                                                                      United States Magistrate Judge

---

[2]  To the extent which Defendants moved for an enlargement of time of ten days from date the Court decides the motion to submit "any declaration[,]" said motion (Document No. 111) is **DENIED.**  The undersigned finds that Defendants offer no authority in support of their request that the court bifurcate consideration of their assertion of the deliberative process privilege and "the withholdings at issue under other bases, such as the law enforcement privilege[,]" *see* Defendants' Opposition at 1; in any event, the undersigned finds that the procedure proposed by Defendants would serve to needlessly protract the resolution of the pending motion to compel.  By ordering Defendants to file, in advance of the oral argument which they requested (*see* Opposition at 1), all affidavits on which they intend to rely in opposition to Plaintiffs' Motion to Compel, the undersigned makes no finding that Defendants' invocation of any privilege was in accordance with the applicable authorities.