UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES ROANE, JR., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 05-2337 (RWR/DAR) |
| ) | |
| ALBERTO GONZALES, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION FOR CLARIFICATION OF SEPTEMBER 19, 2007
MINUTE ORDER AND MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF**

Defendants respectfully move the Court, pursuant to Fed. R. Civ. P. 7, for an order clarifying that the Court's September 19, 2007 Minute Order granted Plaintiffs' Consent Motion, Document No. 119, in part, extending only the deadline for the close of expert discovery in this case and denying Plaintiffs' Motion insofar as it proposed specific deadlines for expert disclosures. In connection with LCvR 7(m), the undersigned counsel of record contacted counsel for Plaintiffs on September 26, 2007 and again on September 27, 2007 in order to discuss the relief requested in this Motion. As of the time of the filing of this Motion, we have not heard back from counsel for Plaintiffs about Plaintiffs' position on the requested relief. We note that Plaintiffs' consent motion sought the same relief sought in this motion for clarification (an extension of the relevant deadlines for the limited purpose of engaging in expert discovery).

A.   Background.

At bottom, this is an action in which Plaintiffs and Plaintiff-Intervenors, federal inmates sentenced to death, challenge the Constitutionality of the Federal government's procedure for performing executions by lethal injection. Am. Compl. at ¶¶ 2-4. To date, this case has involved

contentious and burdensome disputes with respect to the conduct of discovery, including, inter alia, the scope of the discovery permitted. These disputes have included whether Plaintiffs would be permitted to videotape the depositions of, inter alia, those anonymous witnesses who perform the federal government's executions, and whether the Plaintiffs would be permitted to re-inspect the federal government's execution facility in Terre Haute, Indiana. The disputes also concerned documents and materials containing confidential information relating to security procedures instituted by Defendants or to the identity of persons performing sensitive tasks in connection with the execution of condemned prisoners, or creating the federal government's Execution Protocol.

The discovery period in this case opened during December, 2006. December 6, 2006 Scheduling Order, Document No. 17. During March and April, 2007, the parties exchanged written discovery requests and responses and Plaintiffs conducted an inspection of the federal government's execution facility in Terre Haute, Indiana. On May 7, 2007, Plaintiffs filed an amended motion for extension of time to complete discovery and to file dispositive motions, Document No. 43, which Defendants opposed. In a June 4, 2007 Minute Order, the Court granted in part Plaintiffs' motion and set the close of all discovery for October 11, 2007. Defendants then moved to stay the discovery period, Document No. 59, pending the resolution of their Motion for Judgment on the Pleadings. The motion to stay discovery, Document No. 59, and the dispositive motion, Document No. 60, are pending before the Court.

Since that time, Plaintiffs have conducted extensive fact discovery, including numerous depositions, have served numerous written discovery requests resulting in the production of a large number of documents by Defendants, and a re-inspection of the federal government's

execution facility in Terre Haute, Indiana. We expect that the remaining document issues will be resolved with a production of materials by Defendants during the week of October 1, 2007. Similarly, the parties have scheduled the three remaining fact depositions in this case, all of which will be completed by October 11, 2007.

The depositions already conducted in this case have been extremely burdensome for Defendants given the unique nature of this case and the logistical arrangements necessitated in order to ensure the anonymity of certain deponents as per the protective order in this case. Many of the witnesses are located outside of this judicial district and, in fact, they are spread throughout the country. For that reason, the parties conducted many of the depositions in Terre Haute, Indiana. Those depositions have required significant travel time and counsel for Defendants also have had the commitment of time and resources in preparing the witnesses. In addition, the witnesses, including high-ranking BOP officials, have been or will be called away from their critical corrections or medical duties during the time devoted to their preparation and depositions.

Defendants have worked diligently to complete fact discovery by the October 11, 2007 deadline with the expectation that fact discovery will conclude by that date. As explained, none of the parties sought to prolong this phase of the case through January, 2008.

B.  <u>Plaintiffs' Consent Motion Sought Only an Extension of the Expert Discovery Deadlines in this Case</u>.

Plaintiffs' Consent Motion to Extend Deadlines for Expert Discovery, Document No. 119, specifically states that the parties "are seeking an extension of the relevant deadlines for the limited purpose of engaging in expert discovery. The Parties are not seeking an extension of the deadline for the close of fact discovery." Document 119 at 1. Plaintiffs motion also noted that

the parties currently are working "to schedule numerous other depositions before the current October 11 deadline for the close of discovery." Id.  Plaintiffs then proposed a schedule whereby fact discovery would close by October 11, 2007, Plaintiffs' expert designations would be due by November 11, 2007, Defendants' expert designations would be due by December 11, 2007, expert discovery would close by January 11, 2008, and dispositive motions would be due by February 19, 2008.  The Court granted Plaintiffs' consent motion in part.  The Court seems to have denied Plaintiffs' consent motion insofar as it did not adopt the schedule for expert disclosures proposed by Plaintiffs.

The Court's September 19, 2007 Minute Order states: "It is hereby ORDERED that the parties' consent motion . . . to extend the discovery deadline be, and hereby is, GRANTED IN PART.  The deadline for the close of all discovery is extended to January 11, 2008.  Further requests for discovery extensions will be disfavored.  The post-discovery status conference is RESCHEDULED for January 18, 2008 at 9:45 a.m. The dispositive motion deadline is extended to February 19, 2008."

As previously noted, the parties moved only to extend the deadlines for expert discovery and for the briefing of dispositive motions.  The parties have every expectation, as Plaintiffs specifically state in their motion, that fact discovery in this case will be completed by October 11, 2007.  Thus, the Court should clarify that its order extends the discovery period to January, 2008 only as to expert discovery, which is the relief that the parties requested.

Of course, it has long been recognized that trial courts are vested with broad discretion to manage the conduct of discovery.  Chavous v. District of Columbia Financial Responsibility and Management Assistance Auth., 201 F.R.D. 1, 2 (D.D.C. May 21, 2001) (DAR) (citing Brennan

v. Local Union No. 639, Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers, 494 F.2d 1092, 1100 (D.C. Cir. 1974) and Fed. R. Civ. P. 26). Given the Court's discretion over the conduct of discovery, the Court "should not hesitate to exercise appropriate control over the discovery process." Herbert v. Lando, 441 U.S. 153, 177 (1979); accord Laborers Int'l Union of North America v. Department of Justice, 772 F.2d 919, 921 (D.C. Cir. 1984). Here, the parties have proposed extending discovery for the limited purposing of completing their expert disclosures and deposing the expert witnesses in this case. For these reasons, the Court should clarify that its September 19, 2007 Minute Order extended only the expert discovery deadlines in this case to January, 2008.

Respectfully submitted,

    s/Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
Interim United States Attorney

    s/Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

    s/Peter S. Smith
PETER S. SMITH, D.C. BAR # 465131
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372