UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES ROANE, JR., et al., )<br> )<br>      Plaintiffs, )<br> )<br>v. )<br> )<br>MICHAEL B. MUKASEY, et al., )<br> )<br>      Defendants. )<br>_____ ) | Civil Action No. 05-2337(RWR/DAR) |

**DEFENDANTS' UNOPPOSED MOTION FOR AN EXTENSION OF TIME FOR
THE PARTIES TO COMPLETE EXPERT DISCOVERY PURSUANT TO
FED. R. CIV. P. 26(a)(2) AND FILE DISPOSITIVE MOTIONS, AND
DEFENDANTS' MOTION TO CONTINUE THE
JANUARY 22, 2008 STATUS CONFERENCE
AND MEMORANDUM IN SUPPORT THEREOF**

Pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure, Defendants respectfully move for an extension of time to complete expert discovery - including depositions - in the above-captioned case. Defendants note at the outset that all discovery - with the exception of expert discovery - is complete.[1] Under the current scheduling

---

[1] By agreement of the parties, Plaintiffs' expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) were due November 11, 2007, and Defendants' disclosures are due December 11, 2007. Plaintiffs completed production of their expert reports on or around November 28, 2007 but understandably aver that these reports might have to be supplemented or otherwise modified depending on the Supreme Court's decision in Baze v. Rees, No. 07-5439 (S.Ct.) as further discussed herein.
      As indicated above, the scheduling for the exchange of expert reports contemplated Defendants having a thirty day period to provide their report(s) after Plaintiffs' production of theirs. Given the delay in Plaintiffs' production, Defendants, under the current schedule, have less than two weeks to provide their rebuttal report(s). A favorable ruling on this motion to which Plaintiffs have no objection would appear to mitigate any prejudice to Defendants resulting from Plaintiffs' delay, although Defendants might have other objections to Plaintiffs' experts or/and expert reports which Defendants are not waiving by the filing of this Motion.

order, expert discovery ends January 11, 2008 and dispositive motions are due February 19, 2008. Defendants move to have the deadlines by which expert discovery must be completed and motions must be filed extended, respectively, to 60 and 100 days after the Supreme Court issues its decision in Baze v. Rees, No. 07-5439 (S.Ct.). The Supreme Court has scheduled an argument in Baze on January 7, 2008.

    The decision in Baze, in which the constitutionality of the lethal injection protocol used by a significant number of states (and the Federal government) to carry out the death penalty is at issue, will obviously have a direct impact on this case. The Supreme Court ruling in Baze could obviate the need for any additional expert discovery (including depositions) in this case, or address certain issues in a way that might impact the scope of expert discovery. Indeed, it is quite likely that Defendants in this case would be entitled to summary judgment on the pleadings alone if the state prevails in Baze. Accordingly, for purposes of efficiency of litigation and potentially reserving litigation resources, Defendants respectfully move to have the deadline for completion of expert discovery, if such is still deemed necessary after the Supreme Court's decision in Baze, extended to 60 days after a decision is issued in that case. In turn, Defendants move to have the period by which the parties must file their dispositive motions extended to 100 days after the Supreme Court's decision in Baze. Given the relief requested, Defendants also move to have the January 22, 2007 status conference continued until after the Supreme Court's

decision in Baze.² Of course, as suggested above, the proposed schedule would not preclude either party from moving for immediate relief based on Baze.

In further support of this motion, Defendants note that, apparently, most if not all state cases dealing with the constitutionality of the lethal injection protocol have been stayed in some fashion pending a decision in Baze. See, e.g. Emmett v. Johnson, No. 07A304, --- S.Ct. ----, 2007 WL 3018923 (S.Ct. Oct. 17, 2007)(Supreme Court grants application for a stay of execution of a death sentence from a Virginia state prisoner pending final disposition of an appeal by the Fourth Circuit or further order from the Supreme Court); Norris v. Jones, No. 07A311, --- S.Ct. ----, 2007 WL 2999165 (S.Ct. Oct. 16, 2007)(Supreme Court denies Arkansas' application to vacate the stay of execution of sentence of death entered by the U.S. Court of Appeals for the Eighth Circuit)³; see also Harbison v. Little, No. 07-6225 (6th Cir. Oct. 31, 2007)(Order)(Sixth Circuit holds case of Tennessee inmate sentenced to death in abeyance pending Supreme Court's decision in Baze); Alderman v. Hall, Case No. S08W0263 (Ga. Oct. 18,

---

²At that point, the parties should be in a better position to provide their views on how this case should proceed.

³Although not expressly citing to Baze, the U.S. Supreme Court has also stayed executions in Florida, Mississippi, Texas. Schwab v. Florida, No. 07A353, --- S.Ct. ----, 2007 WL 3380059 (S.Ct. Nov. 15, 2007); Berry v. Epps, No. 07A367, --- S.Ct. ----, 2007 WL 3156229 (S.Ct. Oct. 30, 2007)(Mississippi); Turner v. Texas, 128 S.Ct. 37 (S.Ct. Sept. 27, 2007).

Additionally, the Supreme Court of the State of Nevada has stayed all warrants of execution pending further briefing on and consideration of the state's lethal injection protocol. American Civil Liberties Union v. Skolnik, No. 50354 (Nev. Oct. 15, 2007)(Order) (http://www.nvsupremecourt.us/documents/cases/ACLUvs.SkolnikStayOrder.pdf).

2007)(Supreme Court of Georgia grants application for a stay of execution in light of Baze)(http://www.gasupreme.us/pdf/s08w0263.pdf); Arizona v. Landrigan, No. CR-90-0323-AP (Ariz. Oct. 11, 2007)(Arizona Supreme Court stays execution in light of grant of certiorari in Baze). Defendants herein do not request a stay of this case[4], but an extension which, Defendants believe, promotes litigation efficiency.[5]

Pursuant to Local Rule 7(m), Defendants' counsel contacted Plaintiffs' counsel to consult on this non-dispositive motion, and was informed that Plaintiffs do not oppose the relief requested herein.

A proposed Order consistent with this motion for an extension of time is attached.

Date: December 5, 2007

---

[4] Indeed, Defendants have a motion for judgment on the pleadings pending before the Court (R.60), a favorable ruling on which would dispose of this case in its entirety and make discovery unnecessary.

[5] As noted above, by requesting this extension, Defendants are not waiving their right to file motions in limine or to otherwise assert objections as related to Plaintiffs' experts and expert reports.

Respectfully Submitted:

/s/ Jeffrey A. Taylor /mj
_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

/s/ Rudolph Contreras /mj
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant United States Attorney
U.S. Attorney's Office for the District
 of Columbia, Civil Division
555 4th Street, N.W., Rm. E-4915
Washington, D.C. 20530
Ph:  (202) 307-0492
Fax: (202) 514-8780
E-Mail: beverly.russell@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing *Defendants' Unopposed Motion for an Extension of Time for the Parties to Complete Expert Discovery Pursuant to Fed. R. Civ. P. 26(a)(2) and File Dispositive Motions, and Defendants' Motion to Continue the January 22, 2008 Status Conference* was sent by the Court's Electronic Case Filing System (unless otherwise noted), this 5th day of December, 2007, to:

Patrick John Cronin
Steptoe & Johnson, LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
pcronin@steptoe.com

Paul F. Enzinna
Patton Boggs, LLP
2550 M Street, N.W.
Washington, D.C. 20037
paul.enzinna@bakerbotts.com

Graham E. Eddy
Vinson & Elkins, LLP
1455 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-1008
geddy@velaw.com

Jeremy I. Levin
Baker Botts, LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
jeremy.levin@bakerbotts.com

Rachel M. McKenzie
Baker Botts, LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
rachel.mckenzie@bakerbotts.com

Charles Anthony Zdebski
Troutman Sanders, LLP
401 9th Street, N.W., Suite 1000
Washington, D.C. 20004-2134
charles.zdebski@troutmansanders.com

Jeanne Vosberg Sourgens (by first class mail)
Vinson & Elkins, LLP
The Willard Office Building
1455 Pennsylvania Avenue, N.W., Suite 600
Washington, D.C. 20004

William E. Lawler, III
Vinson & Elkins, LLP
1455 Pennsylvania Avenue, N.W., Suite 600
Washington, D.C. 20004-1008
wlawler@velaw.com

Joshua Christopher Toll
King & Spalding, LLP
1700 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
jtoll@kslaw.com

Margaret O'Donnell
McNally & O'Donnell, P.S.C.
P.O. Box 1243
513 Capitol Avenue
Frankfort, KY 40602
mod@dcr.net

Abigail Bortnick
King & Spalding LLP
1700 Pennsylvania Avenue, NW
Washington, D.C. 20006
abortnick@kslaw.com

William E. Hoffman, Jr. (by first class mail)
King & Spalding LLP
1180 Peachtree Street, NE
Atlanta, GA 30309

| | |
|---|---|
| Mark Joseph Hulkower | Owen James Bonheimer |
| Steptoe & Johnson, LLP | Steptoe & Johnson, LLP |
| 1330 Connecticut Avenue, NW | 1330 Connecticut Avenue, NW |
| Washington, D.C.  20036 | Washington, D.C.  20036 |
| mhulkower@steptoe.com | obonheimer@steptoe.com |

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL
Assistant United States Attorney