UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES ROANE, JR., et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>MICHAEL B. MUKASEY, et al., )<br>)<br>Defendants. )<br>_____ ) | Civil Action No. 05-2337(RWR/DAR)<br>REDACTED VERSION |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' AND INTERVENOR PLAINTIFFS'
MOTION TO MODIFY THE PROTECTIVE ORDER**

As noted in the February 23, 2007 Privacy Act Protective Order, Rule 26(c) of the Federal Rules of Civil Procedure empowers the Court to enter an Order protecting "a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Given the sensitivity of the issues before the Court in this suit and the resulting potential that certain "Relevant Individuals" could indeed be subject to "annoyance, embarrassment, oppression, or undue burden," or worse, threats or harm to their physical safety, the Court struck a balance between Plaintiffs' discovery-related demands and the privacy interests at issue in this case. In this regard, and after a March 22, 2007 hearing in this suit, the Parties entered a Stipulated Order in which Plaintiffs were required to provide a letter specifying the individuals identified only by number for whom background information was sought. The background information requested included (1) arrest record information, (2) performance-related employment history, including reasons for leaving prior jobs, (3) any disciplinary actions taken against the individuals by a licensing authority or professional organization, or by the Bureau of Prisons ("BOP") or any BOP contractor, and (4) any malpractice actions against each individual. R. 35, Stipulated Order. By

letter dated March 23, 2007, Plaintiffs identified those persons from whom Plaintiffs sought background information, and by letters dated April 6, 2007, April 20, 2007, May 14, 2007, July 25, 2007, September 4, 2007, Defendants provided the requested information. See Ex. 1 and 2 (filed under seal). Importantly, Plaintiffs deposed certain of these individuals, in some cases twice, and thus had ample opportunity to follow-up on or ask additional questions as to the arrest and disciplinary background of the individuals.

Notwithstanding Defendants' production and Plaintiffs' opportunity to depose witnesses on their background, Plaintiffs have nevertheless requested that the Court reopen this case and modify the protective order governing this case to allow Plaintiffs to undertake their own background investigation. As explained below, Plaintiffs' motions are devoid of merit, demonstrating nothing more than an unsupported attempt to reopen fact discovery which, in fact, closed October 11, 2007. See R. 132, Order (The parties consented to end fact discovery on October 11, 2007. . .The parties are already bound by the deadlines to which they already consented. . .).

As an initial matter, Plaintiffs' motion to modify the Protective Order in this suit is based





Further, in addition to providing arrest record information, Defendants, out of an abundance of caution and for verification purposes, ran National Crime Information Center (or NCIC) checks on each of the "Relevant Individuals" identified by Plaintiffs. The checks returned a "no records" result for all "Relevant Individuals" with the exception ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Given Defendants' efforts, Plaintiffs' motion to modify the protective order is essentially based on a false premise. Plaintiffs have presented no persuasive reason for the Court to revisit the manner in which sensitive discovery related matters have been addressed, and thus, Plaintiffs' motion to modify the protective order should be denied.

Second, as indicated above, Plaintiffs had an opportunity to ask witnesses about their criminal background during depositions which took place in the summer and fall of 2007, after Defendants provided information on the arrest and disciplinary records. Plaintiffs' omission in this regard is no reason to modify the protective order in place. See Thomas v. Paulson, 507 F.Supp.2d 59, 81 (D.D.C. 2007), quoting, Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018, 1027 (9th Cir. 2006)("Attempting to secure discovery after a discovery cutoff date does not cure a party's failure to conduct diligent discovery beforehand."). Indeed, Plaintiffs' motion is essentially a guise to provide Plaintiffs a backdoor means of reopening discovery to obtain information which they could have sought during the discovery period as well as provide Plaintiffs an opportunity to undertake an inevitably invasive and probably harassing type of

probably harassing type of investigation. Plaintiffs' attempt in this regard should be rejected. In its March 2007 Stipulated Order, the Court dealt with Plaintiffs' discovery-related needs as well as the privacy concerns triggered by discovery. Plaintiffs, who agreed to the March 2007 Stipulation, have provided no evidence that the Court's action in this regard should be disturbed.

Indeed, the Federal Rules of Civil Procedure sufficiently govern the remaining discovery-related obligations in this suit. Specifically, Rule 26(e) of the Federal Rules of Civil Procedure describes a party's obligation to supplement or correct discovery information. Thus, to the extent that Plaintiffs are entitled to any relief, its is not a new Protective Order (and reopening of discovery) but production consistent with Fed. R. Civ. P. 26(e). ███████████ ███████ does not evidence that Defendants have been deficient in this regard. Nevertheless, Defendants will conduct similar background checks as those done in response to the March 2007 Stipulated Order, and will inform Plaintiffs regarding any change in information from that previously provided. This will provide Plaintiffs with updated background information, if any, as to the status of the identified "Relevant Individuals" while preserving the interests afforded by the Protective Orders governing this suit. Defendants respectfully submit that their production in this regard is more efficient and reasonable than the relief requested in Plaintiffs' Motion to Modify the Protective Order particular in light of Baze v. Rees, No. 07-5439 (S.Ct.) pending before the Supreme Court. A decision in Baze might render this suit or issues raised therein moot. Accordingly, for this reason as well, Plaintiffs' request for what is essentially expansive and invasive discovery is inappropriate, and thus, should be denied.

For reasons stated herein, Defendants respectfully request that the Court deny Plaintiffs' Motion to Modify the Protective Order. A proposed Order consistent with this requested relief accompanies this opposition memorandum.

Date: April 9, 2008

Respectfully Submitted:

/s/ Jeffrey A. Taylor /mj
_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

/s/ Rudolph Contreras
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant United States Attorney
U.S. Attorney's Office for the District
 of Columbia, Civil Division
555 4th Street, N.W., Rm. E-4915
Washington, D.C. 20530
Ph:  (202) 307-0492
Fax: (202) 514-8780
E-Mail: beverly.russell@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing *Defendants' Opposition to Plaintiffs' and Intervenor Plaintiffs' Motions to Modify the Protective Order* was sent by the Court's Electronic Case Filing System (unless otherwise noted), this 9th day of April, 2008, to:

Owen James Bonheimer
Steptoe & Johnson, LLP
1330 Connecticut Avenue, NW
Washington, D.C. 20036
obonheimer@steptoe.com

Abigail Bortnick
King & Spalding LLP
1700 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
abortnick@kslaw.com

Graham E. Eddy
Vinson & Elkins, LLP
1455 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-1008
geddy@velaw.com

Paul F. Enzinna
Patton Boggs, LLP
2550 M Street, N.W.
Washington, D.C. 20037
paul.enzinna@bakerbotts.com

Matthew John Herrington
Steptoe & Johnson, LLP
1330 Connecticut Avenue, NW
Washington, D.C. 20036
mherrington@steptoe.com

William E. Hoffman, Jr. (by first class mail)
King & Spalding LLP
1180 Peachtree Street, NE
Atlanta, GA 30309

Mark Joseph Hulkower
Steptoe & Johnson, LLP
1330 Connecticut Avenue, NW
Washington, D.C. 20036
mhulkower@steptoe.com

William E. Lawler, III
Vinson & Elkins, LLP
The Willard Office Building
1455 Pennsylvania Avenue, N.W., Suite 600
Washington, D.C. 20004
wlawler@velaw.com

Alexander Owen Levine
Vinson & Elkins, LLP
The Willard Office Building
1455 Pennsylvania Avenue, N.W., Suite 600
Washington, D.C. 20004
alevine@velaw.com

Jeremy I. Levin
Baker Botts, LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
jeremy.levin@bakerbotts.com

Rachel M. McKenzie
Baker Botts, LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
rachel.mckenzie@bakerbotts.com

Margaret O'Donnell
McNally & O'Donnell, P.S.C.
P.O. Box 1243
513 Capitol Avenue
Frankfurt, KY 40602
mod@dcr.net

Jeanne Vosberg Sourgens (by first class mail)
Vinson & Elkins, LLP
The Willard Office Building
1455 Pennsylvania Avenue, N.W., Suite 600
Washington, D.C. 20004

Joshua Christopher Toll
King & Spalding, LLP
1700 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
jtoll@kslaw.com

Robert E. Waters
Vinson & Elkins, LLP
The Willard Office Building
1455 Pennsylvania Avenue, N.W., Suite 600
Washington, D.C. 20004
rwaters@velaw.com

Charles Anthony Zdebski
Troutman Sanders, LLP
401 9th Street, N.W., Suite 1000
Washington, D.C. 20004-2134
charles.zdebski@troutmansanders.com

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL
Assistant United States Attorney