IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| REGINALD CLEMONS, RICHARD D. CLAY, JEFFREY FERGUSON, and RODERICK NUNLEY, <br><br> Plaintiffs, <br><br> v. <br><br> LARRY CRAWFORD, JAMES D. PURKETT, TERRY MOORE, and JOHN DOES 1-50, <br><br> Defendants. | Case No. 07-4129-CV-C-FJG |

## PROTECTIVE ORDER

This is an action in which plaintiffs Reginald Clemons, Richard D. Clay, Jeffrey Ferguson, Roderick Nunley, and Michael Taylor (collectively, "Plaintiffs"), Missouri inmates facing execution, challenge the constitutionality of the procedure for performing executions employed by the Missouri Department of Corrections (DOC) and its personnel (collectively, "the DOC" or "Defendants"). It appears that certain documents, information and tangible objects that may be produced during the course of discovery in this lawsuit contain information relating to security procedures of Defendants or to the identity of persons who serve, or will serve, on the DOC's execution team. The DOC believes that public disclosure of this information would be contrary to the security, privacy, and anonymity interests of the DOC and its execution personnel. The Federal Rules of Civil Procedure empower the Court to enter, for "good cause shown" and when "justice [so] requires," protective orders designed to prevent "a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P.

26(c).

In order to permit Plaintiffs to discover information relevant to this case without undermining the DOC's legitimate confidentiality concerns, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties stipulate, and it is hereby **ORDERED:**

1. This Order shall govern any interrogatory responses, documents or other materials produced during discovery as well as all testimony at any deposition or pre-trial hearing or proceeding in this action, whether in response to any discovery request or subpoena made pursuant to the Federal Rules of Civil Procedure or otherwise, and any copies, abstracts, excerpts, analyses, summaries, or other materials (whether in written, electronic, or other form) which contain, reflect or disclose information from such documents, testimony or other materials. The testimony, documents and materials referenced in this paragraph collectively shall constitute "Discovery Materials."   2. Notwithstanding any provisions of this Order to the contrary, the names, addresses, dates and places of birth, and Social Security numbers of any officers, employees, agents and/or contractors involved as execution team members in past executions or expected to be involved in future executions as execution team members shall not be revealed in connection with the litigation of this lawsuit to anyone, including Plaintiffs and counsel for Plaintiffs. "Execution team members" are those individuals who will participate, or are expected to participate in the administration of the lethal injection procedure and who currently have, or will be given, "John Doe" or "John Roe" designations in this case. Counsel for Defendants will provide counsel for Plaintiffs with a John Doe or John Roe designation for each of the aforementioned individuals, as well

as a generic identification of each person's credential or title as relates to his or her execution duties, for example "Nurse" or "Emergency Medical Technician," as well as his or her role(s) within the execution team, for instance "Team Leader" or "Syringe Pusher." Should any individuals be added to the DOC's execution team during the course of this litigation, counsel for Defendants shall promptly disclose the existence of each such added individual, assign each new execution team member a John Doe or John Roe designation, and disclose their credential, title, and role within the execution team. Counsel for Plaintiffs may not conduct independent investigations or background investigations of those persons counsel for Plaintiffs believe to be involved in past executions, nor of those expected to be involved in future executions. For example, neither counsel, nor anyone acting on their behalf, may contact schools, former employers or credentialing agencies in an effort to determine the identity of, or gain background information on, the aforementioned persons because to do so would pose an unacceptable risk that their participation and identities would be made public. During the course of this litigation, only the John Doe or John Roe designation, or other generic identifier (such as "the Emergency Medical Technician" or "the Team Leader," as suits the convenience and needs of the parties), shall be used to denote any member of the execution team.

  3. Counsel for either party to this litigation may initially designate as "Confidential" hereunder any Discovery Materials if counsel reasonably believes, in good faith, that the materials implicate Defendants' institutional security interests or privacy concerns; or contain information that could be used to identify any members of the execution team who are, or will be, designated as "John Doe" defendants in this

case. Thus, for example, Defendants have the right, before disclosure to Plaintiffs' counsel, to designate as "Confidential" any Discovery Material they produce or provide, if counsel deems, in good faith, that release of such material would compromise any of the security, privacy, and/or anonymity concerns expressed above, including but not limited to disclosing Defendants' security procedures. Either party designating material as "Confidential" hereunder represents thereby that it has done so in good faith and pursuant to a <u>bona fide</u> belief that such materials are in fact confidential and deserving of protection.

4.  In designating material as "Confidential," the party so designating it shall identify the protected material with specificity in writing or on the record during a deposition or other legal proceeding. Either party's counsel may, at any time, object to the designation of material as protected. In the event of any such objection, the designating party's counsel agrees to confer with counsel for the objecting party as promptly as practicable to attempt to resolve the objection informally. Should the designating and objecting parties be unable to resolve the objection informally, the objecting party may submit such dispute to the Court for resolution. Until the Court resolves the dispute, the material shall be treated as protected and subject to the conditions set forth in this Order.

5.  Confidential material provided formally or informally during the course of this litigation shall be handled and disclosed by the parties only as follows:

    (a)  Confidential material may be used only for the purposes of this litigation and shall not be given, shown, made available, discussed, or otherwise communicated in any form to Plaintiffs Reginald Clemons, Richard D. Clay, Jeffrey

Ferguson, Roderick Nunley, or Michael Taylor, nor to anyone other than: (I) counsel for Plaintiffs, including counsel's employees only insofar as is necessary for purposes of this litigation, outside consultants and experts retained by Plaintiffs to assist their counsel for purposes of this litigation, to the extent necessary for such consultants or experts to prepare a written opinion, prepare to testify, or to otherwise assist counsel for Plaintiffs in the prosecution of this action, provided that such use is solely in connection with this action and not for any other purpose; (ii) any person agreed upon in writing by all counsel in this lawsuit; (iii) court employees, court reporters, and persons preparing transcripts of depositions; and (iv) witnesses in the course of deposition where counsel has a reasonable and good faith belief that examination with respect to the document is necessary for legitimate discovery purposes.

    (b)    It shall be the responsibility of counsel to bring this Order to the attention of all persons within their respective firms and all outside consultants and experts to whom they disclose protected material, and to ensure that all such persons comply with the terms of this Order. Except for counsel of record in this action and those persons described in paragraph 5(a)(iii), any person to whom Confidential material is disclosed shall, prior to receiving such material, be furnished with a copy of this Protective Order, and a copy of the Notification of Protective Order, in the form of that attached hereto as Exhibit A, which the person shall read and sign.

    (c)    In the event that any material designated under this Protective Order as Confidential is used, described, characterized, excerpted or referenced in, or attached to, any document filed in this litigation: (I) it shall not lose its confidential status through such use; and (ii) the parties shall agree upon a means of filing that prevents

the public disclosure of material designated as Confidential. For instance, the parties may agree to redact Confidential information from public filings, or may agree to file pleadings or Confidential material under seal. The parties shall cooperate in good faith in an effort to ensure that only those portions of filings with the Court designated as Confidential shall be redacted or filed under seal.

(d) All copies made of any material that is subject to this Order shall be clearly labeled on each page as containing "Confidential" material and shall be returned to the party who originally produced them or destroyed at the conclusion of this litigation (including any and all appeals). All materials designated "Confidential" shall be so marked prior to the exchange of those materials between the parties. Where it is not possible to affix a stamp or mark indicating that the material is "Confidential," counsel for Defendants shall take reasonable steps to give counsel for Plaintiffs notice of the materials' status as "Confidential." Legal memoranda and briefs containing protected material and any work product materials containing protected material may be retained if such documents shall be kept in the possession of a private litigant's counsel or in the possession of a governmental entity, and shall not in the future be disclosed contrary to the provisions of this Order.

(e) Deposition testimony may be designated as "Confidential" before the testimony is transcribed by so stating on the record at the deposition or by providing written notice to all counsel, the court reporter, and all attendees at the deposition prior to the taking of the testimony. If deposition testimony is so designated prior to transcription, the transcript of the designated testimony shall be bound in a separate volume from any testimony that has not been so designated and marked "Confidential"

by the reporter and shall not be made part of the public record. Regardless of designation made prior to transcription, each deposition transcript in its entirety shall be treated as "Confidential" until ten days after the receipt of the transcript by counsel for Defendants. Until ten days after Defendants' counsel's receipt of the transcript, Defendants may designate testimony as "Confidential" by giving written notice to Plaintiffs' counsel.

  (f) Counsel shall endeavor to avoid revealing Confidential material in any oral proceedings before the Court, including oral argument. If any counsel finds it necessary to refer to Confidential material in any such oral proceeding, counsel shall notify the Court and all other counsel of record as soon as such necessity becomes apparent and shall propose whatever mechanism(s) may be available and appropriate to prevent disclosure of Confidential material as a consequence of such oral proceedings to persons other than those authorized by this Order.

  6. Counsel shall promptly report any breach of the provisions of this Order to the Court and counsel for the party whose protected material was divulged or compromised. Upon discovery of any breach, counsel shall immediately take appropriate action to cure the violation and retrieve any Confidential material that may have been disclosed to persons not covered by this Order. Counsel shall also cooperate fully in any investigation of such breach conducted by the Court.

  7. By providing any document or other information in its possession, no party waives any privileges, objections, or protection otherwise afforded to it by law or equity.

  8. The parties are hereby authorized to seek the admission into evidence at

the trial of this case any materials, or the contents thereof, that are designated pursuant to this Order, and nothing contained herein shall be construed as precluding Plaintiffs or Defendants from introducing any such materials, or the contents thereof, into evidence, subject to such measures as the Court may deem appropriate or necessary at that time in order to protect the Defendants' anonymity, privacy, and/or security concerns.

9. Any specific part or parts of the restrictions imposed by this Protective Order may be terminated at any time by a letter from counsel for the designating party or by an order of the Court.

10. This Order is without prejudice to the rights of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any statute or other authority, or to the rights of any party to make evidentiary objections at trial.

11. Nothing in this Order may be taken or construed as a ruling or statement concerning the admissibility of any documents or information.

12. This Order is without prejudice to the rights of any party to seek from the Court the modification of this Order.

Date: 04/17/08
Kansas City, Missouri

S/ FERNANDO J. GAITAN, JR.
Fernando J. Gaitan, Jr.
Chief United States District Judge

# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| REGINALD CLEMONS, RICHARD D. CLAY, JEFFREY FERGUSON, and RODERICK NUNLEY,<br><br>Plaintiffs,<br><br>v.<br><br>LARRY CRAWFORD, JAMES D. PURKETT, TERRY MOORE, and JOHN DOES 1-50,<br><br>Defendants. | **Acknowledgment of and Consent to Be Bound by Protective Order**<br><br>Case No. 07-4129-CV-C-FJG |

The undersigned hereby acknowledges that he (she) has read the Protective Order entered on _____, 2008 in the above-captioned lawsuit, understands its terms, and agrees to be bound by each of those terms. Specifically, and without limitation upon such terms, the undersigned agrees (a) not to use or disclose any Confidential documents or information made available to him (her) other than in accordance with the Protective Order; and (b) to submit to the jurisdiction of the Court in respect of the enforcement of the Protective Order and redress for the violation of the terms thereof.

Dated: _____, 2008

By: _____

Printed Name: _____

Title: _____

Name of Employer:
_____