UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **JAMES ROANE, JR.**, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 05-2337 (RWR/DAR) |
| **MICHAEL B. MUKASEY**, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

### PLAINTIFFS' ADDENDUM TO THE JOINT STATUS REPORT

Plaintiffs' respectfully submit this Addendum to the Joint Status Report, in order to address the effect of the United States Supreme Court in *Baze v. Kentucky*, 128 S. Ct. 1520 (2008), on the schedule going forward in this litigation.[1] Obviously, determining the impact of *Baze* is one of the key issues facing this Court at this juncture in this case. In their Motion to Modify the Protective Order, Plaintiffs seek permission to conduct background investigations that would yield information highly relevant to the inquiry this Court must make under *Baze*, but which has been withheld by the Defendants. Once Plaintiffs have had the opportunity to seek that information, further briefing will be necessary on the impact of *Baze* on this litigation.

**A.     The *Baze* Decision**

Briefly, the *Baze* Court concluded that lethal injection, and the specific three-drug combination used by Kentucky, are not *per se* violations of the Eighth Amendment. However, the *Baze* Court did not hold that *every* lethal injection protocol using the three drugs employed

---

[1] Plaintiffs sought to include the discussion contained in this filing in the Joint Status Report, but Defendants refused to permit that, even if this discussion were clearly identified as the Plaintiffs' position, and not as a joint submission.

by Kentucky necessarily passes constitutional muster. Instead, it concluded that, on "the facts of th[at] case," the petitioners had failed to show a constitutional violation.[2] *Id.*

The protocol used by Kentucky and addressed in *Baze* appears to be superficially similar to that at issue in this case, in that it involves the serial injection of the same three chemicals, sodium thiopental, pancuronium bromide and potassium chloride. And one of the questions to be decided in this case—whether the lethal injection protocol used by Defendants violates the Eighth Amendment—mirrors the question presented in *Baze*. Further, the condemned inmates in *Baze* conceded, as do Plaintiffs here, that lethal injection is not *per se* "cruel and unusual," and, if performed properly, can result in a constitutionally-permissible execution. *Baze v. Rees*, 128 S. Ct. 1520, 1526 (2008).

However, because it addressed only the Eighth Amendment's Cruel and Unusual Punishment Clause, the Supreme Court's decision in *Baze* does not impact or foreclose plaintiffs' claims that are not based on that clause, including their claims under the Due Process Clause, under the Eighth Amendment for "deliberate indifference," and under the Administrative Procedure Act. Furthermore, because it was decided only after an extensive evidentiary hearing premised on the specific aspects of Kentucky's protocol, *Baze* does not preclude constitutional review of any lethal injection protocol—including Defendants' protocol—that differs from the Kentucky protocol upheld in *Baze*.

---

[2] While no majority of the Court agreed on the standard to be employed in determining whether the risk of unnecessary pain rises to the level of an Eighth Amendment violation, the Court's plurality opinion, written by Chief Justice John G. Roberts, Jr, adopted as a standard for assessing the validity of an execution method whether it poses a "substantial risk of serious harm." *Baze*, 128 S. Ct. at 1532. A state is free to choose a procedure, Roberts wrote, if it is shown to be "feasible, readily implemented, and in fact significantly reduce[s] a substantial risk of severe pain." *Id.* "If a state refuses to adopt such an alternative in the face of these documented advantages, without a legitimate penological justification for adhering to its current method of execution, then a state's refusal to change its method can be viewed as 'cruel and unusual punishment' under the Eighth Amendment." *Id.*

B.   **Impact of *Baze* on the Litigation of this Case**

*Baze* is controlling in this case only to the extent Defendants' protocol is identical to that used by Kentucky and considered by the *Baze* Court, or to the extent this Court concludes that any differences between the two protocols are constitutionally insignificant.  In short, *Baze* leaves much to be litigated in this case, such as the actual process that a government uses to administer the drugs, monitor the inmate's condition, and complete the execution.  *See id*. at 1560 (Thomas, J., concurring in the judgment).

It is Plaintiffs' position—based on the discovery obtained to date—that the Defendants' protocol differs from the protocol approved in *Baze* in constitutionally-significant respects, and that *Baze* does not foreclose any of Plaintiffs' claims here.  However, as described in Plaintiffs' Motion to Modify the Protective Order, it is now clear that there is additional information, which Defendants have withheld from Plaintiffs, that goes to the heart of Plaintiffs' claims, and which will further distinguish Defendants' protocol from that approved in *Baze*.  For example, the *Baze* Court upheld Kentucky's protocol, in part, on the ground that it required the persons responsible for inserting the IV catheters to be "qualified personnel having at least one year of professional experience."[3]   128 S. Ct. 1520, 1528.  The information Defendants have withheld from Plaintiffs (at least, the withheld information that we know of) goes directly to this same critical issue—the qualifications of the members of Defendants execution team.

This Court cannot decide the effect of *Baze* on this case until Plaintiffs are afforded the opportunity they seek, by their Motion to Modify the Protective Order, to obtain *all* of the information available to afford them a full and fair opportunity to prove that Defendants'

---

[3] In fact, in Kentucky, the job was performed by "a phlebotomist with 8 years' experience and an EMT with 20 years' experience."  128 S. Ct. at 1569 (Ginsburg, J., dissenting).

protocol differs, in constitutionally-significant ways, from the Kentucky protocol approved in *Baze*. Therefore, it is Plaintiffs' position that the Court should grant their Motion to Modify the Protective Order, and provide them with a sufficient period of time in which to conduct the background investigation they propose to conduct. Following that investigation period, Plaintiffs' propose that the Court revert to the schedule established by its Orders of June 4, 2007, and September 4, 2007, as described in the Joint Status Report.

/s/ Paul F. Enzinna_____

PAUL F. ENZINNA (D.C. Bar No. 421819)
JEREMY I. LEVIN
RACHEL McKENZIE
EMMA KUNTZ
Baker Botts LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004-2400
(202) 639-7752

*Counsel for Plaintiff James H. Roane, Jr.*

/s/ Charles A. Zdebski_____
CHARLES A. ZDEBSKI (D.C. Bar No. 451075)
Troutman Sanders LLP
401 9th Street, NW
Suite 1000
Washington, DC 20004-2134
(202) 274-2909

STEPHEN A. NORTHUP (D.C. Bar. No. 54587)
Troutman Sanders LLP
1001 Haxall Point
P.O. Box 1122
Richmond, VA 23218-1122
(804) 697-1240

FREDERICK R. GERSON
Robinson & Gerson, P.C.
7102 Three Chopt Road
Richmond, VA 23226

*Counsel for Plaintiff Richard Tipton*


/s/ Charles A. Zdebski_____
CHARLES A. ZDEBSKI  (D.C. Bar No. 451075)
Troutman Sanders LLP
401 9th Street, NW
Suite 1000
Washington, D.C. 20004-2134
(202) 274-2909

BARBARA HARTUNG
700 E. Main Street
Suite 1600
Richmond, VA 23219

EDWARD E. SCHER
Thorsen & Scher, LLP
3810 Augusta Avenue
Richmond, VA 23230

*Counsel for Plaintiff Cory Johnson*


/s/ William E. Lawler III_____
WILLIAM E. LAWLER III (D.C. Bar No.398951)
GRAHAM E. EDDY (D.C. Bar No. 495794)
Vinson & Elkins LLP
1455 Pennsylvania Avenue, NW
Suite 600
Washington, DC 20004-1008
(202) 639-6676

*Counsel for Plaintiff Bruce Webster*

/s/ Joshua C. Toll
JOSHUA C. TOLL (D.C. Bar No. 463073)
King & Spalding LLP
1700 Pennsylvania Avenue, NW
Washington, DC  20006
(202) 737-0500

/s/ Margaret O'Donnell
MARGARET O'DONNELL
Kentucky Bar No. 83889
McNally and O'Donnell, P.S.C.
513 Capitol Avenue
P.O. Box 1243
Frankfort, KY  40602
(502) 227-2142

*Counsel for Plaintiff Anthony Battle*


/s/ Owen Bonheimer
MATTHEW HERRINGTON (D.C. Bar No. 452364)
OWEN BONHEIMER (D.C. Bar No. 484984)
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036

ROBERT C. OWEN
Texas Bar No. 15371950
Owen & Roundtree, LLP
P.O. Box 40428
Austin, TX 78704
(512) 804-2661

MARCIA A. WIDDER
Louisiana Bar No. 23367
636 Barrone Street
New Orleans, LA 70113
(504) 558-9867

*Counsel for Plaintiff Orlando Hall*


Dated:  May 7, 2008