UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES ROANE, JR., et al., | ) |
| Plaintiffs, | ) |
| ANTHONY BATTLE, ORLANDO HALL, BRUCE WEBSTER, | ) |
| Plaintiff-Intervenors, | ) Civil Action No. 05-2337 (RWR/DAR) |
| v. | ) |
| MICHAEL B. MUKASEY, et al., | ) |
| Defendants. | ) |

**DEFENDANTS' RENEWED MOTION TO DISMISS**

Defendants herein respectfully renew their partial Motion to Dismiss filed on November 9, 2006. R. 13. A memorandum in support of that Motion was filed therewith. Id. In that Motion, Defendants moved to dismiss the individual capacity claims[1], the official capacity claims against defendants Tandy and Webster, and Counts IV (in part) and V of Plaintiffs' Amended Complaint. In Count IV, Plaintiffs allege that the manner by which Defendants developed the protocol for conducting federal executions violates the Administrative Procedure Act, 5 U.S.C. § 551, et seq. Am. Compl. ¶¶ 67-72. In that same Count, Plaintiff challenges the federal regulation authorizing lethal injection as a means of carrying out death penalty sentences. Id. In

---

[1] Plaintiffs brought this lawsuit against the United States Attorney General, Karen Tandy (Administrator, Drug Enforcement Administration), Harley G. Lappin (Director, Federal Bureau of Prisons), Newton Kendig (Medical Director, Federal Bureau of Prisons), Mark Bezy (Warden, United States Penitentiary, Terre Haute); Thomas Webster (Clinical Director, United States Penitentiary, Terre Haute) and various John Doe Defendants. The Amended Complaint purports to sue each of these defendants in both their official and individual capacities. See Am. Comp. ¶¶ 11-17.

Count V, Plaintiffs allege that Defendants have arbitrarily and capriciously failed to exercise enforcement authority under the Controlled Substances Act based upon the premise that at least one of the chemicals used in carrying out federal executions is a Schedule III controlled substance. Am. Compl. ¶¶ 73-77.

## BACKGROUND

Plaintiffs filed their original complaint in this case on December 6, 2005. See R. 1. On December 19, 2005, the government set execution dates for Plaintiffs during May, 2006. Am. Compl. ¶ 22. In February 2006, Plaintiffs sought a preliminary injunction to stay their executions during the pendency of Hill v. McDonough, in which the Supreme Court reviewed whether a State prisoner's claim challenging the State's method of execution is properly brought as a civil rights action or may only be heard as a habeas action. See R. 2. Defendants did not oppose the stay pending the Hill decision, and the Court granted Plaintiffs' motion by order entered on February 27, 2006. See R. 5. Subsequently, the United States Supreme Court held that Hill's challenge to a State's method of implementing his death sentence could proceed as a civil action pursuant to 42 U.S.C. § 1983.[2] Hill v. McDonough, 547 U.S. 573, 580-84 (2006).

The parties then submitted a status report for further proceedings in this case, proposing that Plaintiffs would file an amended complaint and that Defendants would have sixty days to answer the amended complaint. R. 6. On November 9, 2006, Defendants answered the Amended Complaint, R. 14 (answer), and moved to dismiss the case in part, R. 13.[3] In that

---

[2] The state of Florida carried out Hill's death sentence using lethal injection on September 20, 2006.

[3] It is this Motion that Defendants are renewing today, May 16, 2008.

motion, Defendants sought an order: 1) dismissing all individual capacity claims; 2) dismissing the official capacity claims against Defendants Tandy, Kendig and Webster; 3) dismissing Count IV to the extent that it challenges the promulgation of 28 C.F.R. § 26.3[4]; and (4) dismissing Count V[5]. Plaintiffs' opposition to that motion explicitly states that Plaintiffs "do not oppose the motion to dismiss the individual capacity claims against defendants."[6]  R. 18, Pls.' Op. Defs.' Mot. Dismiss, at 1, n.1.

The parties filed a Meet and Confer Statement on November 30, 2006.  R. 16 (specifying a period of limited discovery, including setting a limit of ten depositions and twenty-five interrogatories per side, consistent with the presumptive limits in the Federal Rules of Civil Procedure, and proposing a briefing schedule).  Subsequently, Bruce Webster moved to intervene.  R. 23.  Defendants did not oppose that motion and it was granted on February 14, 2007.  On February 14, 2007, Webster moved for a preliminary injunction staying his execution.  R. 26.  The Court granted that motion.  R. 27.  On April 26, 2007, Anthony Battle and Orlando

---

[4]Defendants moved to dismiss this Count on grounds of res judicata and as barred by the applicable statute of limitations.  R. 13, Defs.' Mem. Support Partial Mot. Dismiss, at 16-22.

[5]Defendants moved to dismiss this Count consistent with the Supreme Court's decision in Heckler v. Cheney stating "an agency's decision not to take enforcement action should be presumed immune from judicial review under § 701(a)(2)[,]" 470 U.S. 821,832 (1985).  R. 13, Defs.' Mem. Support Partial Mot. Dismiss, at 12-15.

[6]We understand that the Plaintiff-Intervenors are not raising any individual-capacity claims in this case, as their motions to intervene state that they are raising the same claims as Plaintiffs.  Hall's Complaint makes clear that he is suing Defendants only in their official capacities.  R. 38, Hall Compl. at ¶¶ 10-17.  To the extent that Webster and Battle's complaints refer to any individual-capacity claims, those claims should be stricken from their Complaints and/or dismissed.  See R. 36, Battle Compl. at ¶¶ 8-14 (referring to individual capacity claims), R. 23, Webster Compl. at ¶¶ 7 (referring to Bivens claims), 9-15.

Hall moved to intervene in this case. R. 36, 38. The Court granted those motions on June 4, 2007.[7]

All discovery with the exception of expert discovery was completed in the latter part of 2007. By Order dated December 6, 2007, this Court stayed this case pending the Supreme Court's decision in Baze v. Rees, 128 S.Ct. 1520 (2008). In its Order, the Court denied, without prejudice, Defendant's Motion for Judgment on the Pleadings and Motion to Lift the Stay [see R. 60 and 61]. In light of the Supreme Court's decision in Baze, Defendants herein renew their Motion to Dismiss [R. 13] and supporting Reply [R. 21].[8] A proposed Order consistent with relief requested in Defendants' Motion to Dismiss was filed with that Motion. R. 13.

Date: May 16, 2008

---

[7]On April 27, 2007, the parties filed a *Joint Stipulation Concerning Intervention of Webster, Hall and Battle*. R. 39. The Stipulation stated: "In order to clean up pleadings in this case, in a separate joint filing, Plaintiffs Roane, Tipton, Johnson, and Webster will move [the] court to file amended complaints. . .the parties propose that amended complaints be filed 30 days after. . .entry of an order disposing of Movants' intervention motion, and that any answers thereto be filed within 30 days thereafter." R. 39, Joint Stip. ¶ 3 (April 27, 2007). The Stipulation further stated, "Plaintiffs Roane, Tipton, and Webster will amend their complaints in order to clarify that they are asserting claims against Defendants in their official capacities only." Id. ¶ 4. It does not appear from the docket that Plaintiffs Roane, Tipton, and Webster filed their amended complaints consistent with the provisions of the joint Stipulation.

[8]Today, May 16, 2008, Defendants are also renewing their Motions for Judgment on the Pleadings and to Lift the Stay.

Respectfully Submitted:


/s/ Jeffrey A. Taylor /dvh
_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


/s/ Rudolph Contreras
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant United States Attorney
U.S. Attorney's Office for the District
 of Columbia, Civil Division
555 4th Street, N.W., Rm. E-4915
Washington, D.C. 20530
Ph:  (202) 307-0492
Fax: (202) 514-8780
E-Mail: beverly.russell@usdoj.gov


/s/ Robert J. Erickson /bmr
_____
ROBERT J. ERICKSON, D.C. Bar No. 220731
Principal Deputy Chief
Criminal Appellate Section
U. S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue, NW
Room 1515
Washington, DC 20530
(202) 514-2841

<strong>CERTIFICATE OF SERVICE</strong>

I HEREBY CERTIFY that service of the foregoing *Defendants' Renewed Motion to Dismiss* was sent by the Court's Electronic Case Filing System (unless otherwise noted), this 16th day of May, 2008, to:

Owen James Bonheimer
Steptoe & Johnson, LLP
1330 Connecticut Avenue, NW
Washington, D.C. 20036
obonheimer@steptoe.com

Abigail Bortnick
King & Spalding LLP
1700 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
abortnick@kslaw.com

Graham E. Eddy
Vinson & Elkins, LLP
1455 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-1008
geddy@velaw.com

Paul F. Enzinna
Patton Boggs, LLP
2550 M Street, N.W.
Washington, D.C. 20037
paul.enzinna@bakerbotts.com

Matthew John Herrington
Steptoe & Johnson, LLP
1330 Connecticut Avenue, NW
Washington, D.C. 20036
mherrington@steptoe.com

William E. Hoffman, Jr.
King & Spalding LLP
1180 Peachtree Street, NE
Atlanta, GA 30309

Mark Joseph Hulkower
Steptoe & Johnson, LLP
1330 Connecticut Avenue, NW
Washington, D.C. 20036
mhulkower@steptoe.com

William E. Lawler, III
Vinson & Elkins, LLP
The Willard Office Building
1455 Pennsylvania Avenue, N.W., Suite 600
Washington, D.C. 20004
wlawler@velaw.com

Jeremy I. Levin
Baker Botts, LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
jeremy.levin@bakerbotts.com

Rachel M. McKenzie
Baker Botts, LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
rachel.mckenzie@bakerbotts.com

Margaret O'Donnell
McNally & O'Donnell, P.S.C.
P.O. Box 1243
513 Capitol Avenue
Frankfurt, KY 40602
mod@dcr.net

Jeanne Vosberg Sourgens
Vinson & Elkins, LLP
The Willard Office Building
1455 Pennsylvania Avenue, N.W., Suite 600
Washington, D.C. 20004

Joshua Christopher Toll
King & Spalding, LLP
1700 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
jtoll@kslaw.com

Robert E. Waters
Vinson & Elkins, LLP
The Willard Office Building
1455 Pennsylvania Avenue, N.W., Suite 600
Washington, D.C.  20004
rwaters@velaw.com

Charles Anthony Zdebski
Troutman Sanders, LLP
401 9th Street, N.W., Suite 1000
Washington, D.C. 20004-2134
charles.zdebski@troutmansanders.com

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL
Assistant United States Attorney