UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
JAMES ROANE, JR., et al.,               )
                                        )
        Plaintiffs,                     )
                                        )
ANTHONY BATTLE, ORLANDO HALL,           )
BRUCE WEBSTER,                          )
                                        )
        Plaintiff-Intervenors,          )        Civil Action No. 05-2337 (RWR/DAR)
                                        )
        v.                              )
                                        )
MICHAEL B. MUKASEY, et al.,             )
                                        )
        Defendants.                     )
_____        )

## DEFENDANTS' RENEWED MOTION FOR JUDGMENT ON THE PLEADINGS AND RENEWED MOTION TO LIFT THE STAY OF THE PLAINTIFFS' AND PLAINTIFF-INTERVENORS' EXECUTIONS

Defendants respectfully renew their Motion, filed pursuant to Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure, for an order dismissing Plaintiffs' and Intervenor-Plaintiffs' claims in this action. Defendants also renew their Motion for an order lifting the stays of execution for Plaintiffs and Plaintiff-Intervenors. Each of the Plaintiffs and Plaintiff-Intervenors have been incarcerated under a sentence of death for more than ten years. Nonetheless, despite their numerous appeals conducted over many years, Plaintiffs and Plaintiff-Intervenors waited until the setting of their execution dates were imminent to file or intervene in this lawsuit and seek a stay of their execution dates. Plaintiffs and Plaintiff-Intervenors' delay in bringing these claims requires the dismissal of this lawsuit. First, this lawsuit must be dismissed on equitable grounds, as an "eleventh-hour" challenge to their imminent executions, ultimately coming "too

late in the day." Hill v. McDonough, 547 U.S. 573, 584 (2006).  Second, this lawsuit must be

dismissed because it is barred by the applicable statute of limitations.

In connection with Local Civil Rule 7(m), the undersigned counsel of record discussed

the relief requested in the motion to lift the stays of execution with counsel for Plaintiffs and

Intervenors.  We understand they oppose that motion.  A memorandum of points and authorities

and proposed order are included with this Motion.

Respectfully Submitted:


/s/ Jeffrey A. Taylor /kvm
_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


/s/ Rudolph Contreras
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant United States Attorney
U.S. Attorney's Office for the District
 of Columbia, Civil Division
555 4th Street, N.W., Rm. E-4915
Washington, D.C. 20530
Ph:  (202) 307-0492
Fax: (202) 514-8780
E-Mail: beverly.russell@usdoj.gov

/s/ Robert J. Erickson /bmr

_____

ROBERT J. ERICKSON, D.C. Bar No. 220731
Principal Deputy Chief
Criminal Appellate Section
U. S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue, NW
Room 1515
Washington, DC 20530
(202) 514-2841

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
JAMES ROANE, JR., et al.,                           )
                                                    )
                Plaintiffs,                         )
                                                    )
ANTHONY BATTLE, ORLANDO HALL,                       )
BRUCE WEBSTER,                                      )
                                                    )
                Plaintiff-Intervenors,              )       Civil Action No. 05-2337 (RWR/DAR)
                                                    )
        v.                                          )
                                                    )
MICHAEL B. MUKSASEY, et al.,                        )
                                                    )
                Defendants.                         )
_____             )

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF THEIR RENEWED MOTION FOR JUDGMENT ON THE PLEADINGS AND
RENEWED MOTION TO LIFT THE STAY OF PLAINTIFFS'
AND PLAINTIFF-INTERVENORS' EXECUTIONS**

## I.    FACTUAL AND PROCEDURAL BACKGROUND

A.    Plaintiffs' Amended Complaint.

Plaintiffs James Roane, Richard Tipton and Cory Johnson have been sentenced to death under Federal law. See Amended Complaint ("Am. Compl.") ¶ 2. Currently, Federal death sentences are carried out through lethal injection and the process involves the intravenous administration of three substances ("lethal injection protocol"): Sodium Thiopental, Pancuronium Bromide and Potassium Chloride. See id. ¶ 23; see also Baze v. Rees, 128 S.Ct. 1520, 1526-27 (2008); Workman v. Bredesen, 486 F.3d 896, 902 (6th Cir. 2007). Plaintiffs claim that the Federal government's use of these substances in its lethal injection protocol violates the

Eighth Amendment of the Constitution, the Administrative Procedure Act ("APA") and the

Controlled Substances Act.  See Am. Compl. ¶¶ 1-7.

The Amended Complaint contains five counts, summarized as follows:

Count I (Fifth Amendment, Due Process): Claiming that defendants' alleged failure to disclose the procedure that will be used in carrying out their executions violates plaintiffs' due process rights.  See Am. Compl. ¶¶ 56-58.

Count II (Eighth Amendment, Cruel and Unusual Punishment): Claiming that the lethal injection procedure utilized in federal judicial executions creates an unreasonable risk of excruciating and unnecessary pain.  See Am. Compl. ¶¶ 59-61.

Count III (Eighth Amendment, Deliberate Indifference): Claiming that the means by which the plaintiffs will be anesthetized prior to their deaths violates their Eighth Amendment right to be free from deliberate indifference to serious medical needs.  See Am. Compl. ¶¶ 62-66.

Count IV (Administrative Procedure Act): Claiming that the manner in which defendants developed the protocol for conducting federal judicial executions violated the Administrative Procedure Act, requiring the action to be set aside. This Count also challenges the federal regulation authorizing lethal injection as a means of carrying out death penalty sentences.  See Am. Compl. ¶¶ 67-72.

Count V (Controlled Substances Act): Claiming that defendants have arbitrarily and capriciously failed to exercise enforcement authority under the Controlled Substances Act, based upon the fact that at least one of the chemicals used in carrying out federal judicial executions is a Schedule III controlled substance. See Am. Compl. ¶¶ 73-77.

As discussed in more detail below, Plaintiff-Intervenors raise the same claims as the

original Plaintiffs in this case.

    B.    Factual and Procedural History.

        1.    Plaintiffs Roane, Tipton and Johnson.

In February 1993, James Roane, Cory Johnson, and Richard Tipton were convicted in the

Eastern District of Virginia, Am. Compl. ¶ 22, for an array of criminal activity, including

multiple capital murders, arising out of drug-trafficking operations in and near Richmond, Virginia.  <u>United States v. Roane et al.</u>, 378 F.3d 382, 389 (4th Cir. 2004), <u>cert. denied</u>, 126 S.Ct. 330 (2005).  Each received at least one death sentence for his crimes, plus various terms of imprisonment.  <u>Id</u>.  Plaintiffs appealed in <u>United States v. Tipton</u>, 90 F.3d 861 (4th Cir. 1996), <u>cert. denied</u>, 520 U.S. 1253 (1997), the appeal including a challenge to the validity of the Department of Justice's regulations specifying lethal injection as the method for implementing Federal death sentences.  <u>See</u> 28 C.F.R. Part 26 (1993).   The Court of Appeals affirmed the Plaintiffs' conviction and sentence.[1]  <u>Id</u>. at 903.  The Court of Appeals rejected Plaintiffs' challenge to the regulations, vacated the district court's stay of Plaintiffs' executions and remanded for the executions to proceed in accordance with the regulations.  <u>United States v. Roane</u>, 378 F.3d at 390, 392.  Those regulations were effective February 18, 1993.  <u>United States v. Tipton</u>, 90 F.3d 861, 902,  <u>cert. denied</u>, 520 U.S. 1253 (1997).  Roane, Johnson, and Tipton sought relief in the district court pursuant to 28 U.S.C. § 2255.  Am. Compl. ¶ 22; 378 F.3d at 390, 392.  In ensuing appeals from the denial of collateral relief, Plaintiffs raised approximately sixty discrete issues on appeal, but did not challenge the Federal government's lethal injection protocol.  378 F.3d at 390.

---

[1]A criminal conviction becomes final upon denial of <u>certiorari</u>.  <u>See, e.g.</u> <u>Beard v. Banks</u>, 537 U.S. 522, 527 (2003).  In summary, and as noted below, Roane, Tipton and Johnson's convictions and sentences became final on direct appeal when the United States Supreme Court denied <u>certiorari</u> on June 2, 1997.  520 U.S. 1253 (19997).  Webster's conviction and sentence became final on direct appeal when the  Supreme Court denied <u>certiorari</u> on October 4, 1999.  <u>Webster v. United States</u>, 528 U.S. 829 (1999).  Hall's conviction and sentence became final on direct appeal when the Supreme Court denied <u>certiorari</u> on May 17, 1999.  <u>Hall v. United States</u>, 526 U.S. 1117 (1999).  Anthony Battle's conviction and sentence became final on direct appeal when the Supreme Court denied <u>certiorari</u> on March 20, 2000.  <u>Battle v. United States</u>, 529 U.S. 1022 (2000).

-3-

2.    Plaintiff-Intervenors Webster and Hall.

Bruce Webster and Orlando Hall ran a marihuana trafficking enterprise in Pine Bluff, Arkansas.  See United States v. Hall, 152 F.3d 381 (5th Cir. 1998).  In separate trials, they were convicted in 1995 (Hall) and 1996 (Webster) of kidnaping resulting in death and other crimes for their roles "in the shocking and exceedingly brutal kidnaping, rape and murder of sixteen-year-old Lisa Rene."  United States v. Webster, 421 F.3d 308, 309 (5th Cir. 2005); see also Webster Compl. ¶ 20; R. 38, Hall Compl. ¶ 21.  Webster's conviction and death sentence were affirmed on direct appeal.  United States v. Webster, 162 F.3d 308 (5th Cir. 1998), cert. denied, 528 U.S. 829 (1999).  Webster sought Federal collateral relief pursuant to 28 U.S.C. § 2255 in 2000.  He was denied that relief in 2004.  United States v. Webster, 392 F.3d 787 (5th Cir. 2004).

The United States Court of Appeals for the Fifth Circuit affirmed Hall's conviction on August 28, 1998.  United States v. Hall, 152 F.3d 381 (5th Cir. 1998), cert. denied, 526 U.S. 1117 (1999).  On May 16, 2000, Hall instituted a proceeding to vacate his conviction and death sentence under 28 U.S.C. § 2255.  R. 38, Hall Compl. ¶ 21.  That motion was denied on August 24, 2004.  Hall v. United States, 2004 WL 1908242 (N.D. Tex. Aug. 24, 2004).  The United States Court of Appeals for the Fifth Circuit affirmed that decision on July 5, 2006.  Hall v. United States, 455 F.3d 508 (5th Cir. 2006).  The Fifth Circuit denied Hall's petition for rehearing en banc on September 1, 2006.  R. 38, Hall Compl. ¶ 21.  Hall filed a petition for certiorari review of that decision with the Supreme Court on November 30, 2006.  R. 38, Hall Compl. ¶ 21.  On April 16, 2007, the Supreme Court denied that petition.  R. 38, Hall Compl. ¶ 21.  Neither Webster nor Hall raised a challenge to the Federal government's lethal injection protocol in their various direct appeals and proceedings seeking collateral relief.

-4-

      3.      Plaintiff-Intervenor Battle.

Battle was convicted in 1997 in the United States District Court for the Northern District of Georgia for killing a Federal Correctional Officer, while already serving a life sentence.[2]  He was sentenced to death on March 12, 1997.  R. 36, Battle Compl. ¶ 19.  On July 15, 1999, his conviction was affirmed on direct appeal to the United States Court of Appeals for the Eleventh Circuit.  Id. The United States Supreme Court denied certiorari on March 19, 2000.  Id.  Battle then filed a motion to vacate his conviction and death sentence under 28 U.S.C. § 2255 on October 1, 2001.  Id.  The United States District Court for the Northern District of Georgia denied that motion on April 30, 2003.  Id.  The United States Court of Appeals affirmed on August 10, 2006, and the United States Supreme Court denied certiorari on April 16, 2007.  Id.

      4.      Procedural History of this Case.

Plaintiffs filed their original complaint in this case on December 6, 2005.  See R. 1.  On December 19, 2005, the government set execution dates for Plaintiffs during May, 2006.  Am. Compl. ¶ 22.  In February 2006, they sought a preliminary injunction to stay their executions during the pendency of Hill v. McDonough, in which the Supreme Court reviewed whether a State prisoner's claim challenging the State's method of execution is properly brought as a civil rights action or may only be heard as a habeas action.  See R. 2.  Defendants did not oppose the stay pending the Hill decision, and the Court granted Plaintiffs' motion by order entered on February 27, 2006.  See R. 5.  Subsequently, the United States Supreme Court held that Hill's

---

[2]Battle was sentenced to life in prison for murdering his wife, a serving United States Marine.  United States v. Battle, 173 F.3d 1343, 1344 (11th Cir. 1999).

challenge to a State's method of implementing his death sentence could proceed as a civil action

pursuant to 42 U.S.C. § 1983.  Hill v. McDonough, 547 U.S. 573, 580-84 (2006).

    The parties then submitted a status report for further proceedings in this case, proposing

that Plaintiffs would file an amended complaint and that Defendants would have sixty days to

answer the amended complaint.  R. 6.  On November 9, 2006, Defendants answered the

Amended Complaint, R. 14 (answer), and moved to dismiss the case in part, R. 13.[3]   In that

motion, Defendants sought an order: 1) dismissing all individual capacity claims; 2) dismissing

the official capacity claims against Defendants Tandy, Kendig and Webster; 3) dismissing Count

IV to the extent that it challenges the promulgation of 28 C.F.R. § 26.3; and 4) dismissing Count

V.  Plaintiffs' opposition to that motion explicitly states that Plaintiffs "do not oppose the motion

to dismiss the individual capacity claims against defendants."  R. 18, Pls.' Op. Defs.' Mot.

Dismiss, at 1 n.1.[4]  We understand that the Plaintiff-Intervenors are not raising any individual-

capacity claims in this case, as their motions to intervene state that they are raising the same

claims as Plaintiffs.  Hall's Complaint makes clear that he is suing Defendants only in their

official capacities.  R. 38, Hall Compl. ¶¶ 10-17.  To the extent that Webster and Battle's

complaints refer to any individual-capacity claims, those claims should be stricken from their

---

[3]Defendants are renewing their partial Motion to Dismiss today, May 16, 2008.

[4]Plaintiffs brought this lawsuit against the United States Attorney General, Karen Tandy (Administrator, Drug Enforcement Administration), Harley G. Lappin (Director, Federal Bureau of Prisons), Newton Kendig (Medical Director, Federal Bureau of Prisons), Mark Bezy (Warden, United States Penitentiary, Terre Haute); Thomas Webster (Clinical Director, United States Penitentiary, Terre Haute) and various John Doe Defendants.  The Amended Complaint purports to sue each of these defendants in both their official and individual capacities.  See Am. Compl. ¶¶ 11-17.  However, as noted, Plaintiffs have abandoned any individual-capacity claims. Additionally, Defendants note that Mr. Bezy has since retired from the Federal Bureau of Prisons.

Complaints and/or dismissed.  See R. 36, Battle Compl. ¶¶ 8-14 (referring to individual capacity

claims), R. 23, Webster Compl. ¶ 7 (referring to Bivens claims), 9-15.

The parties filed a Meet and Confer Statement on November 30, 2006.  R. 16 (specifying

a period of limited discovery, including setting a limit of ten depositions and twenty-five

interrogatories per side, consistent with the presumptive limits in the Federal Rules of Civil

Procedure, and proposing a briefing schedule).  Subsequently, Bruce Webster moved to

intervene.  R. 23.  Defendants did not oppose that motion and it was granted on February 14,

2007.  On February 14, 2007, Webster moved for a preliminary injunction staying his execution.

R. 26.  The Court granted that motion.  R. 27.  On April 26, 2007, Anthony Battle and Orlando

Hall moved to intervene in this case.  R. 36, 38.  The Court granted those motions on June 4,

2007.[5]

All discovery with the exception of expert discovery was completed in the latter part of

2007.[6]  By Order dated December 6, 2007, this Court stayed this case pending the Supreme

---

[5]On April 27, 2007, the parties filed a *Joint Stipulation Concerning Intervention of Webster, Hall and Battle*.  R. 39.  The Stipulation stated: "In order to clean up pleadings in this case, in a separate joint filing, Plaintiffs Roane, Tipton, Johnson, and Webster will move [the] court to file amended complaints. . .the parties propose that amended complaints be filed 30 days after. . .entry of an order disposing of Movants' intervention motion, and that any answers thereto be filed within 30 days thereafter."  R. 39, Joint Stip. ¶ 3 (April 27, 2007).  The Stipulation further stated, "Plaintiffs Roane, Tipton, and Webster will amend their complaints in order to clarify that they are asserting claims against Defendants in their official capacities only."  Id. ¶ 4. It does not appear from the docket that Plaintiffs Roane, Tipton, and Webster filed their amended complaints consistent with the provisions of the joint Stipulation.

[6]On March 19, 2008, Plaintiffs filed a Motion to Modify the Protective Order governing this suit asking that this Court allow Plaintiffs to undertake expansive and intrusive discovery into the backgrounds of those individuals involved in assisting with the implementation of federal death sentences.  As explained in Defendants' opposition [R. 147] and Motion to Stay Discovery filed today, May 16, 2008,  Plaintiffs' motion is without merit and should be denied.

Court's decision in <u>Baze v. Rees</u>, cited <u>supra</u>.  In its Order, the Court stated that the parties "shall have up to and including 60 days after the Supreme Court's decision in <u>Baze</u> to complete expert discovery *if it is still required*."  R. 139, Order at 2 (emphasis added).  In that same Order, the Court denied, without prejudice, Defendant's Motion for Judgment on the Pleadings and Motion to Lift the Stay [<u>see</u> R. 60 and 61].

In light of the Supreme Court's decision in <u>Baze</u>, Defendants herein renew their Motions for Judgment on the Pleadings and to Lift the Stay.  In <u>Baze</u>, the Supreme Court held that Kentucky's three drug protocol used to effectuate the state's death penalty sentences did not violate the Eighth Amendment.  <u>Baze v. Rees</u>, cited <u>supra</u>.  The three drugs used by Kentucky - sodium thiopental, pancuronium bromide, and potassium chloride - are the same as those used to carry out federal death penalty sentences.

## II.    <u>ARGUMENT</u>

### A.    <u>Legal Standards.</u>

The standard applied to a motion for judgment on the pleadings is the same as that under a Rule 12(b) motion to dismiss.  <u>Dale v. Executive Office of the President</u>, 164 F.Supp.2d 22, 24 (D.D.C. 2001); <u>Longwood Vill. Rest. v. Ashcroft</u>, 157 F. Supp.2d 61, 66-67 (D.D.C. 2001).  In <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955 (2007), the Supreme Court revisited the Rule set out in Fed. R. Civ. P. 12(b)(6), and abrogated or "retired" its holding in <u>Conley v. Gibson</u> that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Twombly</u>, 127 S.Ct. at 1968-1969, quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).  The Supreme Court stated that <u>Conley v. Gibson's</u> "'no set of facts' language can be read in isolation

as saying that any statement revealing the theory of the claim will suffice unless its factual impossibility may be shown from the face of the pleadings. . ." Twombly, 127 S.Ct. at 1968. The Supreme Court added that the "[no set of facts] phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 1969.

Accordingly, as clarified by Twombly, a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) should be granted if the plaintiff, in his or her pleading, fails to present "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S.Ct. at 1974. "Factual allegations must be enough to raise a right to relief above the speculative level,. . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact). . ." Id. at 1265 (citations omitted).

B.    Plaintiffs' Eleventh Hour Challenge to the Federal Government's Method of Execution is Barred.

The United States Supreme Court observed in Hill v. McDonough, that "a number of federal courts have invoked their equitable powers to dismiss suits they saw as speculative or filed too late in the day." 546 U.S. at 584 (citing, inter alia, Hicks v. Taft, 431 F.3d 916 (6th Cir. 2005) and White v. Johnson, 429 F.3d 572 (5th Cir. 2005)).  For example, in Workman v. Bredesen, 486 F.3d 896 (6th Cir. 2007), the United States Court of Appeals for the Sixth Circuit held that the plaintiff had raised his challenge to his method of execution, lethal injection, "too late in the day."  486 F.3d at 911 (citing Hill v. McDonough, 126 S.Ct. at 2104).

-9-

In fact, the Supreme Court has indicated that in considering the equitable remedy of staying an execution, "a district court *must* consider ... the extent to which the inmate has delayed unnecessarily in bringing the claim." Nelson v. Campbell, 541 U.S. 637, 649-50 (2004) (emphasis added).  There is "a strong equitable presumption against the grant of a stay where a claim could have been brought at such a time as to allow consideration of the merits without requiring entry of a stay." Id. at 650.  In contravention of the United States Supreme Court's warnings, Plaintiffs and Plaintiff-Intervenors waited until the setting of their execution dates were imminent to raise the claims in this lawsuit.  As explained above, Plaintiffs were sentenced to death in 1993.  Webster and Hall were sentenced in 1995 and Battle was sentenced to death in 1997.  In 1993, the Federal government promulgated a regulation specifying that its executions would be carried out by lethal injection.  28 C.F.R. § 26.3; Am. Compl. ¶ 29.  Notably, each of the complaints in this case discusses the 1993 regulation.  In addition, each of the complaints in this case cites examples of alleged problems in executions by lethal injection conducted by the States going back to the 1970s and 1980s.  R. 36, Battle Compl. ¶¶ 40 (alleging failure of IV lines in state executions by lethal injection), 41 (alleging problems with access to inmate's veins during execution by lethal injection); R. 38, Hall Compl. ¶ 43 (referring to Webster's Complaint); R. 23, Webster Compl. ¶ 41 (alleging failure of equipment in executions by lethal injection dating back to 1977); Am. Compl. ¶ 45 (same).  One wonders, then, why Plaintiffs failed to raise their claims concerning the Federal government's lethal injection protocol before this time.  Moreover, the Court can take judicial notice of the Federal execution of Timothy McVeigh, which was conducted in 2001 by lethal injection, and was highly publicized.[7]  The

---

[7] See  http://archives.cnn.com/2001/LAW/06/11/mcveigh.02.index.html.

media coverage of the McVeigh execution specifically noted the use of the three-chemical

protocol Plaintiffs challenge in this case.  Id.  Moreover, during that time period, challenges to

State lethal injection protocols were going forward.  See, e.g. Sims v. State, 754 So.2d 657, 668

(Fla. 2000); State v. Webb, 252 Conn. 128, 750 A.2d 448, 453-57 (Conn. 2000).

 Plaintiffs' Amended Complaint makes clear that they filed their complaint approximately

two weeks before their execution dates were set.  Am. Compl. ¶ 22.  Plaintiff-Intervenor Webster

actually had an execution date scheduled when he intervened in this lawsuit.  R. 23, Webster

Compl. ¶ 20 (execution scheduled for April 16, 2007).  Hall and Battle moved to intervene

shortly before their execution dates would have been scheduled.  As in the Workman case,

Plaintiffs and Intervenor-Plaintiffs had opportunities to avoid the situation in which the only way

to litigate the validity of the Federal government's execution protocol would be to stay their

executions.  In fact, as previously explained, Plaintiffs raised an earlier challenge to the Federal

government's lethal injection regulations in district court and later unsuccessfully litigated that

issue on appeal.  As the United States Court of Appeals for the Fifth Circuit ruled in Neville v.

Johnson, 440 F.3d 221, 222 (5th Cir. 2006): "A challenge to a method of execution may be filed

at any time after the plaintiff's conviction has become final on direct review."; see also Cooey v.

Strickland, 479 F.3d 412, 422-23 (6th Cir. 2007); McNair v. Allen, 515 F.3d 1168, 1176-77 (11th

Cir. 2008).  For the Plaintiffs, that was in 1997.  520 U.S. 1253 (1997); Am. Compl. ¶ 22.  For

Webster and Hall, that was in 1999.  United States v. Hall, 526 U.S. 1117 (1999); United States

v. Webster, 528 U.S. 829 (1999).  For Battle, that was during 2000.  R. 36, Battle Compl. ¶ 19.

 Thus, this is the kind of "dilatory" suit from which "federal courts can and should

protect" the government, which has a strong interest in carrying out Plaintiffs' and Plaintiff-

Intervenors' judicial sentences.  Hill, 547 U.S. at 585; see also Jones v. Allen, 485 F.3d 635,

2007 WL 1225393 at *3 n.3, cert. denied, 127 S.Ct. 2160 (May 3, 2007) (noting that delay in

filing lethal-injection challenge could not be justified on ground that inmate knew little about the

procedure because the thrust of the challenge went to the impermissibility of the same

three-chemical procedure that most States use).  Plaintiffs, and Plaintiff-Intervenors, all of whom

are inmates sentenced to death, have an obvious and strong motive to delay the implementation

of their Federal judicial sentences.

        The Hill case is instructive.  "On November 29, 2005, the Governor of Florida signed

Hill's death warrant, which ordered him to be executed on January 24, 2006 . . . . Hill then

challenged, for the first time, the State's lethal injection procedure."  Hill, 547 U.S. at 577.  Hill

brought his case as a civil action pursuant to 42 U.S.C. § 1983.  The United States Supreme

Court ruled that Hill's Section 1983 action was not barred by § 2244(b)'s prohibition on

successive habeas petitions.  Id. at 576-80.  The Supreme Court held that Hill's civil action could

proceed and remanded the case.  Id.  In so doing, the Court observed that the federal courts "can

and should protect states from dilatory or speculative suits," and noted that the "equities and the

merits of Hill's underlying action are also not before us."  Id. at 585.   In keeping with that

admonition, upon remand the district court dismissed Hill's civil action as having been "delayed

unnecessarily" and raising for the first time "his concerns with regard to the formulation and

adoption of Florida's lethal injection procedures."  Hill v. McDonough, No. 4:06-CV-032-SPM,

2006 WL 2556938 at *2-3 (N.D. Fla. Sept. 1, 2006).  The United States Court of Appeals for the

Eleventh Circuit affirmed, explaining that over the years, Hill "has pursued various unsuccessful

appeals and collateral proceedings seeking to have his conviction and death sentence

overturned," without raising a challenge to Florida's lethal injection procedures until an execution date had been set. 464 F.3d 1256, 1257 (11ᵗʰ Cir. 2006) (per curiam), cert. denied, 127 S.Ct. 465 (2006); see also Hill v. McDonough, 127 S.Ct. 34 (2006) (stay of execution denied). The Court held that "in light of this context [other pending challenges to lethal injection], Hill cannot claim that it was impossible for him to initiate his federal suit any earlier."[8] Hill v. McDonough, 464 F.3d at 1258.

Similarly, in Harris v. Johnson, 376 F.3d 414, 418 (5th Cir. 2004), the Fifth Circuit observed that by "waiting as long as he did, Harris leaves little doubt that the real purpose behind his claim is to seek a delay of his execution . . . ." That court also observed in White v. Johnson, that "White has been on death row for more than six years, and only now, with his execution imminent, has decided to challenge a procedure for lethal injection that the State has been using for his entire stay on death row . . . . White has no excuse for delaying his claim until the eleventh hour, and he cannot argue that he was unaware of the state's intention to execute him by injecting the three chemicals he now challenges." 429 F.3d at 574 (internal quotations and citations omitted). The Fifth Circuit expressly held that waiting until an execution date is set, as Webster has done, is too long. "As we read Hill, a plaintiff cannot wait until a stay must be granted to enable him to develop facts and take the case to trial–not when there is no satisfactory explanation for the delay." Reese v. Livingston, 453 F.3d 289, 291 (5ᵗʰ Cir. 2006). Likewise, Hall and Battle did not intervene in this case until April 2007, despite its pendency since December, 2005. Here, Plaintiffs and Plaintiff-Intervenors' suit was filed too late in the day and

---

[8]The state of Florida carried out Hill's death sentence using lethal injection on September 20, 2006.

can be reasonably construed as dilatory.  For this reason, this suit should be dismissed.  See, e.g.
Hill v. McDonough, 547 U.S. at 584-85.

      C.     Plaintiffs' Claims Are Barred by the Applicable Statute of Limitations.

      Since Plaintiffs and Plaintiff-Intervenors have abandoned any claims against Defendants
in their individual capacities, their claims are subject to the general six-year statute of limitations
on lawsuits against the Federal government.  The jury in the Eastern District of Virginia
sentenced Roane, Tipton and Johnson to death in 1993.  See Am. Compl. ¶ 22.  Plaintiff-
Intervenors were sentenced in 1996 and 1997.  Plaintiffs cannot claim that they were unaware
that they would be executed by lethal injection.  The final rule authorizing lethal injection as the
means of carrying out Federal death sentences was promulgated in 1993.  See 58 Fed. Reg. 4898,
4901 (1993), codified at 28 C.F.R. § 26.3 ( "Except to the extent a court orders otherwise, a
sentence of death shall be executed . . . [b]y intravenous injection of a lethal substance or
substances in a quantity sufficient to cause death.").  Plaintiffs challenged the regulation in
district court and unsuccessfully litigated that challenge on direct review.  See United States v.
Tipton, 90 F.3d 861, 867-69 (4th Cir. 1996), 520 U.S. 1253 (1997).

      Each of the Plaintiffs and Plaintiff-Intervenors refer to the Department of Justice lethal
injection regulations in their complaints.  Am. Compl.  ¶ 29; R. 36, Battle Compl. ¶ 26; R. 38,
Hall Compl. ¶ 43; R. 23, Webster Compl. ¶ 41.  Unless a specific statutory provision controls,
lawsuits against the Federal government are subject to a six-year statute of limitations.  See 28
U.S.C. § 2401 ("Every civil action commenced against the United States shall be barred unless
the complaint is filed within six years after the right of action first accrues").

-14-

The claims advanced in this lawsuit accrued no later than the exhaustion of Plaintiffs' and Plaintiff-Intervenors' direct appeals. Anthony Battle was the last inmate in this case to exhaust his direct appeal, in 2000, more than six years before he intervened in this litigation in 2007. R. 36, Battle Compl. ¶ 19 (Battle's direct appeals ended in 2000). See Neville v. Johnson, 440 F.3d 221, 222 (5th Cir. 2006) ("A challenge to a method of execution may be filed at any time after the plaintiff's conviction has become final on direct review."). Plaintiffs filed this lawsuit in December, 2005. R. 1. Their direct appeals had been exhausted in 1997, eight years earlier. Plaintiff-Intervenors Webster and Hall moved to intervene in 2007, more than six years after their direct appeals had been exhausted in 1999. Accordingly, Plaintiffs and Plaintiff-Intervenors' claims challenging the method by which the federal government would effectuate their death penalty sentences are time-barred.

D.    The Court Should Lift the Stay of Executions.

In Hill v. McDonough, the Supreme Court observed that filing "an action that can proceed under § 1983 does not entitle the complainant to an order staying the execution as a matter of course. Both the state and the victims of crime have an important interest in the timely enforcement of a sentence." Hill, 547 U.S. at 583-84 (citing Calderon v. Thompson, 523 U.S. 538, 556 (1998)). A stay of execution is warranted only when an inmate satisfies "all of the requirements for a stay, including a showing of a significant possibility of success on the merits." Id. at 584 (citing Barefoot v. Estelle, 463 U.S. 880, 895-96 (1983) and Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (per curiam) (preliminary injunction not granted unless the movant, by a clear showing, carries the burden of persuasion)). The Hill Court also observed that a "court considering a stay must also apply 'a strong equitable presumption against the grant of a stay where a claim could have been brought at such a time as to allow consideration of the merits

-15-

without requiring entry of a stay.'" Id. (quoting Nelson v. Campbell, 541 U.S. 637, 650 (2004));

see also Gomez v. United States Dist. Ct. for the N. Dist. of Cal., 503 U.S. 653, 654 (1992) (per

curiam) (noting that the "last-minute nature of an application" or an applicant's "attempt at

manipulation" of the judicial process may be grounds for denial of a stay).

　　　Courts consider and weigh four factors before granting a preliminary injunction:

(1) substantial likelihood of success on the merits; (2) a showing of irreparable harm in the

absence of an injunction; (3) that the injunction would not substantially harm other parties; and

(4) that the injunction would not substantially harm the public interest.  Taylor v. Resolution

Trust Corp., 56 F.3d 1497, 1505-06 (D.C. Cir. 1995); Wagner v. Taylor, 836 F.2d 566, 575 (D.C.

Cir. 1987).  A district court must balance the strength of the moving party's arguments in each of

the required areas.  CityFed Fin. Corp. v. Office of Thrift Supervision, 58 F.3d 738, 747 (D.C.

Cir. 1995).  It is particularly important, however, for the movant to demonstrate a substantial

likelihood of success on the merits.  Emily's List v. Federal Election Comm'n, 362 F.Supp.2d

43, 51 (D.D.C. 2005), citing, Barton v. Dist. of Columbia, 131 F.Supp.2d 236, 242 (D.D.C.

2001), citing Benton v. Kessler, 505 U.S. 1084, 1085 (1992).  If the movant is unable to do so,

the movant must then present a "very strong showing" with respect to the other preliminary

injunction factors.  Emily's List, 362 F.Supp.2d at 51-52, quoting Davenport v. Int'l Bhd. of

Teamsters, 166 F.3d 356, 366 (D.C. Cir. 1999)(emphasis added).   The purpose of a preliminary

injunction is to "preserve the relative positions of the parties until a trial on the merits can be

held."  University of Texas v. Camenisch, 451 U.S. 390, 395 (1981).  The "power to issue a

preliminary injunction, especially a mandatory one, should be sparingly exercised."  Dorfmann v.

Boozer, 414 F.2d 1168, 1173 (D.C. Cir. 1969).

Here, Plaintiffs and Plaintiff-Intervenors have little likelihood of success on the merits. As an initial matter, their suit is time-barred, and for this reason alone, Plaintiffs and Plaintiff-Intervenors cannot demonstrate a significant possibility of success on the merits. McNair, 515 F.3d at 1179 (11th Circuit concluded that the district court "abused its discretion by determining [that death row inmate] had a significant possibility of success on the merits of his claim when, in fact, the complaint was filed beyond the applicable. . .statute of limitations.") Further, "[t]he Supreme Court has never invalidated a State's chosen procedure for carrying out a sentence of death as the infliction of cruel and unusual punishment." Baze, 128 S.Ct. at 1530.[9] In Baze, the Supreme Court also re-emphasized the high burden which must be met for a stay of execution. The Supreme Court stated, "A stay of execution may not be granted on grounds such as those asserted [by Baze] unless the condemned prisoner establishes that the State's lethal injection protocol creates a *demonstrated risk* of severe pain. [The prisoner] must show that the risk is substantial when compared to the known and available alternatives." Id. at 1537 (emphasis added). Following Baze, on May 6, 2008, the Supreme Court of Georgia and the U.S. Supreme Court denied an application for a stay of execution of a death sentence in the case of a Georgia prisoner, William E. Lynd. See Lynd v. Hall, --- S.Ct. ---- , 2008 WL 1957693 (2008); see also http://www.gasupreme.us/press_releases/s08w1412_ord.pdf. Mr. Lynd's death penalty sentence was carried out by lethal injection on May 6, 2008.

---

[9]Prior to, and not inconsistent with, Baze, courts considering the constitutionality of various lethal injection protocols employed in the administration of state executions have rejected Eighth Amendment challenges predicated on the claim that the protocols used by those states constitute cruel and unusual punishment. See, e.g., Taylor v. Crawford, No. 06, 3651, 2007 WL 1583874 (8th Cir., June 4, 2007); Beardslee v. Woodford, 395 F.3d 1064, 1075 (9th Cir. 2005); Cooper v. Rimmer, 379 F.3d 1029, 1033 (9th Cir. 2004); Walker v. Johnson, 2006 WL 2619857 (E.D. Va. 2006); Crowe v. Head, 426 F. Supp.2d 1310, 1353 (N.D. Ga. 2005); see also Abdur'Rahman v. Bredesen, 181 S.W.3d 292 (Tenn. 2005); State v. Webb, 750 A.2d 448 (Conn. 2000); Sims v. State, 754 So.2d 657 (Fla. 2000).

Notably, one of the benchmarks the Supreme Court uses to identify Eighth Amendment violations, whether the governmental entity has considered the "evolving standards of decency that mark the progress of a maturing society," McCleskey v. Kemp, 481 U.S. 279, 300 (1987) (internal quotation marks omitted), supports the government's position. On this point, the Supreme Court, in Baze stated, "in moving to lethal injection, . . .States were motivated by a desire to find a more humane alternative to then-existing methods." 128 S.Ct. at 1527, n.1.

Finally, the public interest prong of the test for an injunction supports the government's request to lift the stays. "A State's interests in finality are compelling when a federal court of appeals issues a mandate denying federal habeas relief." Calderon v. Thompson, 523 U.S. 538, 556 (1998). Certainly, long before now, when Plaintiffs and Plaintiff-Intervenors exhausted their direct appeals, the government's interest in finality acquired "an added moral dimension. Only with real finality can the victims of crime move forward . . . ." Calderon, 523 U.S. at 556. At some point in time, the government has a right to impose a sentence, not just because the "State's interests in finality are compelling," but also because there is a "powerful and legitimate interest in punishing the guilty," which attaches to "the State and the victims of crime alike." Calderon, 523 U.S. at 556 (internal quotation marks omitted). Plaintiffs were sentenced in 1993. Am. Compl. ¶ 22. Webster and Hall were sentenced in 1995 and 1996 and Battle was sentenced on March 12, 1997. R. 36, Battle Compl. ¶ 19. More than ten years after the imposition of each of the inmates' sentences, they have had sufficient opportunities to pursue their claims.

## CONCLUSION

WHEREFORE, Defendants request that the Court lift its stay on the executions of Plaintiffs and Plaintiff-Intervenors and dismiss this lawsuit with prejudice.

Respectfully Submitted:


/s/ Jeffrey A. Taylor /kvm
_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


/s/ Rudolph Contreras
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant United States Attorney
U.S. Attorney's Office for the District
  of Columbia, Civil Division
555 4th Street, N.W., Rm. E-4915
Washington, D.C. 20530
Ph:  (202) 307-0492
Fax: (202) 514-8780
E-Mail: beverly.russell@usdoj.gov


/s/ Robert J. Erickson /bmr
_____
ROBERT J. ERICKSON, D.C. Bar No. 220731
Principal Deputy Chief
Criminal Appellate Section
U. S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue, NW
Room 1515
Washington, DC 20530
(202) 514-2841

-19-

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that service of the foregoing ***Defendants' Renewed Motion for***

***Judgment on the Pleadings and Renewed Motion to Lift the Stay of the Plaintiffs' and***

***Plaintiff-Intervenors' Executions*** was sent by the Court's Electronic Case Filing System (unless

otherwise noted), this <u>16th</u> day of May, 2008, to:

Owen James Bonheimer
Steptoe & Johnson, LLP
1330 Connecticut Avenue, NW
Washington, D.C.  20036
obonheimer@steptoe.com

Abigail Bortnick
King & Spalding LLP
1700 Pennsylvania Avenue, N.W.
Washington, D.C.  20006
abortnick@kslaw.com

Graham E. Eddy
Vinson & Elkins, LLP
1455 Pennsylvania Avenue, N.W.
Washington, D.C.  20004-1008
geddy@velaw.com

Paul F. Enzinna
Patton Boggs, LLP
2550 M Street, N.W.
Washington, D.C.  20037
paul.enzinna@bakerbotts.com

Matthew John Herrington
Steptoe & Johnson, LLP
1330 Connecticut Avenue, NW
Washington, D.C.  20036
mherrington@steptoe.com

William E. Hoffman, Jr. (by first class mail)
King & Spalding LLP
1180 Peachtree Street, NE
Atlanta, GA 30309

Mark Joseph Hulkower
Steptoe & Johnson, LLP
1330 Connecticut Avenue, NW
Washington, D.C.  20036
mhulkower@steptoe.com

William E. Lawler, III
Vinson & Elkins, LLP
The Willard Office Building
1455 Pennsylvania Avenue, N.W., Suite 600
Washington, D.C.  20004
wlawler@velaw.com

Jeremy I. Levin
Baker Botts, LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
jeremy.levin@bakerbotts.com

Rachel M. McKenzie
Baker Botts, LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
rachel.mckenzie@bakerbotts.com

Margaret O'Donnell
McNally & O'Donnell, P.S.C.
P.O. Box 1243
513 Capitol Avenue
Frankfort, KY 40602
mod@dcr.net

Jeanne Vosberg Sourgens (by first class mail)
Vinson & Elkins, LLP
The Willard Office Building
1455 Pennsylvania Avenue, N.W., Suite 600
Washington, D.C.  20004

Joshua Christopher Toll
King & Spalding, LLP
1700 Pennsylvania Avenue, N.W.
Washington, D.C.  20006
jtoll@kslaw.com

Robert E. Waters
Vinson & Elkins, LLP
The Willard Office Building
1455 Pennsylvania Avenue, N.W., Suite 600
Washington, D.C.  20004
rwaters@velaw.com

Charles Anthony Zdebski
Troutman Sanders, LLP
401 9th Street, N.W., Suite 1000
Washington, D.C. 20004-2134
charles.zdebski@troutmansanders.com


                              /s/ Beverly M. Russell
                              _____
                              BEVERLY M. RUSSELL
                              Assistant United States Attorney