UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                          )
JAMES ROANE, JR., et al.,                 )
                                          )
            Plaintiffs,                   )
                                          )
ANTHONY BATTLE, ORLANDO HALL,             )
BRUCE WEBSTER,                            )
                                          )
            Plaintiff-Intervenors,        )       Civil Action No. 05-2337 (RWR/DAR)
                                          )
            v.                            )
                                          )
MICHAEL B. MUKASEY, et al.,               )
                                          )
            Defendants.                   )
_____   )

**DEFENDANTS' MOTION TO STAY DISCOVERY
AND MEMORANDUM IN SUPPORT THEREOF**

Defendants respectfully move for a stay of the remaining discovery in this suit.[1]  All

discovery with the exception of expert discovery was completed in the latter part of 2007.[2]  By

Order dated December 6, 2007, this Court stayed this case pending the Supreme Court's decision

in Baze v. Rees, 128 S.Ct. 1520 (2008).  In its Order, the Court stated that the parties "shall have

up to and including 60 days after the Supreme Court's decision in Baze to complete expert

discovery *if it is still required*."  R. 139, Order at 2 (emphasis added).  In that same Order, the

Court denied, without prejudice, Defendants' Motion for Judgment on the Pleadings and Motion

---

[1]Pursuant to Local Rule 7(m), Defendants' counsel conferred with Plaintiffs' counsel on
this non-dispositive motion and was informed that Plaintiffs oppose the relief requested herein.

[2] On March 19, 2008, Plaintiffs filed a Motion to Modify the Protective Order asking that
this Court allow Plaintiffs to undertake expansive and intrusive discovery into the backgrounds
of those individuals involved in assisting with the implementation of federal death sentences.  As
explained in Defendants' opposition [R. 147] and reiterated herein, Plaintiffs' motion is without
merit and should be denied.

to Lift the Stay [see R. 60 and 61]. Today, Friday, May 16, 2008, Defendants are renewing those Motions.

In Baze[3], the Supreme Court held that a state's method of execution is constitutional unless it results in "a 'substantial risk of serious harm,' an 'objectively intolerable risk of harm' that prevents prison officials from pleading that they were 'subjectively blameless for purposes of the Eighth Amendment.'" 128 S.Ct. at 1531 (quoting Farmer v. Brennaan, 511 U.S. 825, 842, 846, and n.9 (1994)). The Court held that Kentucky's three drug protocol used to effectuate the state's death penalty sentences does not violate the Eighth Amendment. Baze v. Rees, cited supra.

The three drugs used by Kentucky - sodium thiopental ("a fast-acting barbituate sedative that induces a deep, comalike unconsciousness when given in the amounts used for. . .lethal injections[s]"), pancuronium bromide ("a paralytic agent"), and potassium chloride (a drug that induces cardiac arrest) - are the same as those used to carry out federal death penalty sentences. 128 S.Ct. at 1527; see also Workman v. Bredesen, 486 F.3d 896, 902 (6th Cir. 2007). The Supreme Court noted that "[t]he proper administration of the first drug ensures that the prisoner does not experience any pain associated with the paralysis and cardiac arrest caused by the second and third drugs." 128 S.Ct. at 1527. The Court rejected the Kentucky inmates' concerns

---

[3]The Court announced its judgment through a plurality opinion joined by three judges. It is this opinion upon which Defendants rely. Opinion of Roberts, C.J., joined by Kennedy, J., and Alito, J. Two additional judges concurred only in the judgment concluding, in their view, that "a method of execution [would violate] the Eighth Amendment only if it is deliberately designed to inflict pain." Opinion of Thomas, J., joined by Scalia, J. Such a standard would clearly be more difficult for challengers of a method of execution to meet.

about the potential for improper preparation of the first drug by unqualified personnel noting that

reconstituting the thiopental into solution is fairly straightforward.  Id. at 1533.

The Court also noted other safeguards used by Kentucky to ensure that "an adequate

dosage of sodium thiopental" is used on the condemned prisoner including, "most

significant[ly]," the "written protocols requirement that members of the IV team have at least one

year of professional experience as a certified medical assistant, phlebotomist, EMT, paramedic,

or military corpsman."  Id. In holding Kentucky's protocol constitutional, the Court additionally

emphasized the IV team members' participation in practice sessions, the protocol's requirement

for the IV team "to establish both primary and backup lines and to prepare two sets of the lethal

injection drugs before the execution commences" just in case an insufficient dose of the

thiopental is initially administered, and the presence of a warden and deputy warden in the

execution chamber to watch for signs of IV problems.  Id. at 1533 and 1534.  In light of these

safeguards, the Supreme Court rejected the petitioner's claim that the risks of the procedure "are

so substantial or imminent as to amount to an Eighth Amendment violation."  Id. at 1535.

Post-Baze, and on April 21, 2008, the Supreme Court denied *certiorari* in the case Taylor

v. Crawford, 487 F.3d 1072 (8th Cir. 2007), in which the Eighth Circuit held that Missouri's

written lethal injection protocol does not violate the Eighth Amendment.   Taylor v. Crawford, ---

S.Ct. ----, 2008 WL 1775025 (U.S. April 21, 2008).  Missouri's four page protocol is divided

into six sections - (1) describing the execution team (contracted medical personnel and

departmental employees), (2) describing preparation of the chemicals, (3) describing the process

for inserting the intravenous lines, (4) providing rules for monitoring the prisoner, (5) setting

rules for administering the chemicals, and (6) documenting the chemicals.  Taylor, 487 F.3d at

1082.  Missouri uses the same three drugs as Kentucky (and the Federal Government) as part of its protocol - sodium thiopental, pancuronium bromide, and potassium chloride.  Taylor, 487 F.3d at 1074.  Also, as in Baze, the Eighth Circuit in Taylor pointed out and focused on the high dosage of the first drug's elimination of pain.  Id. at 1076 and 1084 ("The experts agree that if a 5-gram dose of thiopental is successfully delivered, there is virtually no risk than an inmate will suffer pain through Missouri's three chemical sequence.")  Further, the Eighth Circuit highlighted the  testimony of Dr. Mark Dershwitz, the state's expert, regarding the lack of difficulty in mixing the thiopental.  Dr. Dershwitz stated that "certainly, most people who are intelligent can be taught to mix up a drug like thiopental properly."  Id. at 1077.  The Eighth Circuit noted that the "State's written protocol does not present any foreseeable risk that the inmate will suffer the unnecessary or wanton infliction of pain" in violation of the Eighth Amendment.  Id. at 1085.

Because the Federal Government's protocol is substantially similar to Kentucky's (and Missouri's), Defendants will move for summary judgment on or before June 27, 2008.  Given the thorough discussion, and importantly resolution, of issues regarding the three drugs used by Kentucky, Missouri, and the Federal Government by the Supreme Court in Baze (as well as the arguments presented in Defendants' Renewed Motion for Judgment on the Pleadings and Renewed Motion to Lift the Stay of the Plaintiffs' Executions filed today, May 16, 2008, also potentially dispositive of this suit), Defendants do not believe that further discovery is necessary.  Accordingly, Defendants move to stay expert discovery.[4]

---

[4]Defendants note that Plaintiffs have filed a Motion to Modify the Protective Order, the underpinning of which is an implication that Defendants have intentionally not provided certain

(continued...)

A proposed Order consistent with the relief requested herein is attached.

Date: May 16, 2008

Respectfully Submitted:

/s/ Jeffrey A. Taylor /dvh
_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

/s/ Rudolph Contreras
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

---

[4](...continued)
background information on execution team members in response to discovery requirements. Contrary to Plaintiffs' accusation, Defendants assure the Court that they (Defendants) have not violated this Court's Orders regarding discovery.  To affirmatively put this matter to rest (and unless the parties reach some other amicable resolution of the issues raised in Plaintiffs' Motion to Modify the Protective Order), Defendants, on or before, Wednesday, May 21, 2008, will move to file ex parte and in camera (1) the National Crime Information Center checks completed on the relevant individuals as well as (2) a declaration providing the Court with background information as to Defendants' efforts to respond to the discovery related matters at issue.  Both will show that Defendants have not violated the Protective Order as Plaintiffs so recklessly allege.  Defendants believe that this is the best and most decisive means of addressing Plaintiffs' accusation and tiresome threats of filing contempt motions while preserving the integrity of the Protective Order governing this matter. As noted above, Defendants are also anxious to assure the Court that they have not been dilatory with regard to their discovery obligations.  As Defendants stated in their opposition to Plaintiffs' Motion to Modify the Protective Order [R. 147], to the extent that Plaintiffs really have a genuine concern regarding discovery production and are entitled to any relief, it is not properly addressed by entry of a new Protective Order diametrically inconsistent with the purpose and intent of having such Order govern this case in the first place, but supplemental production consistent with  Fed. R. Civ. P. 26(e).  Indeed, similar to this case, the Magistrate Judge in Taylor v. Crawford, 487 F.3d 1095, 1097 (8th Cir. 2006), "issued a protective order requiring the State to provide responses concerning its practices and the qualifications of any medical personnel who have participated in executions, *without disclosing their identities or any confidential information*."  (emphasis added); see also R. 154, Defendants' Notice of Filing (Clemons v. Crawford, Case No. 07-4129(W.D. Mo.)(Protective Order, p. 2).

/s/ Beverly M. Russell

_____
BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant United States Attorney
U.S. Attorney's Office for the District
 of Columbia, Civil Division
555 4th Street, N.W., Rm. E-4915
Washington, D.C. 20530
Ph:  (202) 307-0492
Fax: (202) 514-8780
E-Mail: beverly.russell@usdoj.gov


/s/ Robert J. Erickson /bmr

_____
ROBERT J. ERICKSON, D.C. Bar No. 220731
Principal Deputy Chief
Criminal Appellate Section
U. S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue, NW
Room 1515
Washington, DC 20530
(202) 514-2841

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that service of the foregoing ***Defendants' Motion to Stay***

***Discovery*** was sent by the Court's Electronic Case Filing System (unless otherwise noted), this

16th day of May, 2008, to:

Owen James Bonheimer
Steptoe & Johnson, LLP
1330 Connecticut Avenue, NW
Washington, D.C.  20036
obonheimer@steptoe.com

Abigail Bortnick
King & Spalding LLP
1700 Pennsylvania Avenue, N.W.
Washington, D.C.  20006
abortnick@kslaw.com

Graham E. Eddy
Vinson & Elkins, LLP
1455 Pennsylvania Avenue, N.W.
Washington, D.C.  20004-1008
geddy@velaw.com

Paul F. Enzinna
Patton Boggs, LLP
2550 M Street, N.W.
Washington, D.C.  20037
paul.enzinna@bakerbotts.com

Matthew John Herrington
Steptoe & Johnson, LLP
1330 Connecticut Avenue, NW
Washington, D.C.  20036
mherrington@steptoe.com

William E. Hoffman, Jr. (by first class mail)
King & Spalding LLP
1180 Peachtree Street, NE
Atlanta, GA 30309

Mark Joseph Hulkower
Steptoe & Johnson, LLP
1330 Connecticut Avenue, NW
Washington, D.C.  20036
mhulkower@steptoe.com

William E. Lawler, III
Vinson & Elkins, LLP
The Willard Office Building
1455 Pennsylvania Avenue, N.W., Suite 600
Washington, D.C.  20004
wlawler@velaw.com

Jeremy I. Levin
Baker Botts, LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
jeremy.levin@bakerbotts.com

Rachel M. McKenzie
Baker Botts, LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
rachel.mckenzie@bakerbotts.com

Margaret O'Donnell
McNally & O'Donnell, P.S.C.
P.O. Box 1243
513 Capitol Avenue
Frankfort, KY 40602
mod@dcr.net

Jeanne Vosberg Sourgens (by first class mail)
Vinson & Elkins, LLP
The Willard Office Building
1455 Pennsylvania Avenue, N.W., Suite 600
Washington, D.C.  20004

Joshua Christopher Toll
King & Spalding, LLP
1700 Pennsylvania Avenue, N.W.
Washington, D.C.  20006
jtoll@kslaw.com

Robert E. Waters
Vinson & Elkins, LLP
The Willard Office Building
1455 Pennsylvania Avenue, N.W., Suite 600
Washington, D.C.  20004
rwaters@velaw.com

Charles Anthony Zdebski
Troutman Sanders, LLP
401 9th Street, N.W., Suite 1000
Washington, D.C. 20004-2134
charles.zdebski@troutmansanders.com


                              /s/ Beverly M. Russell
                              _____

                              BEVERLY M. RUSSELL
                              Assistant United States Attorney