UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES ROANE, JR., et al., | ) |
| Plaintiffs, | ) |
| ANTHONY BATTLE, ORLANDO HALL, BRUCE WEBSTER, | ) |
| Plaintiff-Intervenors, | ) Civil Action No. 05-2337 (RWR/DAR) |
| v. | ) Redacted, Public Version |
| MICHAEL B. MUKASEY, et al., | ) |
| Defendants. | ) |

**DEFENDANTS' REPLY TO PLAINTIFFS' AND INTERVENOR PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL AND *EX PARTE***

The issue involved in this suit – effectuation of death penalty sentences – is irrefutably highly sensitive and controversial, a subject on which strongly emotional and passionate views are often expressed. This Court understands the highly charged nature of this suit, and in this regard, entered a Privacy Act Protective Order to govern discovery. R. 30. The February 23, 2007 Order states that "[i]t appears that certain documents, information and tangible objects that may be produced during the course of discovery in this lawsuit contain confidential information relating to security procedures of defendants or to the identity of persons performing sensitive tasks in connection with the execution of condemned prisoners protected by, inter alia, the Privacy Act of 1974, 5 U.S.C. § 552a and the discovery limitations of the Federal Rules of Civil Procedure." R. 30, Privacy Act Protective Order, at 1. The Order additionally states that "[t]he public disclosure of this information would be contrary to law and the public interest." Id. The

Order further provides that "[c]ounsel for plaintiffs may not conduct independent investigations or background investigations of those persons counsel for plaintiffs believe to be involved in past executions, nor of those expected to be involved in the executions of plaintiffs, nor of those involved in the development of the protocol(s) for the executions of plaintiffs, nor of those involved in the development of the federal execution protocols applicable to past executions" and mandated that, "[d]uring the course of this litigation, those involved in past executions, those expected to be involved in the executions of plaintiffs and those involved in the development of protocol(s) for federal executions shall be referenced by generic identifiers. . ."[1] Id. ¶ 13.

Notwithstanding the Protective Order, and more importantly, the reasons for the Order, Plaintiffs and Intervenor Plaintiffs (collectively "Plaintiffs") urge the Court to reverse itself and remove a key provision of the Court's Order, essentially advocating dilution of the protections afforded by the Order. Specifically, Plaintiffs urge the Court to allow them to conduct their own background investigations on those protected individuals involved in federal executions based on a false allegation that Defendants have intentionally not produced information consistent with a Stipulated Order governing discovery. R. 35. In this regard, Defendants have moved to file, ex parte, a declaration describing their discovery efforts as specifically related to obtaining background information on protected individuals along with the National Crime Information Center ("NCIC") checks completed on these individuals. The declaration is not responsive discovery for purposes of the Stipulated Order (R. 35), but would be provided to assist the Court

---

[1] Defendants aver that filings with this Court and e-mail correspondence with Defendants' counsel demonstrate that Plaintiffs may have violated both of these provisions underscoring that allowing them to undertake an invasive post-discovery investigation into the backgrounds of protected persons is ill-advised, at the least.

in deciding Plaintiffs' and Intervenor-Plaintiffs' Motion to Modify the Protective Order. Specifically, Defendants believe that the declaration will show that Plaintiffs' post-discovery effort to undertake an expansive and compromising investigation has no basis.  Indeed, as noted previously by Defendants and reiterated herein, the U.S. District Court for the District of Missouri noted its concerns with such an unbridled, unmonitored investigation stating that such an effort "would pose an unacceptable risk that [protected persons'] participation and identities would be made public."  See R. 154, Defendants' Notice of Filing, Clemons v. Crawford, Case No. 07-4129(W.D. Mo.)(Protective Order, p. 2).[2]

      Plaintiffs object to Defendants' Motion arguing that the submission of the proposed declaration would be "secret evidence."  Plaintiffs' argument is without merit.  As a threshold matter, "[c]ourts may order that documents be submitted for preliminary examination *in camera* to assist the court in determining whether [in fact] to order inspection."  Koehler v. United States, Civ.A.No. 90-2384(RCL), 1991 WL 277542, *2 (D.D.C. Dec. 9, 1991)(citation omitted).  "Further, the decision of whether to grant inspection of documents is left to the 'sound

---

[2]

# REDACTED

discretion' of the trial court." Id.  The proposed declaration, provided by an attorney with the United States Bureau of Prisons and based on information acquired by that attorney in the course of his official duties, describes Defendants' efforts in responding to discovery, information not produced as a matter of course during discovery.  Importantly, the declaration and NCIC information do not contain information on which the Court would have to rely in addressing the merits of this case, and thus, the case, Schiller v. City of New York, 2008 WL 1777848 (S.D.N.Y. April 14, 2008), to which Plaintiffs cite in their opposition memorandum is inapposite. See also Abourezk v. Reagan, 785 F.2d 1043, 1061 (D.C.Cir.1986) ("It is. . .[a] firmly held main rule that a court may not dispose of the merits of a case on the basis of *ex parte*, in camera submissions."); cf. U.S. v. Abu Ali, --- F.3d ----, 2008 WL 2315664, *31 (4th Cir. June 6, 2008)(In a criminal case, the Fourth Circuit noted that "[t]here is a stark difference between ex parte submissions from prosecutors which protect the disclosure of irrelevant, nonexculpatory, or privileged information, and situations in which the government seeks to use *ex parte* information in court as evidence to obtain a conviction.").  Hence, because Plaintiffs' concerns about "secret evidence" is without merit and given that the Court has broad discretion in managing discovery (see, e.g. Cavanaugh v. Saul, 233 F.R.D. 21, 25 (D.D.C. 2005)), Defendants respectfully reiterate their request to submit a declaration with supporting NCIC materials under seal and ex parte explaining Defendants' discovery efforts related to the March 23, 2007 Stipulated Order.

Date: June 24, 2008

Respectfully Submitted:


/s/ Jeffrey A. Taylor /mj
_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


/s/ Rudolph Contreras /mj
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant United States Attorney
U.S. Attorney's Office for the District
 of Columbia, Civil Division
555 4th Street, N.W., Rm. E-4915
Washington, D.C. 20530
Ph:  (202) 307-0492
Fax: (202) 514-8780
E-Mail: beverly.russell@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing **Defendants' Reply to Plaintiffs' and Intervenor Plaintiffs' Opposition to Defendants' Motion to File Documents under Seal and *Ex Parte*** was sent by first class, postage-prepaid mail, this 24th day of June 2008, to:

William E. Hoffman, Jr.
King & Spalding LLP
1180 Peachtree Street, NE
Atlanta, GA 30309

Jeanne Vosberg Sourgens
Vinson & Elkins, LLP
The Willard Office Building
1455 Pennsylvania Avenue, N.W., Suite 600
Washington, D.C.  20004

**All other counsel were served via the Court's Electronic Case Filing System.

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL
Assistant United States Attorney