UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES ROANE, JR., et al., | ) |
| Plaintiffs, | ) |
| ANTHONY BATTLE, ORLANDO HALL, BRUCE WEBSTER, | ) |
| Plaintiff-Intervenors, | ) Civil Action No. 05-2337 (RWR/DAR) |
| v. | ) |
| MICHAEL B. MUKASEY, et al., | ) |
| Defendants. | ) |

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO
DEFENDANTS' RENEWED MOTION TO DISMISS**

Defendants herein reply to Plaintiffs' Opposition to Defendants' Renewed Motion to Dismiss. As an initial matter, Plaintiffs, in their opposition, state that they "do not oppose dismissal of the individual capacity claims raised against any defendant," Pls.' Op. Defs.' Renewed Mot. Dismiss ("Pls.' Op."), at 1 n.1, and thus, Defendants respectfully request that the Court dismiss all individual capacity claims from this suit. Additionally, for reasons stated in their original Motion to Dismiss (R. 13), their reply in support of that Motion (R. 21), their renewed Motion (R. 159), and this Reply, Defendants respectfully request that the Court also dismiss the official capacity claims against defendants Tandy and Webster, and Counts IV (in part, as conceded, see Pls.' Op., at 10) and V of Plaintiffs' Amended Complaint.

**ARGUMENT**

I.  **Plaintiff's Claim Brought Pursuant to the Controlled Substances Act ("CSA") Should Be Dismissed.**

Defendants have moved to dismiss Count V of Plaintiffs' Amended Complaint based on the Supreme Court's decision in <u>Heckler v. Chaney</u>, 470 U.S. 821 (1985). In Count V, Plaintiffs allege that Defendants have arbitrarily and capriciously failed to exercise enforcement authority under the CSA based upon the premise that sodium thiopental, one of the chemicals used to carry out federal executions, is a Schedule III controlled substance. Am. Compl. ¶¶ 73-77. Plaintiffs aver that the individuals responsible for administering the chemical as part of the lethal injection protocol should be registered pursuant to the statute. However, as explained in Defendants' original Motion to Dismiss and the supporting reply previously filed (R. 13 and 21), both incorporated by reference for purposes of Defendants' Renewed Motion to Dismiss, <u>Heckler v. Chaney</u> conclusively bars such a claim.

In <u>Heckler v. Chaney</u>, state inmates sentenced to death by lethal injection argued that the drugs used by the States for human execution had not been approved by the Food and Drug Administration ("FDA") for this purpose. 470 U.S. at 823. "They alleged that the drugs had not been tested for [this purpose], and that, given that the drugs would likely be administered by untrained personnel, it was also likely that the drugs would not induce the quick and painless death intended." <u>Id.</u> The inmates argued that the "use of [the] drugs for human execution was the 'unapproved use of an approved drug' and constituted a violation of the [Food, Drug, and Cosmetic Act's] prohibitions against 'misbranding.'" <u>Id.</u> at 823-24. They thus claimed that "the FDA was required to approve the drugs as 'safe and effective' for human execution before they

could be distributed in interstate commerce[,]" and requested that the FDA take "various investigatory and enforcement actions" in this regard.  Id. at 824 (citation omitted).

      The FDA, in declining to undertake the requested enforcement action, stated that "enforcement proceedings in this area [i.e., the unapproved use of approved drugs] are initiated only when there is a serious danger to the public health or blatant scheme to defraud."  Id.  The FDA could not "conclude that those dangers are present under State lethal injection laws, which are duly authorized statutory enactments in furtherance of proper State functions. . ."  Id. at 824-25.  The Supreme Court rejected the inmates' request that the FDA be compelled to take enforcement action, stating that "an agency's decision not to take enforcement action should be presumed immune from judicial review under [the Administrative Procedure Act ('APA',]" id., at 832, and on this ground, held that the FDA's decision not to take such action is not subject to judicial review, id. at 837-38.

      Notwithstanding the clear applicability of Heckler to this case, i.e., that Defendants' determinations regarding whether to proceed with enforcement actions under the CSA is not subject to judicial review, Plaintiffs nevertheless charge forward with their non-enforcement claim.  Plaintiffs aver that Heckler permits their suit based on an exception where "it can be justifiably found that [an] agency has 'consciously adopted a general policy' that is so extreme as to amount to an abdication of its statutory responsibilities."  Pl.'s Op. at 3, citing Heckler, 470 U.S. at 833 n. 4.  Plaintiffs argue that Defendants' non-enforcement of the CSA provisions to those who participate in implementation of the protocol ("a whole class of persons") demonstrates an indifference to the mishandling of thiopental that can be characterized, in Plaintiffs' view, as extreme as to amount to an abdication of statutory responsibility.  Pl.'s Op. at

4. Plaintiff states that "[t]o adopt a policy that permits laypersons to circumvent federal regulations while possessing and dispensing. . .harmful substances is without question the sort of extreme position" that demonstrates disregard for statutory responsibility. Id. Plaintiff's argument in this regard however lacks merit. Heckler v. Chaney dealt with virtually the same argument.

    The inmates in Heckler expressed concern that the drugs used for execution would likely be administered by untrained personnel and that, given this circumstance, it was also likely that the drugs would not induce the quick and painless death intended. 470 U.S. at 823. Notwithstanding the inmates' position, similar to that advanced by Plaintiffs in this suit, the Supreme Court did not hold that the FDA's determination not to proceed with enforcement action evidenced an "abdication of statutory responsibility" regarding "a whole class of persons," i.e., personnel administering lethal injections. Instead, even with this circumstance before it, the Supreme Court held that the FDA's decision not to undertake enforcement action unreviewable. Thus, consistent with Heckler v. Chaney, Defendants' enforcement determinations with regard to the CSA provisions are not subject to judicial review. Plaintiff's Count V should be dismissed.[1]

---

[1] We note that Plaintiffs' claim presumes standing which is in doubt. To establish standing, Plaintiffs must show (1) that they have suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not *conjectural or hypothetical*; (2) that the injury is fairly traceable to the challenged action of Defendants; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. Steel Company v. Citizens for a Better Environment, 523 U.S. 83, 102-03 (1998). "This triad of injury in fact, causation, and redressability comprises the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." Id. at 103 (footnote and citation omitted). Here, Plaintiffs aver that they "do not just challenge the use of thiopental in executions[, but rather they also] challenge use of extremely dangerous substances by unregistered personnel not qualified to administer them." Pl.'s Op. at 7. Yet, any purported injury based on "unregistered personnel" administering the thiopental falls well within

(continued...)

**II.     Dr. Webster Should Be Dismissed as a Named Defendant.**

Dr. Webster is a medical doctor employed as Clinical Director for the United States Bureau of Prisons, Federal Correctional Complex (FCC Terre Haute). See R. 13, Declaration of Thomas Webster, ¶ 1. He is responsible for medical care and treatment of inmates at FCC Terre Haute. Id. Pertinent here, he exercised his right under 18 U.S.C. § 3597(b) and 28 C.F.R. § 26.5 not to participate in any facet of the execution process. R. 13, Webster Decl. ¶ 2. The statutory provision is the mechanism by which Bureau employees may recuse themselves from participation in the execution process for moral or religious reasons.[2]

---

[1](...continued)
the confines of speculation. Plaintiffs cannot demonstrate that improper administration of thiopental is certain to occur, or that it is even likely to occur based on "unregistered personnel" administering the drug. Indeed, the Supreme Court, in Baze v. Rees, 128 S.Ct. 1530, 1533 (2008), rejected the argument based on de minimus risk of improper mixing. Thus, based on the irrefutable fact that Plaintiffs cannot demonstrate that injury is likely to result from "unregistered personnel" administering thiopental, a point underscored by Baze, Plaintiffs' claim in this regard should be dismissed for lack of standing. Further, there is nothing in the CSA authorizing a private right of action to compel the Agency to enforce the registration provisions of the statute as demanded by Plaintiffs, and thus, Plaintiffs' claim pursuant to the statute should be barred on this basis as well. See, e.g. McCallister v. Purdue Pharma L.P., 164 F.Supp.2d 783, 793 (S.D.W.Va. 2001)("[A] careful review of the [Controlled Substances] Act, 21 U.S.C. §§ 801-971, establishes no Congressional intent to create a private, civil right of action. . .").

[2] 18 U.S.C. § 3597(b) states,

> No employee of any State department of corrections, the United States Department of Justice, the Federal Bureau of Prisons, or the United States Marshals Service, and no employee providing services to that department, bureau, or service under contract shall be required, as a condition of that employment or contractual obligation, to be in attendance at or to participate in any prosecution or execution under this section if such participation is contrary to the moral or religious convictions of the employee. In this subsection, "participation in executions" includes personal preparation of the condemned individual and the apparatus used for

(continued...)

Although Plaintiffs express the conclusory, unsupported view that Dr. Webster is responsible for minimizing the pain of inmates up to the time of death, Pl.'s Op. at 9, Dr. Webster has provided a sworn statement that he has "absolutely no involvement in, nor control over, *any facet of the operation involving the execution process*." R. 13, Webster Decl. ¶ 2 (emphasis added). Accordingly, Plaintiffs' suit against him is completely devoid of merit. Critically, the Supreme Court, in Baze v. Rees, 128 S.Ct. 1520 (2008) focused on Kentucky's written protocol (e.g., experience level for personnel) and procedures (e.g., training) in affirming the constitutionality of the means by which that state effectuates capital punishment. 128 S.Ct. at 1533-34. In this regard, Defendants Michael Mukasey, in his official capacity as United States Attorney General, and Harley G. Lappin, in his official capacity as Director, United States Bureau of Prisons, have authority to effectuate relief, if indeed such is determined appropriate by the Court in light of and consistent with Baze. Plaintiffs will thus not be prejudiced by dismissal of Dr. Webster from this suit, and Defendants respectively reiterate their request that Dr. Webster be dismissed as a named defendant.

Date: June 27, 2008

---

[2](...continued)
    execution and supervision of the activities of other personnel in
    carrying out such activities.

Respectfully Submitted:


/s/ Jeffrey A. Taylor /mj
_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


/s/ Rudolph Contreras
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant United States Attorney
U.S. Attorney's Office for the District
 of Columbia, Civil Division
555 4th Street, N.W., Rm. E-4915
Washington, D.C. 20530
Ph:  (202) 307-0492
Fax: (202) 514-8780
E-Mail: beverly.russell@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing ***Defendants' Reply to Plaintiffs' Opposition to Defendants' Renewed Motion to Dismiss*** was sent by first class, postage-prepaid mail, this 27th day of June 2008, to:

William E. Hoffman, Jr.
King & Spalding LLP
1180 Peachtree Street, NE
Atlanta, GA 30309

Jeanne Vosberg Sourgens
Vinson & Elkins, LLP
The Willard Office Building
1455 Pennsylvania Avenue, N.W., Suite 600
Washington, D.C.  20004

**All other counsel were served via the Court's Electronic Case Filing System.

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL
Assistant United States Attorney