UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES ROANE, JR., et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| ANTHONY BATTLE, ORLANDO HALL, BRUCE WEBSTER, | )<br>)<br>) |
| Plaintiff-Intervenors, | )   Civil Action No. 05-2337 (RWR/DAR)<br>) |
| v. | )<br>) |
| MICHAEL B. MUKASEY, et al., | )<br>) |
| Defendants. | )<br>) |

**DEFENDANTS' REPLY TO PLAINTIFFS' AND INTERVENOR PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY**

Defendants have moved to stay discovery in this matter in light of the Supreme Court's decision in Baze v. Rees, 128 S.Ct. 1520 (2008). In that decision, the Supreme Court held Kentucky's lethal injection protocol, "substantially similar" to the one used in federal capital cases, to be constitutional. Significantly, Baze provides the legal standard for reviewing such protocols.

Plaintiffs argue that discovery should not be stayed because Baze does not dispose of their claims based on the Due Process Clause, for deliberate indifference, and under the Administrative Procedure Act. However, these are essentially legal claims, and tellingly, Plaintiffs fail to state what other discovery (beyond the exhaustive discovery already completed) would be required for purposes of assisting the Court in resolving these legal issues. Plaintiffs also appear to argue that their claim can be distinguished from Baze because they challenge the

protocol as written and implemented, and thus, for this reason as well, the requested stay of discovery should be denied. However, the Supreme Court in Baze dealt with the contention that the lethal injection protocol was unconstitutional "because of the risk that the protocol's terms might not be properly followed." Id. at 1526. In disposing of this argument, the Supreme Court examined the petitioners' concerns that the sodium thiopental would be improperly prepared (and ultimately rejected the argument as a matter of following the manufacturers' instructions), id. at 1533, and significantly, Kentucky's written protocol – i.e, the experience requirements for members of the IV team, training requirements, and the procedures for IV access. Id. at 1534. Thus, the Supreme Court provided the guidepost for Courts to follow in reviewing the constitutionality of lethal injection protocols used in capital punishment cases – and that review is essentially limited to the applicable written protocol.

On the issue of the requested stay, the U.S. District Court for the Eastern District of Arkansas was faced with a similar circumstance related to discovery. Pre-Baze, the state defendants had moved for summary judgment, and the plaintiffs requested that the Court delay ruling on the motion until the plaintiffs had an opportunity to discover information regarding "Defendants' conduct of 26 lethal injection executions over the past 17 years, facts concerning the development of Defendants' procedures for conducting executions, and the qualifications and background of the persons responsible for those executions." See Nooner v. Norris, No. 5:06CV00110 SWW (E.D. Ark.)(Order, Aug. 7, 2007)(p. 7)(attached hereto). The Court denied the plaintiffs' request for discovery stating, "such information will be unhelpful to Plaintiffs, if as Defendants contend, the proper inquiry regarding the constitutionality of the [Arkansas Department of Corrections's] lethal injection protocol *is limited to the protocol as written*." Id.

(emphasis added).  The Court noted further that, in the event the plaintiffs were able to meet their burden pursuant to Fed.R.Civ.P. 56(f), Plaintiffs would have the opportunity for discovery "as may be warranted."[1]  Id.  The Nooner case was subsequently stayed pending Baze.  However, on June 4, 2008, the state defendants filed a second motion for summary judgment asserting that the plaintiffs' claims can be resolved as a matter of law.[2]

Defendants in the above-captioned action believe the same applies to this case.  It bears reiterating that Plaintiffs have already had the opportunity to take expansive discovery (including multiple depositions, in certain cases, deposing witnesses twice)[3], on a claim which Baze has crystallized is a matter of law.  Accordingly, Defendants reiterate their request that discovery be stayed pending the filing of Defendants' Motion for Summary Judgment.[4]  Defendants believe such an approach best serves judicial economy, a point underscored by the Eastern District of Arkansas's approach to the Nooner case referenced above.

Date: June 27, 2008

---

[1] The state defendants ultimately did provide the plaintiffs with discovery, limited however, to responses to interrogatories and production of documents.

[2] On June 17, 2008, Texas also filed a dispositive motion relying on Baze and state Court of Criminal Appeals rulings.

[3] For reasons stated in Defendants' previous filings, and herein, Plaintiffs' Motion to Modify the Protective Order so that they may engage in an invasive and otherwise unsupervised background investigation of protected persons should be denied.  Plaintiffs also request a period to supplement their expert report discussing feasibility of alternatives to the lethal injection protocol, and 60 days beyond that unspecified period to complete expert discovery.  Pls.' Op. at 8.  However, the former could have clearly been completed within the 60 day period this Court allowed for expert discovery post-Baze (see R. 139, Order) and the latter is inapposite in light of Baze.  128 S.Ct. at 1531 (rejecting a "best practices" standard for purposes of judicial review of methods of executions).

[4] Defendants anticipated filing their Motion today, June 27, 2008.  However, because of the work-related demands on their counsel, Defendants are not doing so but expect to file their dispositive motion within the next four weeks.

Respectfully Submitted:


/s/ Jeffrey A. Taylor /mj
_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


/s/ Rudolph Contreras
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant United States Attorney
U.S. Attorney's Office for the District
 of Columbia, Civil Division
555 4th Street, N.W., Rm. E-4915
Washington, D.C. 20530
Ph:  (202) 307-0492
Fax: (202) 514-8780
E-Mail: beverly.russell@usdoj.gov

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing *Defendant's Reply to Plaintiffs' and Intervenor Plaintiffs' Opposition to Defendants' Motion to Stay Discovery* was sent by first class, postage-prepaid mail, this 27th day of June 2008, to:

William E. Hoffman, Jr.
King & Spalding LLP
1180 Peachtree Street, NE
Atlanta, GA 30309

Jeanne Vosberg Sourgens
Vinson & Elkins, LLP
The Willard Office Building
1455 Pennsylvania Avenue, N.W., Suite 600
Washington, D.C. 20004

**All other counsel were served via the Court's Electronic Case Filing System.

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL
Assistant United States Attorney