IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | |
|---|---|
| TERRICK TERRELL NOONER, | PLAINTIFF |
| and | |
| DON WILLIAMS DAVIS | INTERVENOR PLAINTIFF |
| and | |
| JACK HAROLD, JONES, JR. | INTERVENOR PLAINTIFF |

No. 5:06CV00110 SWW

VS.

LARRY NORRIS, Director,
Arkansas Department of Correction;
GAYLON LAY, Warden,
Arkansas Department of Correction;
WENDY KELLY, Deputy Director for
Health and Correctional Programs;
JOHN BYUS; Administrator, Correctional
Medical Services, Arkansas Department of Correction; and
OTHER UNKNOWN EMPLOYEES,
Arkansas Department of Correction                                                   DEFENDANTS

**ORDER**

Before the Court are (1) Plaintiff Terrick Terrell Nooner's motion for expedited discovery (docket entries #67, #69), Defendants' response in opposition (docket entry #76), and Nooner's reply (docket entry #83) and (2) Defendants' motion for consolidation (docket entry #78) and Frank Williams response in opposition to consolidation (docket entry #84). After careful consideration, and for the reasons that follow, Nooner's motion will be denied, and Defendants' motion will be granted.

1

I. Background

On May 1, 2006, Plaintiff Terrick Terrell Nooner ("Nooner"), an Arkansas death row inmate, commenced this action under 42 U.S.C. § 1983, claiming that the State's lethal injection protocol presents a unnecessary risk of conscious suffering and extreme pain, amounting to cruel and unusual punishment prohibited under the Eighth Amendment. On May 4, 2006, death row inmate Don William Davis filed a motion to intervene as a party plaintiff. On May 11, 2006, Governor Mike Huckabee scheduled Davis's execution for July 5, 2006, and on May 26, 2006, the Court granted Davis's motion to intervene. Subsequently, the Court granted Davis's motion for a preliminary injunction staying his execution in order to permit him to litigate his challenge to the lethal injection protocol.

Defendants appealed. On November 22, 2006, while the appeal was pending, death row inmate Jack Harold Jones filed a motion to intervene as a party plaintiff, and the Court granted his motion on December 1, 2006. See docket entries #42, #44. On July 9, 2007, the Eighth Circuit issued an opinion vacating Davis's stay of execution, concluding that this Court applied the incorrect legal standard for determining whether Davis had unnecessarily delayed bringing his claim.[1]

On July 11, 2007, Plaintiff Nooner filed a motion for expedited discovery. He argues that "the ordinary timetables for discovery will be inadequate to enable him to complete the necessary discovery and obtain adjudication of his constitutional claims on their merits before his lawsuit may be mooted by his death . . . ." Docket entry #67, at 4. Nooner proposes that (1)

---

[1] Davis filed a petition for rehearing, which is currently pending. See Nooner v. Norris, No. 06-2748 (8th Cir.)

discovery proceed immediately; (2) the parties serve discovery requests and related objections, responses, and motions to compel personally, by fax, or by electronic mail; (3) the parties serve objections to discovery requests within one day of service and serve responses to requests within seven days of service; and (4) the parties respond to motions to compel within one day after filing of the motion.

In support of his motion, Nooner asserts that the Eighth Circuit's decision in *Taylor v. Crawford*, 487 F.3d 1072 (8th Cir. 2007), "renders inescapable" the conclusion that Arkansas's procedure for execution by lethal injection violates the Constitution. Nooner states that in *Taylor*, the Eighth Circuit affirmed the constitutionality of Missouri's lethal injection protocol only after finding that it includes certain safeguards that, according to Nooner, are not included in Arkansas's protocol.

On July 17, 2007, Defendants filed a motion for summary judgment and a response in opposition to Nooner's motion for expedited discovery. In support of their motion for summary judgment, Defendants submit the declaration of Larry Norris, Director of the Arkansas Department of Correction ("ADC"), stating that the ADC amended its lethal injection protocol on July 16, 2007. Defendants assert that the amended protocol[2] is substantively similar in all material respects to the Missouri protocol upheld in *Taylor*, they are entitled to judgment as a matter of law, and no discovery is warranted or necessary.

Defendants state that in the event that the Court finds that discovery is warranted, they would make a diligent effort to gather any available, discoverable information sought within the

---

[2]Defendants submit a copy of the amended protocol as an exhibit to Norris's declaration. Docket entry #75, Ex. #1, attachment.

time permitted under the Federal Rules of Civil Procedure. However, Defendants assert that given the size and number of Nooner's discovery requests, his proposed schedule for expedited discovery is unworkable. On July 12, 2007, Nooner served Defendants 26 requests for production of documents, and on July 13, 2007, he served 24 interrogatories, many of which contain multiple subparts. *See* docket entry #76, Exs. A, B. Defendants note that Nooner waited 14 months after commencing this lawsuit to seek discovery.

On July 30, 2007, Plaintiffs filed a response in opposition to summary judgment (docket entries #80, #81, #82). Plaintiffs argue that Defendants' motion should be denied on two independent grounds: (1) Plaintiffs have had no opportunity to conduct discovery and (2) even on the record as it currently stands, there are numerous genuine issues of material fact which preclude the entry of summary judgment. Along with Plaintiffs' response, Nooner's counsel Julie Brain filed an affidavit pursuant to Federal Rule of Civil Procedure 56(f), in which she testifies that Plaintiffs cannot fully respond to Defendants' motion for summary judgment "because Plaintiffs have not received any discovery from Defendants, who have exclusive possession of exclusive facts that will be uncovered through discovery, and because Plaintiffs have not had adequate time to investigate and research the impact of [the ADC's amended protocol]." Docket entry #80, Ex. 1.

On July 31, 2007, Governor Beebe scheduled Nooner's execution for September 18, 2007. On August 1, 2007, Nooner replied to Defendants' response in opposition to expedited discovery (docket entry #83). Nooner contends that by choosing to schedule his execution at this time, "Defendants have created an exigency with regard to the completion of the discovery process that precludes the adoption of the leisurely pace that they request." Nooner states in his

reply that he will move the Court for a stay of execution pending resolution of this case on the merits. He states: "In the meantime, however, expedited discovery is necessary, both to hasten progress towards the ultimate resolution of this matter and to enable Mr. Nooner to discover additional evidence and information to support his request for a stay." On August 8, 2007, Nooner filed a motion for a stay of execution (docket entry #87).

II. Motion for Expedited Discovery

As a threshold matter, the Court acknowledges that it neglected to enter a scheduling order in this case. Pursuant to the Court's normal procedure for prisoner petitions challenging conditions of confinement, this case was automatically referred to a magistrate judge for recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). However, given the unique issues presented in this case, the Court terminated the referral to a magistrate judge. Normally, in referred conditions of confinement cases, the magistrate judge enters a scheduling order regarding discovery and deadlines for dispositive motions. But in this case, the Court terminated the referral before a scheduling order could be entered, and the Court thereafter failed to notice the absence of a scheduling order.

Nooner suggests that he did not pursue discovery until recently because the Court failed to enter a scheduling order.[3] However, lack of a scheduling order did not prevent counsel from conferring and developing a discovery plan as required under Federal Rule of Civil Procedure

---

[3] In his reply to Defendants' response in opposition to expedited discovery, Nooner states: "While the case was pending before the appellate court, no scheduling order was issued and the discovery process did not begin." Docket entry #83, at 1.

26(f);[4] nor did it prevent Nooner from requesting that the Court enter a scheduling order. *See Nickens v. White*, 622 F.2d 967, 971 (8th Cir. 1980)("We think that this requirement for diligent discovery applies with the same force in lawsuits brought by prisoners once counsel has appeared, as in other lawsuits.)

Turning to practical concerns, the Court agrees that Nooner's proposed time table for filing objections and responses to discovery requests is infeasible. The Court has reviewed Plaintiff Nooner's interrogatories and requests for production and finds that it would be extremely difficult for Defendants to provide the information sought even within the time frame normally allotted by the Federal Rules of Civil Procedure.

Furthermore, it would be premature at this time for the Court to order that discovery proceed immediately. In opposition to Defendants' motion for summary judgment, Plaintiffs argue that the Court should delay a decision on Defendants' motion because they have not had adequate time for discovery. However, under Rule 56 of the Federal Rules of Civil Procedure, a party may move for summary judgment at any time, and a trial court is not required to allow discovery before entering summary judgment. *See* Fed. R. Civ. P. 56(b); *see also United States v. Light*, 766 F.2d 394, 397 (8th Cir. 1985).

"A party opposing summary judgment who believes that he has not had an adequate opportunity to conduct discovery must seek relief pursuant to Federal Rule of Civil Procedure

---

[4] Federal Rule of Civil Procedure 26(d) provides that parties may not seek discovery before conferring as required by Rule 26(f). Rule 26(f), in turn, requires the parties to confer "as soon as practicable" regarding, among other things, a proposed discovery plan. Local Rule 16.1 states that an initial scheduling order will set forth the date by which the parties must hold a 26(f) conference. However, nothing in the rules prohibits parties from conferring absent an initialing scheduling order.

56(f), which requires the filing of an affidavit with the trial court showing 'what specific facts further discovery might unveil.'" *Stanback v. Best Diversified Products, Inc.*, 180 F.3d 903, 911 (8th Cir. 1999)(quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1238 (8th Cir.1997)). "To fall under the protection of Rule 56, a party must articulate what additional discovery is necessary and how it is relevant to the opposition of the pending motion for summary judgment." *Allen v. Bridgestone/Firestone, Inc.*, 81 F.3d 793, 797-798 (8th Cir. 1996).

Plaintiffs request that the Court delay ruling on the motion until they discover information regarding "Defendants' conduct of 26 lethal injection executions over the past 17 years, facts concerning the development of Defendants' procedures for conducting such executions, and the qualifications and background of the persons responsible for those executions." Docket entry #80, at 8. However, such information will be unhelpful to Plaintiffs if, as Defendants contend, the proper inquiry regarding the constitutionality of the ADC's lethal injection protocol is limited to the protocol as written. In the event that the Court finds that Plaintiffs have met their burden under Rule 56(f), Plaintiffs will have an opportunity for such discovery as may be warranted. However, the Court finds that Nooner's motion for expedited discovery must be denied.

### III. Motion to Consolidate

On July 11, 2007, Frank Williams, an Arkansas death row inmate, filed a complaint in this Court challenging Arkansas's lethal injection protocol. That case, *Williams v. Norris*, No. 5:07CV00173 WRW, was randomly assigned to the docket of United States District Judge William R. Wilson. Before the Court is Defendants' motion to consolidate case no. 5:07CV00173 WRW with this case. Williams has filed a response in opposition to

consolidation.

Federal Rule of Civil Procedure 42 provides: "When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Here, Williams brings his separate action against the same defendants named in this case, and his factual allegations and claims are identical to those asserted by Plaintiffs Nooner, Davis, and Jones. Additionally, Defendants have filed a motion to dismiss or, in the alternative, for summary judgment in case no. 5:07CV000173 WRW based upon the very same legal arguments they assert in support of their motion for summary judgment filed in this case.

Without question, consolidation would promote efficiency, and allowing the actions to proceed separately would create the risk of inconsistent rulings. Williams opposes consolidation on the ground that he will suffer unfair prejudice if the cases are consolidated. He argues that if the Court denies Nooner's motion for a stay of execution, Nooner will be forced to seek resolution of the merits of his claim in a drastically short time period. Williams states that, unlike Nooner, his execution date has not been scheduled, and he can proceed in a more orderly fashion, taking the necessary time for full, thorough, and complete discovery.

In the event that Nooner's motion for a stay of execution is denied, the Court will take necessary steps to ensure that the other plaintiffs joined in this action suffer no prejudice as a result of Nooner's circumstances. The Court finds that the motion to consolidate should be granted.

IT IS THEREFORE ORDERED that Plaintiff Nooner's motion for expedited discovery

8

(docket entries #67, #70) is DENIED.

IT IS FURTHER ORDERED that Defendants' motion to consolidate cases (docket entry #78) is GRANTED. The Clerk of the Court is directed to consolidate *Williams v. Norris*, 5:07CV00173 WRW with this case, *Nooner v. Norris*, 5:06CV00110 SWW. The parties are advised that all future motions, pleadings, orders and other filings in the consolidated cases will be filed in the lead case, case number 5:06CV00110 SWW.

IT IS SO ORDERED THIS 9TH DAY OF AUGUST, 2007.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE