IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ALAN DALE WALKER, ET AL.                                    PLAINTIFFS

VS.                                              CIVIL ACTION NO.: 4:07CV176-P-B

CHRISTOPHER EPPS, ET AL.                                    DEFENDANTS

### MEMORANDUM OPINION

Presently before the Court are Defendants' [hereinafter "the State"] motion for summary judgment[1] and Plaintiffs' response thereto, as well as Plaintiffs' motion for a preliminary injunction seeking to prevent the State from executing them by lethal injection during the pendency of their § 1983 litigation.[2] Plaintiffs Alan Dale Walker, Paul Everett Woodward, Gerald James Holland, and Dale Leo Bishop are death-sentenced inmates who filed this action pursuant to 42 U.S.C. § 1983 seeking to challenge the constitutionality of Mississippi's lethal injection protocol.[3] The State has moved for summary judgment, asserting that Plaintiffs failed to bring the instant action within the applicable statute of limitations. Plaintiffs assert that the equitable doctrine of laches governs this action, as they are seeking purely prospective, equitable relief to prevent a future constitutional violation. Plaintiffs maintain that even if a statute of

---

[1] Docket entry no. 35 (motion for summary judgment) and docket entry no. 36 (memorandum in support of motion for summary judgment with attached exhibits).

[2] Docket entry no. 47 (motion for preliminary injunction), docket entries no. 48 and 49 (attached exhibits in support of motion), and docket entry no. 50 (memorandum in support of motion for preliminary injunction).

[3] The Court uses the term "protocol" to encompass not only the quantities, preparation, injection, and the actual drugs administered during the execution process, but also all policies, procedures, and staff qualification requirements.

1

Roane v. Mukasey,
Civil Action No. 05-2337(RWR/DAR)
Ex. 10

limitations does apply, their suit is not barred. They argue that the basis for their claims could not be discovered within the applicable limitations period, that the State's fraudulent concealment has tolled the limitations period, that the imposition of the current protocol constitutes a continuing tort, and that equitable estoppel prevents the State from asserting a statute of limitations defense.

## Case History

On October 18, 2007, Plaintiffs Alan Dale Walker, Paul Everett Woodward, Gerald James Holland, Dale Leo Bishop, and Earl Wesley Berry, filed a complaint against the Mississippi Department of Corrections ("MDOC") and Mississippi State Penitentiary at Parchman, seeking to enjoin the State from executing them by the lethal injection protocol currently used in Mississippi. Included in the compliant was an emergency motion for a temporary restraining order to prevent the State from executing Earl Wesley Berry on October 30, 2007. On October 19, 2007, the State filed a motion to dismiss Berry from the suit on the basis of dilatory filing. The Court held a hearing on the motion to dismiss on October 23, 2007, and it subsequently granted the State's motion to dismiss Berry from the suit. At that time, the State did not raise a timeliness challenge as to any other named Plaintiff. On October 26, 2007, the Fifth Circuit affirmed the Court's denial of injunctive relief and dismissal of the complaint as to Berry and denied his request for a stay of execution. *See Berry v. Epps*, 506 F.3d 402 (5th Cir. 2007). Berry's execution was stayed by the United States Supreme Court pending the disposition of his petition for writ of certiorari, and that stay was lifted upon the Supreme Court's denial of the petition on April 21, 2008. *See Berry v. Epps*, ___ U.S. ___, 128 S. Ct. 2048 (2008). Between the time Berry's execution was stayed by the Supreme Court and the

2

time the stay was ultimately lifted, the State failed to file an answer to Plaintiffs' complaint.[4] On May 2, 2008, Plaintiffs moved for entry of default, which was entered on May 5, 2008. On May 6, 2008, the State moved to set aside the default, which the Plaintiffs opposed and countered with a cross-motion to condition relief from the default upon the striking of time-based defenses. Berry also moved to be re-instated into the case and moved for a stay of execution. On May 16, 2008, the Court granted the State's motion to set aside the default and denied Plaintiffs' cross-motion. On May 21, 2008, the State filed its answer, and the instant motion for summary judgment followed on May 28, 2008.

## Summary Judgment Standard

Summary judgment is appropriate when the filings submitted "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine issue of material fact includes "disputes over facts that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The summary judgment movant bears the burden of establishing the basis for the motion, as well as the parts of the record that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp v. Catrett*, 477 U.S. 317, 323 (1986). However, "all justifiable inferences in favor of the nonmoving party" are drawn when reviewing the motion. *Anderson*, 477 U.S. at 255. The inferences do not preclude the grant of summary judgment where the evidence "is merely colorable" and "not significantly probative." *Id.* at 249-50.

---

[4] The Court notes that there was essentially a de facto moratorium on executions in the United States while the United States Supreme Court considered the case of *Baze v. Rees*, ___ U.S. ___, 128 S.Ct. 1520 (April 16, 2008), which challenged Kentucky's three-drug lethal injection protocol.

3

## Applicability of the Statute of Limitations

The limitations period for a § 1983 claim is determined by the forum state's statute for personal injury actions. *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989). In Mississippi, § 1983 suits are governed by the general statute of limitations, which requires the commencement of an action within three years of the action's accrual. *See* Miss. Code Ann. § 15-1-49; *see also James v. Sadler*, 909 F.2d 834, 836 (5th Cir. 1990) (finding in § 1983 suit that "the three year residual period provided by Section 15-1-49, Miss. Code Ann. applies"). While the State statute of limitations is borrowed for purposes of a § 1983 action, federal law governs when a cause of action accrues. *See Wallace v. Kato*, ___ U.S. ___, 127 S. Ct. 1091, 1095 (2007). A cause of action accrues under federal law when the action is "complete and present," which is "when the plaintiff can file suit and obtain relief." *Id.* (internal citations and citation omitted). When the plaintiff knows or "has sufficient information" to know that he has suffered an injury, his cause of action accrues from that moment. *Rodriguez v. Holmes*, 963 F.2d 799, 803 (5th Cir. 1992) (citation omitted). Plaintiffs maintain that the application of the statute of limitations to a claim for purely prospective relief is illogical, as there is not a complete tort until the moment of execution.[5] The State urges the Court to apply the statute of limitations to this action by adopting the reasoning of the Sixth and Eleventh Circuits, which have held that method of execution challenges pursuant to § 1983 are governed by the forum state's statute of limitations. To the Court's knowledge, the Fifth Circuit has not addressed the issue of whether a forum state's statute of limitations governs § 1983 challenges to a state's method of execution in

---

[5] The Court notes that in *Jones v. Allen*, an Alabama district court refused to apply a statute of limitations to a plaintiff's § 1983 claim challenging Alabama's method of execution, as it found that a statute of limitation could not bar an incomplete tort. 483 F. Supp. 2d 1142 (M.D. Ala. April 17, 2007).

4

the circumstances currently before the Court. In the absence of circuit precedent that would prohibit its application, the Court determines that it must find that Mississippi's general statute of limitations for personal injury actions governs this § 1983 suit. *See Wallace*, ___ U.S. at ___, 127 S. Ct. at 1094.

An invasion of a legally protected interest ordinarily occurs at the time the tortious act is committed, but a plaintiff must bring suit upon "discernible" injury. *See Albertson v. T.J. Stevenson & Co.*, 749 F.2d 223, 228 (5th Cir. 1989). When "the plaintiff is, or should be, aware of both the injury and its connection with the acts of the defendant" the limitations period for a § 1983 claim accrues. *See Lavelle v. Listi*, 611 F.2d 1129, 1131 (5th Cir. 1980) (citation omitted). In the context of a challenge to a state's method of execution pursuant to § 1983, the Eleventh Circuit has found that general accrual principles are inapplicable in a situation "where the ultimate injury is reasonably likely and wholly foreseeable." *McNair v. Allen*, 515 F.3d 1168, 1174 (11th Cir. 2008). The cause of action in such situations is deemed to occur upon completion of state review or the day the plaintiff becomes subject to the execution protocol, whichever is later. *See McNair*, 515 F.3d 1168, 1174 (11th Cir. 2008); *Cooey v. Strickland*, 479 F.3d 412, 422 (6th Cir. 2007) (limitations period begins to run on date state adopted execution method or upon conclusion of direct review, whichever is later).

The Court determines that Plaintiffs' cause of action accrued upon their respective sentences becoming final on direct review. Finding that an inmate's cause of action accrues upon completion of direct review or upon the date the inmate became subject to the protocol is in keeping with the Fifth Circuit's analysis of requests for stays of execution so that an inmate may pursue his or her § 1983 claim. The Fifth Circuit uses the date on which direct review was

completed as a "trigger" date in its consideration of whether an inmate has been dilatory in filing a request for injunctive relief pursuant to § 1983. *See Brown v. Livingtson*, 457 F.3d 390, 391 (5th Cir. 2006) (noting that considerations of "ripeness" of method of execution claim irrelevant to inmate's ability to proceed with § 1983 claim); *Neville v. Johnson*, 440 F.3d 221, 222 (5th Cir. 2006) ("A challenge to a method of execution may be filed any time after the plaintiff's conviction has become final on direct review."); *Smith v. Johnson*, 440 F.3d 262, 263 (5th Cir. 2006) (same).

Circuit precedent also considers the length of time the inmate knew he or she would be subjected to the intended protocol prior to filing suit when considering whether to grant injunctive relief. Where an inmate has an awareness of the State's interest in carrying out an execution by a particular method, the inmate has no reason to delay filing suit once his or her conviction becomes final on direct review. *See, e.g., Reese v. Livingston*, 453 F.3d 289 (5th Cir. 2006) (inmate's three year delay after conviction final on direct review before filing § 1983 suit precluded stay of execution); *Smith v. Johnson*, 440 F.3d 262 (5th Cir. 2006) (affirming district court's dismissal of § 1983 suit with prejudice due to filing five days before scheduled execution where inmate's conviction had been final for nine years and complaint sought to enjoin state's use of lethal injection, a procedure used his entire stay on death row); *White v. Johnson*, 429 F.3d 572, 574 (5th Cir. 2005) (finding inmate had no valid excuse for dilatory filing of his § 1983 claim where he was on death row for six years prior to filing the complaint while aware the state intended to execute him by lethal injection); *Harris v. Johnson*, 376 F.3d 414, 416-418 (5th Cir. 2004) (court vacating district court's grant of injunctive relief and dismissing § 1983 suit as untimely where inmate brought suit ten weeks before scheduled execution although aware during

his entire eighteen years on death row that he would be executed by lethal injection). Mississippi adopted lethal injection as a means of execution on May 9, 1983, with an effective date of August 15, 1998. The statute was amended on March 18, 1998, to delete the provision for execution in the gas chamber. *See* Miss. Code Ann. § 99-19-51.[6]

The Court determines, therefore, that each named Plaintiffs' cause of action accrued on the later date of when their individual cases became final on direct review, or on August 15, 1998. That is the date on which each Plaintiff knew that, as a matter of right, any impediment to setting an execution date had been removed. Plaintiff Alan Dale Walker's conviction and sentence became final on December 2, 1996. *See Walker v. State*, 671 So.2d 581 (Miss. 1995), *cert. denied*, 519 U.S. 1011 (1996). Using the statute's effective date, the statute of limitations ran against him on August 15, 2001. Plaintiff Paul Everett Woodward's conviction and sentence became final on March 29, 1999. *See Woodward v. State*, 726 So.2d 524 (Miss. 1997), *cert. denied*, 526 U.S. 1041 (1999). The statute of limitations ran against him on March 29, 2002. Plaintiff Gerald James Holland's conviction and sentence became final on October 5, 1998. *See Holland v. State*, 705 So.2d 307 (Miss. 1997), *cert. denied*, 525 U.S. 829 (1998). The statute of limitations ran against him on October 5, 2001. Plaintiff Dale Leo Bishop's conviction and sentence became final on October 22, 2002. *See Bishop v. State*, 812 So.2d 934 (Miss. 2002), *cert. denied*, 537 U.S. 976 (2002). The statute ran against him on October 22, 2005. None of the Plaintiffs filed suit within the applicable limitations period. Therefore, in the absence of an

---

[6] [T]he manner of inflicting the punishment of death shall be by continuous intravenous administration of a lethal quantity of an ultra short-acting barbiturate or other similar drug in combination with a chemical paralytic agent until death is pronounced by the county coroner where the execution takes place or by a licensed physician according to accepted standards of medical practice. Miss. Code Ann. § 99-19-51.

exception to the statute of limitiations, the Plaintiffs' claims are barred and the suit must be dismissed.

While federal law governs when a cause of actions accrues, federal courts typically apply the forum state's tolling principles. *See Hardin v. Straub*, 490 U.S. 536, 538-39 (1989); *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993) (noting that state's tolling provisions apply to application of forum state's statute of limitations in § 1983 action). Plaintiffs argue that even if the statute of limitations is applicable, it is not a bar to their claims due to (1) their inability to discover the claim within the statutory period; (2) fraudulent concealment of MDOC's protocol by the State; (3) "continuing tort" principles; and (4) the appropriateness of equitable estoppel in this case.

Mississippi law recognizes that fraudulent concealment will toll a limitations period if a defendant commits affirmative acts intended to, and which actually do, prevent discovery of the claim despite the plaintiff's due diligence. *See Andrus v. Ellis*, 887 So. 2d 175, 181 (Miss. 2004); Miss. Code Ann. § 15-1-67.[7] Plaintiffs claim that their injury was not discernible until they were able to obtain MDOC's execution protocol, requests for which they allege the State repeatedly and actively opposed. In their responsive pleading to the motion for summary judgment, Plaintiffs have attached an affidavit from an attorney with the Mississippi Office of Capital Defense Counsel who attests that she sought to obtain MDOC's protocol for lethal injections in different trial court motions in 2007 and 2008, and that the courts ultimately denied

---

[7] "If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered."

8

those motions. (*See* P. Response to MSJ, Ex. 2, Aff. of Alison Steiner). Also attached to the response is an affidavit from Amy Van Gelder, an attorney representing a death-sentenced prisoner in Mississippi, whose co-counsel sent an Open Records Request to MDOC on October 3, 2006, seeking to obtain the lethal injection protocol. (*See* P. Response to MSJ, Ex. 3, Aff. of Amy Van Gelder). Plaintiffs have also attached an affidavit from Benjamin Watson, an attorney who represents another death-row inmate at Parchman. (See P. Response to MSJ, Ex. 4, Aff. of Benjamin Watson). Mr. Watson attests that he sent an Open Records Act request to MDOC on August 22, 2006, and that the MDOC produced a three-page protocol in response. (*See id.*). Plaintiffs argue that the three-page protocol was submitted to the Court during the litigation of this case as it related to Plaintiff Berry, and that the State did not contest the validity or accuracy of the protocol. Plaintiffs maintain that the protocol produced by the State in its motion for summary judgment is sixteen pages in length, and that it differs significantly from the protocol produced under the Open Records Act request. Plaintiffs assert that the State's active opposition to requests for information about the protocol and their production of a different protocol in their motion for summary judgment are grounds for tolling the statute of limitations. The State maintains that the additional pages attached to the most recent filings relate only to policies and procedures that do not concern drug preparation or injection, and they also note that the three-page protocol produced under the Open Records Act request is contained verbatim in protocol they presented to the Court.

The Court does not find Plaintiffs are entitled to have the statute tolled based upon fraudulent concealment by the State, as they have not demonstrated that because of the State's

affirmative acts, which were designed to and which actually did prevent discovery of their claims, they were unable to discover the claims before the statute of limitations ran against them despite the exercise of due diligence. *See Reich v. Jesco, Inc.*, 526 So.2d 550, 552 (Miss. 1998). There is no evidence that the State has affirmatively acted to conceal the manner in which it carries out executions. Plaintiffs have provided proof that courts have denied their discovery requests, and the record reflects that the protocol attached to the State's motion for summary judgment is not the same protocol as was produced by Plaintiffs during the litigation of this case as it related to Plaintiff Berry. Plaintiffs have not, however, provided the Court with any proof that they sought records that they were unable to obtain. The protocol submitted to the Court by Plaintiffs was obtained in 2006 by another attorney working in an unrelated case. Plaintiffs have not demonstrated that they exercised due diligence in seeking the protocol. Moreover, the protocol obtained by Mr. Watson in 2006 and submitted to the Court during this litigation was produced upon request as a public record.

Plaintiffs next assert that the statute should be tolled as they had no way of knowing that they had a cause of action or of the constitutional scrutiny that would be applied to their claims prior to the expiration of the statutory deadline. First, they argue that their cause of action was not available until the United States Supreme Court decided the case of *Hill v. McDonough*, 547 U.S. 573 (2006), which held that challenges to a state's method of execution were properly brought as actions for relief under § 1983. The Fifth Circuit has rejected the argument that the decision in *Hill* alters a timeliness analysis of method of execution challenges. *See Reese v. Livingston*, 453 F.3d 289, 290 (5th Cir. 2006); *see also Campbell v. Harris*, 376 F.3d 414, 418 (5th Cir. 2004) (rejecting inmate's claim that his challenge to state's method of execution was

unavailable until the Supreme Court decision in *Nelson v. Campbell*, 541 U.S. 637 (2004) opened the door to such claims). Moreover, the United States District Court for the Southern District of Mississippi held as early as 1997 that inmates could challenge Mississippi's execution procedure in a § 1983 suit. *See Booker v. Murphy*, 953 F.Supp. 756 (S.D. Miss. 1997). Plaintiffs have filed suit challenging a three-drug protocol employed by the majority of states that execute by means of lethal injection. *See Workman v. Breedsen*, 486 F.3d 896, 906 (6th Cir. 2007) (noting that three-drug protocol at issue in Tennessee lawsuit used by twenty-nine of the lethal injection states as well as the United States government). Challenges to these drugs, as well as to the protocol employed in carrying out executions, have been made for several years. In fact, Plaintiffs' own expert, Dr. Mark Heath, was noted by an Alabama district court to have testified as an expert "in numerous lethal injection challenges across the country, one of which was filed as early as 2002." *Grayson v. Allen*, 499 F.Supp. 2d 1228, 1239 (M.D. Ala. May 21, 2007) (court rejecting argument that confidential nature of Alabama's lethal injection protocol prevented timely filing of claim where, among other things, inmate's knowledge of lethal injection procedures came primarily from expert's opinion).

In a related argument, Plaintiffs assert that they were unaware of the constitutional scrutiny to be applied to their claims until the United States Supreme Court decided the case of *Baze v. Rees*, ___ U.S. ___, 128 S.Ct. 1520 (2008). The decision in *Baze* does not affect the Court's analysis of Plaintiffs' untimeliness. As the State argues, and the Court agrees, the decision in *Baze* does not represent a change in law previously unfavorable to Plaintiffs, and the Court there applied a traditional Eighth Amendment analysis. *See Baze*, ___ U.S. at ___, 128 S.Ct. at 1531 (quoting *Farmer v. Brennan*, 511 U.S. 825, 842, 846 and n.9 (1994) in its

11

explanation of the standard necessary to show an Eighth Amendment violation). Therefore, Plaintiffs' arguments regarding discovery do not prevent application of the statute of limitations to their claims.

Next, Plaintiffs allege that the continued use of an improper policy constitutes a continuing constitutional violation that re-sets the statute of limitations upon each wrongful act, which they allege occurred when Earl Wesley Berry was executed on May 21, 2008. In Mississippi, a continuing tort is one which involves repeated injury, and time begins to run for the statute of limitations period on date of the last injury or when the wrongful conduct has ended. *See Stevens v. Lake*, 615 So. 2d 1177, 1183 (Miss. 1993).

> A "continuing tort" is one inflicted over a period of time; it involves a wrongful conduct that is repeated until desisted, and each day creates a separate cause of action. A continuing tort sufficient to toll a statute of limitations is occasioned by continual unlawful acts, not by continual ill effects from an original violation.

*Id.* (citation omitted). Such a doctrine is inapplicable where the harm inflicted is the result of a single wrongful act or omission. *Id.* The Fifth Circuit has assumed that a continuing violation theory applies in § 1983 suits where the complained of act is part of "a fixed and continuing practice." *See Perez v. Laredo Junior College*, 706 F.2d 731, 733-34 (5th Cir. 1983) (assuming enforcement of illegal policy would constitute continuing violation). The protocol of the MDOC does not represent a repetition of wrongful acts against the rights of the individual Plaintiffs, regardless of arguments as to the illegality of its implementation. As previously noted, each Plaintiff knew that no impediment existed to setting an execution date in his case upon the completion of direct review. At the moment direct review was complete, each Plaintiff became aware that the single "injury" was intended and was likely to occur.

Finally, Plaintiffs maintain that principles of equitable estoppel prevent the State from

12

asserting the statute of limitations against them. In support, Plaintiffs assert that they filed their complaint shortly after the United States Supreme Court agreed to examine the constitutionality of Kentucky's lethal injection protocol in *Baze v. Rees*, such that Mississippi's procedure should be examined on the merits. Second, they argue that the State's default prevented Plaintiffs from obtaining full discovery on the limitations defenses the State might assert. An equitable estoppel claim requires a showing of three elements: "(1) a representation by conduct or word; (2) justifiable reliance thereon; and (3) a change in position to one's detriment because of the reliance." *Johnson v. Seacor Marine Corp.*, 404 F.3d 871, 878 (5th Cir. 2005). *In Rhodes v. Guiberson Oil Tools*, the Fifth Circuit explained that "[e]quitable estoppel . . . examines the defendant's conduct and the extent to which the plaintiff has been induced to refrain from exercising his rights." 927 F.2d 876, 878 (5th Cir. 1991). The State's failure to timely file an answer in this case did not prevent the exercise of any rights by Plaintiffs. As the statute of limitations had run on each respective Plaintiffs' claim prior to the filing of this suit, it can not be said that the State's subsequent failure to timely respond caused them detriment.

### Preliminary Injunction

Plaintiffs and the State have thoroughly briefed their respective motions with regard to the issue of a preliminary injunction. The Court first notes that Plaintiffs' requests are essentially requests for stays of execution. *See White*, 429 F.3d at 574 (5th Cir. 2005) ("The principles enunciated by the Court are equally applicable to all types of equitable relief, including permanent injunctions, sought by inmates facing imminent execution."). The United States Supreme Court has determined that "inmates seeking time to challenge the manner in which the State plans to execute them must satisfy all of the requirements for a stay." *Hill*, 547

13

U.S. at 584. In order to be entitled to a stay, Plaintiffs must meet the standards for injunctive relief, which requires that each Plaintiff demonstrate (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the relief is denied; (3) that the threatened injury outweighs the damage the injunction will cause the defendant; and that (4) granting the injunction will not disserve the public interest. *Canal Authority of the State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). These are requirements not balanced, but rather, the burden of persuasion as to each must each be satisfied before the Court may grant relief. *See Mississippi Power & Light Co. v. United Gas Pipe Co.*, 760 F.2d 618, 621 (5th Cir. 1985).

Plaintiffs can not demonstrate the likelihood of success on a claim that is barred by the statute of limitations. Therefore, the Court finds that injunctive relief should be denied.[8] Without delving into an unnecessary analysis as to the remaining requirements, the Court notes that Plaintiff Bishop is scheduled to be executed on July 23, 2008, at 6:00 p.m. Bishop filed this suit on October 18, 2007, after his conviction and sentence had become final on direct review, and after he had been denied federal habeas corpus relief. Courts must apply "a strong equitable presumption against the grant of a stay where the claim could have been brought at such a time as to allow consideration of the merits without requiring entry of a stay." *Nelson v. Campbell*, 541 U.S. 637, 650 (2004). By waiting until he was appealing the denial of federal habeas relief to initiate this action, he assumed the risk that the State would set an execution date during the pendency of the litigation. *See, e.g., Jones v. Allen*, 483 F. Supp. 2d 1142, 1152-53 (M.D.Ala.

---

[8] *See also Workman v. Bredesen*, 486 F.3d 896, 906 (6th Cir. 2007) (noting difficulty in establishing success on the merits in attacking lethal injection procedure where several courts have upheld specific three-drug protocol challenged by prisoner).

2007).

Therefore, the Court **GRANTS** the State's motion for summary judgment and dismisses this action with prejudice. Plaintiffs' motion for preliminary injunctive relief is **DENIED** as moot. A separate order in accordance with this opinion shall issue today.

**THIS** the 15th day of July, 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE