UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JEFFREY PAUL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 1:05-CV-2337 (RWR) |
| | ) | |
| ERIC H. HOLDER, JR., et al. , | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## **<u>MOTION TO INTERVENE</u>**

Plaintiff/Intervenor Jeffrey Paul, sentenced to be executed, hereby moves this Court for leave to intervene in this action by right under Federal Rules of Civil Procedure 24(a)(2). Alternatively, Paul moves that this Court in its discretion grant permissive intervention pursuant to Federal Rules of Civil Procedure 24(b)(2). Plaintiffs do not object to Mr. Paul's motion to intervene. Paul's counsel have consulted with counsel for the Bureau of Prisons, and the Bureau will be filing its position in writing after it has had an opportunity to review this motion. A Memorandum in support of this Motion to Intervene is being filed herewith, along with a proposed Order (Attachment 1).

In addition, upon this Court's granting of leave to intervene, Paul also moves separately for an Order of this Court preliminarily enjoining Defendants from setting a date for executing him and from executing him by lethal injection, which is likely to occur because the Supreme Court recently denied Paul's petition for certiorari on his habeas corpus appeal. *See* Attachment 2: Motion for Preliminary Injunction, Memorandum of Points and Authorities in Support of Unopposed Motion for Preliminary Injunction; Attachment 3: Proposed Order.

Pursuant to Local Civil Rule 70, Paul intends to submit a complaint setting forth the claims for which intervention as plaintiff is sought.

This 6th day of October, 2009.

Respectfully submitted,

/S/ Douglass G. Robinson
Douglas G. Robinson,
Skadden, Arps, Slate, Meagher & Flom, LLP
1440 NY Ave NW
Washington D.C. 20005-2111, 202-371-7800,
douglas.robinson@skadden.com

/S/ Sean D. O'Brien                          /S/ Robert L. McGlasson
Sean D. O'Brien                              Robert L. McGlasson
MO Bar #30116                                GA Bar #492638
Jennifer A. Merrigan, #56733                 1024 Clairemont Ave.
6155 Oak, Suite C                            Decatur, GA 30030
Kansas City, MO  64113                       404-314-7664 Fax 404-373-9338
816/363-2795 FAX: 816/363-2799

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEFFREY PAUL, et al.,          )
                              )
            Plaintiffs,       )
      v.                      )          Case No. 1:05-CV-2337 (RWR)
                              )
ERIC H. HOLDER, JR.], et al., )
                              )
            Defendants.       )
_____)

## MEMORANDUM IN SUPPORT OF

## PLAINTIFF JEFFREY PAUL'S MOTION TO INTERVENE

Plaintiffs Roane, Tipton and Johnson ("the Roane plaintiffs"), all federal death row inmates filed this action to challenge the legality of lethal injection processes as violative of the Fifth and Eighth Amendments to the Constitution of the United States and the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.* ("APA").   *See* Complaint, Dec. 6. 2005; Amended Complaint, July 18, 2006. Plaintiff-Intervenor Bruce Webster ("Webster"), also a federal death row inmate, then sentenced to be executed on April 16*,* 2007, was granted leave to intervene without objection on February 14, 2007.  Plaintiff-Intervenors Anthony Battle and Orlando Hall, sentenced to be executed, and having been denied certiorari on their final appeals to the U.S. Supreme Court, were then granted leave to intervene without objection on June 4, 2007. Plaintiff-Intervenor Jeffrey Paul is also sentenced to be executed, he has been denied *certiorari* in his final appeal to the U.S. Supreme Court, and he hereby seeks to intervene as of right under Federal Rule of Civil Procedure 24(a)(2).

Alternatively, Paul requests that the Court in its discretion grant permissive intervention pursuant to Federal Rule of Civil Procedure 24(b)(2).  Plaintiffs have indicated they do not oppose Paul's Motion to Intervene.  Paul's counsel have consulted with counsel for the Bureau of Prisons, and the Bureau will be filing its position in writing after it has had an opportunity to review this motion.

## I. **Introduction**

On June 23, 1997, in the United States District Court for the Western District of Arkansas, Jeffrey Paul was convicted of killing a man in Hot Springs National Park.  His co-defendant was sentenced to life in a separate trial.  On June 25, 1997, Paul was sentenced to death.  On August 30, 2000, the United States Court of Appeals for the Eighth Circuit affirmed Mr. Paul's conviction and death sentence.  *United States v. Paul,* 217 F.3d 989 (8th Cir. 2000).  A Petition for a Writ of Certiorari was denied on October 1, 2001.  *Paul v. United States*, 534 U.S. 829 (2001).  Mr. Paul filed a 28 U.S.C. § 2255 motion on December 17, 2002.  The district court denied the motion on January 31, 2005 in an unpublished order.  The district court denied Paul's Rule 59(e) motion to alter and amend the judgment on June 27, 2005.  The U.S. Court of Appeals for the Eighth Circuit granted a certificate of appealability, but then denied relief.  *Paul v. United States*, 534 U.S. 832 (8th Cir. 2008).

Paul petitioned the United States Supreme Court for certiorari on February 20, 2009.  The United States Supreme Court denied his petition yesterday, October 5, 2009.

While Paul was pursuing his § 2255 challenge, the Roane plaintiffs initiated this action in federal court to challenge the legality and constitutionality of the federal lethal injection protocol and execution procedure.  Shortly after initiating the case in December 2005, the Roane plaintiffs requested a stay of the proceedings, as well as a stay of their execution dates, pending the outcome of *Hill v. McDonough*, then pending before the United States Supreme Court on the issue of challenges to the lethal injection procedure.  *See Hill v. McDonough*, 126 S.Ct. 2096, 2102 (June 12, 2006).  The defendants did not oppose the motion to stay the proceedings or the executions.  After the Supreme Court issued its opinion in *Hill*, this court reinitiated proceedings in this case but continued the stay of the plaintiffs' executions.  Having now concluded his post-conviction challenge, Paul timely seeks to intervene in this action.  As Paul meets all requirements for both intervention as of right under Federal Rule of Civil Procedure 24(a)(2) and

permissive intervention under Rule 24(b)(2), this court should grant the motion to intervene.

## II. Argument

A. <u>Intervention as of right</u>

The Federal Rules of Civil Procedure acknowledge that a motion for intervention must be granted when a statute of the United States grants an unconditional right to intervene. *See* Fed. R. Civ. P. 24(a)(l). However, beyond these comparatively rare situations, the Federal Rules also grant intervention as of right:

> Upon timely application… when the applicant claims an interest relating to the property or transaction which is the subject of the action and [he] is so situated that the disposition of the action may as a practical matter impair or impede [his] ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a)(2). The D.C. Circuit Court of Appeals, in <u>*Mova Pharmaceutical Corp. v. Shalala*</u>, 140 F.3d 1060, 1074 (D.C. Cir. 1998), used a four-factor test to determine intervention as of right: (1) timeliness of the motion to intervene; (2) a common interest in the subject matter of the action; (3) the intervenor is so situated that he would be impaired by disposition of the underlying action; and (4) the intervenor's interest is not adequately represented by the existing parties to the action. *Id*. Paul meets all four of the *Moya* factors for intervention as a right under Rule 24(a)(2).

1. Paul's Motion for Intervention is Timely

The timeliness of a motion to intervene is a threshold matter, and courts will reach the other elements of Rule 24(a) only after the question of timeliness is resolved. *United States v. British Am. Tobacco Australia Servs, Ltd,* 437 F.3d 1235, 1239 (D.C. Cir. 2006); *see also Hodgson v. United Mine Workers of Am,* 473 F.2d 118, 129 (D.C. Cir.1972). The court held in *Hodgson*:

> It is settled - particularly where intervention is sought as of right - that the amount of time which has elapsed since the litigation

began is not in itself the determinative test of timeliness. Rather,
the court should also look to the related circumstances,
including the purpose for which intervention is sought, the necessity for
intervention as a means of preserving the applicant's rights, and
the improbability of prejudice to those already parties in the case.

*Hodgson*, 473 F.2d at 129; *see also NAACP v. New York*, 413 U.S. 345, 366 (1973) (noting that

"timeliness is to be determined from all the circumstances" of the case).

Here, taking all the circumstances of the case into account, Paul's motion is timely.

Although the original complaint was originally filed December 6, 2005, and discovery is

complete, this Court has not yet decided the merits of Plaintiffs' claims.   Paul does not seek to

reopen discovery or revisit any of the procedural issues that have heretofore been decided by the

Court.

Shortly after the complaint was filed, plaintiffs filed a motion to stay the action pending

the outcome of *Hill v. McDonough*, a case then before the United States Supreme Court on the

issue of challenges to the lethal injection protocol.  *See* Motion to Stay, Motion for Preliminary

Injunction, February 2, 2006.  The defendants did not oppose the motion to stay, and this court

granted the motion by Order entered February 27, 2006.   Following the Supreme Court's

decision in *Hill*, the Roane plaintiffs filed an amended complaint on July 10, 2006.

Subsequently, defendants filed three consent motions for extensions of time to file all answers to

the amended complaint.  *See* Consent Motion for Extension of Time to File Answer, Aug. 30,

2006; Consent Motion for Extension of Time to File Answer, Oct. 11, 2006; Consent Motion for

Extension of Time to File Answer, Nov. 1, 2006.   Defendants then filed an answer to the

amended complaint, as well as a partial motion to dismiss, on November 9, 2006.  Motion to

Dismiss (Partial), Nov. 9, 2006; Answer to Amended Complaint, Nov. 9, 2006.   After

subsequent consent motions for extensions of time by both the plaintiffs and defendants, briefing

on the partial motion to dismiss was completed on January 19, 2007.

According to this court's scheduling order of December 6, 2006, discovery was not

scheduled to begin until January 8, 2007.  On February 5, 2008, the Court ordered that the case

be administratively closed until the parties filed a joint report 21 days after the United States

Supreme Court issued its decision in *Baze v. Rees*, ,__ U.S. __, 128 S.Ct. 1520 (2008).  Minute

Order, Feb. 5, 2008.  Although some filings were submitted in the interim, the parties filed their

joint report following the *Baze* decision on May 7, 2008.  Status Report (joint) by James H.

Roane, Jr., May 7, 2008.  This Court's April 20, 2009, Memorandum Opinion and Order denied

in part the defendants' renewed motion for judgment on the pleadings and granted in part and

denied in part the defendants' renewed motion to dismiss.  It also addressed procedural issues

that resulted in the dismissal of all claims against defendants in their individual capacities, and in

the dismissal of all claims against former defendant Thomas Webster.  In denying defendants'

motion to dismiss plaintiffs' claims as time-barred, the Court  concluded that "When the

plaintiffs actually knew or when they should have known about each of the challenges to the

defendants' lethal injection protocol is a fact question that cannot be resolved as a matter of law

based on the current record."  *Roane v. Holder,* No. 05-2337, Memorandum and Order, pp. 9, 26

(April 20, 2009).

Consequently, the addition of Mr. Paul as a plaintiff will neither alter any of the issues

presently before the Court, nor delay the litigation or ultimate disposition of the issues.

Moreover, Paul has acted in a diligent and timely fashion to intervene.  Intervention did not

become ripe until yesterday, October 5, 2009, the day Paul's Petition for Writ of Certiorari was

denied.  Paul is filing this motion to intervene as soon as practicable after intervention became

ripe.

Taking these circumstances into account, the instant motion for intervention is timely,

and places Paul's case before the Court in a manner that minimizes delay and maximizes the

efficient use of the court's resources.  Because an execution date may be set any day now for

Paul, the necessity of intervention to minimize delay is absolutely crucial.  Moreover, the

circumstances and scheduling of the current litigation minimize the probability of any prejudice to the existing parties.  In fact, counsel for the plaintiffs in this case have represented that they do not oppose Paul's intervention.  Furthermore, Paul raises no new legal claims beyond those made in the Roane plaintiffs' amended complaint.  In addition, Mr. Paul accepts all prior actions of the plaintiffs in this case as his own, including the conducting of all prior discovery, and therefore does not create any undue burden of discovery on the defendants.  For all of these reasons, Paul's motion to intervene is timely and he meets the first element for intervention as of right.  *See Mova*, 140 F.3d at 1074.

2. Paul has a Strong Interest in the Subject of the Action

Rule 24(a)(2) does not define what is necessary to constitute an "interest" in the subject matter of the action in which intervention is sought.  In an opinion set forth soon after the current version of Rule 24(a)(2) was enacted, the D.C. Circuit Court of Appeals held that "the 'interest' test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process."  *Neusse v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967).  The D.C. Circuit has subsequently clarified that "[t]he rule impliedly refers not to any interest the applicant can put forward, but only to a legally protectable one." *Cleveland v. NRC*, 17 F.3d 1515, 1517 (D.C. Cir. 1994); *see also Donaldson v. United States*, 400 U.S. 517, 531 (1971) (holding that the interest must be a "significantly protectable interest").

Here, the "interest" Paul has in the subject matter of the case is the same as the Roane plaintiffs.  An execution under a flawed lethal injection process violates the Eighth Amendment protection against cruel and unusual punishment.  As set forth in the complaint, execution accounts are replete with instances where lethal injections were botched, unnecessarily causing and prolonging condemned prisoners' suffering.  For example, following the execution of Angel Diaz by lethal injection in Florida, an autopsy revealed that the chemicals were improperly injected into Diaz' soft tissue, rather than directly into his veins, thereby greatly prolonging

6

Diaz' death.  Eyewitness accounts state that Diaz appeared to be conscious and in pain during the

procedure.  *See* Complaint, ¶42.  Even more recently, in Ohio Governor Ted Strickland stopped

the execution of Romell Broom after executioners attempted unsuccessfully for two hours to find

a  vein.  <http://www.nytimes.com/2009/09/19/us/19ohio.html?_r=1&hp>.  Though  Broom's

execution  was  initially  postponed  for  a  week  by  the  Governor,  a  federal  judge  subsequently

issued  a  temporary  restraining  order  staying  Broom's  execution  until  November  30,  2009.

*Broom v. Strickland et al*, 2:09-CV-00823 (D. Ohio 2009).

That plaintiff's interest in avoiding execution under such a flawed and unconstitutional

procedure is "significant" is beyond doubt; that it is legally protectable was recently upheld by

the United States Supreme Court in *Baze   v. Rees,__* U.S. __, 128 S.Ct. 1520 (2008).  In *Baze*, a

plurality of the Supreme Court held that an inmate alleges a constitutional violation by asserting

- as Plaintiffs have here - a "substantial risk" of "maladministration" of the government's

intended  execution  procedures,  in  a  manner  that  results  in  a  substantial  danger  of  inadequate

anesthesia. 128 S. Ct. at 1526, 1530-31, 1533.  The plurality then applied that standard, holding

that, in light of the lower courts' adverse fact findings after full discovery and a trial, Baze had

failed  to  present  any  evidence  that  Kentucky's  personnel  were  incompetent  or  that  there  was  a

substantial  risk  that  the  protocol  would  be  "maladminister[ed]."  *Id.*  at 1526.  Though  the

plurality  made  clear  that  challenges  to  other  States'  procedures  involving  similarly  meager

evidence should fail, it did not purport to opine on situations in which the plaintiff alleges, or

presents evidence of, facts that go beyond those present in Kentucky.

Paul also clearly meets the practical test of "involving as many apparently concerned

persons as is compatible with efficiency and due process," *see Nuesse*, 385 F.2d at 700.  As a

practical matter, allowing another plaintiff into the *Roane* litigation is a far more efficient use of

the  court's  resources  than  having  to  schedule  and  manage  an  entirely  separate  litigation,

especially since Paul will be bringing the exact same claims as the Roane plaintiffs.  Intervention

is also efficient because, as noted, Paul does not intend to seek additional discovery or otherwise disrupt in any way the current schedule for litigation in this case; instead, he accepts all prior discovery as previously conducted by the plaintiffs in this case.  Consequently, permitting intervention now would be the most efficient way of bringing all interested parties before the court at the same time.  Because Paul has a strong interest in the subject matter of the case he meets the second element for intervention as of right.  *See Mova*, 140 F.3d at 1074.

       3. Disposition of the action would impede Paul's ability to protect himself

       The test of whether disposition of the action will impede or impair the applicant's ability to protect his interest is a practical one, rather than a formalistic legal one.  *See* Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1908 (2d ed. 1986).  In fact, Rule 24(a) was amended in 1966 to "repudiate the view ... that intervention must be limited to those who would be legally bound as a matter of res judicata."  *Id*.  In *Neusse* the D.C. Circuit Court expressed a similar view:

> Prior to the 1966 amendment of Rule 24, the Commissioner would probably not have been entitled to intervene in this action, for the pre-amendment Rule required that the applicant might be 'bound' by the judgment in the pending action and the prevailing weight of authority interpreted this test to mean bound in the res judicata sense.... The Rule now specifies only that the 'disposition of the action may as a practical matter impair or impede his ability to protect' the applicant's interest. This alteration is obviously designed to liberalize the right to intervene in federal actions.

*Neusse*, 385 F.2d at 701.  The court determined that in some cases, *stare decisis* principles are sufficient to provide the impairment required for intervention as of right and that while a party seeking intervention might not be legally bound by the resolution of the case, he might nevertheless be negatively impacted by the precedential value afforded the case by other courts. *Id*. at 702.

       If Paul's motion for intervention is denied, and Paul is forced to bring his own parallel action, he could be negatively impacted by the resolution of the present case.  Consequently,

Paul meets the third element for intervention as of right.  *See Mova*, 140 F.3d at 1074.

4. Paul Will Not be Adequately Represented by the Existing Parties

The burden of showing that the Roane plaintiffs do not adequately represent Paul is not "onerous" because Paul "need only show that representation of his interest 'may be' inadequate, not that representation will in fact be inadequate."  *Dimond v. District of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986).  The Supreme Court has similarly held that Rule 24(a) "is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal."  *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n. 10 (1972).  Therefore, "unless it is clear that [the existing plaintiffs] will provide adequate representation for the absentee," intervention of right should be permitted.  Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure* § 1909 (2d ed. 1986).  Although Paul seeks to assert the same legal claims as the Roane plaintiffs, Paul is in a unique position because his interests and rights can be protected only by his intervention in the case.  Without intervention, he faces either execution by an unconstitutional lethal injection procedure or the necessity of bringing duplicative litigation.  Because Paul's interests cannot be adequately represented by the Roane plaintiffs, he meets the fourth and final element for intervention as of right.  *See Mova*, 140 F.3d at 1074.

For all of these reasons, Paul meets all four prongs of the *Mova* test and should be granted intervention as a matter of right under Rule 24(a) of the Federal Rules of Civil Procedure.  *See id*. As noted in the motion, counsel for Paul have conferred with counsel for the Roane plaintiffs, who have no objection to the intervention.  Paul has been advised by counsel for the Bureau of Prisons that the Bureau will be filing its position in writing after it has had an opportunity to review this motion.

B. Permissive Intervention

In the alternative, Paul asks that the court grant permissive intervention pursuant to

Federal Rule of Civil Procedure 24(b).  Rule 24(b)(2) sets forth that "[u]pon timely application anyone may be permitted to intervene in an action…(2) when an applicant's claim or defense and the main action have a question of law or fact in common."  Such permissive intervention is, by definition, in the discretion of the court.  *See Hodgson*, 473 F.2d at 126 n.36.  "In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."  Fed. RCiv. P. 24(b)(2).

The D.C. Circuit Court of Appeals has held that "[i]n order to litigate a claim on the merits under Rule 24(b)(2), the putative intervenor must ordinarily present: (1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action."  *E.E.O.C. v. Nat'l Children's Center*, 146 F.3d 1042, 1046 (D.C. Cir. 1998).  In the instant motion Paul is asserting an identical cause of action to that asserted by the existing plaintiffs.  Therefore, Paul not only meets the third element set forth by the court in *Nat'l Children's Center*, but also obviates the first element, the need for an independent ground for subject matter jurisdiction.  As is made clear in *Nat'l Children's Center,* the requirement for an independent jurisdictional ground addresses the situation of a plaintiff asking the court to address an additional claim on the merits from those asserted in the underlying action.  *See id.*

As with intervention of right, the Rule requires that the motion for intervention be timely.  For the reasons discussed in detail above, this court should find that Paul's motion is a timely one.

Moreover, allowing permissive intervention will not "unduly delay or prejudice" the rights of the existing parties.  Mr. Paul accepts the conduct of the litigation as it currently stands; he does not seek to disrupt or add to the ongoing discovery that has been completed to date.  Paul does not seek to bring any new legal claims additional to those brought in the existing plaintiffs' amended complaint, and therefore any resolution of the partial motion to dismiss can readily be

extended to cover Paul as well as the Roane plaintiffs.  Furthermore, counsel for the Roane plaintiffs have represented that they do not oppose Paul's intervention.

### III. Conclusion

For the above-stated reasons, plaintiff-intervenor Jeffrey Paul moves this court for intervention in this litigation as of right pursuant to Federal Rule of Civil Procedure 24(a)(2).  In the alternative, Jeffrey Paul respectfully moves that this court in its discretion grant him permissive intervention under Federal Rule of Civil Procedure 24(b)(2).

This 6th day of October , 2009.

Respectfully submitted,

/S/ Douglass G. Robinson
Douglas G. Robinson,
Skadden, Arps, Slate, Meagher & Flom, LLP
1440 NY Ave NW
Washington D.C. 20005-2111, 202-371-7800,
douglas.robinson@skadden.com

/S/ Sean D. O'Brien
Sean D. O'Brien
MO Bar #30116
Jennifer A. Merrigan, #56733
6155 Oak Street, Suite C
Kansas City, MO  64113
816/363-2795 FAX: 816/363-2799

 /S/ Robert L. McGlasson
Robert L. McGlasson
GA Bar #492638
1024 Clairemont Ave.
Decatur, GA 30030
404-314-7664 Fax 404-373-9338

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

**Counsel for Plaintiffs**

**Joshua Christopher Toll**
KING & SPALDING, LLP

**Paul F. Enzinna**
BAKER BOTTS, LLP

**Graham E. Eddy**
VINSON & ELKINS, L.L.P.

**Jeremy I. Levin**
BAKER BOTTS, LLP

**Rachel M. McKenzie**
BAKER BOTTS LLP

**Charles Anthony Zdebski**
TROUTMAN SANDERS LLP

**Jeanne Vosberg Sourgens**
VINSON & ELKINS L.L.P

**William E. Lawler , III**
VINSON & ELKINS, L.L.P.

**Margaret O'Donnell**
MCNALLY &
O'DONNELL, P.S.C.

**Abigail Bortnick**
KING & SPALDING LLP

**William E. Hoffmann , Jr.**
KING & SPALDING, LLP

**Mark Joseph Hulkower**
STEPTOE & JOHNSON, LLP

**Matthew John Herrington**
STEPTOE & JOHNSON, LLP

**Jody A. Cummings**
STEPTOE & JOHNSON, LLP

**Owen James Bonheimer**
STEPTOE & JOHNSON, LLP

**Robert E. Waters**
KING & SPALDING, LLP

**Counsel for Defendants**

**Peter S. Smith**
UNITED STATES
ATTORNEY'S OFFICE

**Robert J. Erickson**
U. S. DEPARTMENT OF
JUSTICE

**Beverly Maria Russell**
U.S. ATTORNEY'S OFFICE
FOR D.C.

**John F. Henault , Jr.**
COOLEY GODWARD
KRONISH LLP

**Kenneth Adebonojo**
U.S. ATTORNEY'S OFFICE

**Madelyn E. Johnson**
U.S. ATTORNEY'S OFFICE
FOR D.C.

/S/ Sean D. O'Brien _____
*Counsel for Movant*