UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
JAMES ROANE, JR., et al.,      )
                               )
         Plaintiffs,           )
                               )
         v.                    )   Civil Action No. 05-2337 (RWR)
                               )
ALBERTO GONZALES, et al.,      )
                               )
         Defendants.           )
                               )
_____)
```

MEMORANDUM OPINION

Jeffrey Paul, an inmate on death row facing execution by the federal lethal injection protocol, has moved for leave to intervene under Federal Rule of Civil Procedure 24 and for a preliminary injunction barring both the scheduling of his execution and his execution, challenging the federal lethal injection protocol under the Fifth and Eighth Amendments and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551 et seq. The plaintiffs do not oppose intervention, but the defendants oppose both motions.  Because Paul has failed to demonstrate that an impaired interest would stem from being denied intervention rather than from his own failure to timely protect his interest, or that his interests which are virtually indistinguishable from those of the current plaintiffs would be inadequately represented, his motion will be denied.

-2-

BACKGROUND

The plaintiffs in this case were each sentenced to death on one or more of the capital murder charges of which they were convicted.  Roane v. Holder, 607 F. Supp. 2d 216, 219 (D.D.C. 2009).  The original complaint, alleging constitutional and statutory violations caused by the federal government's intended use of a lethal injection protocol that allegedly exposes inmates to a substantial risk of severe pain, was filed on December 6, 2005.  (See Compl. at 3.)  On February 2, 2006, Plaintiffs James Roane, Richard Tipton and Cory Johnson moved, in part, for a preliminary injunction barring their execution.  (See Pls.' Mot. for a Stay, and for a Prelim. Inj. Barring Their Execution at 1.) The defendants did not oppose the entry of a preliminary injunction with respect to Roane, Tipton and Johnson, and the plaintiffs' motion was granted.  See Roane v. Gonzales, Civil Action No. 05-2337 (RWR), 2006 U.S. Dist. LEXIS 31781, at *1-2 (D.D.C. Feb. 27, 2006).  Plaintiff Bruce Webster moved unopposed to intervene in January 2007 and for a preliminary injunction in February 2007.  (See Webster's Unopposed Mot. to Intervene as Pl. at 1; Webster's Unopposed Mot. for a Prel. Inj. Barring His Execution at 1.)  Both motions were granted as unopposed.  Two additional plaintiffs, Anthony Battle and Orlando Hall, moved unopposed to intervene in April 2007 and for a preliminary injunction barring the defendants from setting an execution date

-3-

in their case.  (See Unopposed Mot. of Pl. Anthony Battle for
Prelim. Inj.; Pl.'s Hall's Unopposed Mot. for a Prelim. Inj. at
1.)  Those motions were granted as unopposed.  On October 6,
2009, Jeffrey Paul moved to intervene and for a preliminary
injunction, which the defendants have opposed.

DISCUSSION

I.   INTERVENTION AS OF RIGHT

Under Rule 24(a), intervention as a matter of right is
granted when the movant

> claims an interest relating to the property or
> transaction that is the subject of the action, and is
> so situated that disposing of the action may as a
> practical matter impair or impede the movant's ability
> to protect its interest, unless existing parties
> adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).  The four prerequisites to intervention
as of right are: "'(1) the application to intervene must be
timely; (2) the applicant must demonstrate a legally protected
interest in the action; (3) the action must threaten to impair
that interest; and (4) no party to the action can be an adequate
representative of the applicant's interests.'"  Karsner v.
Lothian, 532 F.3d 876, 885 (D.C. Cir. 2008) (quoting SEC v.
Prudential Sec. Inc., 136 F.3d 153, 156 (D.C. Cir. 1998)).[1]  For

---

[1] Also, "'because a Rule 24 intervenor seeks to participate
on an equal footing with the original parties to the suit,'" the
applicant must establish that he has standing to participate in
the action.  Fund for Animals, Inc. v. Norton, 322 F.3d 728, 732
(D.C. Cir. 2003) (quoting City of Cleveland, Ohio v. Nuclear
Regulatory Comm'n, 17 F.3d 1515, 1517 (D.C. Cir. 1994)).  The

-4-

reasons that do not appear in the record, the defendants address
solely the third factor.  Since all three interest factors and
the timeliness factor are interrelated, all will be considered
here.

Requiring the presence of a legally protected interest
serves "primarily [as] a practical guide to disposing of lawsuits
by involving as many apparently concerned persons as is
compatible with efficiency and due process." Glamis Imperial
Corp. v. U.S. Dep't. of the Interior, Civil Action No. 01-530
(RMU), 2001 WL 1704305, at *3 (D.D.C. Nov. 13, 2001) (internal
quotation marks omitted); see also S. Utah Wilderness Alliance v.
Norton, Civil Action No. 01-2518 (CKK), 2002 WL 32617198, at *5
(D.D.C. June 28, 2002) (applying a "liberal approach" to the Rule
24(a) analysis).  It refers "not to any interest the applicant
can put forward, but only to a legally protectable one." City of
Cleveland, Ohio v. Nuclear Regulatory Comm'n, 17 F.3d 1515, 1517
(D.C. Cir. 1994) (emphasis in original).

Paul's asserted interest in the subject matter of the case
is identical to that of the existing plaintiffs, namely, avoiding
execution by an allegedly flawed lethal injection protocol.
(Mem. in Supp. of Pl. Jeffrey Paul's Mot. to Intervene ("Paul's

---

parties do not discuss standing, and Paul's Article III and
prudential standing appear not to be in dispute.  See Fund for
Animals, 322 F.3d at 732-33 (discussing Article III standing);
Colorado Wild Horse and Burro Coalition, Inc. v. Salazar, 639 F.
Supp. 2d 87, 92 (D.D.C. 2009) (discussing prudential standing).

-5-

Mem.") at 6-7.)  Citing the plurality opinion in <u>Baze v. Rees</u>,
553 U.S. 35 (2008), Paul states that avoiding execution by an
allegedly flawed lethal injection method is a legally protectable
interest because "the Supreme Court [has] held than an inmate
alleges a constitutional violation by asserting . . . a
'substantial risk' of 'maladministration' of the government's
intended execution procedures, in a manner that results in a
substantial danger of inadequate anesthesia."  (Paul's Mem. at 7
(citing <u>Baze</u>, 553 U.S. at 41, 48-50, 53).)  Paul and the existing
plaintiffs assert, in part, that unless the drug is "administered
by a qualified individual, the condemned person may . . .
[experience] horrific pain[.]"  (Compl. ¶ 37.)  As Paul has amply
demonstrated a clear interest in the outcome of this suit, this
factor supports intervention.

However Paul does not find such support in the other three
factors.  Whether a proposed intervenor is "so situated that
disposing of the action may as a practical matter impair or
impede [his] ability to protect [his] interest," Fed. R. Civ. P.
24(a)(2), is determined by "looking to the practical consequences
of denying intervention, even where the possibility of future
challenge to the regulation remain[s] available."  <u>Fund for
Animals, Inc. v. Norton</u>, 322 F.3d 728, 735 (D.C. Cir. 2003)
(internal quotation marks omitted) (alteration in original).
Paul certainly does not refute the possibility of a future

-6-

challenge.  He asserts no statute of limitations bar.  (Paul's
Reply at 2 n.1.)  Indeed, Paul argues only that if his "motion
for intervention is denied, and [he] is forced to bring his own
parallel action, he could be negatively impacted by the
resolution of the present case."  (Paul's Mem. at 8.)  The
defendants counter that Paul "cannot demonstrate that disposition
of this suit will impede his ability to protect his interest"
because he "could have clearly sought the relief that he is
requesting . . . [in] the jurisdiction in which he committed his
crime[.]"  (Defs.' Opp'n to Jeffrey Paul's Mots. to Intervene and
for a Preliminary Injunction at 4.)

     If the plaintiffs were to prevail here, the federal
government could be barred from employing the lethal injection
protocol to carry out any capital sentences, benefitting Paul.
If the defendants were to prevail in this action, no such bar
would prevent Paul from being subject to lethal injection under
the federal protocol.  Paul's interest, then, may be impaired by
an unfavorable outcome of this litigation in the sense that
countering such a ruling in a subsequent case could be "difficult
and burdensome."  Fund for Animals, 322 F.3d at 735.

     It is not, however, denying Paul's motion to intervene that
will have impaired Paul from protecting his interest; rather it
is Paul's failure to file timely his own method of execution
challenge that will have impaired his interest.  Paul's direct

appeal concluded in 2001.  He cites to no factual or legal basis

justifying his failure to raise a method of execution challenge

then.  Nor does he justify his failure to intervene in this suit

at or near its onset.

In ruling on a motion to intervene, "the Court must first

determine whether the application to intervene is timely."  Cooey

v. Strickland, No. 2:04-cv-1156, 2008 WL 5111190, at *2 (S.D.

Ohio Dec. 2, 2008).

> [T]imeliness is to be judged in consideration of all
> the circumstances, especially weighing the factors of
> time elapsed since the inception of the suit, the
> purpose for which intervention is sought, the need for
> intervention as a means of preserving the applicant's
> rights, and the probability of prejudice to those
> already parties in the case.

United States v. AT&T, 642 F.2d 1285, 1295 (D.C. Cir. 1980)

(citing Moten v. Bricklayers, Masons and Plasterers Int'l Union

of Am., 543 F.2d 224, 228 (D.C. Cir. 1976)).

Paul argues that his motion to intervene is timely for two

central reasons.  First, he states that "this Court has not yet

decided the merits of Plaintiffs' claims" and that intervention

"will neither alter any of the issues presently before the Court,

nor delay the litigation or ultimate disposition of the issues."

(Paul's Mem at 4, 5.)  It is possible that such speculation,

while risky, could be right.  While the action was filed in

December 2005, the existing parties have had several status

conferences and have filed numerous motions, including one

-8-

dispositive motion that already has been decided, and discovery
is well down the road toward completion, it may be that Paul's
intervention would not disrupt the current litigation to the
detriment of the existing parties.  Cf. Cooey, 2008 WL 5111190,
at *4 (permitting intervention because the litigation had not
reached the discovery stage and the pretrial conference had yet
to be held).

Paul also argues that his motion is timely because it did
not become ripe "until . . . the day [his] Petition for Writ of
Certiorari [to review the denial of his 28 U.S.C. § 2255
petition] was denied."  (Paul's Mem. at 5.)  He offers, however,
no authority whatsoever for that proposition.  Paul was sentenced
to death in 1997, and he exhausted his direct appeal in 2001.
(Id. at 2.)  Contrary to Paul's argument, Paul could have been in
a position to challenge the method of his execution in 2001, see,
e.g., Neville v. Johnson, 440 F.3d 221, 222 (5th Cir. 2006) (per
curiam) (noting that a method of execution challenge may be filed
after the plaintiff's conviction has become final on direct
review), and could have sought intervention in this case well
before now.  Moore v. Rees, No. 06-CV-22-KKC, 2007 WL 2955947, at
*1 (E.D. Ky. Oct. 1, 2007) (noting that it is reasonable for a
defendant to seek intervention at the conclusion of his direct
appeal).  Indeed, in November 2003, there was specific
information indicating that the federal government's method of

-9-

execution used too little anesthetic, and information regarding
the use of the femoral vein access and the employment of persons
who are responsible for previous serious errors in federal
executions was available in June 2007.  (Pls.' Opp'n to Renewed
Mot. for J. on the Pleadings at 20.)

Nor is it clear that Paul has carried his minimal burden,
see Trbovich v. United Mine Workers of Am., 404 U.S. 528, 538
n.10 (1972), of showing that if he cannot intervene, his interest
will be inadequately represented.  An applicant ordinarily should
be permitted to intervene as of right "unless it is clear that
the party will provide adequate representation for the absentee."
7C Charles Alan Wright et al., Fed. Practice & Proc. § 1909 (3d
ed. 2007).  "Although there may be a partial congruence of
interests, that does not guarantee the adequacy of
representation." Fund for Animals, 322 F.3d at 737.  In this
case, it seems clear that Paul and the plaintiffs have far more
than a partial congruence of interest in demonstrating a
constitutional infirmity in the lethal injection protocol.  The
congruence is virtually, if not totally, complete.  Because Paul
has failed to satisfy his burden of demonstrating his entitlement
to intervene as of right, his motion to intervene under Rule
24(a) will be denied.

-10-

## II.  PERMISSIVE INTERVENTION

In the alternative, Paul moves to intervene under Rule 24(b).  Permissive intervention, under Rule 24(b), "is an inherently discretionary enterprise."  <u>EEOC v. Nat'l Children's Ctr., Inc.</u>, 146 F.3d 1042, 1046 (D.C. Cir. 1998).  Rule 24(b) provides that:

> [o]n <u>timely</u> motion, the court <u>may</u> permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact. . . .  In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24(b) (emphasis added); <u>see also</u> <u>EEOC</u>, 146 F.3d at 1046.  In assessing whether an applicant's claim shares with the main action a common question of law or fact, a court examines whether the "'facts necessary to assert [the intervenor's] claim are essential[ly] the same facts as those necessary to establish [an existing party's] claim.'"  <u>Butte County, Cal. v. Hogen</u>, Civil Action No. 08-519 (HHK)(AK), 2008 WL 2410407, at *2 (D.D.C. June 16, 2008) (first and last alteration in original).  Further, while Rule 24(b)'s timeliness analysis largely mirrors that of Rule 24(a), <u>see</u> <u>Cooey</u>, 2008 WL 5111190, at *2; <u>see also</u> <u>Chippewa Cree Tribe of Rocky Boy's Reservation v. United States</u>, 85 Fed. Cl. 646, 660 (Fed. Cl. 2009) (noting that "[b]ecause the court has already decided that Proposed Intervenor's Motion does not meet the timeliness requirement [under Rule 24(a)] . . . , permissive intervention is

inappropriate"), many courts analyze the timeliness factor under
Rule 24(b) more strictly than they analyze timeliness under Rule
24(a).  See League of United Latin Am. Citizens v. Wilson, 131
F.3d 1297, 1308 (9th Cir. 1997) ("In the context of permissive
intervention . . . , we analyze the timeliness element more
strictly than we do with intervention as of right."); Kukui
Gardens Corp. v. Holco Capital Group, Inc., 261 F.R.D. 523, 535
(D. Hawaii 2009); In re United Minerals and Grains Corp., 76 B.R.
991, 1000 (E.D. Pa. 1987) ("[T]he requirement of timeliness is
somewhat more strictly construed in a 24(b) motion than in a
24(a) motion.").

Here, Paul's claim has common questions of law and fact with
the main action because he, like the existing plaintiffs, faces
execution under the federal lethal injection protocol and seeks
to challenge the protocol on the same bases as those asserted by
the existing plaintiffs.  Paul's motion, however, is untimely, as
he has waited nearly four years after this action was filed to
seek intervention.  Paul's failure to timely file his motion
weighs heavily against intervention, and his motion under Rule
24(b) will be denied.

## CONCLUSION

Because Paul has failed to timely file his motion to
intervene, and to demonstrate that his interest would be impaired
by being denied intervention -- rather than having been impaired

-12-

by his own failure to timely protect his interest -- and that he would be inadequately represented by the current plaintiffs, his motion will be denied.[2]  A separate Order accompanies this Memorandum Opinion.

SIGNED this 1st day of July, 2010.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge

---

[2] Because Paul's motion to intervene will be denied, the merits of his request for a preliminary injunction will not be addressed.