UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____ )
                                )
JAMES ROANE, JR., et al.,       )
                                )
        Plaintiffs,             )
                                )
        v.                      )   Civil Action No. 05-2337 (RWR)
                                )
ALBERTO GONZALES, et al.,       )
                                )
        Defendants.             )
                                )
_____ )

MEMORANDUM OPINION AND ORDER

Federal death row inmate Jeffrey Paul moves under Federal
Rules of Civil Procedure 59(e) and 60(b) for reconsideration of
an order denying his untimely motion to intervene.  He claims
that documented mental incompetence rendered him unable to assert
his right to challenge his method of execution and cannot bar
intervention, and that disallowing intervention will impair his
legally-protectable interests in this litigation.  Because Paul
presents no newly-discovered evidence, factual or legal error, or
manifest injustice warranting reconsideration, the motion will be
denied.

BACKGROUND

Paul was convicted of murder on federal land and sentenced
to death in 1997.  (Paul's Mem. in Support of Mot. to Interv.
("Mot. to Interv.") at 2.)  Paul's counsel appealed his
conviction and death sentence; petitioned for a writ of

-2-

certiorari in 2001; filed a 28 U.S.C. § 2255 motion in 2002;
filed a Rule 59(e) motion to alter or amend the district court's
denial of his § 2255 motion in 2005; applied for a certificate of
appealability in 2008, and petitioned the Supreme Court for
certiorari in 2009. (Id.)

This action was filed in December of 2005.  Several
plaintiffs successfully moved to intervene in this action between
2006 and 2007.  Roane v. Gonzales, 269 F.R.D. 1, 2-3 (D.D.C.
2010).  With the assistance of three attorneys, two of whom
continue to represent him now, Paul moved to intervene only in
October of 2009.  (See id. at 3; Mot. to Interv. at 11; Paul's
Mot. to Reconsider ("Mot. to Recons.") at 1, 15.)  His motion was
denied, Roane, 269 F.R.D. 1, and he seeks reconsideration.

Paul now claims that he has been unable to assert his right
to challenge his method of execution due to a long-standing
incapacitating mental disability.  (Mot. to Recons. at 7, 12.)
To support the claim, Paul cites concerns expressed in 1997 by a
psychologist, Dr. H. Anthony Semone, about Paul's competency to
stand trial; a 2006 report by a psychiatrist, Dr. Seymour
Halleck, opining that since Paul's attempt in November 2003 to
hang himself, "his mental condition has deteriorated to such an
extent that he is unable to assist his attorneys in proceedings
relevant to his appeal" (Defs.' Mot. to Recons., Ex. 1 at 9, 19;
id., Ex. 3 at 3); and a 2004 affidavit by one of Paul's appellate

-3-

attorneys stating that he and Paul had had "only one rational
conversation about the merits of his case" (id., Ex. 5 at 1).
Paul raised this claim in neither his motion to intervene nor his
reply to the government's opposition to his motion to intervene.

The government opposes reconsideration and notes that Paul's
competency issues were fully examined in the district court both
before and after his trial and in the court of appeals
thereafter.  (Defs.' Notice to the Court ("Defs.' Notice")
[Docket #273] at 2-4.)  As the Eighth Circuit explained, the
district court authorized two mental health examinations before
trial to assess Paul's competence to stand trial.  The district
court received opinions from the same two experts, Dr. Semone and
Dr. Kuo, whose declarations accompany Paul's pending motion to
reconsider.  Paul v. United States, 534 F.3d 832, 848 (8th Cir.
2008).  The district court also received the same 2004
declaration signed by Dr. Halleck post-trial during the habeas
proceedings after Paul's hanging attempt that accompanies Paul's
pending motion to reconsider.  The district court thereafter held
a hearing and engaged in a lengthy colloquy via teleconference
with Paul, id. at 849-50, and invited briefing concerning Paul's
competency at that time, id. at 851-52.  The district court found
Paul fully competent based upon letters Paul had written, and
Paul's conduct, conversation and demeanor during the hearing.  On
appeal, the court of appeals authorized Dr. Halleck to examine

-4-

Paul and it received Dr. Halleck's same 2006 report that accompanies Paul's pending motion.  Id. at 852.  The Eighth Circuit found the competency finding "adequately supported."  Id. at 853.  Paul has filed no reply to the government's opposition to his motion to reconsider.

Although the defendants filed notice in December of 2010 of their intent to set an execution date for Paul no sooner than April 22, 2011 (Defs.' Notice at 4-5), the defendants have been reconsidering their lethal injection protocol since then since they lack one of the chemicals used in the protocol (Joint Mot. [Docket #286] at 1; Defs.' Status Rpt. [Docket #292] at 1).

DISCUSSION

A motion to reconsider a final order is generally treated as a Rule 59(e) motion if it is filed within the filing time limit set forth in that rule -- as Paul's was[1] -- and as a Rule 60(b) motion if it is filed thereafter.  Lightfoot v. D.C., 355 F. Supp. 2d 414, 420-21 (D.D.C. 2005).  As a general matter, Rule 59(e) motions to reconsider "are disfavored."  Id. at 421. Reconsideration may be warranted if the movant establishes "an intervening change of controlling law, the availability of new evidence, or the need to correct clear error or manifest

---

[1] The current version of Rule 59(e) provides that the motion "must be filed no later than 28 days after the entry of the [order]."  Fed. R. Civ. P. 59(e).  Paul's motion was filed seven days after the order denying him intervention was entered.

injustice. . . .  Rule 59(e) motions are not granted if the court
suspects the losing party is using the motion as an
instrumentality for . . . asserting new arguments that could have
been . . . advanced earlier." Id. (internal quotation marks and
citations omitted); see also Latin Am. for Soc. and Econ. Dev. v.
Adm'r of Fed. Highway Admin., Civil Action No. 09-897 (EGS), 2010
WL 199823, at *1 (D.D.C. Jan. 11, 2010).  The term "manifest
injustice" eludes precise definition. Firestone v. Firestone, 76
F.3d 1205, 1208 (D.C. Cir. 1996); see also Piper v. U.S. DOJ, 312
F. Supp. 2d 17, 22 (D.D.C. 2004) ("[T]here is even less case law
on the books giving meaning to 'manifest injustice' than to
'clear error.'").  The D.C. Circuit has noted that "[m]anifest
injustice does not exist where . . . a party could have easily
avoided the outcome, but instead elected not to act until after a
final order had been entered." Davis v. D.C., 413 F. App'x 308,
311 (D.C. Cir. 2011) (internal quotation marks and citation
omitted).

Paul cites no intervening change in controlling law.
Neither does he cite newly available evidence.  The evidence
concerning his alleged mental incompetency was, according to his
own counsel, readily available eight years ago.  (See Mot. to
Recons. at 15 (asserting that Paul's "period of . . . mental
disability . . . began at least as early as December 2003.").)
The Halleck declaration alone dates back to 2004.  Paul's

submissions duplicate exactly or in substance portions of the
information fully assessed by Paul's trial court and the Eighth
Circuit when both made findings regarding his competence.[2]
Though this evidence "is newly raised, it is not . . . 'new'
evidence [because] it was previously available." <u>Olson v.</u>
<u>Clinton</u>, 630 F. Supp. 2d 61, 63 (D.D.C. 2009) (internal quotation
marks and citations omitted).[3]

The defendants' notice of its intention to execute Paul,
filed on December 23, 2010, was previously unavailable and
arguably is newly discovered evidence within the meaning of
<u>Firestone</u>.  76 F.3d at 1208.  (<u>See also</u> Paul's Supplemental Mot.
to Recons. Order Denying Paul Leave to Intervene at 2-3.)
However, the notice would not necessarily have changed the
decision denying intervention.  <u>See Barnard v. Dep't of Homeland</u>
<u>Sec.</u>, 598 F. Supp. 2d 1, 26 (D.D.C. 2009) (declining to consider
separately the four elements allowing a party to obtain relief
from judgment based on newly discovered evidence where the
evidence would not have changed the initial decision).  The

---

[2] That information included Paul's suicide attempt.  <u>Compare</u>
<u>Shafer v. Knowles</u>, No. C03-1165SI, 2003 WL 22127878, at *2 (N.D.
Cal. Aug. 14, 2003) ("The fact that [a defendant] twice attempted
suicide . . . does not necessarily mean that he was mentally
incompetent for purposes of attending to his legal affairs.")

[3] This reasoning would also defeat relief under Rule
60(b)(2) which requires a showing of "newly discovered evidence
that, with reasonable diligence, could not have been discovered"
within 28 days of the order denying intervention.  Fed. R. Civ.
P. 60(b)(2).

-7-

opinion denying intervention here stated that "[i]n ruling on a
motion to intervene, the Court must first determine whether the
application to intervene is timely." Roane, 269 F.R.D. at 4
(internal quotation marks and citation omitted).  The opinion
found that "Paul's failure to file timely his own method of
execution challenge[,]" rather than the denial of his motion to
intervene, impaired Paul's interest in the Roane litigation.  Id.
Ultimately, Paul failed to find support in three of the four
factors courts consider when granting intervention.  Id. at 4.
The defendants' decision to schedule an execution date may have
expedited the court's decision[4] but "would not have changed [its]
outcome." Barnard, 598 F. Supp. 2d at 27.  Accordingly, the
notice does not provide a ground for reconsidering the decision
denying intervention.

    Nor has Paul cited authority in this circuit that would
establish that denying intervention as untimely was clear error.
In this circuit, mental incompetence tolls a statute of
limitations if a party's disability rendered him "unable to
manage [his] business affairs . . . or to comprehend [his] legal
rights or liabilities." Smith-Haynie v. D.C., 155 F.3d 575, 580
(D.C. Cir. 1998).  "Equitable tolling is only appropriate on *non*

_____

    [4] In any event, any need for expedition was mooted seven
weeks before the projected date for announcing an execution
schedule when the Attorney General announced that the government
had no reserves of one of the lethal injection chemicals.
(Parties' Joint Status Rpt. [Docket #281] at 1.)

-8-

*compos mentis*[5] grounds when a plaintiff is 'completely incapable of handling his affairs and legal rights.'"  Perry v. U.S. Dep't of State, 669 F. Supp. 2d 60, 66 (D.D.C. 2009) (internal quotation marks and citation omitted).  The burden to make this showing is "high," as "[t]he court's equitable power . . . will be exercised only in extraordinary and carefully circumscribed instances." Smith-Haynie, 155 F.3d at 579-80.

Paul's efforts fall short.  The latest psychiatric evaluation Paul offers of his competency was forty months old by the time he filed his untimely motion to intervene in 2009. Denying a movant's untimely intervention motion that did not establish mental incompetency at the time the motion was filed reflects no error.  See Collins v. Scurr, 230 F.3d 1362 (Table) (8th Cir. 2000) (affirming the dismissal of a petitioner's untimely habeas petition for failure to establish his mental incompetency at or around the time the petition was filed). Moreover, Paul has not yet overcome the judicial findings at the trial and appellate levels as recently as one year before he moved to intervene that he was not mentally incompetent.  Nor has he disputed that multiple counsel have actively pursued his legal

---

[5] Paul cites to D.C. Code § 12-302(a), which tolls the statute of limitations in civil actions for "a person who is *non compos mentis*." (Paul's Mot. to Interv. at 3.)  "Equitable tolling is only appropriate on *non compos mentis* grounds when a plaintiff 'is completely incapable of handling his affairs and legal rights.'"  Miller v. Rosenker, 578 F. Supp. 2d 67, 72 (D.D.C. 2008) (internal citation omitted).

rights in multiple fora after his conviction.  See Reupert v.
Workman, 45 F. App'x 852, 854 (10th Cir. 2002) (declining to toll
a counseled defendant's deadline for filing habeas petition where
he "pursu[ed] legal remedies during the . . . period" of alleged
mental incompetence); Lopez v. Citibank, N.A., 808 F.2d 905, 907
(1st Cir. 1987) (assuming mental illness may toll an employment
discrimination case, "it cannot do so where a plaintiff has
presented no strong reason why, despite the assistance of
counsel, he was unable to bring suit"); Van Allen v. United
States, 236 F. App'x 612, 614 (Fed. Cir. 2007) (denying equitable
tolling for mental incompetence where counseled veteran
"demonstrated diligence and competence in numerous
submissions");[6] but see Riva v. Ficco, 615 F.3d 35, 43 (1st Cir.
2010) (characterizing this reasoning as flawed).  It bears noting
that this Roane litigation presents the legal question as to
whether lethal injection violates the federal Constitution and
the Administrative Procedure Act.  Even assuming that Paul is

---

[6] Even pro se plaintiffs are held to this standard.  See,
e.g., Bilbrey v. Douglas, 124 F. App'x 971, 973 (6th Cir. 2005)
("[E]ven during the periods when Bilbrey's mental condition
appears to have been the most impaired, she continued to file
litigation in the state courts"); Walker v. Schriro, 141 F. App'x
528, 530-31 (9th Cir. 2005) ("The district court reasonably
concluded that since Walker was able to complete filings
immediately prior to the time the AEDPA limitation period was
running, during the time the statute was being tolled for his
state habeas proceedings, and immediately after the limitation
period expired, he could have filed his federal habeas claim on
time").

mentally incompetent, and that he is unable to assist his
attorneys meaningfully, it is not clear that his participation
would materially affect their representation in this litigation.
Paul has failed to make out the difficult showing that would
justify equitable tolling under Smith-Haynie.  155 F.3d at 580.

Finally, Paul has failed to show that denying intervention
would work a manifest injustice.  "The standard of proving
manifest injustice is . . . high[,]" In re Motion of Burlodge
Ltd., Misc. Action No. 08-525 (CKK/JMF), 2009 WL 2868756, at *7
(D.D.C. Sept. 3, 2009) (internal quotation marks and citation
omitted), and is not satisfied where a party "could have easily
avoided the outcome, but instead elected not to act until after a
final order had been entered."  Davis, 413 F. App'x at 311.  Paul
elected not to submit evidence of his mental incompetence until
he moved for reconsideration of the order denying intervention.
Moreover, Paul still has not refuted the possibility of bringing
his own action to protect his interest in challenging his
execution protocol.  See Roane, 269 F.R.D. at 4 (noting Paul's
failure to demonstrate that denying intervention would impair his
ability to protect his interests since he did not refute that he
could still seek the same relief in the court where he was

-11-

convicted).  Accordingly, he has demonstrated no manifest
injustice.[7]

<u>CONCLUSION AND ORDER</u>

Paul has not identified any intervening change in
controlling law, proffered new evidence, or shown a need to
correct clear error or prevent manifest injustice.  Accordingly,
it is hereby

ORDERED that Paul's motion [261] for reconsideration be, and
hereby is, DENIED.  It is further

ORDERED that the government's motion [276-1] to strike
Paul's supplement be, and hereby is, DENIED as moot.

SIGNED this 29th day of December, 2011.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge

---

[7] Nor has he demonstrated under Rule 60(b) "any other reason
that justifies relief."